**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>　　　　　　Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSION**

**TABLE OF CONTENTS**

1. INTRODUCTION ...................................................................................................................1

2. FACTS ..................................................................................................................................2

3. APPLICABLE LEGAL PRINCIPLES ........................................................................................3

4. KPM'S RESPONSES TO RFAS 3-6 AND 13 ARE PROPER .........................................................4

    4.1. IEP falsely asserts that KPM did not respond to RFAs 3-6 and 13. ........................ 4

    4.2. KPM's answers to RFAs 3 and 4 are sufficient because they state in detail why KPM cannot truthfully admit or deny them. ..................................................... 5

    4.3. KPM's answers to RFAs 5, 6, and 13 are sufficient because they state in detail why KPM cannot truthfully admit or deny them. ......................................... 6

5. KPM'S RESPONSES TO RFAS 7-9 ARE PROPER .....................................................................8

    5.1. KPM's denials of RFAs 7-9 are sufficient. ............................................................... 8

    5.2. Testimony from IEP's Co-President and Vice President of Sales confirms the accuracy of KPM's denials of RFAs 7 and 9. .................................................... 9

    5.3. IEP's motion improperly seeks admissions to requests that are not stated in RFAs 7-9. ................................................................................................................ 10

6. KPM'S RESPONSES TO RFAS 10-12 AND 14-17 ARE PROPER ............................................. 10

7. KPM'S RESPONSE TO RFA 1 IS PROPER ........................................................................... 12

8. KPM SHOULD BE AWARDED ATTORNEY'S FEES INCURRED IN HAVING TO RESPOND TO THIS BASELESS MOTION ................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Adm'rs of the Tulane Educ. Fund v. Cytogel Pharma, LLC*,
  No. 16-13987, 2018 U.S. Dist. LEXIS 139687 (E.D. La. Aug. 17, 2018) ................ 5

*Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*,
  194 F.R.D. 76 (W.D.N.Y. 2000) ................................................................................ 6

*Cont'l Cas. Co. v. Brummel*,
  112 F.R.D. 77 (D. Colo. 1986) ................................................................................... 4

*Helget v. City of Hays*,
  300 F.R.D. 496 (D. Kan. 2014) .................................................................................. 8

*Saalfrank v. Town of Alton*,
  No. 08-cv-46-JL, 2010 U.S. Dist. LEXIS 19909 (D.N.H. Mar. 5, 2010) ................ 14

*Superior Sales W., Inc. v. Gonzalez*,
  335 F.R.D. 98 (W.D. Tex. 2020) ..................................................................... 4, 9, 11

*United Coal Cos. V. Powell Construction Co.*,
  839 F.2d 958 (3d Cir. 1988) ....................................................................................... 8

**Rules**

FED. R. CIV. P. 36 ............................................................................................... passim

FED. R. CIV. P. 37 ............................................................................................ 4, 13, 14, 15

L. R., D. Mass. 37.1 ................................................................................................... 2

**Treatises**

S. Gensler & L. Mulligan,
  FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY (2021) ............. 9

# EXHIBIT LIST

Ex. A    Excerpts of Random House Webster's Unabridged Dictionary

Ex. B    Rough Transcript of January 27, 2022 Deposition of John Shea[1]

Ex. C    Rough Transcript of January 26, 2022 Deposition of David Grandaw

Ex. D    Excerpts of Defendants' Responses and Objections to Plaintiff's Third Set of Interrogatories (Nos. 10-12)

Ex. E    Excerpts of Plaintiff's Second Supplemental Objections and Responses to Defendants' First Set of Interrogatories (NOS. 2-6 and 13)

---

[1] On February 2, 2022 and pursuant to the Court's Standing Order regarding the Filing of Confidential Documents (Doc. 15-2), KPM's counsel informed IEP's counsel that KPM intended to publicly file Exhibits B and C, which contain testimony that IEP had designated as Confidential Information. IEP's counsel did not respond. KPM's counsel understands IEP's silence and declining to engage in the procedures set forth in the Standing Order as consent to the public filing of these exhibits.

ii

1.   **INTRODUCTION**

Plaintiff IEP Technologies, LLC's ("IEP") motion to compel improperly seeks to have the Court re-write IEP's inartful requests for admission ("RFAs") in attempt to make Defendants KPM Analytics, Incorporated and KPM Analytics North America Corporation (collectively, "KPM") answer requests in a manner different from how they actually read. First, IEP's demand is clearly improper. Additionally, KPM long ago suggested during a meet-and-confer back in December, 2021—a *month* before IEP filed this motion—that IEP re-draft and re-serve new RFAs that recite IEP's newly-stated interpretation, which KPM would then answer. Had IEP heeded KPM's suggestion and served such new RFAs, IEP would have had KPM's answers long before the present response to IEP's motion, thereby rendering this entire motion completely unnecessary. IEP's wasteful, dilatory and calculated actions expose its preference of protracting this litigation and increasing KPM's expenses.

IEP's motion also seeks to compel on the basis that KPM's denials are supposedly untruthful or should be "qualified." To be clear, RFAs that KPM specifically denied in accordance with the Federal Rules of Civil Procedure are the subject of IEP's motion to compel solely because IEP does not like KPM's answers. But not only does IEP fail to identify any evidence to actually support its false accusations, IEP's motion on these bases is completely illegitimate and contrary to the Federal Rules, which explicitly permit KPM to answer with denials as KPM did. To the extent IEP contends KPM's denials are untruthful, IEP's remedy is to prove the disputed matter at trial and then, if successful, to seek expenses under Rule 37(c). But moving now is egregiously premature and a waste of party and judicial resources, which should not be tolerated.

For the reasons discussed below, IEP's motion should be denied, and KPM should be awarded expenses in having to respond to it.

2.  FACTS

Because IEP did not describe the nature of this case as required by Local Rule 37.1(b)(3),[2] KPM provides the following brief overview. IEP filed suit against KPM alleging (1) infringement of IEP's federally registered trademark ("the Asserted Mark"), (2) federal unfair competition and false designation of origin, (3) common law trademark infringement and unfair competition, and (4) unfair and deceptive acts or practices under M.G.L. c. 93A, §§ 2, 11. Doc. 1. IEP also seeks cancellation of IEP's U.S. Trademark Registration No. 5,633,755. *Id.* IEP's Asserted Mark and a KPM mark accused of infringement are shown below:

| IEP's Asserted Mark | KPM's Registered Trademark Accused of Infringement |
|---|---|
| [logo] | PROCESS SENSORS CORPORATION |

*Id.* at ¶¶ 33-34.

On November 1, 2021, IEP served KPM with RFAs 1-17. Doc. 23-2. KPM timely responded on December 1, 2021. Doc. 23-3.

On December 22, 2021, the parties' counsel held a telephonic meet-and-confer to discuss IEP's RFAs and KPM's responses. After it became apparent that the disputes for several RFAs were based on IEP attempting to interpret its RFAs in a manner that differed from how they were actually drafted, KPM's counsel suggested that IEP serve new RFAs that reflected IEP's interpretation. *See id.* at 14:24-15:15 ("[I]f you're asking if Defendants sell goods and/or services in addition to those described in that registration, that's a different question. And I think that if you want that information, that would have to be pursued in a different RFA. ... [W]e can't just agree

---

[2] IEP also failed to provide all the information required by Local Rule 37.1(b)(2) concerning the time, date, location, and duration of the parties' meet-and-confer. IEP's counsel, Robert Keeler, and KPM's counsel, N. Andrew Crain and Robert Gravois, conducted a telephonic meet-and-confer on December 22, 2021, which began at or around 2:00 PM and lasted approximately 40 minutes. The parties did not reach agreement on any RFAs.

on what this would mean because when it's presented to the jury, they need to know exactly what the RFA states ... .").

Had IEP served new RFAs promptly after the December 22, 2021 meet-and-confer as suggested by KPM's counsel, KPM's responses would have been due before the deadline of the present Response to IEP's motion to compel. IEP's motion to compel would have been unnecessary. However, IEP instead inexplicably waited 30 days after the December 22, 2021 meet-and-confer to file its present motion to compel on January 21, 2022. Doc. 23. Had IEP not so delayed and instead served new RFAs, it would have had answers by now and there would be no motion to compel.

On January 26-27, 2022, KPM deposed David Grandaw, IEP's Senior Vice President of Sales, and John Shea, the Co-President of IEP. After their testimony further and expressly confirmed that KPM's responses to RFAs 7 and 9-11 were sufficient and correct, KPM asked IEP's counsel to withdraw the portions of the present motion to compel directed to those RFAs at the conclusion of the depositions based on the witnesses' testimony that confirmed KPM's denials to certain RFAs. *See* Ex. B at 145:6-10 ("In view of his testimony about trade shows, I don't think we should have to respond to this. I think it should be withdrawn."). KPM's counsel also warned IEP's counsel that KPM would seek their attorney's fees if forced to respond to the motion to compel on those RFAs. *See id.* at 145:9-10 ("If you don't withdraw it that's fine. We'll seek fees."), 147:9-12 ("[I]t should be withdrawn. ... If you don't, I've told you what we're going to do.").

**3.    APPLICABLE LEGAL PRINCIPLES**

The party who is served with a request for admission may respond by answering the request or objecting. FED. R. CIV. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4).

The party who served a request for admission may move to determine the sufficiency of an answer or objection. FED. R. CIV. P. 36(a)(6). If an answer is found to be insufficient, the Court

"may order either that the matter is admitted or that an amended answer be served." *Id.* If an objection is found to be unjustified, the Court "must order that an answer be served." *Id.*

While a party may move under Rule 36(a)(6) to challenge the *sufficiency* of an answer, it is axiomatic that a court may not determine the *accuracy* of an answer before trial. *See Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 102 (W.D. Tex. 2020) ("District courts across the country, as well as preeminent treatises on federal civil procedure, agree that Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial." (quotation marks omitted)). Instead, when a requesting party believes that the answering party failed to properly admit a request, its remedy is to prove the matter at trial and then seek expenses under Rule 37(c)(2). *See Cont'l Cas. Co. v. Brummel*, 112 F.R.D. 77, 82 (D. Colo. 1986) "Rule 37(c) is intended to provide *posttrial* relief in the form of requiring the party who improperly refused to admit to pay the expenses of the other side in *making* the necessary *proof at trial*." (emphasis in original)).

### 4. KPM'S RESPONSES TO RFAS 3-6 AND 13 ARE PROPER

#### 4.1. IEP falsely asserts that KPM did not respond to RFAs 3-6 and 13.

With respect to RFAs 3-6 and 13, IEP repeatedly asserts that KPM refuses to respond to these RFAs. *See, e.g.*, Doc. 23 at 2 (heading: "KPM *Refuses to Respond* to RFAs 3-6 and 13"), 2 ("KPM failed to state ... why *it was unable to respond* ...") (emphasis added).

IEP's claim is false, and IEP is wrong. KPM responded to each RFA as provided by Rule 36. A party may respond to a request for admission by "serv[ing] on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). KPM served both objections *and* written answers subject to those objections pursuant to Rule 36(a)(3) to each of RFAs 3-6 and 13. *See* Doc. 23-3 at 8-11, 14-15. Therefore, IEP's claim that KPM failed to respond to RFAs 3-6 and 13 is false, and IEP's motion should be denied for this reason alone.

### 4.2. KPM's answers to RFAs 3 and 4 are sufficient because they state in detail why KPM cannot truthfully admit or deny them.

IEP's RFAs 3 and 4 read as follows:

REQUEST NO. 3: Admit that Defendants sell goods and/or services *beyond those described in Reg. 5,633,755.*

REQUEST NO 4: Admit that Defendants sell goods and/or services under Defendants' Marks that are *beyond those described in Reg. 5,633,755.*

Doc. 23-2 at 3 (emphasis added).

As shown above, RFAs 3 and 4 both include the phrase "goods and/or services *beyond those described in Reg. 5,633,755.*" *Id.* (emphasis added). In answering these RFAs, KPM explained that KPM "can neither admit nor deny this Request because the phrase 'goods and/or services beyond those described in Reg. 5,633,755' is undefined, ambiguous, and cannot be understood." Doc. 23-3 at 8-9. Specifically, as discussed during the parties' meet-and-confer, the phrase "beyond those described" is undefined, ambiguous, and renders the RFAs unintelligible because "the word 'beyond' refers to directional or temporal proximity" and "just doesn't make sense" in the context of these RFAs. Doc. 23-6 at 31:5-6.

Interestingly, IEP does not deny that the phrase "beyond those described" is undefined and ambiguous. *See* Doc. 23 at 3-4. Instead, IEP argues that KPM *could* respond to these RFAs if the meaning of "beyond" was "qualified" and given a new and "specific meaning." Doc. 23 at 4. The fatal flaw with IEP's argument is that the new and "specific meaning" that IEP attempts to ascribe to "beyond" is different than the ordinary and customary meaning of the word. *See* Ex. A at 201 (dictionary definition of "beyond"). IEP's "specific meaning" is also not recited in the RFA itself. Clearly, IEP's attempt to have the Court effectively rewrite the RFAs in order to have KPM answer them is itself easily improper. *See Adm'rs of the Tulane Educ. Fund v. Cytogel Pharma, LLC*, No. 16-13987, 2018 U.S. Dist. LEXIS 139687, at *10 (E.D. La. Aug. 17, 2018) ("These requests were inartfully drafted, and [the responding party] will not be compelled to rewrite the requests for their adversary.").

Plus, by arguing that these RFAs *could* be answered *if* the meaning of "beyond" was given

5

a new and "specific meaning," IEP implicitly acknowledges that KPM is correct in stating that it cannot answer or deny these RFAs as written on the bases that these RFAs contain an undefined and ambiguous phrase. *See Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000) ("Ambiguous and vague requests which cannot be fairly answered will not be enforced."). Thus, because KPM's answers state in detail why KPM cannot truthfully admit or deny these RFAs, KPM's answers to the RFAs are sufficient. *See* FED. R. CIV. P. 36(a)(4).

IEP also incorrectly states that "KPM's counsel[] agree[d] that it could respond to RFAs 3-6 and 13 if they qualified their answer [sic] toward a specific meaning ... ." Doc. 23 at 4. However, contrary to IEP's assertion, KPM's counsel explicitly stated that it could *not* answer these RFAs by agreeing to re-define the RFAs because at trial the RFAs would be read into evidence as inartfully drafted, which would create confusion for the jury and undue prejudice for KPM. See Doc. 23-6 at 15:8-15 ("[W]e can't just agree on what this would mean because when it's presented to the jury, they need to know exactly what the RFA states[.]").

That is why KPM suggested during the December 22, 2021 teleconference that IEP merely re-draft and re-serve new RFAs with the more precise and clearer language that the parties discussed, which KPM indicated it could likely answer with an admission or denial. *See id.* at 15:18-20, 16:5-7 ("I think probably the thing that makes sense is a new RFA with the information that you're asking. ... If you're asking for different information, you need to [submit] a different RFA."). Had IEP taken KPM's suggestion, it would have long since had KPM's answers by now. But IEP inexplicably chose instead to wait 30 days before even filing the present motion to compel. IEP's actions expose clear preference against moving this case forward as expeditiously and inexpensively as possible in favor of protraction and unnecessary added expense, which is not only another reason why this motion should be denied, but also why KPM's request for sanctions in the form of an award of fees in responding to this motion should be granted. *See infra*.

    **4.3.**   **KPM's answers to RFAs 5, 6, and 13 are sufficient because they state in detail why KPM cannot truthfully admit or deny them.**

IEP's RFAs 5, 6, and 13 read as follows:

6

>REQUEST NO. 5: Admit that in the next five years Defendants *intend to expand the goods and/or services* they sell *beyond those described in Reg. 5,633,755.*
>
>REQUEST NO. 6: Admit that in the next five years Defendants *intend to expand the goods and/or services* they sell under Defendants' Marks *beyond those described in Reg. 5,633,755.*
>
>REQUEST NO. 13: Admit that in the next five years Defendants *intend to expand the customers and/or potential customers* to whom they market goods and/or services.

Doc. 23-2 at 4 (emphasis added). As shown above, RFAs 5 and 6 recite the phrase "beyond those described in Reg. 5,633,755." As such, IEP's motion should be denied as to RFAs 5 and 6 for the same reasons discussed above in Section 4.2.

Additionally, with respect to RFAs 5, 6, and 13, KPM's answers also state in detail that KPM can neither admit nor deny these RFAs because the phrases "intend to expand the goods and/or services" and "intend to expand the customers and/or potential customers" (hereinafter, collectively "the Intend to Expand Phrases") render these RFAs unclear, ambiguous, and unable to be understood. *See* Doc. 23-3 at 10, 11, 13. Notably, in its motion, IEP summarily concludes without any explanation that "these phrases are readily understandable." Doc. 23 at 4.

But contrary to IEP's conclusory assertion, the Intend to Expand Phrases cannot be understood in the context of these particular RFAs. For example, RFA 5 recites "Admit that in the next five years Defendants *intend to expand the goods and/or services* ... ." IEP provides no context for how KPM's goods or services might possibly be expanded, whether by size, quantity, scope, sales volume, features, *etc.* As written, this RFA and the others with the Intend to Expand Phrases make no sense, and IEP leaves KPM to guess what IEP actually means.

Thus, RFAs 5, 6, and 13 are all rendered unintelligible because of the Intend to Expand Phrases, and IEP does not show otherwise or propose how they should be interpreted. *See* Doc. 23 at 4. KPM made this clear to IEP in both their answers to the RFAs and during the parties' December 22, 2021 teleconference, but IEP did nothing to cure this clear deficiency in response, such as serving new RFAs that would have been answered by now. Therefore, IEP's motion should be denied for this additional reason.

### 5. KPM's Responses to RFAs 7-9 Are Proper

#### 5.1. KPM's denials of RFAs 7-9 are sufficient.

IEP's RFAs 7-9 read as follows:

REQUEST NO. 7: Admit that Defendants market goods and/or services in the same channels of trade as Plaintiff.

REQUEST NO. 8: Admit that in the next five years Defendants intend to expand the channels of trade they market goods and/or services.

REQUEST NO. 9: Admit that Defendants market goods and/or services under Defendants' Marks in the same channels of trade as Plaintiff.

Doc. 23-2 at 3-4. KPM denied RFAs 7 and 9 and stated in detail why KPM could not admit or deny RFA 8.³ Doc. 23-3 at 11, 12.

IEP asserts that KPM's denials are improper because "KPM did not fairly qualify [their] response with [their] 'subjective' interpretation of 'channels of trade' and as such did not comply with Fed. R. Civ. P. 36(a)(4)." Doc. 23 at 4. However, the Federal Rules of Civil Procedure do not require KPM to "qualify" its denials, and IEP fails to identify any authority mandating such a requirement for a specific denial. Indeed, Rule 36(a)(4) states that "[a] denial must fairly respond to the substance of the matter," and that is exactly what KPM's denials of RFAs 7 and 9 do. "Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." *United Coal Cos. V. Powell Construction Co.*, 839 F.2d 958, 967 (3d Cir. 1988); *see also Helget v. City of Hays*, 300 F.R.D. 496, 499 (D. Kan. 2014) ("a denial is a sufficient answer, and where a request contains interdependent, compound issues, a party may deny the entire statement if it is premised upon a fact which is denied" (citation and quotation marks omitted))

---

³ IEP falsely asserts in its briefing that KPM denies RFA 8. Doc. 23 at 4. Contrary to IEP's assertion, KPM responded to RFA 8 by explaining in detail why KPM could not truthfully admit or deny it. *See* Doc. 23-3 at 12 ("Defendants can neither admit nor deny this Request because the meaning of the phrase 'intend to expand the channels of trade they market goods and/or services' is unclear, ambiguous, and cannot be understood."). Because IEP does not dispute that KPM's response properly states in detail why KPM cannot admit or deny the RFA as permitted by Rule 36(a)(4), IEP's motion should be denied as to RFA 8 for this additional reason. Doc. 23 at 4.

S. Gensler & L. Mulligan, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY at 1141 (2021) ("A party does not need to support or explain the basis for its denials. If a party intends to deny a request to admit, it is sufficient to simply reply 'denied.'"). Therefore, IEP's motion should be denied.

### 5.2. Testimony from IEP's Co-President and Vice President of Sales confirms the accuracy of KPM's denials of RFAs 7 and 9.

IEP also asserts that KPM's responses to RFAs 7 and 9 are deficient "at least because KPM is denying a matter than can be proven truthful." Doc. 23 at 4. IEP's argument is misplaced, as the Federal Rules of Civil Procedure do not provide a mechanism for determining the accuracy of a denial *before* trial. *See Superior Sales W.*, 335 F.R.D. at 102 ("District courts across the country, as well as preeminent treatises on federal civil procedure, agree that Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial.").

Notwithstanding IEP's flaw that dooms this motion, KPM's denials are verifiably accurate. IEP argues—without any citation to support its assertion—that "discovery has shown that KPM and IEP operate in the same channels of trade," including "at the same *tradeshows*." Doc. 23 at 5 (emphasis added). But contrary to IEP's unsupported assertion, discovery has shown the exact opposite, that is, that KPM and IEP *do not* operate in the same channels of trade. As merely one example, IEP's Co-President, John Shea, and Vice President of Sales, David Grandaw, both testified that IEP has not attended any LabelExpo or SNAXPO trade shows, which are trade shows that KPM has attended. *See* Ex. B at 99:3-6 ("[A]re you aware of IEP ever attending Label Expo[?] A. Not that I recall. Are you aware of IEP ever attending SNAXPO? A. Not that I recall."); Ex. C at 115:11-24 ("[Y]ou're not aware of anybody from IEP attending Label Expo on behalf of IEP; correct? A. That is correct. ... Q. Ever heard of SNAXPO? A. I have not. Q. I'm assuming you have not attended SNAXPO or ... of anybody who has attended SNAXPO on ... IEP's behalf? A. That is correct."); Ex. D at 10 ("Defendants attended a LabelExo conference ... . Defendants attended PackExpo conferences ... ."). Thus, because IEP points to trade shows as a channel of trade, and because even IEP's employees admit that IEP does not attend the same trade shows as

9

KPM, KPM's denial of these RFAs is entirely accurate (notwithstanding the additional fact that IEP's motion is egregiously misguided, as discussed above). Thus, IEP's motion should be denied for this additional reason.

### 5.3. IEP's motion improperly seeks admissions to requests that are not stated in RFAs 7-9.

As its requested relief, IEP's motion "requests that the Court order KPM to supplement their responses to these RFAs [7-9] to admit the portions of 'channels of trade' which are *similar*." Doc. 23 at 5 (emphasis added). However, IEP's request is incredibly improper because RFAs 7-9 do not request admissions regarding "**similar**" channels of trade but instead focus on channels of trade that are *the same*. Instead, RFAs 7 and 9 read as follows:

> REQUEST NO. 7: Admit that Defendants market goods and/or services in *the same* channels of trade as Plaintiff.
>
> REQUEST NO. 9: Admit that Defendants market goods and/or services under Defendants' Marks in *the same* channels of trade as Plaintiff.

Doc. 23-2 at 3, 4 (emphasis added). Moreover, RFA 8 does not mention "the same" or "similar" channels of trade, as shown below:

> REQUEST NO. 8: Admit that in the next five years Defendants intend to expand the channels of trade they market goods and/or services.

Doc. 23-2 at 3, 4 (emphasis added).

Thus, IEP's motion seeks to have KPM admit something that is completely different from what IEP's RFAs actually recite. Since the Federal Rules do not provide for such relief, IEP's motion should be denied for this additional reason. *See* FED. R. CIV. P. 36(a)(6).

### 6. KPM'S RESPONSES TO RFAS 10-12 AND 14-17 ARE PROPER

IEP's RFAs 10-12 and 14-17 read as follows:

> REQUEST NO. 10: Admit that Defendants have marketed goods and/or services at the same trade shows attended by Plaintiff.
>
> REQUEST NO. 11: Admit that Defendants have marketed goods and/or services under Defendants' Marks at the same trade shows attended by Plaintiff.

> REQUEST NO. 12: Admit that Defendants market goods and/or services to the same customers and/or potential customers as Plaintiff.
>
> REQUEST NO. 14: Admit that Defendants market goods and/or services under Defendants' Marks to the same customers and/or potential customers as Plaintiff.
>
> REQUEST NO. 15: Admit that Defendants market Defendants Goods to the same customers and/or potential customers as Plaintiff markets Plaintiff's Goods.
>
> REQUEST NO. 16: Admit that Defendants Goods can be used on the same production lines as Plaintiff's Goods.
>
> REQUEST NO. 17: Admit that there is overlap in functionality between Defendants Goods and Plaintiff's Goods.

Doc. 23-2 at 4 (emphasis added).

IEP argues that KPM's denials of these RFAs—which are proper answers under Rule 36 (and IEP does not contend otherwise)—are "demonstrably false" and that the Court should deem these RFAs admitted. Doc. 23 at 6.

First, IEP's arguments are completely misplaced because, even if IEP had proven that the denials are false (which IEP certainly has not even attempted to do), a party cannot move under Rule 36 to have a matter deemed admitted on the basis of a denial being inaccurate. For example, in *Superior Sales W.*, the requesting party argued, like IEP argues here, that certain RFAs "should be deemed admitted because they are 'demonstrably false' and thus insufficient under Rule 36." 335 F.R.D. at 102. Despite the requesting party having submitted "voluminous" evidence demonstrating that the responding party's denials were false, the court in *Superior Sales W.* denied the motion because "Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial." *Id.* (quotation marks omitted).

Second, IEP's own Co-President, John Shea, confirmed in deposition that IEP does not track what trade shows it attends and that he is unable to identify the trade shows that IEP has attended. *See* Ex. B at 51:2152:1 ("IEP Technologies does not track post fact. ... It is not—that information is not retained."), 46:2-47:1 (Mr. Shea testifying that he is unable to identify the trade shows IEP has attended). So, if IEP cannot itself identify what trade shows its actually has

11

attended, then KPM is in no position to make any verifiable comparison to any degree of certainty. And in further combination with the fact that IEP's John Shea admitted that IEP has not attended trade shows that KPM has attended, KPM's denial of RFAs 10 and 11 above are completely and verifiably accurate.

Therefore, KPM's denials of RFAs 10-12 and 14-17 are sufficient. IEP's motion is completely baseless for these reasons and, thus, should be denied.

**7.    KPM'S RESPONSE TO RFA 1 IS PROPER**

IEP's RFA 1 reads as follows:

> REQUEST NO. 1: Admit that Plaintiff's Marks act as an indicator of source for Plaintiff's Goods.

Doc. 23-2 at 3 (emphasis added).

KPM answered this RFA by explaining, pursuant to Rule 36(a)(4), why KPM cannot truthfully admit or deny it. Specifically, KPM stated that it could not admit or deny this RFA because KPM does not have knowledge of all of "Plaintiff's Goods" at least because IEP refused to fully respond to KPM's interrogatory that asked IEP to identify and describe all of "Plaintiff's Goods:"

> After reasonable inquiry, the information that Defendants know or can readily obtain is insufficient to enable them to admit or deny this Request. The admission or denial of this Request requires Defendants to have information on "Plaintiff's Goods," which Plaintiff defined as meaning "Plaintiff's products and/or services sold or offered for sale in connection with Plaintiff's Mark." The information that would be required to admit or deny this Request is not in Defendant's records, nor is it within the knowledge of Defendants' employees, agents, or others of whom Defendants have made reasonable inquiries. Additionally, Plaintiff refused to adequately respond to Defendants' Interrogatory No. 3, which requested Plaintiff to "[i]dentify and fully describe each and every good or service ever sold or offered for sale in connection or relation to Plaintiff's Mark."

Doc. 23-3 at 7.

IEP's motion asserts—in an argument that spans only a single sentence—that the Court should order KPM to supplement their response to this RFA. Doc. 23 at 6. But IEP's conclusory argument does not explain why it contends KPM's response is insufficient or why it contends

KPM should now be able to admit or deny this RFA. *See id.*

At the meet-and-confer, KPM's counsel explained that it would examine IEP's supplemental response to KPM's Interrogatory No. 3 to determine whether IEP provided any additional information that would enable KPM to admit or deny this RFA. *See* Doc. 23-6 at 7:7-13 ("I will go back and take another look at that and see if there's something that would require supplementation, and if so, we'll certainly supplement. I'm not aware that there's anything at this time, but we'll go back and take another look at it."). Though IEP has since supplemented its response to KPM's Interrogatory No. 3 twice, IEP has *still* failed to identify and fully describe each and every good or service that constitutes "Plaintiff's Goods." *See* Ex. E at 7 (stating that IEP has identified documents under Rule 33(d) that show only "exemplary products," not each and every product that constitutes "Plaintiff's Goods."). And if IEP is unable or unwilling to fully identify and describe all of the goods and services with which IEP uses its mark, then KPM cannot rightfully be expected to admit or deny this RFA that charges KPM with having that full scope of knowledge about IEP's goods and services that IEP refuses to disclose. Consequently, KPM remains unable to truthfully admit or deny this RFA for the same reasons stated in KPM's answer.

Therefore, KPM's response has been and remains sufficient and correct, and IEP fails to show otherwise. IEP's motion should be denied for this additional reason.

### 8. KPM SHOULD BE AWARDED ATTORNEY'S FEES INCURRED IN HAVING TO RESPOND TO THIS BASELESS MOTION

If a motion to compel is denied, Rule 37(a)(5) states that a court "must" require the movant to pay the responding party its reasonable expenses, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(B).

IEP should be required to pay KPM's expenses under Rule 37(a)(5) because its motion was not substantially justified and there are no circumstances making an award of expenses unjust. As discussed above, IEP's motion seeks to have RFAs 3-6 and 13 interpreted in a manner that is completely different than how they are written, served, and answered. Not only is IEP's requested

relief impermissible, *see supra* §§ 4.2-4.3, but IEP also declined KPM's suggestion to re-draft and re-serve new RFAs that reflected IEP's desired interpretation, which would have resulted in IEP receiving KPM's answers well before the present response was due and would have obviated this motion in its entirety. *See* Doc. 23-6 at 15:18-20, 16:5-7 ("I think probably the thing that makes sense is a new RFA with the information that you're asking. ... If you're asking for different information, you need to [submit] a different RFA."). That is, had IEP taken KPM's suggestion, it would have had answers to new and revised RFAs by now and would not have burdened the parties and the Court with this improper motion to compel that would have been obviated. IEP's actions and inexplicable refusal to easily resolve these issues without the Court's involvement exposes IEP's motives to prejudice KPM through litigation tactics and gamesmanship, which is also why IEP should pay KPM's expenses. *See Saalfrank v. Town of Alton*, No. 08-cv-46-JL, 2010 U.S. Dist. LEXIS 19909, at *7 n.10 (D.N.H. Mar. 5, 2010) ("Rule 37(a)(5) exists to discourage counsel from creating the expense of getting the court involved in resolving discovery disputes that, with a good faith effort, they could have resolved on their own.").

The remainder of IEP's motion is equally unjustified. For example, had IEP conducted even a modicum of research before filing this motion, it would have realized that disagreeing with a responding party's denial of an RFA is not a valid basis for a motion to compel. *See supra* §§ 5-6. Incredibly, IEP's motion does not cite even a *single* case in support of any of its arguments, which indicates that IEP either failed to conduct a reasonable inquiry before filing its ill-founded motion to compel or that IEP disregarded any such research. Neither should be tolerated.

Moreover, as established above, IEP's accusation that KPM answered RFAs untruthfully is blatantly false. *See supra* § 5.2. KPM's counsel repeatedly warned IEP's counsel after the depositions of IEP's employees that KPM would seek its attorney's fees if IEP did not withdraw the portions of its motion to compel directed towards these issues. *See* Ex. B at 144:22- 145:2 ("In view of Mr. Shea's testimony earlier about trade shows, defendants ask [] that plaintiffs withdraw their motion to compel with respect to I think it's sections 3-B and three C. If you don't, we're going to ask for fees based on the testimony today if we have to respond to it[.]"), 145:6-10 ("In

view of his testimony about trade shows, I don't think we should have to respond to this. I think it should be withdrawn. …. If you don't withdraw it that's fine. We'll seek fees."). IEP's false accusations and its refusal to withdraw these portions of its motion further confirm that awarding KPM their expenses under Rule 37(a)(5) is warranted and proper.

Therefore, IEP's motion should be denied in its entirety, and IEP should be ordered to reimburse KPM for the expenses in responding to this baseless motion.

Respectfully submitted this 4th day of February, 2022.

*/s/ Robert D. Gravois*
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
*pnieves@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)
*r.gravois@thip.law*
Andrea Nguyen (*pro hac vice*)
*a.nguyen@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE, Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>                  Plaintiff,<br><br>        v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>                  Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

                                        */s/ Robert D. Gravois*
                                        Robert D. Gravois

                                        *Attorney for Defendants*