# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>　　　　Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES (NOS. 2-6, and 13) TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff IEP Technologies, LLC (hereinafter "Plaintiff" or "IEP") provides its second supplemental objections and responses to Defendants KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "Defendants") First Set of Interrogatories to Plaintiff (Nos. 1-22) as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

IEP incorporates by reference the Preliminary Statement and General Objections from its Plaintiff's Objections and Responses to Defendants' First Set Of Interrogatories (Nos. 1-22) To Plaintiff, dated August 6, 2021.

1

available.

**FIRST SUPPLEMENTAL RESPONSE:**

IEP employee Sawyer Hamblin, Regional Sales Manager, brought Defendants' use of the mark to IEP's attention.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**SECOND SUPPLEMENTAL RESPONSE:**

In February 2020, Sawyer Hamblin saw Defendants' infringing marks on the Powder and Bulk Solid's website as an exhibitor for their 2020 tradeshow, which was subsequently cancelled. That month, Mr. Hamblin brought the mark to the attention of David Grandaw and John Shea at IEP, noting the similarities to IEP's marks.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**INTERROGATORY NO. 3:** Identify and fully describe each and every good or service ever sold or offered for sale in connection with or relation to Plaintiff's Mark.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks information to "identify and fully describe each and every good or service ever sold or offered for sale . . .." IEP objects to this Interrogatory to the extent it seeks information, documents, or things protected by attorney-

4

client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Interrogatory to the extent it seeks a legal conclusion.

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Interrogatory, IEP states as follows:

IEP Technologies is the worldwide leading provider of explosion protection systems and services. Since around July 2013, IEP has used sold products/services under its ⬢ mark, and variants thereof. Among other products and services, IEP has sold and offered for sale safety equipment for suppression, isolation and venting of explosions, namely, explosive containment vessels and structural parts therefor; safety hardware systems comprised of electronic and static sensors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting and mitigating the effects of industrial process explosions; computer hardware, software, and peripherals for operating explosion safety equipment; installation and maintenance of safety equipment for detection, prevention, and abatement of explosions; and new product research and design services in the field of safety equipment and hardware. Information regarding goods and services sold under IEP's ⬢ mark can be found at IEP's website: www.ieptechnologies.com.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff intends to produce responsive, non-privileged documents, to the extent they exist and can be located after a reasonable search, from which answers to portions of this Interrogatory may be derived or ascertained

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE:**

Specific products and services provided by IEP are identified in at least the following documents, which are identified pursuant to Fed. R. Civ. P. 33(d):

IEP000002-IEP000005, IEP000010-IEP000011, IEP000013-IEP000014, IEP000258, IEP000268-IEP000269, IEP000291-IEP000298, IEP000303-IEP000304, IEP000333-IEP000344, IEP001649-IEP001650, IEP001669 - IEP001670, IEP001687, IEP001688-IEP001689, IEP001690-IEP001691, IEP001692-IEP001693, IEP001694-IEP001695, IEP001696-IEP001697, IEP001698-IEP001699, IEP001700-IEP001701, IEP001702-IEP001703, IEP001704-IEP001705, IEP001706-IEP001707, IEP001708-IEP001709, IEP001710-IEP001711, IEP001730-IEP001731, IEP001734-IEP001735, IEP001746-IEP001747, IEP001748-IEP001749, IEP001750-IEP001751, IEP001752-IEP001753, IEP001754, IEP001755-IEP001756, IEP001757-IEP001758, IEP001762, IEP001776 - IEP001777, IEP002060 - IEP002061, IEP002221-IEP002222, IEP002223-IEP002224, IEP002225-IEP002227, IEP002228-IEP002229, IEP002230-IEP002231, IEP002232-IEP002233, IEP002234-IEP002235, IEP002236-IEP002237, IEP002238-IEP002239, IEP002240-IEP002241, IEP002242-IEP002257, IEP002258-IEP002259, IEP002260-IEP002261, IEP002262-IEP002263, IEP002264-IEP002265, IEP002266-IEP002267, IEP002268-IEP002269, IEP002270-IEP002271, IEP002272-IEP002273, IEP001641-1762, IEP001766-IEP001777, IEP002056-IEP002073, IEP003302-IEP004219

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**SECOND SUPPLEMENTAL RESPONSE:**

IEP sells products and services in the following categories: materials testing, explosion protection (including explosion vents, isolation devices, and explosion suppressors), spark detection and extinguishing, and engine explosion detection. The documents identified in this response show exemplary products in these categories.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**INTERROGATORY NO. 4:**   For each of the goods and services identified in response to Interrogatory No. 3, for each year since Plaintiff began using Plaintiff's Mark, state the dollar amount of the annual sales of each such good and service and the dollar amount of annual advertising and promotional expenditures attributed to each such good and service, along with identification of all documents sufficient to show these amounts.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks information regarding "each of the goods and services," "each good and service," "each such good and service," and "all documents." IEP objects to this Interrogatory to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege,

**SECOND SUPPLEMENTAL RESPONSE:**

IEP sells products and services in the following categories: materials testing, explosion protection (including explosion vents, isolation devices, and explosion suppressors), spark detection and extinguishing, and engine explosion detection. Products in these categories have been sold under IEP's ⬡ mark since the ⬡ mark was adopted in 2013.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

Dated: January 21, 2022          IEP Technologies, LLC,

/s/ Stephen F.W. Ball, Jr.
Stephen F.W. Ball, Jr. (BBO # 670092)
Robert D. Keeler (*pro hac vice*)
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com
sball@whipgroup.com
rkeeler@whipgroup.com

*Attorneys for Plaintiff,*
*IEP Technologies, LLC*

## CERTIFICATE OF SERVICE

    This is to certify that on this 21st day of January, 2022, a true and correct copy of the foregoing **PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 2-6 and 13) TO PLAINTIFF** was served via electronic mail on counsel for Defendants as follows:

Michael J. Lambert
*mlambert@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street
22nd Floor
Boston, Massachusetts 02109

Peter A. Nieves
*pnieves@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101

N. Andrew Crain
*a.crain@thip.law*
Robert D. Gravois
*r.gravois@thip.law*
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339


<u>Jan. 21, 2022</u>                                                                    */s/ Stephen F.W. Ball, Jr.*
Date