# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>　　　　Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES (NOS. 2-6, and 13) TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff IEP Technologies, LLC (hereinafter "Plaintiff" or "IEP") provides its second supplemental objections and responses to Defendants KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "Defendants") First Set of Interrogatories to Plaintiff (Nos. 1-22) as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

IEP incorporates by reference the Preliminary Statement and General Objections from its Plaintiff's Objections and Responses to Defendants' First Set Of Interrogatories (Nos. 1-22) To Plaintiff, dated August 6, 2021.

1

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:** Identify and fully describe all facts relating to Plaintiff's knowledge concerning Defendants' use of and/or application to register Defendants' Marks (including without limitation the '755 Registration), including the manner in which Plaintiff first obtained such knowledge and all persons involved.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all facts" and information regarding "all persons involved." IEP objects to this Interrogatory to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Interrogatory to the extent it seeks a legal conclusion.

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Interrogatory, IEP states as follows:

According to USPTO records, Defendants commenced using their  and marks (the "Infringing Marks") in or around February 2018. Defendants commenced use of the Infringing Marks in connection with certain goods that are scientific instruments, namely, Radio Frequency Moisture Gauge, electronic near infrared, NIR, transmitters for the measurement of moisture, fats, proteins and other constituents in wood, tobacco, paper, food, feed, bulk solids and other industrial products, IR pyrometers and Thermal Imaging Cameras. Defendants commenced use of the Infringing Marks in connection with certain services for installation and repair of laboratory and at-line analytical equipment

including Radio Frequency Moisture Gauge, NIR Transmitters, IR Pyrometers and Thermal Imaging Cameras, and training in the use of laboratory and at-line analytical equipment including Radio Frequency Moisture Gauge, NIR Transmitters, IR Pyrometers and Thermal Imaging Cameras.

Defendants display and use the Infringing Mark on their websites, social media, products, and in other marketing and promotional materials.

On June 1, 2017, Defendant KPMNA applied to register the Infringing Marks with the United States Patent and Trademark Office ("USPTO"). Defendant KPMNA ultimately registered the Infringing Marks with the USPTO on December 18, 2018 in connection with the goods and services above.

IEP discovered Defendants' use of the infringing marks in or around February 13, 2020. On March 27, 2020, IEP, through its attorneys, sent Defendants a letter placing them on notice of IEP's rights and long-term use and ownership of Plaintiff's Mark, as well as demanding that Defendants cease and desist from all use of the Infringing Marks in any infringing manner. On May 6, 2020, Defendants refused in writing to comply with Plaintiff's demands. In July 2020, Plaintiff reiterated its demand that Defendants cease use of the Infringing Marks. Defendants refused to do so, necessitating the filing of the Complaint in this action.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff intends to produce responsive, non-privileged documents, to the extent they exist and can be located after a reasonable search, from which answers to portions of this Interrogatory may be derived or ascertained

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes

available.

**FIRST SUPPLEMENTAL RESPONSE:**

IEP employee Sawyer Hamblin, Regional Sales Manager, brought Defendants' use of the mark to IEP's attention.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**SECOND SUPPLEMENTAL RESPONSE:**

In February 2020, Sawyer Hamblin saw Defendants' infringing marks on the Powder and Bulk Solid's website as an exhibitor for their 2020 tradeshow, which was subsequently cancelled. That month, Mr. Hamblin brought the mark to the attention of David Grandaw and John Shea at IEP, noting the similarities to IEP's marks.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**INTERROGATORY NO. 3:** Identify and fully describe each and every good or service ever sold or offered for sale in connection with or relation to Plaintiff's Mark.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks information to "identify and fully describe each and every good or service ever sold or offered for sale . . . ." IEP objects to this Interrogatory to the extent it seeks information, documents, or things protected by attorney-

client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Interrogatory to the extent it seeks a legal conclusion.

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Interrogatory, IEP states as follows:

IEP Technologies is the worldwide leading provider of explosion protection systems and services. Since around July 2013, IEP has used sold products/services under its ⬢ mark, and variants thereof. Among other products and services, IEP has sold and offered for sale safety equipment for suppression, isolation and venting of explosions, namely, explosive containment vessels and structural parts therefor; safety hardware systems comprised of electronic and static sensors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting and mitigating the effects of industrial process explosions; computer hardware, software, and peripherals for operating explosion safety equipment; installation and maintenance of safety equipment for detection, prevention, and abatement of explosions; and new product research and design services in the field of safety equipment and hardware. Information regarding goods and services sold under IEP's ⬢ mark can be found at IEP's website: www.ieptechnologies.com.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff intends to produce responsive, non-privileged documents, to the extent they exist and can be located after a reasonable search, from which answers to portions of this Interrogatory may be derived or ascertained

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE:**

Specific products and services provided by IEP are identified in at least the following documents, which are identified pursuant to Fed. R. Civ. P. 33(d):

IEP000002-IEP000005, IEP000010-IEP000011, IEP000013-IEP000014, IEP000258, IEP000268-IEP000269, IEP000291-IEP000298, IEP000303-IEP000304, IEP000333-IEP000344, IEP001649-IEP001650, IEP001669 - IEP001670, IEP001687, IEP001688-IEP001689, IEP001690-IEP001691, IEP001692-IEP001693, IEP001694-IEP001695, IEP001696-IEP001697, IEP001698-IEP001699, IEP001700-IEP001701, IEP001702-IEP001703, IEP001704-IEP001705, IEP001706-IEP001707, IEP001708-IEP001709, IEP001710-IEP001711, IEP001730-IEP001731, IEP001734-IEP001735, IEP001746-IEP001747, IEP001748-IEP001749, IEP001750-IEP001751, IEP001752-IEP001753, IEP001754, IEP001755-IEP001756, IEP001757-IEP001758, IEP001762, IEP001776 - IEP001777, IEP002060 - IEP002061, IEP002221-IEP002222, IEP002223-IEP002224, IEP002225-IEP002227, IEP002228-IEP002229, IEP002230-IEP002231, IEP002232-IEP002233, IEP002234-IEP002235, IEP002236-IEP002237, IEP002238-IEP002239, IEP002240-IEP002241, IEP002242-IEP002257, IEP002258-IEP002259, IEP002260-IEP002261, IEP002262-IEP002263, IEP002264-IEP002265, IEP002266-IEP002267, IEP002268-IEP002269, IEP002270-IEP002271, IEP002272-IEP002273, IEP001641-1762, IEP001766-IEP001777, IEP002056-IEP002073, IEP003302-IEP004219

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**SECOND SUPPLEMENTAL RESPONSE:**

IEP sells products and services in the following categories: materials testing, explosion protection (including explosion vents, isolation devices, and explosion suppressors), spark detection and extinguishing, and engine explosion detection. The documents identified in this response show exemplary products in these categories.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**INTERROGATORY NO. 4:**  For each of the goods and services identified in response to Interrogatory No. 3, for each year since Plaintiff began using Plaintiff's Mark, state the dollar amount of the annual sales of each such good and service and the dollar amount of annual advertising and promotional expenditures attributed to each such good and service, along with identification of all documents sufficient to show these amounts.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks information regarding "each of the goods and services," "each good and service," "each such good and service," and "all documents." IEP objects to this Interrogatory to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege,

7

or any other applicable privilege, protection, or immunity. IEP objects to this Interrogatory to the extent it seeks a legal conclusion.

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Interrogatory, IEP states as follows:

Plaintiff is willing to meet and confer to discuss the scope of this request. Plaintiff's ⬢ mark is used as a house mark, and providing financial information at the product level is unduly burdensome and not proportional to the needs of this case.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE:**

Plaintiff's ⬢ mark is used as a house mark. Providing financial information at the product level is unduly burdensome and not proportional to the needs of this case. Therefore, IEP identifies at least the following documents pursuant to Fed. R. Civ. P. 33(d):

IEP000015, IEP000021, IEP000027, IEP000029, IEP000038, IEP000039, IEP000040, IEP000041-IEP000045, IEP000046, IEP000047, IEP000048, IEP000064, IEP000065, IEP000066, IEP000067, IEP000069, IEP000070, IEP004247.

**SECOND SUPPLEMENTAL RESPONSE:**

IEP tracks sales in the following categories: Suppression, Detection & Controls, Isolation, Spark, Venting, Flameless Venting, and Service. IEP tracks sales, advertising, and costs in these categories, and not on a product-by-product basis.

IEP identifies at least the following additional documents pursuant to Fed. R. Civ. P. 33(d): IEP004315, IEP004316.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**INTERROGATORY NO. 5:** Identify and fully describe all channels through which Plaintiff markets, advertises, or promotes its goods and/or services under Plaintiff's Mark, including without limitation all trade shows; exhibitions; electronic and non-electronic newspapers, magazines, trade journals, press releases, or periodicals; as well as all web sites and digital mobile applications in which Plaintiff has advertised or intends to advertise any goods or services under Plaintiff's Mark.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks information regarding "all channels" and "all websites and digital mobile applications." IEP objects to this Interrogatory to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Interrogatory to the extent it seeks a legal conclusion.

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Interrogatory, IEP states as follows:

IEP markets, advertises, and promotes the goods and services it sells under the mark, and variations thereof, at tradeshows and exhibitions (e.g., International Powder and Bulk

Solids) and digitally (e.g., through its website www.ieptechnologies.com and social media pages such as LinkedIn (www.linkedin.com/company/iep-technologies) and YouTube (www.youtube.com/channel/UCT7BfDnxvLrwSeRy-HH3_SQ).) IEP also markets, advertises, and promotes the goods and services it sells under the ◆ mark in magazines, periodicals and trade journals (e.g., Powder & Bulk Solids, Powder Bulk Engineering, Biomass Magazine, Chemical Processing), and press releases which can be published in a variety of media.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff intends to produce responsive, non-privileged documents, to the extent they exist and can be located after a reasonable search, from which answers to portions of this Interrogatory may be derived or ascertained

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE:**

IEP identifies at least the following documents pursuant to Fed. R. Civ. P. 33(d):

IEP000001, IEP000006-IEP000007, IEP000012, IEP000015, IEP000016, IEP000017, IEP000018, IEP000019, IEP000020, IEP000021, IEP000022-IEP000023, IEP000025, IEP000026, IEP000027, IEP000029, IEP000031-IEP000033, IEP000034-IEP000036, IEP000037, IEP000038, IEP000039, IEP000040, IEP000041-IEP000045, IEP000046, IEP000047, IEP000048, IEP000049-IEP000051, IEP000052-IEP000054, IEP000055-IEP000057, IEP000058-IEP000060, IEP000061-IEP000063, IEP000064, IEP000065, IEP000066, IEP000067, IEP000069, IEP000070, IEP000071, IEP000072-IEP000073, IEP000081, IEP000082, IEP000083, IEP000084-IEP000120, IEP000121, IEP000123,

IEP000124, IEP000125, IEP000126, IEP000127, IEP000128, IEP000129, IEP000130-IEP000133, IEP000134-IEP000135, IEP000168-IEP000184, IEP000252-IEP000255, IEP000257, IEP000263, IEP000290, IEP000355, IEP000357-IEP000358, IEP000359-IEP000363, IEP000370-IEP000373, IEP000374-IEP000376, IEP000377-IEP000378, IEP000379-IEP000442, IEP000446, IEP000447, IEP000448, IEP000449, IEP000454, IEP000455-IEP000458, IEP000468, IEP000469, IEP000470, IEP000471, IEP000472, IEP000473, IEP000474, IEP000475, IEP000476, IEP001041, IEP001042, IEP001043-IEP001044, IEP001047-IEP001048, IEP001049-IEP001050, IEP001054-IEP001056, IEP001058, IEP001059, IEP001066-IEP001068, IEP001072-IEP001074, IEP001075, IEP001076, IEP001077, IEP001078-IEP001079, IEP001080, IEP001081-IEP001082, IEP001083, IEP001084-IEP001085, IEP001086, IEP001087-IEP001088, IEP001089, IEP001090, IEP001091-IEP001092, IEP001093-IEP001094, IEP001095-IEP001096, IEP001547, IEP001548-IEP001549, IEP001550, IEP001551-IEP001552, IEP001553, IEP001554, IEP001555, IEP001556-IEP001558, IEP001559, IEP001560-IEP001562, IEP001563, IEP001564, IEP001565, IEP001566, IEP001567, IEP001568, IEP001569, IEP001628, IEP001629-IEP001630, IEP001631, IEP001638-IEP001639, IEP001640, IEP001763, IEP001764, IEP001765-IEP001766, IEP001767-IEP001769, IEP001771, IEP001772, IEP001773, IEP001774, IEP001848-IEP001866, IEP001981-IEP001983, IEP001984-IEP001985, IEP001988-IEP001989, IEP001990-IEP001991, IEP001993, IEP001994, IEP001995, IEP001997, IEP002016, IEP002017, IEP002018, IEP002019, IEP002020, IEP002023, IEP002024-IEP002026, IEP002028-IEP002044, IEP002050, IEP002051, IEP002053, IEP002054, IEP002055, IEP002074, IEP002075-IEP002076, IEP002077, IEP002078, IEP002079-IEP002081, IEP002082-IEP002093, IEP002094-

IEP002095, IEP002097-IEP002098, IEP002101-IEP002104, IEP002105, IEP002106-IEP002110, IEP002111-IEP002115, IEP002117 - IEP002118, IEP002119 - IEP002121, IEP002122 - IEP002123, IEP002124 - IEP002125, IEP002126 - IEP002127, IEP002128 - IEP002130, IEP002131 - IEP002132, IEP004228, IEP004229-IEP004244.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**SECOND SUPPLEMENTAL RESPONSE:**

The documents identified under Rule 33(d) show exemplary channels of trade through which IEP promotes its products under its marks.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**INTERROGATORY NO. 6:** For each trade show or exhibition in which Plaintiff has shown, offered, sold, demonstrated, or otherwise made available to any customer or potential customer any goods or services associated with Plaintiff's Mark, identify the date and location of each such trade show or exhibition and each person who attended or participated in that trade show or exhibition on Plaintiff's behalf, including without limitation all employees, agents, consultants and representatives of Plaintiff.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks information regarding "each trade show or exhibition," and "each person who attended or participated . . .". IEP objects to this

Interrogatory to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Interrogatory to the extent it seeks a legal conclusion.

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Interrogatory, IEP states as follows:

IEP sales, marketing, management professionals attend trade shows and exhibitions (e.g., International Powder and Bulk Solids).

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff intends to produce responsive, non-privileged documents, to the extent they exist and can be located after a reasonable search, from which answers to portions of this Interrogatory may be derived or ascertained

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE:**

IEP identifies at least the following documents pursuant to Fed. R. Civ. P. 33(d):

IEP000015, IEP000016, IEP000017, IEP000018, IEP000021, IEP000022-23, IEP000027, IEP000028, IEP000029, IEP000037, IEP000038, IEP000039, IEP000047, IEP000048, IEP000064, IEP000065, IEP000066, IEP004228

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**SECOND SUPPLEMENTAL RESPONSE:**

IEP does not retain records of IEP staff attendance at trade shows, conferences or industry exhibitions.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**INTERROGATORY NO. 13:** Identify and fully describe all trade channels through which products have been sold under Plaintiff's Mark and specify both the dates on which such products were sold and the identity of all entities that sell such products in association with Plaintiff, including without limitation, wholesalers, distributors, retailers, outlets, resellers, etc.

**RESPONSE:**

IEP objects to this Interrogatory to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including to the extent it seeks "all trade channels" and "the identity of all entities." IEP objects to this Interrogatory to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Interrogatory to the extent it seeks a legal conclusion.

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Interrogatory, IEP states as follows:

IEP sells goods and services under its ⬢ mark directly to its customers (e.g., end users, OEMs) or through distributors or process system integrators. At least some of IEP's sales and services contacts are identified on IEP's website at www.ieptechnologies.com.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff intends to produce

14

responsive, non-privileged documents, to the extent they exist and can be located after a reasonable search, from which answers to portions of this Interrogatory may be derived or ascertained

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE:**

IEP identifies at least the following documents pursuant to Fed. R. Civ. P. 33(d):

IEP002133-IEP002135, IEP002136-IEP002137, IEP002138-IEP002139, IEP002140-IEP002141, IEP002142-IEP002143, IEP002144-IEP002145, IEP002146, IEP002147, IEP002148-IEP002150, IEP002151-IEP002152, IEP002153-IEP002154, IEP002155, IEP002156, IEP002157-IEP002158, IEP002159-IEP002160, IEP002161, IEP002162-IEP002163, IEP002164-IEP002166, IEP002167-IEP002168, IEP002169-IEP002170, IEP002171-IEP002172, IEP002173-IEP002174, IEP002175-IEP002176, IEP002177-IEP002178, IEP002179, IEP002180, IEP002181-IEP002182, IEP002183-IEP002184, IEP002185-IEP002187, IEP002188-IEP002189, IEP002190-IEP002191, IEP002192, IEP002193-IEP002204, IEP002205-IEP002206, IEP002207-IEP002208, IEP002209, IEP002210, IEP002211-IEP002215, IEP002216-IEP002217, IEP002218-IEP002219, IEP002220, IEP002274-IEP003301, IEP004224, IEP004228

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

**SECOND SUPPLEMENTAL RESPONSE:**

IEP sells products and services in the following categories: materials testing, explosion protection (including explosion vents, isolation devices, and explosion suppressors), spark detection and extinguishing, and engine explosion detection. Products in these categories have been sold under IEP's ⬢ mark since the ⬢ mark was adopted in 2013.

Discovery is ongoing and Plaintiff reserves the right to amend, revise, clarify, and/or supplement its response or otherwise change its response as additional information becomes available.

| | |
|---|---|
| Dated: January 21, 2022 | IEP Technologies, LLC, |

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
Robert D. Keeler (*pro hac vice*)
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com
sball@whipgroup.com
rkeeler@whipgroup.com

*Attorneys for Plaintiff,*
*IEP Technologies, LLC*

**CERTIFICATE OF SERVICE**

  This is to certify that on this 21st day of January, 2022, a true and correct copy of the foregoing **PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 2-6 and 13) TO PLAINTIFF** was served via electronic mail on counsel for Defendants as follows:

Michael J. Lambert
*mlambert@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street
22nd Floor
Boston, Massachusetts 02109

Peter A. Nieves
*pnieves@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101

N. Andrew Crain
*a.crain@thip.law*
Robert D. Gravois
*r.gravois@thip.law*
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339

Jan. 21, 2022                 */s/ Stephen F.W. Ball, Jr.*
Date