IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>                 Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>                 Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

While Plaintiff, IEP labels its motion as one seeking an *extension* of time to respond to KPM's Motion for Leave to Amend its Answer to Assert Counterclaims [Doc. 28] ("Motion to Amend"), IEP actually argues that it should not even have to respond at all. That is, IEP claims in the first paragraph of its motion to seek a 4-week extension to respond to KPM's Motion to Amend. *See* Doc. 29 at 1. But then, only two paragraphs later, IEP states that it "*IEP should not have to respond*" at all. *Id.* (emphasis added). However, each of the four purported reasons why IEP should not have to respond to KPM's Motion to Amend amounts to nothing more than a basis of opposition to KPM's Motion to Amend itself and not to any reason for extension.

IEP also cites its recently-served Rule 11 Motion [Doc. 29-1] and the corresponding 21-day safe harbor period as somehow justifying an extension. But neither Rule 11 nor this Court's local rules contain any such extension provisions regarding an underlying motion complained about by the party that served a Rule 11 motion. Additionally, and more importantly, because KPM strongly disagrees with IEP's Rule 11 Motion, KPM informed IEP *the day after* IEP served its Rule 11 Motion, on February 24, 2022, that KPM is *not* withdrawing its Motion to Amend and

1

that KPM explicitly waives the 21-day safe harbor period. Therefore, there is no reason for IEP to delay filing its Rule 11 motion if it believes in it, and there is likewise no reason for a 4-week extension to delay IEP's response to KPM's Motion to Amend.

It appears that the real motive of IEP's extension motion is that IEP wants to have the currently-scheduled March 9 teleconference with the Court *while* its Rule 11 motion is served but not filed *and before* it has to respond to KPM's Motion to Amend in hopes that, as a result of the teleconference, it will not ever have to respond to KPM's Motion to Amend, thereby keeping KPM's counterclaims out of the case. However, because both of these motions impact how this case proceeds, it makes far more sense that they be fully briefed *before* any case status conference. Plus, it is unduly prejudicial to KPM not to have the benefit of any filed opposition IEP has to KPM's Motion to Amend *if* the merits of that motion are going to be discussed at a case status conference.

Thus, for these reasons, IEP's motion for a 4-week extension should be denied.

**1.    IEP'S SUPPOSED "GOOD CAUSE" FOR AN EXTENSION ACTUALLY INSTEAD GO TO THE MERITS OF KPM'S MOTION TO AMEND**

The following two conclusory sentences are the *entirety* of IEP's argument for an extension:

> Good cause exists for the extension because **IEP should not have to respond** to KPM's Motion for Leave, which is: 1) well past the deadline for amending; 2) is factually inaccurate; 3) lacks legal support; and 4) the new counterclaims fail to state a claim on which the requested relief can be granted. KPM's Motion is a frivolous and abusive attempt to delay this case.

Doc. 29 at 1 (emphasis added). However, none of these reasons is a legitimate basis warranting an extension of time, and IEP cites no authority establishing otherwise. Although IEP oddly argues these four reasons as bases for *never* having to respond, each argument (which are incorrect) goes to the merits of KPM's Motion to Amend that should properly reside in IEP's substantive opposition rather than in support of a motion for a seemingly indefinite extension.

2. **THE 21-DAY SAFE HARBOR PROVISION OF RULE 11 IS NO BASIS FOR EXTENSION BECAUSE KPM EXPLICITLY WAIVED THE 21-DAY PERIOD, THUS CLEARING THE PATH IF IEP INTENDS TO FILE ITS RULE 11 MOTION**

IEP fails to inform the Court that on February 24—the day after IEP served its Rule 11 motion—KPM informed IEP that KPM would not be withdrawing or amending its Motion to Amend and that KPM explicitly waived the 21-day safe harbor period, all so that IEP could go ahead and file its Rule 11 Motion now if desired. *See* Ex. A ("[I]f IEP insists on ignoring KPM's warnings [that IEP's Rule 11 Motion is baseless, misleading, frivolous, and itself worthy of sanctions], then KPM hereby waives the 21-day safe harbor period set forth in Rule 11(c)(2)[.]"). Thus, in addition to Rule 11 not providing for any such delay, as IEP seeks here, IEP's Rule 11 Motion is irrelevant to any extension to IEP's response to KPM's Motion to Amend.

3. **BRIEFING ON KPM'S MOTION TO AMEND SHOULD BE COMPLETED *BEFORE* THE PARTIES HAVE A STATUS CONFERENCE WITH THE COURT**

IEP further argues that its deadline for responding to the Motion to Amend should be extended until *after* the parties' upcoming Scheduling Conference on March 9. *See* Doc. 29 at 2. But IEP's argument makes no sense, as it would be much more efficient and beneficial for the Court and the parties for KPM's Motion to Amend to be fully briefed *before* a status conference. KPM's Motion to Amend seeks to add two counterclaims and, if entered, will indisputably impact the status and schedule of this case, which is why the motion should be fully briefed *before* any case status teleconference. Moreover, it would be unfair to KPM if IEP were to substantively address for the first time either of KPM's Motion to Amend or IEP's Rule 11 Motion in a case status conference before either is fully briefed for the Court.

4. **KPM REQUESTS AN IN-PERSON HEARING IF IEP ELECTS TO FILE ITS RULE 11 MOTION**

KPM's Motion to Amend is resolutely grounded in law and fact. Moreover, IEP's alleged Rule 11 violations are not well received because they appear strategically calculated as a vehicle to cause an excessive 4-week (or indefinite) delay and to smear and prejudice KPM and its counsel before this honorable Court.

Accordingly, upon receipt of service of IEP's Rule 11 motion, as noted above, KPM advised IEP that KPM would not withdraw its Motion for Leave to Amend. *See supra.* Moreover, because KPM strongly rejected IEP's baseless allegations of Rule 11 violations, KPM informed IEP that KPM explicitly waived the 21-day safe harbor period provided by Rule 11(c)(2). *See supra.*

Thus, if IEP intends to maintain its allegations of a Rule 11 violation, then IEP should file its Rule 11 Motion *now* so that this issue can be resolved sooner rather than later. And given the gravity of Rule 11 and the accusations that IEP alleges against KPM and its counsel, KPM respectfully requests an in-person hearing with the Court on IEP's Rule 11 motion, if filed.

**5.     CONCLUSION**

For the foregoing reasons, IEP's motion for an extension should be denied.

Respectfully submitted this 28th day of February, 2022.

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
*pnieves@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)

*r.gravois@thip.law*
Andrea Nguyen (*pro hac vice*)
*a.nguyen@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

5

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>                Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>                Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

### **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

                                        /s/ N. Andrew Crain
                                        N. Andrew Crain

                                        *Attorney for Defendants*