# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>            Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED<br>F/K/A STATERA ANALYTICS,<br>INCORPORATED AND KPM ANALYTICS<br>NORTH AMERICA CORPORATION F/K/A<br>PROCESS SENSORS CORPORATION,<br>            Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO AMEND ANSWER TO COMPLAINT
<u>TO ASSERT COUNTERCLAIMS AND TO EXTEND DISCOVERY</u>**

# TABLE OF CONTENTS

1.   KPM'S MOTION IS TIMELY ..................................................................................... 1

2.   KPM'S PROPOSED NEW COUNTERCLAIMS ARE NOT FUTILE ................................... 3

    2.1.   IEP Selectively Quotes Inapplicable Caselaw to Argue an Incorrect Legal
           Standard for Futility. ................................................................................. 3

    2.2.   KPM's Proposed Counterclaim for Cancellation of the '573 Registration
           Due to IEP's Fraud on the USPTO Is Not Futile. ....................................... 3

    2.3.   KPM's Proposed Counterclaim for Cancellation of the '573 Registration
           Due to IEP Not Using Certain Goods and Services Is Not Futile ............... 4

3.   KPM PLEADS FRAUD WITH PARTICULARLY ............................................................ 5

4.   CONCLUSION ....................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*B&B Hardware, Inc. v. Hargis Indus.*,
　575 U.S. 138 (2015) ........................................................................................ 4

*Dumont v. Reily Foods Co.*,
　934 F.3d 34 (1st Cir. 2019) ............................................................................ 5

*Playnation Play Sys. v. Velex Corp.*,
　924 F.3d 1159 (11th Cir. 2019) ...................................................................... 4

*Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*,
　714 F.3d 62 (1st Cir. 2013) ............................................................................ 3

*Souza v. Gulliver's Tavern Inc.*,
　No. 19-492JJM, 2021 U.S. Dist. LEXIS 103288 (D.R.I. June 2, 2021) ................... 1

*Teva Pharm. Int'l GmbH v. Eli Lilly & Co.*,
　No. 18-cv-12029-ADB, 2022 U.S. Dist. LEXIS 4990 (D. Mass. Dec. 20, 2021) ............ 2

*Transwitch Corp. v. Galazar Networks, Inc.*,
　377 F. Supp. 2d 284 (D. Mass. 2004) ............................................................ 3

*United States ex rel. D'Agostino v. EV3, Inc.*,
　802 F.3d 188 (1st Cir. 2015) .......................................................................... 1

**Statutes**

15 U.S.C. § 1119 ................................................................................................ 4

## LIST OF EXHIBITS

**Exhibit A**      October 15, 2021 Letter to IEP's Counsel

**Exhibit B**      October 25, 2021 Letter to KPM's Counsel

**Exhibit C**      November 2, 2021 Letter to IEP's Counsel

**Exhibit D**      November 24, 2021 Letter for IEP Document Production

**Exhibit E**      December 15, 2021 Letter for IEP Document Production

**Exhibit F**      January 14, 2022 Letter for IEP Document Production

**Exhibit G**      December 1, 2021 Letter to IEP's Counsel

KPM submits the present Reply pursuant to the Court's March 9, 2022 Order [Doc. 34].

## 1.   KPM'S MOTION IS TIMELY

IEP's response does not address whether KPM's Motion to Amend satisfies the "freely given" standard under Rule 15. *See* Doc. 31 at 2-3. Accordingly, if this Court finds that Rule 15 applies because no deadline for amending pleadings has been entered by the Court, then the timeliness of KPM's Motion to Amend is undisputed. *See United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 194 (1st Cir. 2015) ("the district court's scheduling order did not specify any deadline for amending the pleadings and, thus, the gears of Rule 16(b) were not engaged"); *Souza v. Gulliver's Tavern Inc.*, No. 19-492JJM, 2021 U.S. Dist. LEXIS 103288, at *3 (D.R.I. June 2, 2021) ("In this case, the Court set no such deadline [for amending pleadings]; therefore, the applicable standard is the lenient 'freely-given' one established by Fed. R. Civ. P. 15(a).").

Nevertheless, even if Rule 16 were applicable, IEP's claim that KPM's motion is untimely due to an alleged lack of diligence fails to align with the facts. KPM had been trying to depose IEP's employees who revealed the new information underlying KPM's new counterclaims *for months*, only to be delayed by IEP's slow document production and initial refusal to make its employee available for an in-person deposition. Specifically, on October 15, 2021, KPM requested dates for an in-person deposition of IEP's Co-President, John Shea. *See* Ex. A at 2. IEP initially indicated that Mr. Shea could be available in November, *but only by video* rather than in person, as KPM requested. *See* Ex. B. Additionally, IEP informed KPM that IEP's document production was incomplete and that additional document productions were forthcoming. *See* Ex. C at 2-3.

In light of IEP's revelation that its document production was not yet complete and that Mr. Shea was not available for an in-person deposition on the requested dates, KPM asked IEP to complete its document production "as soon as possible so that other discovery can proceed" and

1

to identify "dates when Mr. Shea could be made available in person." *Id.* at 3-4.[1]

IEP did not comply with KPM's requests to promptly complete its document production and to provide dates for an in-person deposition of Mr. Shea. Instead, it took IEP *about three additional months* for IEP to purportedly complete its document production. *See* Ex. D (November 24 production); Ex. E (December 15 production); Ex. F (January 14 production).

IEP also refused to provide dates for an in-person deposition of Mr. Shea, as KPM had requested. Thus, on December 1, KPM went ahead and noticed Mr. Shea's in-person deposition for January 19 and noticed Mr. Grandaw's deposition for the following day. *See* Ex. G ("To date, IEP has still not responded with any such dates [for Mr. Shea's deposition]. As such, please find attached herewith a Notice for Deposition for Mr. Shea … and for Dave Grandaw[.]"). IEP indicated that the deponents were unavailable for the noticed dates, and, after several additional scheduling-related communications, their depositions ultimately took place on January 26 and 27.

Therefore, if there was any delay in KPM ascertaining the discovery from IEP's employees that led to the facts supporting KPM's new counterclaims, it is entirely the result of IEP's conduct—both in its tardy document production practices and in refusing to provide dates of availability for the in-person depositions that KPM requested and ultimately obtained. *See Teva Pharm. Int'l GmbH v. Eli Lilly & Co.*, No. 18-cv-12029-ADB, 2022 U.S. Dist. LEXIS 4990, at *21-22 (D. Mass. Dec. 20, 2021) (holding that a motion to add counterclaims satisfied the Rule 16 standard when the alleged delay was a result of the non-moving party's delay in producing documents). As such, IEP's argument that KPM's Motion to Amend is allegedly untimely is without merit.

---

[1] IEP's assertion that KPM "withdrew its request" to depose Mr. Shea is false, and KPM immediately corrected IEP when it made that same false assertion back in November. *See* Ex. C at 3 ("[T]o suggest that KPM withdrew its request to depose Mr. Shea is *at best* disingenuous." "This professed 'understanding' is a manufactured contrivance that is contrary to our actual discussion.")

## 2.    KPM's Proposed New Counterclaims Are Not Futile

### 2.1.    IEP Selectively Quotes Inapplicable Caselaw to Argue an Incorrect Legal Standard for Futility.

IEP selectively quotes *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013), to incorrectly argue that KPM's amendment is futile unless the allegations "are supported by substantial evidence." Doc. 31 at 3. However, IEP's quotation conspicuously omits the preceding portion of *Somascan*, which clearly explains that the "additional burden" of substantial evidence is applicable only in cases "when leave to amend is sought *after discovery has been completed and a motion for summary judgment has been filed.*" 714 F.3d at 64 (emphasis added). Because discovery has not been completed and a motion for summary judgement has not been filed in this case, the "substantial evidence" standard does not apply here.

Contrary to IEP's "substantial evidence" argument, the correct standard is as follows: "The facts, and reasonable inferences therefrom, in the counterclaim are considered true for purposes of the present motion." *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 294 (D. Mass. 2004). The bulk of IEP's opposition to KPM's motion argues that certain documents and a new declaration of Mr. Shea contradict KPM's counterclaims. *See* Doc. 31 at 3-11. But IEP's arguments are irrelevant and improper because they fail to treat KPM's factual allegations as true. *Transwitch*, 377 F. Supp. 2d at 294. Thus, IEP's arguments fail to support its claim that KPM's counterclaims are futile.

### 2.2.    KPM's Proposed Counterclaim for Cancellation of the '573 Registration Due to IEP's Fraud on the USPTO Is Not Futile.

IEP argues that KPM's fraud counterclaim is "futile" because the self-serving declaration of Mr. Shea submitted as an exhibit to IEP's opposition "resolve[s] any doubt" and supposedly confirms that no fraud was committed. Doc. 31 at 4. IEP further disputes KPM's factual allegations based on "IEP's website [and] document production." *Id.* However, because IEP fails to treat KPM's factual allegations as "true for the present motion," *Transwitch*, 377 F. Supp. 2d at 294,

IEP's arguments that simply dispute evidence are flawed and fail.[2]

IEP also argues that "[e]ven if the facts were in KPM's favor, there it [sic] not fraud—fraud would require that IEP received a benefit it was not entitled to." Doc. 31 at 12. However, IEP ignores that KPM's counterclaim clearly and repeatedly alleges that IEP received a benefit to which it was not entitled as a result of IEP's fraud, and those factual allegations must be accepted as true for the present motion. *See*, *e.g.*, Doc. 28-2 at ¶ 20 (alleging that the April 11, 2014 declaration "contain[ed] materially false facts ... resulting in registration of a trademark to which IEP is not otherwise entitled"), ¶ 27 (same), ¶ 48 (alleging that the November 23, 2020 declaration contained false statements "to maintain a registration to which IEP is not entitled"), ¶ 55 (same), ¶ 71 (alleging that IEP made multiple false representations to the USPTO "with the intent of obtaining or maintaining a trademark registration from the USPTO to which it is otherwise not entitled"). Therefore, KPM's allegations set forth a viable counterclaim for cancellation of the '573 Registration due IEP engaging in fraud at the USPTO.

### 2.3. KPM's Proposed Counterclaim for Cancellation of the '573 Registration Due to IEP Not Using Certain Goods and Services Is Not Futile

IEP argues—without citing anything for support—that KPM's proposed counterclaim for cancellation of the '573 Registration due to IEP's non-use of certain goods and services is "futile" because "the Court cannot provide the relief requested by KPM—that the entire '573 Registration be cancelled." Doc. 31 at 12. IEP is incorrect, as the plain language of Section 37 of the Lanham Act explicitly vests district courts with the power to "order the cancelation of registrations, *in whole or in part* … ." 15 U.S.C. § 1119 (emphasis added); *see also B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 155 (2015) ("district courts can cancel registrations during infringement

---

[2] Because "documents outside the framework of the pleading are not considered when issuing a ruling on a motion for leave to amend an answer to include a counterclaim," it would also be "inappropriate to consider the declaration of [Mr. Shea]" that IEP submitted with its opposition, which contains several statements by Mr. Shea that contradict his deposition testimony. *Transwitch*, 377 F. Supp. 2d at 294.

litigation, just as they can adjudicate infringement in suits seeking judicial review of registration decisions"). To the extent that IEP contends that its registration should be only partially cancelled due to non-use, that would be an issue of the appropriate remedy available to KPM, not futility, and is an ultimate matter to be litigated and decided by the Court. *See Playnation Play Sys. v. Velex Corp.*, 924 F.3d 1159, 1171 (11th Cir. 2019) ("District courts have discretion to order the cancelation of a federal trademark registration in whole or in part."). Thus, IEP's argument fails.

### 3.   KPM PLEADS FRAUD WITH PARTICULARLY

"The circumstances to be stated with particularity under Rule 9(b) generally consist of 'the who, what, where, and when of the allegedly [false or misleading] representation." *Dumont v. Reily Foods Co.*, 934 F.3d 34, 38 (1st Cir. 2019). Here, KPM has sufficiently alleged *who* made the allegedly false representations to the USPTO (Randy Davis and the individual who submitted a declaration bearing Mr. Shea's forged signature), *what* those false representations were (that IEP used the mark of the '573 Registration in connection certain goods and services that IEP did not provide, and that the specimen submitted to the USPTO evidenced use of the mark in 2020 when the specimen was actually from 2014), *where* they were made (in the two declarations IEP submitted to the USPTO), and *when* they were made (April 11, 2014 and November 23, 2020). *See* Doc. 28-2 at ¶¶ 12-81. Therefore, KPM's fraud counterclaim is properly pled with particularity.

IEP argues that KPM's fraud counterclaim is supposedly not plead with particularity because it "flies against *the weight of the evidence*[.]" Doc. 31 at 11 (emphasis added). IEP's argument fails because it goes to weight, not particularity. Notably, IEP fails to identify any element that is supposedly not plead with particularity. Thus, KPM's fraud claim is properly pled.

### 4.   CONCLUSION

For the foregoing reasons, KPM should be granted leave to file its amended answer.

Respectfully submitted this 14th day of March, 2022.

*/s/* Robert D. Gravois
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
*pnieves@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)
*r.gravois@thip.law*
Andrea Nguyen (*pro hac vice*)
*a.nguyen@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>  Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED<br>F/K/A STATERA ANALYTICS,<br>INCORPORATED AND KPM ANALYTICS<br>NORTH AMERICA CORPORATION F/K/A<br>PROCESS SENSORS CORPORATION,<br>  Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ Robert D. Gravois
Robert D. Gravois

*Attorney for Defendants*

7