# Exhibit E



600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

December 15, 2021

VIA EMAIL **ONLY**
a.crain@thip.law

Andrew Crain, Esq.
Thomas Horstemeyer, LLP
3200 Windy Hill Road SE, Suite 1600E
Atlanta, GA 30339

Re: WHIP File 06229-L0059A
<u>IEP Technologies, LLC v. KPM Analytics, Incorporated, et al.</u>

Dear Mr. Crain:

    Enclosed please find supplemental responses to KPM's Interrogatories and Document Requests. Also, you will receive an email with a link to download production of the document bearing Bates number IEP004247. With these supplementations, we do not understand there to be any remaining complaints regarding IEP's compliance with its discovery obligations.

    Regarding depositions, Mr. Grandaw is available for deposition at our offices in Stamford on January 26-27. Mr. Shea is available on February 2-4. Please confirm which dates KPM will take these depositions.

    We have not received a response to our letter of November 24 regarding KPM's Chubb Insurance Policy. Please confirm we will have a response this week.

    Regarding IEP's request for production of documents, please confirm whether its production is complete. We presume that KPM has additional documents responsive to RFP 1 regarding the consideration, selection, conception, creation, or adoption of each of Defendants' Marks. In addition, Defendants have not produced documents showing the first use of any of Defendants' Marks anywhere in the United States pursuant to RFP 2. Regarding RFPs 3, 6, 7, and 8, and Interrogatories 1, 2, and 4-9, please confirm whether Defendants are withholding documents pursuant to a claim a privilege. If so, Defendants should provide a privilege log.

    Thank you for confirming the Bates numbers of the documents that comprise the "publicly-available trademark prosecution record." Please confirm that it is KPM's position that IEP can derive the answer to Interrogatories 1, 2, 5, 6, 7, and 9 in each of those 180 pages.

    We do not understand KPM's position regarding Interrogatory No. 8. Does KPM have no documents to identify under Rule 33(d)? If so, why did KPM identify brochures, PowerPoint presentations, and other sales and marketing-related documents that it refuses to produce?

    We are available to meet and confer on December 22 at 2pm ET and will circulate a call-in number.

                                            Sincerely,

                                            Robert D. Keeler
                                            rkeeler@whipgroup.com

Enclosures