## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. |
| KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, | 1:21-cv-10417-RWZ |
| Defendants. | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND ANSWER TO COMPLAINT TO ASSERT COUNTERCLAIMS AND TO EXTEND DISCOVERY**

IEP submits this Sur-Reply pursuant to the Court's March 9, 2022, Order (Dkt. 34.)

KPM's motion (Dkt. 28 (the "Motion"), and 35 (the "Reply")) to assert unfounded counterclaims should be denied. It is untimely, not founded in law or fact, and is baseless and futile. The Court's schedule should control, and KPM fails to provide a single reason as to why the Court should effectively restart this case, especially given KPM's lack of diligence and the severe prejudice that allowing KPM's unfounded claims of fraud would cause to IEP. Instead, KPM's Motion is a transparent attempt to complicate an otherwise straightforward trademark infringement case between IEP's ⬡ mark (🔵 in color) and KPM's ⬡ mark (🔵 in color).

KPM chose to take only two personal depositions of IEP employees. KPM also refused to take the deposition of John Shea when he was offered at an earlier date. (Dkt. 35-2 at 2, Ex. A (Nov. 1 letter.)) KPM further failed to take a 30(b)(6) deposition of IEP, and never asked for the personal deposition of Randall Davis, IEP's CEO, which it now presumably seeks. KPM's lack of diligence and frustration of discovery is the subject of IEP's own motion to compel. (Dkt. 23, Ex. B (Oct. 19 letter), Dkt. 35-2 at 2, Ex. A (Nov. 1 letter), Ex. C (Nov. 10 Letter).) KPM chose not to proceed with depositions, seemingly because the manufactured delay supports its Motion[1].

Additional discovery would not be helpful to KPM's fabricated theories. KPM has failed to show the requisite law or facts to support KPM's amended answer. The law is clear that KPM's fraud claim must meet the heightened standard for fraud. Fed. R. Civ. P. 9(b). KPM must also provide "well-pleaded facts [that] permit the court to infer more than the mere possibility of

---

[1] IEP should have the option to take its previously noticed depositions of KPM. Finding otherwise permits KPM to manufacture conditions with its own delay to support its improper Motion. For the avoidance of doubt, discovery is closed as set forth by the Court's scheduling order, but should be extended for the limited purpose of IEP's previously-noticed depositions. (*See* Ex. D (Feb. 23 letter).)

misconduct" for its cancellation claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). KPM has done neither, and the Court need not take KPM's fabrications as true.

In that regard, the facts are clear. KPM's fraud claims rest on deliberately misconstrued deposition testimony. KPM's Reply refuses to address that John Shea never stated he did not sign his declaration, thereby never establishing a "false statement." Nor does KPM have any factual support that Mr. Davis fraudulently signed his declaration – it is mere conjecture. Finally, KPM cites no case law to support its theory of how not remembering a fact constitutes fraud on the USPTO. (Motion, Dkt. 28-1 at 6-7; Reply, Dkt. 35 at 7-9.)

Further, IEP has demonstrably and continuously used its ⬡ logo on products that have been sold for years. (Opposition, Dkt. 31 at 7-8.) The USPTO accepted specimens showing this use, (Specimen, Dkt. 28-3 at 10, 15), and simple review of IEP's website or the documents produced in this matter conclusively ends this inquiry. (Opposition, Dkt. 31 at 7-8.) The documentary evidence is also clear that IEP provides products that detect "explosives" and "research and design services," a fact which KPM previously emphatically admitted. (Opposition, Dkt. 31 at 8-13, Brochure, Dkt. 31-6 at 2-13; Letter from KPM, Dkt. 31-5 at 2.) KPM offers no evidence to the contrary.

In addition, KPM's proposed amendment for cancellation requests that the entire registration be cancelled. (Dkt. 28-1 at 6, 10-12.) KPM's Reply seeks to reframe its amendment to allegedly conform with the law. (Reply, Dkt. 35 at 8.) However, the Court does not have the power to cancel IEP's *entire* registration based on an allegation that only *some* of the goods in some of the classes are not in use – which is false in and of itself. 15 U.S.C. § 1064(3).

KPM's Motion seeks to increase litigation costs and complicate what is a straightforward trademark infringement case. KPM is backpedaling on their prior arguments, offering no

explanations to critical points made by IEP, and has begun selling explosion prevention equipment. If the case is to be restarted, IEP should be given the opportunity to replead itself, for example it may add its trademark registration for its mark, for which KPM cannot assert any baseless claims of fraud. However, IEP hopes it will be unnecessary to restart the entire case based on fabricated allegations.

For the foregoing reasons, KPM should not be granted leave to file its amended answer, and this case should move toward trial.

Dated: March 18, 2022                    Respectfully submitted,

                                         */s/ Stephen F.W. Ball, Jr.*
                                         Stephen F.W. Ball, Jr. (BBO # 670092)
                                         Robert D. Keeler (*pro hac vice*)
                                         600 Summer Street
                                         Stamford, CT 06901
                                         Tel: 203-703-0800
                                         Fax: 203-703-0801
                                         Email: litigation@whipgroup.com
                                         sball@whipgroup.com
                                         rkeeler@whipgroup.com

                                         *Attorneys for Plaintiff*
                                         *IEP Technologies, LLC*

## <u>CERTIFICATE OF SERVICE</u>

 This is to certify that on this 18th day of March 2022, true and correct copies of the foregoing PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND ANSWER TO COMPLAINT TO ASSERT COUNTERCLAIMS AND TO EXTEND DISCOVERY and accompanying documents were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

<u>March 18, 2022</u>         *<u>/s/ Stephen F.W. Ball, Jr.</u>*
Date

4