# EXHIBIT B



600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

October 19, 2021

VIA EMAIL **ONLY**
a.crain@thip.law

Andrew Crain, Esq.
Thomas Horstemeyer, LLP
3200 Windy Hill Road SE
Suite 1600E
Atlanta, GA 30339

Re:   WHIP File 06229-L0059A
      <u>IEP Technologies, LLC v. KPM Analytics, Incorporated, et al.</u>

Dear Mr. Crain:

This is in response to your October 15 letter.

We remind you again to please copy litigation@whipgroup.com on all correspondence. This helps assure it gets directed to the appropriate people for a response.

Your statement that we refused to provide a link to IEP's document production is false. You misrepresented that you did not receive the documents, which were sent to yourself, Mr. Gravois, Mr. Lambert, and Mr. Nieves. We pointed out that your firm accessed the documents before the link expired last month, and your most recent letter confirms you have the documents. Such attempts to manufacture a discovery dispute where there is none are not well taken.

Your reference to an alleged "third request" regarding IEP's discovery responses is also disingenuous. We offered multiple times to meet and confer to address any issues. In any event, we are available at 2pm ET on October 21.

Please be prepared to discuss KPM's deficiencies at the meet and confer, including the following:

- KPM's continued violation of the Court's ESI order (Dkt. 19), including failure to produce metadata such as custodian information;

- KPM's failure to produce documents responsive to document requests 1-8, as KPM's production appears limited to marketing materials, TM prosecution histories, and a spreadsheet regarding the costs of KPM's branding;

- KPM's deficient responses to IEP's first set of Interrogatories, including failure to identify any and all designs in consideration (Interrogatory 1), failure to identify any searches, investigation, and persons most knowledgeable (Interrogatory 2), failure to identify actual and target purchasers (Interrogatory 3), failure to describe in detail any communications with Ms. Hoffman and Chubb Insurance (Interrogatory 4), and failure to describe in detail and identify the persons most knowledgeable (Interrogatory 5);

- KPM's failure to respond substantively to IEP's second set of Interrogatories, including failure to identify its customers, channels of trade, marketing plans, etc., or

any facts supporting no likelihood of confusion (Interrogatories 6 and 8), failure to identify facts supporting its contention that it did not knowingly infringe or act with reckless disregarding (Interrogatory 7), and failure to describe any facts supporting its affirmative defenses 1-8 (Interrogatory 9); and

- KPM's use of Rule 33(d) in its Interrogatory responses.

If you require additional time to prepare for the meet and confer we are also available next week.

We are conferring with IEP regarding potential deposition dates. Due to COVID, the deposition may proceed by video.

Please note that IEP is prejudiced by KPM's deficient discovery responses, and we await supplementation before we can serve deposition notices.

Regarding settlement, you misrepresented what happened at the scheduling conference. We note that only Mr. Lambert was in attendance. We informed the Court there is common ground on KPM's willingness to drop its mark and that the only remaining issue appears to be money. The Court then questioned KPM why money should hold up settlement, and KPM responded that it needed discovery.

We have asked KPM to identify specifically what discovery it requires for settlement. You letter simply refers to "full and complete responses to KPM's initial discovery requests." This is unhelpful and we note that discovery relating to likelihood of confusion is in KPM's possession, including its channels of trade, customers, and products/services. KPM has failed to provide this information in response to IEP's discovery requests.

Accordingly, we await KPM's position on settlement, as it represented to the Court. While IEP remains willing to work with KPM to resolve this litigation amicably, no monetary payment is appropriate given KPM's adoption of a confusingly similar trademark. KPM's liability continues to accrue as this litigation progresses and IEP will seek its attorneys' fees.

Sincerely,

Stephen F.W. Ball, Jr.
sball@whipgroup.com

SFB:jmb

C:  All Counsel