# EXHIBIT C



600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

November 10, 2021

VIA EMAIL **ONLY**
a.crain@thip.law

Andrew Crain, Esq.
Thomas Horstemeyer, LLP
3200 Windy Hill Road SE
Suite 1600E
Atlanta, GA 30339

Re: WHIP File 06229-L0059A
<u>IEP Technologies, LLC v. KPM Analytics, Incorporated, et al.</u>

Dear Mr. Crain:

  This is in response to your November 2 letter. Our letter of November 1 stands, as explained in further detail below. We are disappointed with your continued misrepresentations and will request a court reporter be present on any future meet and confer.

  It is disingenuous for you to say that there is a "complete absence" of documents in the categories you enumerated. IEP's production to date includes, for example, documents regarding the creation of Plaintiff's mark, product data sheet and information sheets, including installation and use instructions, "products related to any goods/services associated with Plaintiff's mark," and distributors and process system integrators/customers of IEP. In contrast, KPM's deficient document production (notwithstanding the documents produced November 9, which we are reviewing) is limited to sales and marketing materials, user manuals, and trademark prosecution histories.

  Regarding the interrogatories, the parties agreed that each would supplement their responses to identify documents under Rule 33(d). This was to follow the production of additional documents for increased efficiency and will likely address the alleged "deficiencies" you describe regarding Interrogatories 4, 7, 13, 14, and 18. Regarding Interrogatory 18, we do not understand your complaint as KPM responded to the question KPM posed and identified companies that provide goods/services similar to Plaintiff and Defendant.

  We are disappointed by KPM's request for the immediate deposition of Mr. Shea, only to withdraw it during the meet and confer and state that that it required additional discovery before taking the deposition. Nothing changed between the request and the meet and confer, and KPM appears to be trying once again to manufacture a discovery dispute with a disingenuous request. The questions posed by KPM – whether counsel would be in person and whether Mr. Shea is in the office - are irrelevant, particularly given KPM's unwillingness to take Mr. Shea's deposition.

  KPM agreed to supplement its responses consistent with IEP's October 19 letter. Specifically, KPM agreed to supplement the response to Interrogatory 1 to refer to "any and all designs in consideration before selecting Defendants' Mark," the responses to Interrogatories 2 and 5 to identify persons knowledgeable (after you explained that *most* knowledgeable may be difficult to determine), the response to Interrogatory No. 3 to identify purchasers, and the

November 10, 2021<br>Page 2

response to Interrogatory No. 4 to identify communications with Ms. Hoffman and Chubb Insurance. The only "factual" issue you raised was that there may not be other "searches or investigations" in response to Interrogatory No. 2–if not, please supplement that Interrogatory response to say so. Therefore, it is not true that the categorizations in our November 1 letter are "simply false."

      Finally, we look forward to receiving full and complete responses to Interrogatories 6-9. We disagree that these interrogatories are premature, as they go to foundational issues in the case, such as likelihood of confusion, willfulness, and KPM's affirmative defenses. At a minimum, the factual bases that will form KPM's contentions cannot be premature, and should be provided at this time.

Sincerely,

Robert D. Keeler
rkeeler@whipgroup.com