UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff and Counterclaim Defendant, IEP Technologies, LLC ("IEP" or "Plaintiff"), through its counsel, hereby answers Defendants and Counterclaim Plaintiffs KPM Analytics, Incorporated and KPM Analytics North America Corporation (collectively "KPM" or "Defendants") Counterclaims (Doc. 38) as follows.

IEP repeats and realleges each and every allegation in its Complaint (Doc. 1), and any amendments thereto as if fully set forth herein.

## COUNTERCLAIMS

### PARTIES

1. Admitted.

2. Plaintiff is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

3. Plaintiff is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## JURISDICTION AND VENUE

4. Plaintiff admits this Court has subject matter jurisdiction over Defendants' counterclaims.

5. Plaintiff admits this Court has personal jurisdiction over IEP with respect to Defendants' counterclaims.

6. Plaintiff admits that venue is proper.

7. Admitted.

## FACTS

8. Plaintiff is the owner of U.S. Registration No. 4,648,573 ("the '573 Registration"). The '573 Registration speaks for itself. Otherwise, denied.

9. The '573 Registration speaks for itself. Otherwise, denied.

10. The '573 Registration speaks for itself. Otherwise, denied.

11. The '573 Registration speaks for itself. Otherwise, denied.

12. Plaintiff admits that its CEO, Randy Davis, signed a declaration dated April 11, 2014 (the "April 11, 2014 Declaration"). The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

13. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

14. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

15. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

16. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

17. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

18. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

19. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation. The '573 Registration speaks for itself. Otherwise, denied.

20. Denied.

21. § 1301.01(a)(ii) of the TMEP speaks for itself. Otherwise, denied.

22. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

23. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

24. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

25. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

26. The April 11, 2014 Declaration speaks for itself. Otherwise, denied.

27. Denied.

28. Plaintiff admits it filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 ("Combined Declaration") for the '573 Registration with the USPTO. Otherwise, denied.

29. The Combined Declaration speaks for itself. Otherwise, denied.

30. The Combined Declaration speaks for itself. Otherwise, denied.

31. The Combined Declaration speaks for itself. Otherwise, denied.

32. The deposition of John Shea was taken by Defendants on January 26, 2022. The deposition transcript of Mr. Shea speaks for itself. Otherwise, denied.

33. The Combined Declaration speaks for itself. Otherwise, denied.

34. The deposition transcript of Mr. Shea speaks for itself. Otherwise, denied.

35. The Combined Declaration speaks for itself. Otherwise, denied.

36. The Combined Declaration speaks for itself. Otherwise, denied.

37. The Combined Declaration speaks for itself. Otherwise, denied.

38. 37 C.F.R. § 2.193(c) speaks for itself. Otherwise, denied.

39. The Combined Declaration speaks for itself. Otherwise, denied.

40. Denied.

41. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation. Otherwise, denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation. Otherwise, denied.

48. Denied.

49. The Combined Declaration speaks for itself. Otherwise, denied.

50. Denied.

51. Denied.

52. Denied.

53. The Combined Declaration speaks for itself. Otherwise, denied.

54. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation. Otherwise, denied.

55. Denied.

56. U.S. Trademark Application Serial No. 86249899 ("'899 Application") speaks for itself. Otherwise, denied.

57. The Combined Declaration speaks for itself.  Otherwise, denied.

58. 15 U.S.C. § 1058(b) speaks for itself. Otherwise, denied.

59. 15 U.S.C. § 1058(b) speaks for itself. Otherwise, denied.

60. Denied.

61. The Combined Declaration speaks for itself. Otherwise, denied.

62. Denied.

63. The Combined Declaration speaks for itself. Otherwise, denied.

64. Denied.

65. Denied.

66. The Combined Declaration speaks for itself. Otherwise, denied.

67. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of this allegation. Otherwise, denied.

68. Denied.

## COUNT I

### Cancellation of U.S. Registration No. 4,548,573
### For Fraud in Obtaining and Maintaining the Registration

69. Plaintiff repeats and re-alleges its responses to paragraphs 1 through 68 as though set forth herein.

70. Admitted.

71. Denied.

72. Plaintiff denies the allegations in Paragraph 72 that purport to state legal conclusions to the extent an answer is required. Otherwise, denied.

73. Plaintiff denies the allegations in paragraph 73 that purport to state legal conclusions to the extent an answer is required. Otherwise, denied.

74. Denied.

75. Denied.

## COUNT II

### Cancellation of U.S. Registration No. 4,548,573
### For Non-Use of Goods and Services Identified in the Registration

76. Plaintiff repeats and re-alleges its responses to paragraphs 1 through 75 as though set forth herein.

77. The '573 Registration speaks for itself. Otherwise, denied.

78. Denied.

79. The '573 Registration speaks for itself. Otherwise, denied.

80. Denied.

81. Denied.

## PRAYER FOR RELIEF

Plaintiff denies that Defendants are entitled to the relief they seek.

## AFFIRMATIVE DEFENSES

Plaintiff submits the following affirmative defenses to the allegations and claims that Defendants assert in their Amended Answer and Counterclaims, and reserves the right to assert other defenses or claims when and if they become appropriate and/or available:

1. Defendants' counterclaims fail to state a claim upon which relief may be granted. For example, even if Defendants' factual allegations were true (they are not) they are still insufficient to warrant the relief sought.

2. Defendants' counterclaims fail to plead a cause of action with specificity. For example, Defendants have failed to plead their allegation of fraud with particularity.

3. Defendants' counterclaims are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or acquiescence. For example, Defendants' intentional, unreasonable, and inexcusable delay in bringing its counterclaims caused prejudice to Plaintiff. In addition, Defendants have knowingly adopted a trademark that is confusingly similar to Plaintiff's trademark, and Defendants use their mark on similar goods marketed to the same customers through the same marketing channels as Plaintiff's. Still further, Defendants have expanded use of their trademark beyond the goods and services listed in their registration to include those offered by Plaintiff. In fact, Defendants used an overly narrow description of their good and services in order to mislead the Trademark Office about their actual products and services. Moreover, Defendants are maintaining counterclaims that lack legal and factual support, and which contradict prior positions they have taken with respect to Plaintiff's trademark rights.

4. Defendants have not suffered damage of any kind from the allegations in their Answer and Counterclaims.

5. Plaintiff does not knowingly or voluntarily waive any applicable affirmative defenses. Plaintiff reserves all rights to add such other affirmative defenses as may become known through the court of its discovery and/or investigation in this matter.

Dated: April 20, 2022                Respectfully submitted,

<u>*/s/ Stephen F.W. Ball, Jr.*</u>
Stephen F.W. Ball, Jr. (BBO # 670092)
Robert D. Keeler (*pro hac vice*)
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com
sball@whipgroup.com
rkeeler@whipgroup.com

*Attorneys for Plaintiff*
*IEP Technologies, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing **PLAINTIFF'S ANSWER TO COUNTERCLAIMS** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties my access this filing through the court's CM/ECF System.

<u>April 20, 2022</u>                                                         <u>          /s/ Stephen Ball                </u>