UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## PLAINTIFF'S MOTION TO COMPEL

Pursuant to Federal Rules of Civil Procedure 33 and 34, and Local Rules 33.1 and 34.1, Plaintiff IEP Technologies, LLC, ("IEP" or "Plaintiff"), by its undersigned counsel, moves this Court to compel Defendants KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM" or "Defendants") to provide full and complete responses to Plaintiff's Interrogatories and to produce documents responsive to IEP's Requests for Production of Documents.

Pursuant to Local Rule 7.1(a)(2) the undersigned certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issues that are the subject of the instant motion and are unable to come to a resolution.

I. Introduction

IEP is the worldwide leading provider of safety solutions. IEP operates throughout the world to provide its solutions, which include explosion protection systems that detect, mitigate, and prevent explosions in manufacturing process industries caused by dusts or vapors. Since July 2013 IEP has used its trademark, ⬡, used in color as ⬡, (collectively, "IEP's mark"[1]). In or around February 2018, Defendants commenced use of the trademarks ⬡ and ⬡ PROCESS SENSORS CORPORATION, used in color as ⬡ and ⬡ PROCESS SENSORS CORPORATION, (collectively, "KPM's mark"[2]). Discovery shows that KPM uses its mark to advertise the same products (such as sensors) to the same customers (there is an overlap of at least 48) at the same tradeshows (such as the International Powder and Bulk Solids shows) for use in the same processing industries (such as wood, paper, power, metals, chemicals, food, and grain industries) **to reduce or eliminate fire or explosion hazards**. This is a clearcut case of willful trademark infringement, at least because KPM's use of its mark has expanded since it became aware of IEP's trademark rights.

However, KPM has concealed evidence[3], which is proven by information IEP obtained from other sources. In May 2022, IEP corresponded with KPM several times regarding KPM's failure to provide discovery. (*See* Exhibit[4] A, May 3 letter, and Exhibit B, May 17 letter.) However, KPM rests on its discovery responses to date, refuses to update them, and has failed to provide explanation for the deficiencies. In fact, KPM has surreptitiously modified its website to

---

[1] IEP's trademark registration has no color claim, so its protection extends to any color variation.
[2] KPM's trademark registration is for laboratory equipment and scientific instruments and KPM disclaimed the words "Process Sensors Corporation", which are generic at least with regard to KPM's use of the mark for sensors on the process line.
[3] IEP previously filed a motion to compel KPM's Responses to Requests for Admission. (Doc. 23.) That motion is fully briefed and awaiting decision by the Court.
[4] All exhibits refer to the Declaration of Robert Keeler filed concurrently.

remove language regarding fire and explosion protection even though it continues to sell the same the products. KPM's Interrogatory responses also fail to identify customers it publicly advertises on its website.

Given KPM's indifferent attitude toward its discovery obligations and abusively litigation tactics during this case, it is likely concealing additional information. Accordingly, IEP moves this Court to compel KPM to provide full and complete responses.

## II.   LEGAL STANDARDS

Fed. R. Civ. P. 33(a)(1) allows "a party [to] serve on any other party no more than 25 written interrogatories including all discrete subparts…". Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 34(a)(1) allows a party to serve a request to produce "any designated documents or electronically stored information… stored in any medium from which information can be obtained…". Rule 34(b)((2)(B) requires "[t]he production must be completed no later than the time for inspection specified in the request or another *reasonable* time specified in the response." (emphasis added).

In determining likelihood of confusion between two marks, the First Circuit considers the eight factors set forth in *Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981). The factors include: (1) the similarity of the marks; (2) the similarity of the goods; (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) the evidence of actual confusion; (7) the defendant's intent in adopting its allegedly infringing mark; and (8) the strength of the plaintiff's mark. *Id*.

### III. KPM SHOULD BE COMPELLED TO PROVIDE FULL AND COMPLETE RESPPONSES TO DISCOVERY REQUESTS DIRECTLY RELATED TO THE LIKELIHOOD OF CONFUSION ANALYSIS

#### A. KPM Has Refused To Produce Information On Its Fire And Explosion Protection Products

KPM has failed to provide discovery regarding products that it advertises for fire and explosion prevention. IEP's Interrogatory 3 asks for information on all of KPM's goods and services, and IEP's Document Request 4 asks for documents on all of KPM's goods and services. (Exhibits A and B.) KPM provided an Interrogatory response and agreed to produce documents. (Exhibit C, Defendants' Responses to Interrogatories (Nos. 1-5) and Exhibit D, Defendants' Responses to First Requests for Production (Nos. 1-8).) However, KPM's own website shows it has failed to provide information on products that it markets for fire and explosion protection.

For example, KPM's website advertises its PSC-EX301-XT-CB5 Sensor using its mark:



(Exhibit E (IEP004423) January 27, 2022.) The description for the Sensor says:

> In paper and packaging production, ***the sensor's condition monitoring can eliminate a fire and explosion hazard*** due to the dust associated with the process. Coal and aggregates on conveyors also benefit from the watchful vigilance of the PSC-EX301-XT-CB5 sensor. ***It can eliminate a gas explosion risk*** when dealing with automotive painting solvents and painted surfaces.

(*Id*. (emphasis added).)

After IEP brought this language to KPM's attention, KPM changed its website to remove reference to fire and explosion hazards. (Exhibit F, PSC-EX301-XT-CB5 website, June 7, 2022.)

KPM did not identify or provide documents regarding its PSC-EX301-XT-CB5 Sensor, nor did it provide other documents relating to products for reducing or eliminating fire or explosion hazards. These documents are highly relevant—the similarity of the parties' goods, the relationship of the parties' advertising, and the classes of prospective purchasers are specific factors in the likelihood of confusion analysis. *Pignons*, 657 F.2d at 487. KPM appears to be concealing activities to minimize the overlap between the parties and suggest no likelihood of confusion.

Accordingly, KPM should be compelled to provide full and complete responses IEP's Interrogatory 3 (goods and services, channels of trade, actual and target customers) and IEP's Document Request 4 (documents identifying goods and services, channels of trade, actual and target customers). To the extent KPM identifies products not previously identified, it should also provide full and complete responses to IEP's Interrogatories 6 (why KPM's Mark is allegedly not confusingly similar to IEP's Mark), 8 (sales and marketing plans), 10 (sales, profits, costs), and 11 (advertising and promotional expenditures), as well as IEP's Document Requests 4 (documents identifying goods and services, channels of trade, customers), 11 (documents identifying prices), 13 (documents identifying sales volumes), and 14 (documents identifying business and marketing plans).

**B.    KPM Has Refused to Provide Complete Customer Lists**

KPM has failed to provide discovery regarding its customers. IEP's Interrogatory 3 asks for information on all of KPM's customers, and IEP's Document Request 4 asks for documents on all of KPM's customers. (Exhibits A and B.)  KPM provided an Interrogatory response and agreed to produce documents. (Exhibits C and D.)  However, KPM's own website shows it has failed to identify customers.

For example, KPM published an article on its website how it helped its customer –

Greene Team Pellet Fuel Company – with products branded with the infringing mark. Greene Team is engaged in the pellet manufacturing industry, which is an important industry served by IEP[5]. (*See* Exhibit H, Greene Team article.)

 

**How Greene Team Pellet Fuel Uses In-line NIR Sensors to Improve Process Control, Quality Control and Safety**
*Strategically placed moisture sensors from Process Sensors optimize efficiency throughout the processing plant*

In an era of environmental consciousness and recycling, there are many industries that have been born out of necessity or opportunity– taking an item that was once considered trash and transforming it into another item that has value. Pellet fuel, and in particular wood pellets for

(Exhibit H, IEP004409-IEP00412, (Greene Team article on the Process Sensors website.).) The article specifically refers to how KPM helped Green Team with safety issues, particularly fire safety since moisture levels in pellet plants create "a very dangerous situation." (*Id.*)

Notably, KPM did not merely post its Greene Team article to its website, but also to that of Powder and Bulk Solids, the website for an industry tradeshow and publication where IEP and KPM both advertise and attend the exhibition. (Exhibit I, Powder and Bulk Solids article; Dkt. 1, Complaint, ¶ 51.)

While discovery has shown that KPM and IEP have an overlap of at least 48 customers, Greene Team was not disclosed in KPM's interrogatory response. (*See* Declaration of R. Keeler, ¶15). This information is relevant—the relationship between the parties' channels of trade, the relationship between the parties' advertising, and the classes of prospective purchasers are specific factors in the likelihood of confusion analysis. *Pignons*, 657 F.2d at 487. KPM appears to be concealing customers to minimize the overlap between the parties and suggest no

---

[5] *See, e.g.,* Exhibit G, IEP004460-004463.

likelihood of confusion.

During a meet and confer regarding this issue, KPM was evasive and could not articulate why Greene Team was not disclosed in KPM's response to Interrogatory No. 3, despite receiving products bearing the infringing mark, and if the identities of any other customers have similarly been left out.[6] (*See* Declaration of R. Keeler, ¶16.)

Accordingly, KPM should be compelled to provide full and complete responses IEP's Interrogatory 3 (all goods and services, channels of trade, actual and target customers) and IEP's Document Request 4 (documents identifying goods and services, channels of trade, customers).

**C.     KPM Has Refused To Provide Information On Its Attendance at Trade Shows**

KPM has failed to provide discovery regarding trade shows it attends. IEP's Interrogatory 12 asks for information on KPM's trade show attendance, and IEP's Document Request 10 asks for documents on all of KPM's trade shows. (Exhibits A and B.) KPM provided an Interrogatory response and agreed to produce documents. (*See* Declaration of R. Keeler, ¶ 18[7], and Exhibit J, Defendant's Responses to Second Requests for Production (Nos. 9-19).) However, KPM has failed to provide information on trade shows it attended at the same time as IEP.

For example, the International Powder and Bulk Solids website lists KPM and IEP as both having attended the 2016 Powder and Bulk Solids show. (*See* Exhibit K, IEP004442-00448, IEP004432-004436, and IEP004437-004441.) However, KPM has not identified the 2016 Powder and Bulk Solids show as a show it attended, nor has it produced any documents regarding the show. (*See* Declaration of R. Keeler, ¶19.) This information is relevant—the

---

[6] IEP notes that it has made proposals concerning Greene Team, (*see* Declaration of R. Keeler, ¶ 17), and this overlap of the Parties' business not only supports a likelihood of confusion but also damage to IEP.
[7] KPM designated its response to Interrogatory No. 12 as Highly Confidential. IEP will provide a copy of the response to the Court at the Court's request.

relationship between the parties' channels of trade, the relationship between the parties' advertising, and the classes of prospective purchasers are specific factors in the likelihood of confusion analysis. *Pignons*, 657 F.2d at 487. KPM adopted its infringing mark mere weeks before the 2018 iPBS conference and exhibition held in April 2018. (*See* Dkt. 1 Complaint, at ¶ 62.) KPM appears to be trying to conceal its activities to minimize the overlap between the parties and suggest no likelihood of confusion.

Accordingly, KPM should be compelled to provide full and complete responses to IEP's Interrogatory No. 12 (identifying trade fairs, shows, exhibitions, expos) and IEP's Document Request No. 10 (documents regarding trade shows, trade fairs, and expositions).

## IV.   CONCLUSION

For the reasons stated herein, IEP respectfully requests that the Court order KPM to supplement its responses to Interrogatories Nos. 3 and 12 and produce documents responsive to Requests for Production Nos. 4 and 10. KPM should supplement responses to additional Interrogatories and produce additional responsive documents to the extent necessary based on newly identified information.

Dated: June 21, 2022                Respectfully submitted,

/s/ Robert D. Keeler
Stephen F.W. Ball, Jr. (BBO # 670092)
Robert D. Keeler (*pro hac vice*)
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: sball@whipgroup.com
          rkeeler@whipgroup.com
          litigation@whipgroup.com

*Attorneys for Plaintiff,
 IEP Technologies, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 21st day of June, 2022, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL** was served via electronic mail, by operation of the Court's CM/ECF system, on counsel for Defendants as follows:

Michael J. Lambert
*mlambert@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street
22nd Floor
Boston, Massachusetts 02109

Peter A. Nieves
*pnieves@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101

N. Andrew Crain
*a.crain@thip.law*
Robert D. Gravois
*r.gravois@thip.law*
Andrea P. Nguyen
*a.nguyen@thip.law*
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339

June 21, 2022                                    */s/ Robert D. Keeler*
Date