**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC, | |
|       Plaintiff, | |
|      v. | Civil Action No. 1:21-cv-10417-RWZ |
| KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, | |
|       Defendants. | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-8)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated, and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "Defendants") hereby responds to Plaintiff IEP Technologies, LLC's ("Plaintiff") First Set of Requests for Production of Documents and Things.

## RESERVATION OF RIGHTS

In responding to the First Requests, Defendants have solicited documents from those individuals employed or otherwise affiliated with Defendants that have knowledge of the matters for which Plaintiff seek documents. Defendants have not, however, undertaken to search or review all of the files or records in its possession, custody, or control, nor have Defendants solicited documents from every individual employed by or otherwise affiliated with them, because to do so would be unduly burdensome and prohibitively expensive.

1

Defendants make the responses and objections herein (collectively, the "Responses") based on their interpretation and understanding of the First Requests and based on their current knowledge, understanding, and belief as to the facts and information available to them as of the date of the Responses. If Plaintiff subsequently assert an interpretation of any requests that differ from Defendants' understanding, Defendants reserve the right to complete and investigation and discovery of the facts, and to rely at trial or in other proceedings on documents and information in addition to the information provided in response to the First Requests, regardless of whether such information is newly discovered or newly in existence.

Defendants' Responses shall not constitute an admission by Defendants that any of the requests, any of the Responses, or any documents or information produced in connection therewith are admissible as evidence in any trial or other proceeding. Defendants specifically reserve the right to object on any grounds, at any time, to the admission of any request, any Response, or any document or information produced in connection therewith in any such trial or other proceeding. Also, additional discovery and investigation may lead to additions to, changes in, or modifications of these Responses. Thus, these Responses are provided without prejudice to Defendants right to revise, amend, correct, supplement, modify, or clarify these Responses to the extent required or allowed by Fed. R. Civ. P. 26(e).

Defendants do not waive any objection, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to any request. Pursuant to Fed. R. Civ. P. 26(b)(5)(B), the inadvertent disclosure of such information, or the inadvertent identification or production of such a document, shall not constitute a waiver of any applicable privilege as to that information, that document, or any other information or document identified or produced by Defendants. All objections as to privilege, immunity,

relevance, authenticity or admissibility of any information or documents referred to herein are expressly reserved. Further, these Responses are not a concession that any individual identified by Defendants may be called as a witness or that such person possesses discoverable information, or that the subject matter of any particular request or response thereto is relevant to this action.

## **GENERAL OBJECTIONS**

Defendants object, generally, to Plaintiff's First Requests for Production of Documents and Things upon the following grounds:

1.      To the extent that any and all of Plaintiff's requests seek or can be construed to seek the disclosure of information, documents and/or the identification of documents that Defendants regard: (1) as protected from disclosure by virtue of the attorney-client privilege and/or other applicable privileges; (2) as constituting attorney work product and/or the mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research or legal theories of one or more of the attorneys or agents for Defendants, as well as the mental impressions, conclusions or opinions respecting the value or merit of a claim or defense, or respecting the strategy or tactics of one or more representatives of Defendants; (3) as constituting proprietary information, trade secret information, proprietary business and/or other confidential information; or (4) as being otherwise immune from discovery.

2.      To the extent that any and all of Plaintiff's requests seek information or documents that is/are: (1) not relevant to the subject matter of this action; (2) not reasonably calculated to lead to the discovery of admissible evidence; and/or (3) not within the possession, custody, or control of Defendants.

3.      To the extent that any and all of Plaintiff's requests, including any associated definitions and instructions thereof, are overbroad, unduly burdensome, and place a burden upon

Defendants not contemplated by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

4.      To the extent that any of Plaintiff's definitions, instructions or requests are: (1) confusing or attempts to materially modify the plain definition and meaning of a particular term. Defendants will not be bound by Plaintiff's definitions and intends to interpret words used in these requests in their plain meaning; or (2) inconsistent with or exceeds the scope of discovery set forth in the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

5.      Each and every one of the above-stated general objections is hereby incorporated by reference as part of Defendants' response to each and every one of Plaintiff's requests as if restated therein.

<u>**RESPONSES AND OBJECTIONS**</u>

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses, Defendants respond to each of the individual requests as follows.

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request For Production No. 1:**   All documents and things concerning Defendants' consideration, selection, conception, creation, or adoption of each of Defendants' Marks for use on or in connection with any goods or services.

**Response:** Defendants object to this request as overly broad and unduly burdensome. Defendants further object to this request to the extent that it requests information that is subject to the attorney-client privilege or that constitutes attorney work product. Subject to and without waiving their objections, Defendants will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

**Request For Production No. 2:** All documents and things sufficient to show the circumstances of Defendants' first use of any of Defendants' Marks anywhere in the United States, and/or in United States commerce, including, but not limited to, the time, place, and manner of such use.

**Response:** Defendants object to this request to the extent that it requests information that is subject to the attorney-client privilege or that constitutes attorney work product. Defendants further object to this request as vague and ambiguous because it is unclear what is meant by "show the circumstances …" Subject to and without waiving their objections, Defendants will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

**Request For Production No. 3:** Documents and things concerning United States Trademark App. Serial No. 87471579, and subsequent United States Trademark Reg. No.

5,633,755, including but not limited to: all documents and things concerning the decision to file the application, and copies of all documents and things submitted to or received from the United States Patent and Trademark Office in connection with the application and subsequent registration and related correspondence.

**Response:** Defendants object to this request as overly broad and unduly burdensome. Defendants further object to this request to the extent that it requests information that is subject to the attorney-client privilege or that constitutes attorney work product. Defendants object to this request to the extent it seeks information that is publicly available, including without limitation the public prosecution history file for Trademark App. Serial No. 87471579 available at the USPTO website, which is equally accessible to Plaintiff. Subject to and without waiving their objections, Defendants will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

**Request For Production No. 4:** Documents and things sufficient to identify all goods and services sold or intended to be sold by Defendants under or in connection with any Defendants' Mark, all channels of trade through which Defendants advertise, promote, distribute, or sell, or plan to advertise, promote, distribute, or sell, directly or indirectly, any goods or services under or in connection with any of Defendants' Marks, the distributors, retail, or other business outlets that offer or will offer for sale Defendants' goods or services in connection with any of Defendants' Marks.

**Response:** Defendants object to this request as overly broad and unduly burdensome as it seeks the identity of "all goods and services sold …" and "all channels of trade …" and is not timebound and improperly seeks information regarding uncertain future events. Defendants object

to this request as it seeks documents and things not relevant to the litigation and not proportional to the needs of this case. Defendants further object to the phrase "all goods" to the extent that Plaintiffs consider it to mean something other than the types, classes or categories of such goods. Defendants object to this request as compound. Defendants also object to this request for being designed to harass Defendants. Defendants further object to this request to the extent it calls for the production of documents that are confidential or business-sensitive absent entry of a mutually agreeable protective order. Subject to and without waiving their objections, Defendants will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

**Request For Production No. 5:** Documents and things sufficient to identify any person to or with whom Defendant's market, sell, or distribute, or intend to market, sell, or distribute, any goods or services under or in connection with any of Defendants' Marks, and the actual and target purchasers of goods or services sold or planned or intended to be sold by Defendants under or in connection with any of Defendants' Marks.

**Response:** Defendants object to this request as overly broad and unduly burdensome and seeks documents and things not relevant to this litigation and not proportional to the needs of this case. Defendants object to this request as compound. Defendants object to this request as vague and ambiguous because it is unclear what "any person to or with whom Defendant['s market…" means. Defendants also object to this request for being designed to harass Defendants and/or Defendants' actual or potential customers. Defendants further object to this request to the extent it calls for the production of documents that are confidential or business-sensitive absent entry of a mutually agreeable protective order. Subject to and without waiving their objections, Defendants

7

will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

**Request For Production No. 6**: All documents and things concerning Defendants' knowledge of Plaintiff or Plaintiff's Mark, including, but not limited to, all documents and things reflecting communications about Plaintiff's Mark or Plaintiff's use of Plaintiff's Mark, and copies of all trademark searches, trademark clearances, internet print-outs, and other inquiries conducted by or on behalf of Defendants concerning the availability to user or register Defendants' Mark, and all memos, correspondence, and other documents and things relating thereto.

**Response**: Defendants object to this request as overly broad and unduly burdensome because it seeks "all documents and things" that may be unrelated to any claim or defense in this case or is otherwise not timebound. Defendants object to this request as overly broad and unduly burdensome because "Defendants' knowledge of Plaintiff" potentially implicates documents that are unrelated to any claim or defense in this case. Defendants further object to this request to the extent that it requests information that is subject to the attorney-client privilege or that constitutes attorney work product. Defendants further object to this request to the extent it seeks information that is available in the publicly-available prosecution history file for Defendants' Mark at the USPTO. Subject to and without waiving their objections, Defendants will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

**Request For Production No. 7**: All documents and things concerning any opinion letter, analysis, or other communication concerning whether Defendants have the freedom, right or ability to use or register Defendants' Mark as a trademark, including the opinion document and

documents and things sufficient to show the identity of the individual or entity that requested the opinion, when the opinion was requested, and who prepared the opinion, and all studies, surveys, investigations, research, development or analysis concerning Defendants' Marks, including, but not limited to, any such documents and things comparing Defendants' Mark to Plaintiff's Mark or any similarity, actual confusion, or likelihood of confusion between Defendants' Marks and Plaintiff's Mark.

      **<u>Response</u>:** Defendants object to this request as overly broad and unduly burdensome because it seeks "all documents and things." Defendants object to this request as vague and ambiguous because the terms "opinion letter" and "opinion document" are undefined. Defendants also object to this request as not being proportional to the needs of this case and for being designed to harass Defendants at least in being designed to invade the attorney-client privilege. Defendants further object to this request to the extent that it requests information that is subject to the attorney-client privilege or that constitutes attorney work product. Defendants further object to this request to the extent it seeks information that is available in the publicly-available prosecution history file for Defendants' Mark at the USPTO.  Subject to and without waiving their objections, Defendants will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

      **<u>Request For Production No. 8</u>:** All documents referred to or relied on in responding to any discovery requests, including interrogatories.

      **<u>Response</u>:** Defendants object to this request as overly broad and unduly burdensome. Defendants further object to this request to the extent that it requests information that is subject to the attorney-client privilege or that constitutes attorney work product. Defendants further object to

this request to the extent it seeks information that is available in the publicly-available prosecution history file for Defendants' Mark at the USPTO. Subject to and without waiving their objections, Defendants will plan to produce any responsive, non-objectionable, non-privileged documents in response to this request as understood that are in Defendants' possession, custody or control at a mutually agreeable time and location.

This 23rd day of August 2021

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
*pnieves@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)
*r.gravois@thip.law*
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone: 770.933.9500

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>   Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 23, 2021, the foregoing DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-8) was served via e-mail upon counsel of record for Plaintiff pursuant to prior written agreement of the parties recorded in the parties' Rule 16(d) Joint Report in accord with Fed. R. Civ. P. 5(b)(2)(E):

Stephen F.W. Ball, Jr.
sball@whipgroup.com

Robert D. Keeler
rkeeler@whipgroup.com

Whitmyer IP Group LLC
litigation@whipgroup.com

/s/ N. Andrew Crain
N. Andrew Crain
Counsel for Defendants

12