# Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:21-cv-10417-RWZ |
| KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, | |
| Defendants. | |

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 49-72)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff IEP Technologies, LLC (hereinafter "Plaintiff" or "IEP") provides its objections and responses to Defendants KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "Defendants") Second Set of Requests for Production of Documents (Nos. 49-72) as follows:

### PRELIMINARY STATEMENT

These responses, while based on diligent exploration by IEP and its counsel, reflect only the current status of IEP's knowledge, understanding and belief responding to the matters about which inquiry has been made. Discovery in this action is continuing and, consequently, IEP may not yet fully understand the significance of information or facts, and/or may not have yet discovered all relevant documents and information pertinent to these document requests ("Requests"). As discovery in this action proceeds, IEP anticipates it may discover additional or different documents or information. Without in any way obligating itself to do so, IEP reserves

the right to modify or supplement its responses with whatever responsive, non-privileged documents or information it may subsequently discover. Furthermore, IEP's responses are without prejudice to IEP's right to use or rely on at any time, including trial, any subsequently discovered documents or information, or documents or information omitted from these responses as a result of mistake, error, oversight, or inadvertence. IEP reserves the right to produce and disclose additional documents and information in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

Specific objections to each separate Request are made on an individual basis in IEP's responses below. In addition to specific objections, IEP makes certain General Objections to the Requests. These General Objections are hereby incorporated by reference into the responses made with respect to each separate Request. IEP's response to each individual Request is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection to a Request in any response below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objection or of any other specific objection made herein or asserted at a later date. In addition, the failure to include at this time any objection to a Request is neither intended as, nor in any way shall be deemed, a waiver of IEP's right to assert that or any other objection at a later date.

## GENERAL OBJECTIONS

1.      IEP objects to the Requests, Instructions, and Definitions to the extent that they seek information, documents, or things that are neither relevant to any claim or defense of any party or the subject matter involved in this action, not reasonably calculated to lead to the

discovery of admissible evidence in this matter, not proportional to the needs of this action, and assume facts not in evidence.

2.      IEP objects to the Requests, Instructions, and Definitions to the extent they seek information, documents or things protected by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, any work product protection or any other applicable privilege or doctrine. Responding to each Request, IEP will not undertake to provide information, documents or things which are privileged or otherwise protected from discovery by law.

3.      IEP objects to the Requests, Instructions, and Definitions to the extent they are vague, ambiguous, unintelligible, indefinite, overly broad, unduly burdensome, harassing, or oppressive.

4.      IEP objects to the Requests, Instructions, and Definitions to the extent they seek information, documents or things concerning "each," "any," or "all" persons, communications, documents, or the like, as overly broad, unduly burdensome, duplicative and/or harassing. Any response by IEP thereto shall not be an admission that IEP has agreed to produce all responsive documents, or documents without limitation, but rather that IEP has agreed to produce responsive, non-privileged documents, if any, that can be located after a reasonable search. When appropriate, summary information or representative documents may be provided.

5.      IEP objects to the Requests, Instructions, and Definitions to the extent they are cumulative or duplicative with other discovery in this action, including with other Requests, seek information, documents or things in the possession of KPM or third parties, seek information, documents or things subject to confidentiality obligations or a protective order involving a third

3

party, or seek information, documents or things available publicly or through less burdensome means.

6.      IEP objects to the Requests, Instructions, and Definitions at least to the extent that they impose additional requirements above and beyond those listed in the Federal Rules of Civil Procedure.

7.      IEP objects to the Requests, Instructions, and Definitions to the extent they prematurely seek email discovery.

8.      IEP objects to the Requests, Instructions, and Definitions to the extent they prematurely seek expert discovery.

9.      IEP objects to the Requests, Instructions, and Definitions to the extent they seek litigation strategy.

10.     IEP objects to the Requests, Instructions, and Definitions to the extent they seek legal conclusions.

11.     IEP objects to the Requests, Instructions, and Definitions to the extent they seek discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

12.     IEP objects to the definition of "Plaintiff" as overly broad and unduly burdensome, at least insofar as it includes persons or entities other than the named Plaintiff IEP Technologies, LLC.

13.     IEP objects to the definition of "Defendants' Marks" at least to the extent that it includes IEP's  mark referenced in paragraph 25 of the Complaint.

14.     Subject to and without waiving the foregoing Preliminary Statement and General Objections, IEP responds to the Requests as follows:

## RESPONSES TO REQUESTS

**REQUEST NO. 49:** All documents and things concerning the filing and/or prosecution of the application that resulted in the '573 Registration.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "the application that resulted in the '573 Registration." IEP objects to this Request as being duplicative of Request No. 10. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 50:** All documents and things concerning the physical appearance of any Control Panel Product, including but not limited to the inclusion of any trademarks, logos, and/or artwork on any Control Panel Product.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "the physical appearance," "logos," or "artwork." IEP objects to the definition of "Control Panel Product(s)" as overbroad. IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 15. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 51:** All documents and things concerning any use of Plaintiff's Mark in connection with any Control Panel product.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things"

and "any use of Plaintiff's Mark." IEP also objects to this request as unintelligible because it is

unclear what is referred to by "in connection with." IEP objects to the definition of "Control

Panel Product(s)" as overbroad. IEP objects to this request as overbroad and unduly burdensome

in that it is not limited in time. IEP objects to this Request as being duplicative of Request No.

15. IEP objects to this request as not being relevant to the trademark at issue. IEP objects to this

Request to the extent it seeks information, documents, or things protected by attorney-client

privilege, work-product immunity, common interest privilege, or any other applicable privilege,

protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the

scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30,

2022 [Dkt. 38].

   Subject to and without waiver of the foregoing objections and General Objections, and to

the extent IEP understands this Request, IEP states as follows:

   IEP will produce responsive, non-privileged documents in its possession, custody, or

control to the extent they exist and are located by a reasonable search, and to the extent they

were not previously produced in this case.


**REQUEST NO. 52:** All documents and things concerning any sales of any Control Panel

Products.

**RESPONSE:**

   IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not

proportional to the needs of this action, including because it seeks "all documents and things"

and "any sales of any Control Panel Products." IEP objects to the definition of "Control

Product(s)" as overbroad. IEP objects to this request as overbroad and unduly burdensome in that

it is not limited in time. IEP objects to this Request as being duplicative of Request No. 25. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 53:** All documents and things concerning the design, functionality, and/or operation of any Control Panel Product, including but not limited to all product guides, instruction manuals, technical specifications, drawings, schematics, training materials, and sales presentations.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "design, functionality, and/or operation." IEP objects to the definition of "Control Panel Product(s)" as overbroad. IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 29. IEP

objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 54:** All documents and things concerning the design, functionality, and/or operation of any IsoFlap Valve Product, including but not limited to all product guides, instruction manuals, technical specifications, drawings, schematics, training materials, and sales presentations.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "design, functionality, and/or operation." IEP objects to the definition of "IsoFlap Valve Product" as overbroad. IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 29. IEP objects to this Request to the extent it seeks information, documents, or things protected by

attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.


**REQUEST NO. 55:** All documents and things concerning use of Plaintiff's Mark in connection with any IsoFlap Valve Product.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and "any IsoFlap Valve Product." IEP also objects to this request as unintelligible because it is unclear what is referred to by "use" and "in connection with." IEP objects to the definition of "IsoFlap Valve Product" as overbroad. IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 15. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and

Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 56:**  All documents and things concerning any sales of any IsoFlap Valve Product.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things," "any sales," and "any IsoFlap Valve Product." IEP objects to the definition of "IsoFlap Valve Product" as overbroad. IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 25. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks a legal conclusion. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 57:** All documents and things concerning the design, functionality, and/or operation of any product(s) that Plaintiff contends constitutes safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives, including but not limited to all product guides, instruction manuals, technical specifications, drawings, training manuals, and sales presentations.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "in connection with," "product(s) that Plaintiff contends constitutes safety hardware systems," "comprised of," or "sold as a unit for use in detecting explosives." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 29. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 58:** All documents and things concerning use of Plaintiff's Mark in connection with any product(s) that Plaintiff contends constitutes safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "in connection with," "product(s) that Plaintiff contends constitutes safety hardware systems," "comprised of," or "sold as a unit for use in detecting explosives." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Requests No. 25 and 27. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or

control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 59:** All documents and things concerning any sales of any product(s) that Plaintiff contends constitutes safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a system for use in detecting explosives.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and "any sales." IEP also objects to this request as unintelligible because it is unclear what is referred to by "product(s) that Plaintiff contends constitutes safety hardware systems," "comprised of," or "sold as a system for use in detecting explosives." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 25. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims, dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 60:** All documents and things concerning the design, functionality, and/or operation of any product(s) that Plaintiff contends were created as a result of Plaintiff providing new product research and design services in the field of safety equipment and hardware.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "product(s) that Plaintiff contends," "created as a result," "providing new product research and design services" or "in the field of safety equipment and hardware." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 27. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 61:** All documents and things concerning use of Plaintiff's Mark in connection with any service(s) that Plaintiff contends constitutes new product research and design services for others in the field of safety equipment and hardware.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP also objects to this request as unintelligible because it is unclear what is referred to by "service(s) that Plaintiff contends," "constitutes new product research," "providing new product research and design services" or "in the field of safety equipment and hardware." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Requests No. 25 and 27. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 62:** All documents and things concerning any new product research and design services in the field of safety equipment and hardware that Plaintiff contends it has performed for others.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and documents regarding "any new product research and design services." IEP also objects to this request as unintelligible because it is unclear what is referred to by "new product research and design services," "in the field of safety equipment and hardware," "that Plaintiff contends," and "performed for others." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 25 and 27. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 63:** All documents and things concerning any sales of new product research and design services that Plaintiff contends it has performed for others.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and documents concerning "any sales of new product research and design services." IEP also objects to this request as unintelligible because it is unclear what is referred to by "new product research and design services," "that Plaintiff contends," and "performed for others." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 25 and 27. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 64:** All documents and things concerning any request to sign, execute, and/or affirm any statement for the application, prosecution, or maintenance of the '573 Registration, including but not limited to the Combined Declaration of Use and Incontestability under Sections

8 & 15 dated November 23, 2020 and the Trademark/Service Mark Application, Principal Register dated April 11, 2014.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things," "any request" and "any statement." IEP also objects to this request as unintelligible because it is unclear what is referred to by "request to sign, execute, and/or affirm," and "statement for the application, prosecution, or maintenance." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request as being duplicative of Request No. 10. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 65:** All documents and things concerning or evidencing Randy Davis personally entering any combination of letters, numbers, spaces and/or punctuation marks as a signature for the application, prosecution, and/or maintenance of the '573 Registration.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and "any combination." IEP also objects to this request as unintelligible because it is unclear what is referred to by "evidencing," and "personally entering." IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.


**REQUEST NO. 66:** All documents and things concerning or evidencing Randy Davis personally reviewing any documents or information for the application, prosecution, and/or maintenance of the '573 Registration.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and "any documents or information." IEP also objects to this request as unintelligible because it is unclear what is referred to by "evidencing" and "personally reviewing." IEP objects to this

Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.


**REQUEST NO. 67:** All documents and things concerning or evidencing John Shea personally entering any combination of letters, numbers, spaces and/or punctuation marks as a signature for the application, prosecution, and/or maintenance of the '573 Registration.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and "any combination." IEP also objects to this request as unintelligible because it is unclear what is referred to by "evidencing" and "personally entering." IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request as unduly burdensome to the extent it seeks information in Defendants' possession, custody, or control. IEP objects to this Request to the extent it seeks

discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 68:** All documents and things concerning or evidencing John Shea personally reviewing any documents or information for the application, prosecution, and/or maintenance of the '573 Registration.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and "any documents or information." IEP also objects to this request as unintelligible because it is unclear what is referred to by "evidencing" and "personally reviewing." IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST  NO.  69:**  All documents and things concerning, containing, reflecting, or depicting an electronic signature of John Shea, including but not limited to any declarations, affidavits, agreements, or communications in which John Shea was a signatory; documents and things depicting electronic signatures of John Shea submitted to the U.S. Patent and Trademark Office; and electronic signatures of John Shea comprising one or more "/" characters.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things" and "any declarations, affidavits, agreements, or communications." IEP also objects to this request as unintelligible because it is unclear what is referred to by "containing," "reflecting," "depicting," and "comprising." IEP objects to this request as overbroad and unduly burdensome in that it is not limited in time. IEP objects to this Request to the extent is seeks information, documents, or things outside the scope of this proceeding. IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

**REQUEST NO. 70:** All emails sent to, received by, or created by Randy Davis, including without limitation any unsent drafts and deleted emails, from January 1, 2014 to March 10, 2021 that can be located by searching any of the following search terms: 1. trademark and (sign OR signed OR signature OR signatory); 2. (detect OR detector OR detects OR detecting) AND (explosive OR explosives); 3. trademark AND (specimen OR specimens); 4. TEAS.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all emails" and "any unsent drafts and deleted emails." IEP objects to the request for email discovery to the extent it extends beyond the Court's ESI Order. (Dkt. 19.) IEP objects to the time frame of January 1, 2014 to March 10, 2021 as unduly burdensome and overbroad, and as disproportionate to the needs of this action. IEP objects to the search terms "trademark," "sign OR signed OR signature OR signatory," "detect OR detector OR detects OR detecting," "explosive OR explosives," "specimen OR specimens," and "TEAS" as overbroad and amounting to general discovery rather than propounded for a specific issue. IEP also objects to this request as unintelligible because it is unclear what is referred to by "sent to," "received by," "created by," "unsent drafts," and "deleted emails." IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the

extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP is willing to meet and confer regarding this Request.


**REQUEST NO. 71:** All emails sent to, received by, or created by John Shea, including without limitation any unsent drafts and deleted emails, from January 1, 2014 to March 10, 2021 that can be located by searching any of the following search terms: 1. trademark and (sign OR signed OR signature OR signatory); 2. (detect OR detector OR detects OR detecting) AND (explosive OR explosives); 3. trademark AND (specimen OR specimens); 4. TEAS; 5. Incontestability.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all emails" and "any unsent drafts and deleted emails." IEP objects to the request for email discovery to the extent it extends beyond the Court's ESI Order. (Dkt. 19.) IEP also objects to this request as unintelligible because it is unclear what is referred to by "sent to," "received by," "created by," "unsent drafts." and "deleted emails." IEP objects to the time frame of January 1, 2014 to March 10, 2021 as unduly burdensome and overbroad, and as disproportionate to the needs of this action. IEP objects to the search terms "trademark," "sign OR signed OR signature OR signatory," "detect OR detector OR detects OR detecting," "explosive OR explosives," "specimen OR specimens," "TEAS," and "incontestability" as overbroad and amounting to general discovery rather than propounded for a specific issue. IEP objects to this Request to the extent it seeks information,

documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP is willing to meet and confer regarding this Request.

**REQUEST NO. 72:** All documents and things concerning Plaintiff's document and/or email retention and destruction policies.

**RESPONSE:**

IEP objects to this Request to the extent it is vague, ambiguous, overbroad, and not proportional to the needs of this action, including because it seeks "all documents and things." IEP objects to this Request to the extent it seeks information, documents, or things protected by attorney-client privilege, work-product immunity, common interest privilege, or any other applicable privilege, protection, or immunity. IEP objects to this Request to the extent it seeks discovery beyond the scope of the counterclaims in KPM's Amended Answer and Counterclaims dated March 30, 2022 [Dkt. 38].

Subject to and without waiver of the foregoing objections and General Objections, and to the extent IEP understands this Request, IEP states as follows:

IEP will produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and are located by a reasonable search, and to the extent they were not previously produced in this case.

Dated: May 31, 2022                    IEP Technologies, LLC,

                                       */s/ Stephen F.W. Ball, Jr.*_____
                                       Stephen F.W. Ball, Jr. (BBO # 670092)
                                       Robert D. Keeler (*pro hac vice*)
                                       600 Summer Street
                                       Stamford, CT 06901
                                       Tel: 203-703-0800
                                       Fax: 203-703-0801
                                       Email: litigation@whipgroup.com
                                       sball@whipgroup.com
                                       rkeeler@whipgroup.com

                                       *Attorneys for Plaintiff IEP
                                       Technologies, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 31st day of May, 2022, a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 49-72)** was served via electronic mail on counsel for Defendants as follows:

Michael J. Lambert
*mlambert@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street
22nd Floor
Boston, Massachusetts 02109

Peter A. Nieves
*pnieves@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101

N. Andrew Crain
*a.crain@thip.law*
Robert D. Gravois
*r.gravois@thip.law*
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339

<u>May 31, 2022</u>                                        */s/ Stephen F.W. Ball, Jr.*
Date