# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IEP TECHNOLOGIES, LLC,
              Plaintiff,

v.

KPM ANALYTICS, INCORPORATED
F/K/A STATERA ANALYTICS,
INCORPORATED AND KPM ANALYTICS
NORTH AMERICA CORPORATION F/K/A
PROCESS SENSORS CORPORATION,
              Defendants.

Civil Action File No.:
1:21-cv-10417-RWZ

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO INTERROGATORIES AND <u>REQUESTS FOR PRODUCTION</u>

## TABLE OF CONTENTS

1. Introduction ........................................................................................................1

2. Facts ...................................................................................................................1

3. Applicable Legal Principles.........................................................................3

4. IEP Already Has Responsive Information and Documents on KPM's PSC-EX301-XT-CB5 Product.........................................................................3

5. KPM Has Provided Complete Customer Lists ...............................................4

6. KPM has Provided All Relevant Information on its Attendance at Trade Shows ......................................................................................................5

7. IEP's Motion Fails to Comply with the Local Rules of this Court............7

8. Conclusion ......................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Gebka v. Everquote, Inc.,*
  No. 1:21-mc-91391-IT, 2021 U.S. Dist. LEXIS 138012 (D. Mass. July 23, 2021) .................7

*Hasbro, Inc. v. Serafino*,
  168 F.R.D. 99 (D. Mass. 1996) ....................................................................................7

*Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*,
  333 F.3d 38 (1st Cir. 2003) .........................................................................................3

*In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*,
  No. 13-cv-02419, 2014 U.S. Dist. LEXIS 205683 (D. Mass. Feb. 7, 2014) ............................3

*Katziff v. Beverly Enters*.,
  Civil Action No. 07-11456-NMG, 2009 U.S. Dist. LEXIS 143506 (D. Mass. Apr. 17, 2009)..8

*NEPSK, Inc. v. Town of Houlton*,
  283 F.3d 1 (1st Cir. 2002) ...........................................................................................7

*Theidon v. Harvard Univ.*,
  No. 15-cv-10809-LTS, 2016 U.S. Dist. LEXIS 126490 (D. Mass. Sep. 16, 2016)...................7

*Torres v. Johnson & Johnson*,
  No. 3:18-10566-MGM, 2018 U.S. Dist. LEXIS 144043 (D. Mass. Aug. 24, 2018)............4, 5

*Young v. Gordon*,
  330 F.3d 76 (1st Cir. 2003) .........................................................................................7

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)............................................................................................3

L.R. 37.1(b)(2-5) ......................................................................................................7, 8

**EXHIBIT LIST**

Ex. A       Excerpt from KPM's Responses to IEP's Third Set of Interrogatories.

Ex. B       June 9, 2022 email from paralegal for KPM's counsel to IEP's counsel

Ex. C       IEP-004422, IEP-004423, and IEP-004407

Ex. D       Excerpts from June 15, 2022 deposition of Christopher Pike

Ex. E       IFT18 Trade Show document Bates labeled KPM-004419 to 4428

Ex. F       PTXi 2018 Trade Show document Bates labeled KPM-004455 to 4457

1.    **INTRODUCTION**

Plaintiff IEP Technologies, LLC's ("IEP") Motion to Compel is riddled with gross inaccuracies and should be denied because KPM has already provided and produced the very responsive discovery for which IEP complains in its motion. Nevertheless, IEP ignores the documents and information that has been provided in discovery in order to instead manufacture yet another baseless discovery dispute.

IEP's vague allusion to its claims being "proven by information" IEP obtained from "other sources" is not borne out by any factual assertions in its motion. And if, as IEP claims, "[d]iscovery shows that KPM uses its mark to advertise the same products . . . to the same customers . . .  at the same tradeshows. . .  for use in the same processing industries . . . to reduce or eliminate fire or explosion hazards," (Doc. 44 p. 2) it is unclear what additional discovery may possibly be necessary to satisfy IEP, the lack of which would require the instant Motion.

That notwithstanding, because of IEP's failure to identify any actual deficiencies in KPM's discovery response, and for the reasons further discussed below, IEP's motion should be denied. Additionally, KPM should be awarded expenses in having to respond to IEP's baseless motion.

2.    **FACTS**

IEP filed suit against KPM alleging (1) infringement of IEP's federally registered trademark ("the Asserted Mark"), (2) federal unfair competition and false designation of origin, (3) common law trademark infringement and unfair competition, and (4) unfair and deceptive acts or practices under M.G.L. c. 93A, §§ 2, 11. Doc. 1. IEP also seeks cancellation of Defendants' U.S. Trademark Registration No. 5,633,755. *Id.*

IEP served its First Set of Interrogatories (Nos. 1-5) and Requests for Production of Documents (Nos. 1-8) on KPM on July 23, 2021. On August 23, 2021, KPM responded. *See* Docs. 44-4, 44-5. IEP served its Second Set of Interrogatories (Nos. 6-9) on September 10, 2021, to which KPM responded. IEP served its Third Set of Interrogatories (Nos. 10-12) and Second Set of Requests for Production (Nos. 9-19) on December 16, 2021, to which KPM responded on January 18, 2022. *See* Doc. 44.11 and Ex. A, Excerpt from KPM's Responses to IEP's Third Set of

Interrogatories.[1]

IEP does not include in its brief *any* of the interrogatories or responses which it seeks to compel.[2] For the sake of completeness, KPM provides them below:

**Interrogatory No. 3:** Identify and describe (1) all goods or services which Defendants have offered for sale, sold, or intend to offer for sale or sell, under or in connection with Defendants' Mark, (2) all channels of trade through which Defendants have offered for sale, sold, or intend to offer for sale or sell, goods or services under or in connection with Defendants' Mark, and (3) all actual and target purchasers or customers of goods or services sold or offered for sale or intended to be sold or offered for sale by Defendants under or in connection with Defendants' Marks.

**Request For Production No. 4:** Documents and things sufficient to identify all goods and services sold or intended to be sold by Defendants under or in connection with any Defendants' Mark, all channels of trade through which Defendants advertise, promote, distribute, or sell, or plan to advertise, promote, distribute, or sell, directly or indirectly, any goods or services under or in connection with any of Defendants' Marks, the distributors, retail, or other business outlets that offer or will offer for sale Defendants' goods or services in connection with any of Defendants' Marks.

**Interrogatory No. 12:** For each year since Defendant began using Defendants' Marks, identify all trade fairs, trade shows, trade exhibitions, and trade expos that Defendants attend or plan to attend, and explain why Defendants chose that trade show.

**Request for Production No. 10:** Documents sufficient to identify all trade fairs, trade shows, trade exhibitions, and trade expos that Defendants attend or plan to attend.

It is unclear how IEP arrives at the conclusion that KPM has stood on its objections and has refused to update its discovery responses since, as IEP is well aware, KPM has supplemented

---

[1]KPM withdraws the HIGHLY CONFIDENTIAL designation for its response to IEP's Interrogatory No. 12.

[2]In addition to failing to provide the exact language of any interrogatories or requests for production in its Motion, which alone merits denial for noncompliance, IEP also does not provide a copy of Interrogatory No. 12 or KPM's response, for which IEP seeks to compel supplementation.

its responses to IEP's discovery requests, including Interrogatory No. 3 and Request for Production No. 4, at various stages of discovery, including on December 3, 2021 (Defendants' First Supplemental Responses to IEP's First Interrogatories) and on June 9, 2022 (see Ex. B, June 9, 2022 email producing product list and customer list). In particular, KPM has fully responded to Interrogatory No. 3 regarding all products sold or offered under KPM's Mark and Interrogatory No. 12 regarding trade show attendance. KPM has likewise produced documents in response to Request for Production Nos. 4 and 10 regarding the same topics as Interrogatory Nos. 3 and 12.

**3.   APPLICABLE LEGAL PRINCIPLES**

The court has "broad discretion to manage discovery matters," *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003), and must "limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. 13-cv-02419, 2014 U.S. Dist. LEXIS 205683, at *2 (D. Mass. Feb. 7, 2014); *see also* Fed. R. Civ. P. 26(b)(2)(C).

**4.   IEP ALREADY HAS RESPONSIVE INFORMATION AND DOCUMENTS ON KPM'S PSC-EX301-XT-CB5 PRODUCT**

KPM has provided responsive discovery as requested in Interrogatory No. 3 and Request for Production No. 4. Indeed, IEP has not identified *any* information or a single document in its motion that has been withheld. Additionally, the PSC-EX301-XT-CB5 product complained of by IEP appears on two documents produced by KPM, namely, KPM-004466 and KPM-004467, as previously provided on June 9, 2022. The PSC-EX301-XT-CB5 product in question is also

referenced in at least three documents produced by IEP, namely a screenshot from KPM's website (IEP-004422 and IEP-004423, which appears to be identical to IEP-004422) and one product brochure linked from the same page of KPM's website (IEP-004407). *See* Ex. C, Excerpts from IEP document production. Therefore, contrary to IEP's assertions, KPM has provided responsive information regarding the PSC-EX301-XT-CB5 product in question and relevant documents, and IEP has established that it is already in possession of additional relevant documents. Accordingly, IEP's motion to compel on this basis should be denied.

Additionally, IEP makes only a vague passing reference to IEP's Interrogatory Nos. 6, 8, 10, and 11 and IEP's Requests for Production Nos. 11, 13, and 14.  Doc. 44 p. 5. IEP does not offer any explanation of why it believes KPM's responses to these Interrogatories and Requests are incomplete or deficient and has clearly not met its burden to do so. Indeed, IEP's objection to KPM's already-complete responses is nothing more than a vague, undeveloped, and unsupported contention that KPM is required to do more. *See Torres v. Johnson & Johnson*, No. 3:18-10566-MGM, 2018 U.S. Dist. LEXIS 144043, at *15 (D. Mass. Aug. 24, 2018).

Clearly, IEP's passing reference to its Interrogatory Nos. 6, 8, 10, 11 and its Requests for Production Nos. 11, 13, and 14 do not satisfy IEP's obligation to identify the specific information that KPM has failed to produce and establish its relevance to his claims. Accordingly, IEP's motion should be denied for this additional reason. *See id*.

## 5.    KPM HAS PROVIDED COMPLETE CUSTOMER LISTS

KPM has also provided discovery regarding is customers in response to Interrogatory No. 3 and Request for Production No. 4. Again, IEP has not shown why KPM's responses to these discovery requests are incomplete or deficient in any way. Yet, IEP apparently asserts that KPM's response to Interrogatory No. 3 is incomplete because a promotional article on the Process Sensors Corporation website references a company called Greene Team Pellet Fuel Company. Doc. 44 at p. 6. IEP complains that "Green Team was not disclosed in KPM's interrogatory response." *Id*.

While it is true that KPM's narrative response to Interrogatory No. 3 does not identify

Green Team Pellet Fuel Company, **_nor any other company by name,_** KPM's response also states that it will search for and produce responsive documents from which a response may be ascertained pursuant to Federal Rule of Civil Procedure 33(d). *See* Doc. 44.4. And KPM has done just that in accord with Rule 33(d). Notably, IEP did not and does not object to KPM's invocation of Rule 33(d). Additionally, KPM supplemented its response to Interrogatory No. 3 and Request for Production No. 4 on June 9, 2022 with the production of a document Bates labeled KPM-004684, which is a customer list that includes Green Team Pellet Fuel Company.

Therefore, IEP's filing of its Motion to Compel nearly two weeks *after* KPM supplemented its interrogatory with a customer list pursuant to Rule 33(d) exposes IEP's unwillingness to review the documents provided in discovery and constitutes an unnecessary waste of party and judicial resources by virtue of the filing of this motion. *See Torres*, 2018 U.S. Dist. LEXIS 144043, at *12 (denying motions to compel where the moving party alleged shortcomings in non-moving party's response to an interrogatory without any apparent review of the documents identified under Rule 33(d)).

Thus, IEP's accusation that KPM is concealing customers is not only unsubstantiated but is also grossly unfounded in view of the fact that KPM previously produced the very information for which IEP complains in this motion. Thus, because KPM has fully and completely responded to Interrogatory No. 3 and Request for Production No. 4, IEP's motion to compel on this basis must be denied.

6.    **KPM HAS PROVIDED ALL RELEVANT INFORMATION ON ITS ATTENDANCE AT TRADE SHOWS**

IEP asserts that KPM has failed to provide discovery regarding trade shows that KPM attends. Doc. 44, p.7. This assertion is manifestly false. First, KPM responded to Interrogatory No. 12 and identified at least eight different trade shows that it has attended. *See* Ex. A.

IEP is also fully aware that KPM has provided responsive documents to IEP's requests because IEP's counsel used those very documents in IEP's deposition of Christopher Pike on June 15, 2022. Specifically, counsel for IEP used an informational overview sheet from the Institute of

Food Technologies (IFT) 2018 trade show, IFT18, which KPM previously produced in this litigation with the Bates label KPM-004419 to 4428. *See* Ex. D, Excerpts from June 15, 2022 deposition of Christopher Pike, at p. 84; Ex. E, IFT18 Trade Show document Bates labeled KPM-004419 to 4428 (marked as Ex. 6 to Pike Deposition).

IEP also questioned Mr. Pike on an overview document of the 2018 Powder & Bulk Solids Conference & Exhibition (PTXi) during the same deposition. *See* Ex. D at p. 93; Ex. F, PTXi 2018 Trade Show document Bates labeled KPM-004455 to 4457 (marked as Ex. 7 to Pike Deposition). Again, this was a document previously produced by KPM during discovery.

Moreover, IEP's assertion that KPM's response is deficient for failing to identify the 2016 Powder and Bulk Solids Show (and that such "failure" implicates a larger conspiracy to conceal evidence) is patently incorrect. IEP has not read its own interrogatory. Interrogatory No. 12 seeks the trade shows KPM has attended "[f]or each year *since Defendant began using Defendants' Marks*," which is 2018. *See supra.* at 2. KPM did not include the 2016 Powder and Bulk Solids show because that event occurred *two years before* KPM adopted Defendants' Mark as defined by IEP's Interrogatories. Thus, any document relating to a 2016 trade show would not fall in the scope of documents responsive to IEP's Interrogatory No. 12. IEP's Request for Production No. 10 has also been satisfied because, as discussed above, KPM has produced documents identifying the PTXi trade show as one of the trade shows that KPM has attended.

For these reasons, IEP has not shown why KPM's responses to Interrogatory No. 12 and Request for Production No. 10 are incomplete or deficient in any way and has not identified any documents that are actually missing. Instead, IEP has wrongly accused KPM of withholding documents which IEP knows have been produced or for which IEP has not established the temporal relevance, thereby yet again wasting party and judicial resources. Accordingly, IEP's motion to compel on this basis must be denied at least for the reason that no responsive information is being withheld.

### 7.    IEP's Motion Fails to Comply with the Local Rules of this Court

This Court has denied motions to compel for failure to comply with the Local Rules of this Court. *See Gebka v. Everquote, Inc.,* No. 1:21-mc-91391-IT, 2021 U.S. Dist. LEXIS 138012 (D. Mass. July 23, 2021) (denying motion to compel for failure to comply with Local Rule 37.1(a) and (b)); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996) (same); *Theidon v. Harvard Univ.*, No. 15-cv-10809-LTS, 2016 U.S. Dist. LEXIS 126490 (D. Mass. Sep. 16, 2016) ("Plaintiff's failure to comply with Local Rule 37.1 and two previous Orders of the Court constitutes a separate and independent basis for denying the instant Motion"); *see also Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 6 (1st Cir. 2002) (district courts enjoy broad latitude in adopting and administering their local rules and have great leeway in the enforcement of such rules).

Local Rule 37(b)(1) requires motions to compel to include, at a minimum, (1) the time, date, location, and duration of the discovery conference, as well as who was present for each party, the matters agreed on by the parties, and the issues remaining to be decided by the court; (2) the nature of the case and the facts relevant to the discovery matters to be decided; (3) each interrogatory and request for production raising an issue to be decided by the court and response thereto; (4) a statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item. L.R. 37.1(b)(2-5).

IEP has repeatedly flouted this Court's Local Rules, despite various reminders from KPM. *See e.g.,* Doc. 26, KPM's Response in Opposition to Plaintiff's Motion to Compel Responses to Request for Admission at 13 (Petition for Sanctions against IEP). In addition to providing an incomplete and inaccurate recitation of the facts yet again, IEP has entirely ignored the requirement to certify the details of the discovery conference. Worse, IEP has not included a single interrogatory or request for production for which it seeks compulsion, nor any of KPM's responses. While IEP has appended copies of *some* of its requests as exhibits to its Motion, by rule, "this

information is to be contained within the memorandum of law itself, immediately preceding a statement of the moving party's position with respect to each contested discovery item." *Katziff v. Beverly Enters.*, Civil Action No. 07-11456-NMG, 2009 U.S. Dist. LEXIS 143506 (D. Mass. Apr. 17, 2009) (citing L.R. 37.1(b)(4)-(5) (denying motion to compel due to noncompliance with local rules). Accordingly, IEP's Motion to Compel should be denied for this additional reason due to failure to comply with this Court's Local Rules.

## 8.   CONCLUSION

For the foregoing reasons, IEP's motion should be denied in its entirety, and although IEP's abusive litigation tactics continue to raise the likelihood of this case being found exceptional, IEP should at least be ordered to reimburse KPM for the expenses in responding to yet another baseless motion at this time.

Respectfully submitted this 12th day of July, 2022.

/s/ Andrew Crain

Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
*pnieves@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)

*r.gravois@thip.law*
Andrea Nguyen (*pro hac vice*)
*a.nguyen@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE, Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>                    Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED<br>F/K/A STATERA ANALYTICS,<br>INCORPORATED AND KPM ANALYTICS<br>NORTH AMERICA CORPORATION F/K/A<br>PROCESS SENSORS CORPORATION,<br>                    Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

*/s/ Andrew Crain*
N. Andrew Crain

*Attorney for Defendants*