**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>　　　　　Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL RESPONSES TO
INTERROGATORIES AND REQUESTS FOR ADMISSION**

**TABLE OF CONTENTS**

1. INTRODUCTION ............................................................................................................. 1
2. FACTUAL BACKGROUND .............................................................................................. 1
3. LEGAL PRINCIPLES ....................................................................................................... 3
4. ARGUMENT .................................................................................................................... 3
   4.1. The Court Should Compel IEP to Respond to Interrogatory Nos. 23 and 24. ........ 3
   4.2. The Court Should Compel IEP to Respond to Interrogatory No. 25 ...................... 8
   4.3. The Court Should Compel IEP to Respond to Request for Admission Nos. 20, 22, and 24. ................................................................................................ 9
5. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*American Hygienic Laboratories, Inc. v. Tiffany & Co.*,
 12 USPQ 2d 1979 (TTAB 1989)......................................................................................... 4

*Continental W. Ins. Co. v. Opechee Constr. Co.*,
 No. 15-CV-006-JD, 2016 U.S. Dist. LEXIS 54716 (D.N.H. Apr. 25, 2016) ........................... 3

*DuFresne v. Microsoft Corp.*,
 No. 02-11778-RCL, 2005 U.S. Dist. LEXIS 43214 (D. Mass. Feb. 11, 2005)...................... 10

*Katz v. Liberty Power Corp., LLC*,
 No. 18-CV-10506-ABD, 2020 U.S. Dist. LEXIS 112969 (D. Mass. June 26, 2020)................ 3

*Koninklijke Philips N.V. v. Wangs All. Corp.*,
 No. 14-12298-DJC, 2018 U.S. Dist. LEXIS 607 (D. Mass. Jan. 2, 2018) ................................ 3

*Mulero-Abreu v. P.R. Police Dep't*,
 675 F.3d 88 (1st Cir. 2012) .................................................................................................. 5

*Rickles, Inc. v. Frances Denney Corp.*,
 508 F. Supp. 4 (D. Mass. 1980).......................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 26................................................................................................................... 3

Fed. R. Civ. P. 36................................................................................................................. 10

## LIST OF EXHIBITS

| | |
|---|---|
| Exhibit A | KPM's Second Set of Interrogatories |
| Exhibit B | KPM's Third Set of Interrogatories |
| Exhibit C | KPM's First Set of Requests for Admission |
| Exhibit D | IEP's Responses and Objections to KPM's Second Set of Interrogatories |
| Exhibit E | IEP's Responses and Objections to KPM's Third Set of Interrogatories |
| Exhibit F | Excerpts from IEP's Responses and Objections to KPM's First Set of Requests for Admission |
| Exhibit G | June 30, 2022 Letter from KPM's counsel to IEP's counsel |
| Exhibit H | July 5, 2022 Letter from IEP's counsel to KPM's counsel |
| Exhibit I | July 6, 2022 Letter from KPM's counsel to IEP's counsel |
| Exhibit J | July 8, 2022 Letter from IEP's counsel to KPM's counsel |
| Exhibit K | Excerpts from IEP's document production referenced in IEP's 33(d) responses |
| Exhibit L | Excerpts from IEP's Second Supplemental Responses to KPM's First Set of Interrogatories |
| Exhibit M | Trademark Status for U.S. Reg. No. 5790247 |

1. **INTRODUCTION**

The Court should compel Plaintiff IEP Technologies LLC ("IEP") to provide complete and accurate responses to Defendants KPM Analytics, Inc. and KPM Analytics North America Corp.'s (collectively, "KPM") Interrogatory Nos. 23-25 and Requests for Admission Nos. 20, 22, and 24.

Because KPM's counterclaims plead that IEP has failed to use the trademark at issue in this case in connection with the goods and services claimed in the federal registration, and that IEP has engaged in misconduct in the prosecution and maintenance of the same registration, the information sought in these discovery requests is highly probative for KPM's allegations. IEP has also implicated a second federal trademark registration apparently owned by a different company. KPM is entitled to discovery on IEP's relationship with that company, which is also relevant to KPM's claims and defenses.

However, IEP's responses to KPM's discovery requests have been woefully inadequate, non-responsive, and evasive. Accordingly, IEP should be compelled to respond fully to KPM's discovery requests.

2. **FACTUAL BACKGROUND**

IEP commenced this action asserting infringement of U.S. Trademark Registration No. 4,648,573 ("the Asserted Registration") and other related claims. *See* Doc. 1 at ¶¶ 75-83. KPM answered on May 11, 2021. *See* Doc. 8. On March 29, 2022, the Court granted KPM leave to amend its answer and counterclaims. *See* Doc. 37 (endorsed order).

KPM's amended pleading asserts that (1) IEP acquired and maintained the Asserted Registration through multiple repeated instances of fraud on the USPTO involving two declarations purportedly signed by IEP's CEO, Randy Davis, and then-Vice President, John Shea; (2) the specimen submitted with the declaration purportedly signed by Mr. Shea was fraudulent; and (3) IEP has not used the mark of the Asserted Registration in connection with at least two goods and services recited in the registration. *See* Doc. 38 at Counterclaims ¶¶ 8-81. These allegations are based in part on the testimony of Mr. Shea, who testified that he did not remember signing a declaration bearing his name and that he had multiple specific reasons to doubt that he

signed it. *See*, *e.g.*, Doc. 28-4 at 123:24-124:3 ("Q. Do you remember signing that? A. I don't. ***Q. Do you have any reason to doubt that you signed that? A. I do.***" (emphasis added)). Mr. Shea also indicated that the two declarations falsely represented to the USPTO that IEP had used the mark of the Asserted Registration in connection with certain goods and services, including "safety hardware systems of detectors, electronic control units, suppressors, isolation valves and vents sold as a unit for use in ***detecting explosives***," as recited in the Asserted Registration. Doc. 1-1 (emphasis added). KPM's amended pleading also asserts that, despite claiming "new product research and design services in the field of safety equipment and hardware" in the identification of goods for the Asserted Mark, IEP does not provide such services. *See* Doc. 38, ¶ 22.

To explore its theory of misconduct in the obtaining and maintenance of the Asserted Registration, KPM served its Second Set of Interrogatories (Nos. 23-24) on IEP on May 27, 2022 and Third Set of Interrogatories (No. 25) and First Set of Requests for Admission on June 3, 2022. *See* Exs. A, B, and C. IEP served its Responses and Objections to KPM's Second Set of Interrogatories on June 27, 2022 and Third Set of Interrogatories and First Set of Requests for Admission on July 5, 2022. *See* Exs. D, E, and F. KPM's counsel wrote to counsel for IEP on June 30 to inform IEP of the deficiencies in its Responses to Interrogatory Nos. 23 and 24. *See* Ex. G. IEP's counsel responded on July 5, maintaining its objections and responses and asserting that KPM's Interrogatory Nos. 23 and 24 were duplicative of Interrogatory Nos. 3 and 4 and therefore posed an unnecessary burden on IEP. *See* Ex. H. KPM's counsel further wrote to counsel for IEP on July 6, 2022 to inform IEP of the deficiencies in its Responses to Interrogatory No. 25 and RFA Nos. 20, 22, and 24. *See* Ex. I. IEP's counsel responded on July 8, 2022, purporting to "not understand what additional information KPM is seeking in response to Interrogatory No. 25" and asserting that its responses to the RFAs were complete. *See* Ex. J. As with the prior discovery disputes requiring motion practice, both letters from IEP's counsel indicated a final position as to the discovery at issue and an unwillingness to provide additional responses ("IEP maintains its objections and responses" and "the responses are complete."). *See* Exs. H, J.

3. **LEGAL PRINCIPLES**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense unless otherwise ordered by the court. Fed. R. Civ. P. 26(b)(1). "The party seeking an order compelling discovery bears the initial burden of showing that the discovery requested is relevant," but "the objecting party bears the burden of showing that a discovery request is improper." *Koninklijke Philips N.V. v. Wangs All. Corp.*, No. 14-12298-DJC, 2018 U.S. Dist. LEXIS 607, at *4–5 (D. Mass. Jan. 2, 2018) (citing *Continental W. Ins. Co. v. Opechee Constr. Co.*, No. 15-CV-006-JD, 2016 U.S. Dist. LEXIS 54716, at *1 (D.N.H. Apr. 25, 2016). Relying on a general claim that it would be "overbroad and unduly burdensome" to produce documents is insufficient to voice a successful objection. *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ABD, 2020 U.S. Dist. LEXIS 112969, at *18 (D. Mass. June 26, 2020).

4. **ARGUMENT**

   **4.1. The Court Should Compel IEP to Respond to Interrogatory Nos. 23 and 24.**

Interrogatory Nos. 23 and 24 read as follows:

> **Interrogatory No. 23:** Identify and describe each good sold or offered for sale relating to Plaintiff's Mark for use in detecting explosives separately by name, model, and any other identifying information used by Plaintiff and the corresponding annual sales since 2014 by number of units and by dollar amount for each such separately identified good, along with identification of all documents sufficient to show these amounts.
>
> **Interrogatory No. 24:** Identify and describe each new product research and design service sold or offered for sale to others relating to both Plaintiff's Mark and to the field of safety equipment and hardware, including without limitation the date(s) of each such new product research and design service, the scope and/or specification of such new product research and design service, identification of each new product, if any, resulting from such new product research and design service, the purchaser of each such new product research and design service, and the corresponding dollar amount of each such new product research and design service, along with identification of all documents sufficient to show these amounts.

Ex. A at p. 6.

Interrogatory No. 23 is narrowly tailored to seek information regarding IEP's offering of goods for particular use in detecting explosives. The details of IEP's explosive-detecting offerings are highly probative because the identification of goods for the Asserted Registration states that

3

IEP is using the mark in connection with "safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit *for use in detecting explosives*," yet IEP has provided no evidence of the same. Rather, IEP has only produced information regarding its systems for detection *explosions*. If IEP has affirmed to the USPTO during prosecution that it offered goods under its registered mark when it did not, the Asserted Registration may be void *ab initio*. *See American Hygienic Laboratories, Inc. v. Tiffany & Co.*, 12 USPQ 2d 1979, 1984 (TTAB 1989) (registration found void *ab initio* when the mark in the underlying use-based application was not in use in commerce as of the application filing date).

Similarly, KPM's Interrogatory No. 24 is narrowly tailored to seek information regarding Plaintiff's offering of product research and design services as identified in the Asserted Registration. As discussed in KPM's amended answer, IEP has failed to use the mark of the Asserted Registration in commerce in connection with "new product research and design services in the field of safety equipment and hardware." *See, e.g.*, Doc 38 at Counterclaims, ¶¶ 15-18, 22-26, 44-55, and 78-79. The product information sought in Interrogatory Nos. 23 and 24 is highly relevant because it will likely confirm that IEP has failed to sell or advertise these two goods or services that are recited in the Asserted Registration.

However, in response to Interrogatory Nos. 23 and 24, IEP objected to the Interrogatories as "unduly burdensome," and "to the extent that it seeks information unrelated to the claims, or that could have been sought before the motion to amend." Ex. D, pp. 4-5. Information that "could have been sought before the motion to amend" is not a proper basis for an objection, and KPM had no obligation to seek this information prior to its motion to amend its answer and counterclaims.

IEP's response to Interrogatory No. 23 reads as follows:

> Goods sold or offered for sale by IEP for use in detecting explosives and their corresponding annual sales are identified in at least the following documents which are identified pursuant to Fed. R. Civ. P. 33(d):
> IEP000002-IEP000005, IEP000010-IEP000011, IEP000013-IEP000014, IEP000258, IEP000268-IEP000269, IEP000291-IEP000298, IEP000303-IEP000304, IEP000333- IEP000344, IEP001649-IEP001650, IEP001669 - IEP001670, IEP001687, IEP001688- IEP001689, IEP001690-IEP001691,

4

IEP001692-IEP001693, IEP001694-IEP001695, IEP001696-IEP001697, IEP001698-IEP001699, IEP001700-IEP001701, IEP001702- IEP001703, IEP001704-IEP001705, IEP001706-IEP001707, IEP001708-IEP001709, IEP001710-IEP001711, IEP001730-IEP001731, IEP001734-IEP001735, IEP001746- IEP001747, IEP001748-IEP001749, IEP001750-IEP001751, IEP001752-IEP001753, IEP001754, IEP001755-IEP001756, IEP001757-IEP001758, IEP001762, IEP001776 - IEP001777, IEP002060 - IEP002061, IEP002221-IEP002222, IEP002223-IEP002224, IEP002225-IEP002227, IEP002228-IEP002229, IEP002230-IEP002231, IEP002232- IEP002233, IEP002234-IEP002235, IEP002236-IEP002237, IEP002238-IEP002239, IEP002240-IEP002241, IEP002242-IEP002257, IEP002258-IEP002259, IEP002260- IEP002261, IEP002262-IEP002263, IEP002264-IEP002265, IEP002266-IEP002267, IEP002268-IEP002269, IEP002270-IEP002271, IEP002272-IEP002273, IEP001641-1762, IEP001766-IEP001777, IEP002056-IEP002073, IEP003302-IEP004219, IEP001764, IEP001714-IEP001715, IEP001716-IEP001717, IEP001726-IEP001727, IEP002193-IEP002204, IEP003490-IEP003534, IEP004018-IEP004040, IEP004400-IEP004406, IEP001712-IEP001713, IEP001724-IEP001725, IEP001728-IEP001729, IEP002161, IEP003906-IEP003946, IEP004179-IEP004219, IEP001589-IEP001595, IEP003623-IEP003702, IEP003400-IEP003419, IEP001763, IEP001720-IEP001721, IEP004092-IEP004138, IEP004247, IEP004470 - IEP004486, IEP004469, Transcript of Deposition of John Shea, and Transcript of Deposition of David Grandaw.

Ex. D

"[A]nswering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33." *Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 93 (1st Cir. 2012) (finding responses "manifestly inadequate" where responding party merely referred proponent to a deposition). Yet, here, IEP invites KPM to wade through over ***2000 pages*** of documents, including the full transcripts and exhibits to the depositions of Mr. Shea and Mr. Grandaw, as referenced, in order to attempt to ascertain some answer to Interrogatory No. 23. This response is insufficient.

Moreover, several of these documents are entirely non-responsive and KPM is forced to inspect various irrelevant documents to determine if and where responses may be found in IEP's documents. For example, IEP001589 does not identify any products at all. *See* Ex. K, excerpts from IEP's document production. Further, nearly all product-related documents appear to be directed to detection and suppression of explo**sions** rather than explo**sives** as requested in

5

Interrogatory No. 23. *See id*. This does little to elucidate IEP's position regarding the distinction between explosions and explosives, as posed in KPM's counterclaims and defenses. "Answers [to interrogatories] are insufficient . . . if they neither clarify nor narrow the broad issues posed by the complaint." *Rickles, Inc. v. Frances Denney Corp.*, 508 F. Supp. 4, 7 (D. Mass. 1980). IEP should therefore be compelled to provide a proper and complete response to Interrogatory No. 23.

Similar to its response to Interrogatory No. 23, IEP's response to Interrogatory 24 reads:

> New product research and design services by IEP are identified in at least the following documents which are identified pursuant to Fed. R. Civ. P. 33(d):
> IEP000002-IEP000005, IEP000010-IEP000011, IEP000013-IEP000014, IEP000258, IEP000268-IEP000269, IEP000291-IEP000298, IEP000303-IEP000304, IEP000333- IEP000344, IEP001649-IEP001650, IEP001669 - IEP001670, IEP001687, IEP001688- IEP001689, IEP001690-IEP001691, IEP001692-IEP001693, IEP001694-IEP001695, IEP001696-IEP001697, IEP001698-IEP001699, IEP001700-IEP001701, IEP001702- IEP001703, IEP001704-IEP001705, IEP001706-IEP001707, IEP001708-IEP001709, IEP001710-IEP001711, IEP001730-IEP001731, IEP001734-IEP001735, IEP001746- IEP001747, IEP001748-IEP001749, IEP001750-IEP001751, IEP001752-IEP001753, IEP001754, IEP001755-IEP001756, IEP001757-IEP001758, IEP001762, IEP001776 - IEP001777, IEP002060 - IEP002061, IEP002221-IEP002222, IEP002223-IEP002224, IEP002225-IEP002227, IEP002228-IEP002229, IEP002230-IEP002231, IEP002232- IEP002233, IEP002234-IEP002235, IEP002236-IEP002237, IEP002238-IEP002239, IEP002240-IEP002241, IEP002242-IEP002257, IEP002258-IEP002259, IEP002260- IEP002261, IEP002262-IEP002263, IEP002264-IEP002265, IEP002266-IEP002267, IEP002268-IEP002269, IEP002270-IEP002271, IEP002272-IEP002273, IEP001641-1762, IEP001766-IEP001777, IEP002056-IEP002073, IEP003302-IEP004219, IEP001764, IEP001714-IEP001715, IEP001716-IEP001717, IEP001726-IEP001727, IEP002193-IEP002204, IEP003490-IEP003534, IEP004018-IEP004040, IEP004400-IEP004406, IEP001712-IEP001713, IEP001724-IEP001725, IEP001728-IEP001729, IEP002161, IEP003906-IEP003946, IEP004179-IEP004219, IEP001589-IEP001595, IEP003623-IEP003702, IEP003400-IEP003419, IEP001763, IEP001720-IEP001721, IEP004092-IEP004138, IEP004247, IEP004494, IEP004459, IEP004498 - IEP004501, IEP004487 - IEP004493, IEP004516 - IEP004543, IEP004453 - IEP004458, IEP004506 - IEP004515, IEP004502 - IEP004505, IEP004470 - IEP004486, IEP004469, Transcript of Deposition of John Shea, and Transcript of Deposition of David Grandaw.

Ex. D.

In addition to being nearly identical in breadth to IEP's response to Interrogatory No. 23,

6

the documents identified in response to Interrogatory No. 24 are, in fact, also nearly identical in scope. Therefore, IEP's response is not reasonably narrowed to respond to Interrogatory No. 24 which seeks information related to an entirely different set of goods and services than Interrogatory No. 23. Rather, IEP appears to have largely recycled its previous response providing documents under Fed. R. Civ. P. 33(d) with the addition of a few new documents.

Further, several of the documents identified in IEP's response are inappropriately redacted despite being also designated as HIGHLY CONFIDENTIAL pursuant to the Protective Order in this case. For example, IEP004498 (*see* Ex. K[1]) appears to be a proposal and quote from IEP to an unknown company for an "upgrade design." However, the recommendation primarily consists of a proposed detector replacement, with a redacted "P/N" or part number. *See id.* If this document is responsive, as IEP indicates it is, KPM is entitled to obtain the unredacted document to evaluate whether IEP is indeed performing "new product research and design services in the field of safety equipment and hardware." Indeed, given that IEP prescribes an established part number to its customer, it would appear that IEP is *not* developing researching or designing *new* products as a service, but rather recommending its *existing* products as solutions. It is therefore relevant and critical for KPM to have a clear understanding of what documents IEP asserts support any goods and services claimed in the Asserted Registration.

In its July 5, 2022 response to KPM's June 30 letter, counsel for IEP stated that IEP maintained its objections and responses and asserted that Interrogatory Nos. 23 and 24 were duplicative of Interrogatory Nos. 3 and 4. *See* Ex. H. This is false. Interrogatory Nos. 3 and 4 read as follows:

> **Interrogatory No. 3:** Identify and fully describe each and every good or service ever sold or offered for sale in connection with or relation to Plaintiff's Mark.
>
> **Interrogatory No. 4:** For each of the goods and services identified in response to Interrogatory No. 3, for each year since Plaintiff began using Plaintiff's Mark, state the dollar amount of the annual sales of each such good and service and the dollar

---

[1] IEP004498, having been designated HIGHLY CONFIDENTIAL by IEP, will be filed under seal.

amount of annual advertising and promotional expenditures attributed to each such good and service, along with identification of all documents sufficient to show these amounts.

Ex. L, Excerpts from IEP's Second Supplemental Responses to KPM's First Interrogatories.

Even more astonishing, despite IEP's protestation that Interrogatory No. 23, which seeks information regarding IEP's explosive detection goods separately by name/model, is duplicative of Interrogatory No. 3, which seeks *all* IEP goods, IEP's response to Interrogatory No. 23 is **broader** than its response to Interrogatory No. 3. *Compare* Ex. A with Ex. L. It is inconceivable how Interrogatory No. 23, being a narrower request, can have a more inclusive response than Interrogatory No. 3.

Because IEP's response to Interrogatory No. 3 does not identify each good or service ever sold or offered for sale in relation to Plaintiff's Mark, specifying which are for use in detecting explosives, along with the specific information sought in Interrogatory No. 23, these interrogatories are not duplicative or a subset of Interrogatory No. 3. In other words, KPM cannot ascertain all of the information sought in Interrogatory No. 23 from a mere reading of IEP's response to Interrogatory No. 3. KPM is entitled to seek this information on a particularized basis.

IEP has failed to propound a legitimate basis for its refusal to provide the information requested. Accordingly, because this discovery is both highly relevant and targeted to return information directly on point to subject matter of KPM's claims and defenses, this Court should compel Plaintiff to provide full and complete responses to Interrogatory Nos. 23 and 24.

### 4.2. The Court Should Compel IEP to Respond to Interrogatory No. 25

Interrogatory No. 25 reads as follows:

> **Interrogatory No. 25:** Identify every person or entity with a current or prior financial, ownership, or other interest in Plaintiff since 2014, and for each such person or entity, fully describe in detail the nature of the interest held by that person or entity, the officers and directors of that entity, and the relationship between such person or entity and its affiliates, on the one hand, and Plaintiff, on the other hand, including but not limited to the relationship, if any, between Plaintiff, Hoerbiger Service Inc, Hoerbiger America Holding Inc., Hoerbiger Wien GmbH, and Hoerbiger Kompressortechnik Holding GmbH.

Ex. B.

Interrogatory No. 25 is a straightforward, standard request and is narrowly tailored to seek information regarding Plaintiff's organizational structure, including its parent companies. This information is relevant to the validity and enforceability of the Asserted Registration as well as another trademark IEP has repeatedly referenced in this matter, U.S. Reg. No. 5790247. *See* Doc. 1, p. 8, "Plaintiff's Mark as Used in Commerce." U.S. Reg. No. 5790247 is owned by Hoerbiger Wien GmbH Limited Liability Company, not IEP. *See* Ex. M, Trademark Status for U.S. Registration No. 5790247. Accordingly, because IEP's allegations in this case insinuate that KPM is also infringing "Plaintiff's Mark as Used in Commerce," KPM is entitled to investigate and ascertain the relationship between IEP and Hoerbiger Wien GmbH Limited, or, indeed, any other company that might have ownership or control of the Asserted Mark or any other mark implicated by its IEP's claims.

However, IEP's response reads as follows:

> **IEP Technologies, Hoerbiger Service Inc, Hoerbiger America Holding Inc., Hoerbiger Wien GmbH, and Hoerbiger Kompressortechnik Holding GmbH all exist under the same corporate umbrella.**

Ex. E.

This statement is entirely nonresponsive to Interrogatory No. 25. Further, it is unclear what "the same corporate umbrella" refers to. When confronted with the deficiency and asked to provide a suitable response to Interrogatory No. 5, counsel for IEP expressed confusion ("We do not understand what additional information KPM is seeking in response to Interrogatory No. 25.") and offered another non-response, "The trademark is owned by IEP." *See* Ex. J. IEP's self-expressed confoundedness should not prevent it from providing a response to this simple and direct Interrogatory. IEP should be compelled to provide a substantive response to this Interrogatory.

### 4.3. The Court Should Compel IEP to Respond to Request for Admission Nos. 20, 22, and 24.

Request for Admission (RFA) Nos. 20, 22, and 24 read as follows:

**Request for Admission No. 20:** Admit that John Shea did personally enter "/John Shea/" into the signature block for the electronic submission of the Combined Declaration of Use and Incontestability for the '573 Registration.

**Request for Admission No. 22:** Admit that a person other than John Shea did not enter "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.

**Request for Admission No. 24:** Admit that no person working for Whitmyer IP Group – Plaintiff's counsel of record in this litigation – entered John Shea "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.

Ex. C at pp. 5-6.

These RFAs are directed to IEP's actions during prosecution and maintenance of the Asserted Registration and whether any misconduct occurred so that KPM can focus the issues as this case moves forward. "The purpose of Rule 36(a) is to narrow the issues for trial which are genuinely contested." *DuFresne v. Microsoft Corp.*, No. 02-11778-RCL, 2005 U.S. Dist. LEXIS 43214, *2-3 (D. Mass. Feb. 11, 2005) (granting motion to compel responses to requests for admission). As previously stated, such misconduct by IEP would affect the validity and enforceability of the Asserted Registration that underlies this entire case. There are a number of individuals, including Mr. Shea and IEP's counsel, from whom IEP could solicit information to provide a clear, unambiguous response to these RFAs. However, IEP's response to each of RFA Nos. 20, 22, and 24 reads identically as follows:

> **Admitted that IEP has no reason to doubt that John Shea did so. See John Shea's declaration of March 2, 2022.**

Ex. F.

Fed. R. Civ. P. 36 mandates that "the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission[.]" Yet IEP's "responses" to RFA Nos. 20, 22, and 24 are entirely non-responsive at least because they do not deny or set forth the reasons that IEP cannot truthfully admit or deny the matter. This Court should not entertain such an evasive non-response from IEP, and IEP has not met its disclosure obligations under Rule 36. Accordingly, the Court should compel IEP to provide an unambiguous response to KPM's RFAs.

## 5. CONCLUSION

For the foregoing reasons, the Court should order IEP to provide full and complete responses to Interrogatory Nos. 23-25 and RFA Nos. 20, 22, and 24.

Respectfully submitted this 15th day of July, 2022.

    */s/ Andrew Crain*
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
*pnieves@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)
*r.gravois@thip.law*
Andrea Nguyen (*pro hac vice*)
*a.nguyen@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

## **LOCAL RULE 7.1(A)(2) CERTIFICATION**

The undersigned hereby certifies that counsel for the parties conferred in a good faith attempt to resolve or narrow the issues presented by this motion but were unable to reach an agreement.

*/s/ Andrew Crain*
Andrew Crain

*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>    Plaintiff,<br><br>   v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>    Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

            */s/ Andrew Crain*
            N. Andrew Crain

            *Attorney for Defendants*