**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED<br>F/K/A STATERA ANALYTICS,<br>INCORPORATED AND KPM ANALYTICS<br>NORTH AMERICA CORPORATION F/K/A<br>PROCESS SENSORS CORPORATION,<br>Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**DEFENDANTS' MOTION TO TEMPORARILY STAY PROCEEDINGS PENDING**
**RESOLUTION OF OUTSTANDING MOTIONS TO COMPEL**

Defendants KPM Analytics, Incorporated f/k/a Statera Analytics, Incorporated and KPM

Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM")

respectfully move the Court for a temporary stay of proceedings in this matter because there are

several motions to compel pending before the Court, the resolution of which are critical for the

completion of discovery and the subsequent progress of the case. Additionally, on August 8, 2022,

the United States Patent & Trademark Office ("USPTO") produced documents in response to

KPM's prior document subpoena, and those documents directly support KPM's counterclaim of

Plaintiff IEP Technologies, LLC's ("IEP") fraud on the USPTO in connection with IEP's

trademark registration. This recently received incriminating discovery, which KPM had to obtain

from a third party (the USPTO) due to IEP's refusal to provide related discovery, warrants related

follow-up discovery from IEP now that IEP's attempts to suppress discovery exposing its

fraudulent conduct associated with its asserted trademark registration have been exposed.

Counsel for KPM communicated with counsel for IEP on this issue on August 9, 2022;

however, IEP did not respond as requested. A proposed Order accompanies this motion.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." *Dicenzo v. Mass. Dep't of Corr., Case No. 3:15-cv-30152-MGM*, 2016 U.S. Dist. LEXIS 4166, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016).

As noted above, on August 8, 2022, the USPTO produced documents in response to KPM's June document subpoena, and those documents unambiguously support KPM's claims that IEP fraudulently maintained its federal trademark registration, which is asserted in this case against KPM. The alleged fraud pertains to the submission of a forged declaration to the USPTO purportedly signed by IEP's co-President, John Shea (*see* Doc. 38 at ¶ 31), when in fact the USPTO records show it was not signed by Mr. Shea but instead was forged by someone associated with IEP's counsel in Connecticut. Also, IEP possesses other information related to IEP's fraudulent procurement and maintenance counterclaim, and that related information is the subject of KPM's motions to compel, which remain pending before the Court. *See* Docs. 45 and 52.

As set forth in KPM's Motions to Compel (Docs. 45 and 52), the documents sought are highly relevant to this matter and are expected to be complementary of the documents produced by the USPTO that support KPM's counterclaim that IEP fraudulently procured and maintained its trademark registration through the submission to the USPTO of at least one forged declaration. Specifically, the discovery sought is relevant to the facts underlying the electronic signatures provided by IEP in the acquisition and maintenance of its asserted trademark. KPM's Counterclaims (Doc. 38, ¶¶ 28-42 and 69-75) detail how the entry and submission of a signature

by an individual other than the identified signatory is in contravention of the rules of the USPTO and that IEP's registration should be deemed void *ab initio*.

The USPTO's document production confirms that IEP's co-President, John Shea, did not sign the declaration that bears his name and is represented under oath as Mr. Shea's accurate declaration. The forged declaration was submitted pursuant to 15 U.S.C §§ 1058 & 1115, thereby conveying to IEP rights in its registered trademark to which it was not otherwise entitled, thus directly pertaining to KPM's counterclaim (*i.e.,* Count I) for cancellation of IEP's trademark registration pursuant to 15 U.S.C. §§ 1064 and/or 1119. *See* Doc. 38 at ¶¶ 69-75.

Also, the previously noticed depositions of IEP's CEO, Randy Davis, and its Rule 30(b)(6) corporate representative are similarly critical to this counterclaim but were postponed for efficiency purposes pending this Court's resolution of the outstanding motions to compel, since it would have wasted party resources to take those depositions without the written and document discovery from IEP that KPM requested but were refused. This discovery, in conjunction with newly-identified discovery needed based on information received from the USPTO that KPM sought due to IEP's refusal to provide related discovery, is essential and is expected to be highly informative for summary judgment and expert discovery.

KPM has already requested an Extension of Time to Complete Discovery (*see* Doc. 55) to accommodate any resulting production of documents from IEP, and the rescheduling of necessary depositions for which such documents are essential following the Court's resolution of the outstanding motions to compel. IEP has likewise requested an extension of discovery (Doc. 51). Thus, both parties already recognize that discovery remains to be completed before the case moves into expert discovery and summary judgment.

However, the current deadline for opening expert reports is currently set for August 19,

2022, per the Court's Scheduling Order (Doc. 42). The pending motions to compel and motions to extend fact discovery, and any discovery that results therefrom, will certainly impact and inform the scope and content of the expert reports. Plus, any expert report prepared without the information, documents, and testimony sought by KPM will be premature and incomplete, which is also inefficient. Moreover, the recent document production from the USPTO further underscores the gravity and consequence of the discovery sought from IEP, which IEP has refused to provide to date, thereby prejudicing KPM's defenses and counterclaims.

Accordingly, KPM seeks an appropriate temporary stay of proceedings until such discovery disputes are resolved by the Court. This stay is not being sought for delay or any other improper purpose and is contemplated to only extend until resolution of the presently-pending motions to compel.

For these reasons, KPM requests that the Court temporarily stay the proceedings in this matter. KPM also respectfully seeks the appointment of a magistrate judge to take up the pending discovery motions, should the Court see fit. Given the number, nature and scope of discovery disputes presently before the Court, KPM believes this will be an appropriate distribution of the Court's resources.

Respectfully submitted this 10th day of August, 2022.

/s/ Andrew Crain

Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
*pnieves@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Robert D. Gravois (*pro hac vice*)
*r.gravois@thip.law*
Andrea Nguyen (*pro hac vice*)
*a.nguyen@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE, Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies that counsel for the parties conferred in a good faith attempt to resolve or narrow the issues presented by this motion but were unable to reach an agreement.

*/s/ Andrew Crain*
Andrew Crain

*Attorney for Defendants*

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>        Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED<br>F/K/A STATERA ANALYTICS,<br>INCORPORATED AND KPM ANALYTICS<br>NORTH AMERICA CORPORATION F/K/A<br>PROCESS SENSORS CORPORATION,<br>        Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ *Andrew Crain*
Andrew Crain

*Attorney for Defendants*

2