**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>                Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>                Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**[PROPOSED] OMNIBUS REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTIONS TO COMPEL [DOCS. 45, 52] AND
MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY AND FOR
LEAVE TO PROPOUND ADDITIONAL REQUESTS FOR ADMISSION [DOC. 55]**

**TABLE OF CONTENTS**

1. THE USPTO RECENTLY PRODUCED DOCUMENTS AFFIRMING THAT JOHN SHEA'S SIGNATURE WAS FORGED IN THE DECLARATION THAT IEP FILED WITH THE USPTO ................................................................................................... 1

2. THE USPTO'S DOCUMENTS SUPPORTING THAT MR. SHEA'S DECLARATION WAS FORGED UNDERSCORE THE IMPORTANCE OF THE DISCOVERY BEING SOUGHT IN KPM'S MOTIONS TO COMPEL ............................................................ 3

3. THE USPTO'S RECENT PRODUCTION ALSO UNDERSCORES THE IMPORTANCE OF EXTENDING DISCOVERY AND FOR GRANTING LEAVE FOR KPM TO SERVE ADDITIONAL REQUESTS FOR ADMISSION .......................................................... 4

4. IEP'S RECENTLY CHANGED POSITION ON THE PRODUCTION OF EMAILS FURTHER SHOWS THAT KPM'S MOTIONS SHOULD BE GRANTED ........................... 4

5. CONCLUSION ...................................................................................................... 5

In light of documents recently produced by the U.S. Patent and Trademark Office ("USPTO") in response to a subpoena from KPM, KPM respectfully files the present omnibus reply brief in support of its Motion to Compel Plaintiff's Production of Documents and Interrogatory Response [Doc. 45] and Motion to Compel Responses to Interrogatories and Requests for Admission [Doc. 52] (collectively, "the Motions to Compel"); and KPM's Motion for Extension of Time to Complete Discovery and for Leave to Propound Additional Requests for Admission [Doc. 55] ("the Motion for Additional Discovery").

1. **THE USPTO RECENTLY PRODUCED DOCUMENTS AFFIRMING THAT JOHN SHEA'S SIGNATURE WAS FORGED IN THE DECLARATION THAT IEP FILED WITH THE USPTO**

Last week, the USPTO produced documents in response to KPM's June 9, 2020 subpoena indicating that IEP's Vice President, John Shea, did *not* sign the declaration filed with the USPTO bearing his name and purported electronic signature. In particular, the USPTO documents show that the declaration was electronically signed and filed by the same person, but that it was not signed or filed by Mr. Shea. *Compare* Ex. A ("IP address of the signer" of the declaration) *with* Ex. B ("IP address of the submitter"); *see also* Ex. B (identifying the submitter as "███████"). Moreover, a document created by the USPTO using "an internal investigative tool" states that "[t]he user IP address in th[e] signature log report and the associated submission log report is the same. ***This indicates that the person who signed the filing did so from the same IP address as the person who sent the signature request.***" Ex. B (emphasis added); Ex. C (letter from USPTO Office of the General Counsel). Therefore, it clearly appears that Mr. Shea's signature was forged in the declaration that IEP submitted to the USPTO for the purposes of maintaining the federal trademark registration being asserted in this case, which constitutes fraud and should result in the trademark registration being asserted in this case rendered void *ab initio*. *See* 15 U.S.C. § 1119 ("the court may … order the cancelation of [trademark] registrations, in whole or in part"); *Marshak v. Treadwell*, 240 F.3d 184, 193 (3d Cir. 2001) ("a claim for cancellation of a mark based on fraudulent procurement … may be asserted at any time").

IEP opposes KPM's Motions to Compel largely on the basis that KPM's allegations regarding the declaration being forged were supposedly "manufactured," "lack[] merit," "misrepresent Mr. John Shea's deposition testimony," are "futile," and are "antithetical to evidence on record." Doc. 53 at 1, 2, 4; Doc. 59 at 1, 8. IEP even goes so far as to assert that IEP's responses to the following requests for admission are "proper" and "the truth." Doc. 59 at 8.

> **REQUEST NO. 21:** Admit that a person other than John Shea entered "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.
>
> **RESPONSE TO REQUEST NO. 21:**
>
> Denied. See Response to Request 22.
>
> **REQUEST NO. 22:** Admit that a person other than John Shea did not enter "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.
>
> **RESPONSE TO REQUEST NO. 22:**
>
> Admitted that IEP has no reason to doubt that John Shea did so. See John Shea's declaration of March 2, 2022..
>
> **REQUEST NO. 24:** Admit that no person working for Whitmyer IP Group – Plaintiff's counsel of record in this litigation – entered John Shea "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.
>
> **RESPONSE TO REQUEST NO. 24:**
>
> Admitted that IEP has no reason to doubt that John Shea did so. See John Shea's declaration of March 2, 2022.

Doc. 52-8 at 9-10. However, as shown by the documents recently produced by the USPTO, IEP's discovery responses and its arguments to this Court are false. IEP can no longer deny that Mr. Shea did not sign the declaration bearing his name, and as discussed below, the discovery sought by KPM in its two pending motions to compel regarding that same forged declaration and IEP's additional acts of fraud on the USPTO is critical to KPM's defenses and counterclaims.

## 2. THE USPTO'S DOCUMENTS SUPPORTING THAT MR. SHEA'S DECLARATION WAS FORGED UNDERSCORE THE IMPORTANCE OF THE DISCOVERY BEING SOUGHT IN KPM'S MOTIONS TO COMPEL

In KPM's first Motion to Compel [Doc. 45], KPM asks the Court to order IEP to produce all emails responsive to Requests for Production Nos. 70-71 and a complete response to Interrogatory No. 4, because this information relates to the declarations that IEP submitted to the USPTO for the purposes of obtaining and maintaining the trademark registration being asserted against KPM, including the declaration bearing Mr. Shea's forged signature. *See* Doc. 45-1 at 3-10. IEP opposed KPM's motion based on the argument that "KPM has manufactured exceptional counterclaims that IEP perpetrated some acts of fraud on the USPTO," that KPM's allegations "lacked merit" and "misrepresent[] Mr. John Shea's deposition testimony." Doc. 53 at 1, 2, and 4. However, the USPTO's document production supports the merit of KPM's allegations by showing that someone forged Mr. Shea's signature in the declaration and that the authenticity of the signature of the other declaration submitted by IEP is suspect. As discussed in KPM's opening brief, the information sought by KPM is highly probative into the signing of the declarations submitted by IEP and the veracity of statements made in the declarations. *See* Doc. 45-1 at 1, 3-10. Accordingly, the Court should grant KPM's first Motion to Compel [Doc. 45].

Similarly, KPM's second Motion to Compel [Doc. 52] asks the Court to order IEP to provide full responses to Interrogatory Nos. 23 and 24 and to provide proper responses to Request for Admission Nos. 20, 22, and 24, which are also directed to issues involving the declarations IEP submitted to the USPTO. *See* Doc. 52-1 at 1, 3-8, 9-10. IEP opposed KPM's motion, asserting that KPM's allegations regarding the declarations were "futile" and that the motion should be denied because KPM seeks information "antithetical to evidence on the record." Doc. 59 at 1, 8; *see also id.* at 8 ("KPM now moves this Court to compel production of something other than the truth."). Accordingly, KPM's second Motion to Compel should also be granted.

3. **THE USPTO'S RECENT PRODUCTION ALSO UNDERSCORES THE IMPORTANCE OF EXTENDING DISCOVERY AND FOR GRANTING LEAVE FOR KPM TO SERVE ADDITIONAL REQUESTS FOR ADMISSION**

In light of the USPTO's recent document production showing that Mr. Shea's signature was forged in a declaration that IEP filed with the USPTO for the purposes of maintaining its registration to which it is otherwise not entitled, it is only fair for KPM to have the ability to conduct additional discovery. KPM had been diligently seeking the USPTO's documents since the very same day that KPM's fraud counterclaims were entered into this case. *See* Ex. D (Freedom of Information Act request); Ex. E (first subpoena); Ex. F (second subpoena). However, because the USPTO refused to produce documents until after KPM filed a motion to compel in the Eastern District of Virginia and that court ordered the USPTO to produce responsive documents, KPM received the documents only recently, on August 8th. *See* Ex. G (Order in *In re Subpoena to United States Patent and Trademark Office*, No. 1:22-mc-14 (E.D. Va.). Accordingly, the discovery period should be extended as requested in KPM's motion so that KPM can obtain discovery based on this new information from the USPTO.

Furthermore, the USPTO's document production further shows that it is appropriate for KPM to be granted leave to propound the additional requests for admission ("RFAs") identified in its Motion for Additional Discovery. *See* Doc. 55 at 4 (referring to additional RFAs in Doc. 55-1). As discussed in KPM's motion, these RFAs are highly relevant to KPM's counterclaims regarding the forged declaration and false statements contained in IEP's declarations concerning alleged use of goods and services in connection with the registered mark. *See* Doc. 55 at 4.

4. **IEP'S RECENTLY CHANGED POSITION ON THE PRODUCTION OF EMAILS FURTHER SHOWS THAT KPM'S MOTIONS SHOULD BE GRANTED**

Despite opposing KPM's Motions to Compel and Motion for Additional Discovery, IEP recently demonstrated that it acknowledges that further discovery is appropriate. In particular, after receiving the USPTO's documents showing that Mr. Shea's declaration appears to be a forgery, IEP informed KPM that it now astonishingly desires to produce emails "relating to the signing of John Shea's November 23, 2020 Declaration." Ex. G. Thus, notwithstanding that this now-found

4

email chain indicates that IEP does have emails responsive to Request for Production Nos. 70 and 71, as discussed above and in KPM's brief (Doc. 45-1 at 3-8), IEP implicitly acknowledges that the discovery period should be extended and that discovery into issues pertaining to the declarations is necessary by virtue of IEP's course-reversing willingness to provide at least some emails (notwithstanding any other such responsive emails that may also exist).

**5.   CONCLUSION**

For these reasons, and those discussed in KPM's opening briefs, the Court should grant KPM's Motions to Compel [Docs. 45, 52] and KPM's Motion for Additional Discovery [Doc. 55].

Respectfully submitted this 17th day of August, 2022.

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
mlambert@sheehan.com
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (*pro hac vice*)
pnieves@sheehan.com
**SHEEHAN PHINNEY BASS & GREEN PA**
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
a.crain@thip.law
Robert D. Gravois (*pro hac vice*)
r.gravois@thip.law
Andrea Nguyen (*pro hac vice*)
a.nguyen@thip.law
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>     Plaintiff,<br><br>     v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>     Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2022, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ N. Andrew Crain
N. Andrew Crain

*Attorney for Defendants*

7