# Exhibit D

### UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF THE GENERAL COUNSEL

April 25, 2022

**VIA EMAIL**

Ms. Andrea Nguyen
Thomas/Horster
3200 Windy Hill Road SE
Suite 1600E
Atlanta, GA 30339
*a.nguyen@thip.law*

RE:     ***Freedom of Information Act (FOIA) Request No. F-22-00091***

Dear Ms. Nguyen:

The United States Patent and Trademark Office (USPTO) FOIA Office has received your e-mail dated March 30, 2022 requesting a copy of the following documents pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552:

> Records relating to the signature of the Declaration of John Shea in support of Registrant's Combined Declaration of Use and Incontestability under Sections 8 and 15 for the `573 Registration, including any documents identifying the IP address, computer, or network from which the declaration was signed on or around November 23, 2020, and any email(s) generated by the TEAS system providing a link for signature of the Declaration on or up to two weeks before November 23, 2020, including the intended recipient(s) of the email(s).
> We seek these documents for litigation purposes, and have reason to believe that the identified signatory did not actually sign the Declaration. For the same reason, we are also seeking records relating to the signature of Randy Davis on Application Ser. No. 86/249899 (which resulted in the `573 Registration), including the same records identified above, namely, any documents identifying the IP address, computer, or network from which the application was signed on or around April 11, 2014, and any email(s) generated by the TEAS system providing a link for signature of the application on or up to two weeks before April 11, 2014, including the intended recipient(s) of the email(s).

The USPTO has identified a one-page document that is responsive to your request, however, its content (IP addresses) is withheld in full pursuant to Exemption (b)(6) of the FOIA.

1

Exemption 6 of the FOIA permits the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" has been broadly construed to cover "detailed Government records on an individual which can be identified as applying to that individual." Dep't of State v. Washington Post, 456 U.S. 595, 601 (1982). Information that applies to a particular individual meets the threshold requirement for Exemption (b)(6) protection. Id. The privacy interest at stake belongs to the individual, not the agency. See Dep't of Justice v. Reporter's Comm. for Freedom of the Press, 489 U.S. 749, 763-65 (1989). Exemption (b)(6) requires a balancing of an individual's right to privacy against the public's right to disclosure. See Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976); Multi Ag Media LLC v. Dep't of Agric., 515 F.3d 1224, 1228 (D.C. Cir. 2008). An individual has a personal privacy interest in their digital footprint created by an IP address, computer, or network. See Associated Press v. DOJ, 549 F.3d 62, 65 (2d Cir. 2008). The burden is on the requester to establish that disclosure of this information would serve the public interest. See Bangoura v. Dep't of the Army, 607 F. Supp. 2d 134, 148-49 (D.D.C. 2009). When balancing the public interest of release against individual privacy interest, the Supreme Court has made clear that information that does not directly reveal the operations or activities of the federal government falls outside the ambit of the public interest. See Reporters Comm., 489 U.S. at 775. Your request did not establish that the public interest in this information outweighs individual privacy interests, and as such, the information is withheld in full.

You may contact the FOIA Public Liaison at 571-272-9585 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

You have the right to appeal this initial decision to the Deputy General Counsel, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. An appeal must be received within 90 calendar days from the date of this letter. See 37 C.F.R. § 102.10(a). The appeal must be in writing. You must include a copy of your original request, this letter, and a statement of the reasons why the information should be made available and why this initial denial is in error. Both the letter and the envelope must be clearly marked "Freedom of Information Appeal."

Sincerely,

**Dorothy G. Campbell**
Dorothy G. Campbell
USPTO FOIA Officer
Office of General Law