# Exhibit F

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-10417-RWZ |
| KPM ANALYTICS INCORPORATED, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: United States Patent and Trademark Office, Office of the General Counsel, 10B20, Madison Building East, 600 Dulany Street, Alexandria, VA 22314

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment "A"

| Place: Regus<br>5680 King Centre Drive, Suite 600<br>Alexandrai, VA 22315 | Date and Time:<br><br>06/24/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/10/2022

*CLERK OF COURT*

OR

_____          /s/ Robert D. Gravois
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* KPM Analytics, et al.
_____, who issues or requests this subpoena, are:
Robert D. Gravois, THOMAS HORSTEMEYER LLP, 3200 Windy Hill Rd.SE, Ste.1600E, Atlanta, GA 30339; r.gravois@thip.law; 770-933-9500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-10417-RWZ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                                              _____
                                                                                    *Server's signature*

                                                                                    _____
                                                                                    *Printed name and title*

                                                                                    _____
                                                                                    *Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-cv-10417-RWZ   Document 61-7   Filed 08/17/22   Page 4 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

## INSTRUCTIONS

The following instructions and definitions supplement those contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, which are incorporated herein by reference. In addition to the definitions and instructions contained in those rules, the following definitions and instructions apply to these Requests.

1. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are required to produce copies of the requested documents, electronically stored information, or tangible things at the location, date, and time specified in the subpoena or produce the original documents, electronically stored information, or tangible things at said date, time and location for inspection by Defendants KPM Analytics, Incorporated and KPM Analytics North America Corporation.

2. Pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, you must produce the requested documents as they are kept in the ordinary course of business or must organize and label them to correspond to the below categories of Requests. With regard to electronically stored information, you must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

3. All responsive documents stored in machine-readable form shall be produced in electronic form and in hard-copy form with the printout date and file name and location appearing on the copy. Documents attached to each other or consisting of multiple pages must not be separated.

4. In producing documents, furnish all documents within your possession, custody, or control, as well as all documents within the possession, custody, or control of your agents,

representatives, employees, officers, directors, attorneys, parent, subsidiary, affiliated corporations, or anyone else acting on your behalf. This subpoena also embraces originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the documents described in this subpoena.

     5.     If you contend that you are entitled on the basis of any claim or privilege to withhold the production of any documents requested herein, provide the following information with respect to each such document:

     (a)     the type of document, whether a letter, memorandum, report, etc. or the nature of the information;

     (b)     the title or other identifying designation, if any, of the document;

     (c)     the date of the document;

     (d)     the subject matter of the document or information;

     (e)     the identities of all persons who created, sent, received or have ever had possession of the information as of either the original or any copy of the documents;

     (f)     the basis of or grounds for the claim of privilege;

     (g)     the person on whose behalf the claim of privileges is being asserted; and

     (h)     the document request to which the document has responsive information.

     6.     If you object to any portion of any Request herein, you are, nevertheless, required to produce the document(s) and thing(s) relating to that Request to which you have no objection, and to identify which document(s) and thing(s) are being withheld and the reason for such refusal to produce.

7. If, in answering any Request, you encounter any ambiguity concerning either the request or the definition or instruction relevant to the inquiry contained within the request, set forth the matter deemed ambiguous and the construction selected for use in answering the request.

8. If any document that would have been responsive has been destroyed or is otherwise no longer in your possession, custody, or control: (a) describe the content of the document and state the location of all copies of it; and (b) state the date of and identify the person responsible for its destruction, loss, transfer, or other action by which the document left your possession, custody, or control.  You are to retain copies of all documents relevant to this suit that are currently in existence.

9. To the extent permitted and authorized by law, this subpoena shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

10. Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

## DEFINITIONS

A. The term "document" has the meaning as provided by Local Rule 26.5(c)(2) of the Local Rules of United States District Court for the District of Massachusetts, which states:

> The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

L.R., D. Mass. 26(c)(2).

B. The term "concerning" has the meaning as provided by Local Rule 26.5(c)(7) of the Local Rules of United States District Court for the District of Massachusetts, which states:

> The term "concerning" means referring to, describing, evidencing, or constituting.

L.R., D. Mass. 26(c)(7).

  C. "The '573 Registration" refers to U.S. Trademark Registration No. 4,648,573.

  D. "The '899 Application" refers to U.S. Trademark Application No. 86/249,899, which issued as the '573 Registration.

  E. "The Combined Section 8 and 15 Declaration" refers to the Combined Declaration of Use and Incontestability Under Sections 8 and 15 (PTO Form 1583) filed with the U.S. Patent and Trademark Office for the '573 Registration on or around November 23, 2020.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents and things concerning the signature of the named signatory, John Shea, in relation to the declaration submitted with and/or in support of the Combined Section 8 and 15 Declaration, including but not limited to all documents or things identifying the Internet Protocol (IP) address, computer, or network from which the declaration was signed and/or the signature was submitted or entered.

**REQUEST NO. 2:** All documents and things identifying the IP address, computer, or network from which the Combined Section 8 and 15 Declaration was submitted to and/or filed with the U.S. Patent and Trademark Office.

**REQUEST NO. 3:** All documents and things concerning the signature of the named signatory, Randy Davis, of the declaration submitted on or around April 11, 2014 in support of the Trademark/Service Mark Application, Principal Register (PTO Form 1478) for the '899 Application, including but not limited to all documents or things identifying the Internet Protocol (IP) address, computer, or network from which the declaration was signed and/or the signature was submitted or entered.

**REQUEST NO. 4:** All documents and things identifying the IP address, computer, or network from which the Trademark/Service Mark Application, Principal Register (PTO Form 1478) for the '899 Application was submitted to the U.S. Patent and Trademark Office on or around April 11, 2014.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>      Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DEFENDANTS' NOTICE OF RENEWED THIRD-PARTY SUBPOENA
TO THE UNITED STATES PATENT AND TRADEMARK OFFICE**

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Defendants KPM Analytics, Incorporated and KPM Analytics North America Corporation (collectively, "KPM"), by and through its undersigned counsel, will serve the attached third-party subpoena upon the United States Patent and Trademark Office through its Office of the General Counsel, 10B20, Madison Building East, 600 Dulany Street, Alexandria, Virginia 22314, pursuant to 37 C.F.R. § 104.1 *et seq.*, commanding the production of documents and things specified in Schedule A at Regus, 5680 King Centre Drive, Suite 600, Alexandria, VA 22315 or, in the alternative, at Thomas Horstemeyer LLP, 3200 Windy Hill Road SE, Suite 1600E, Atlanta, Georgia, 30339, on June 24, 2022 at 9:00 AM, or such other place and time as mutually agreed upon.

| | |
|---|---|
| This 10th day of June, 2022 | /s/ Robert D. Gravois |
| | Michael J. Lambert (BBO No. 632053) |
| | *mlambert@sheehan.com* |
| | SHEEHAN PHINNEY BASS & GREEN PA |
| | 28 State Street |
| | 22nd Floor |
| | Boston, Massachusetts 02109 |
| | Telephone: 617.897.5637 |
| | Facsimile: 617.439.9363 |
| | |
| | Peter A. Nieves (*pro hac vice*) |
| | *pnieves@sheehan.com* |
| | SHEEHAN PHINNEY BASS & GREEN PA |
| | 1000 Elm Street |
| | 17th Floor |
| | Manchester, New Hampshire 03101 |
| | Telephone: 603.627.8134 |
| | Facsimile: 603.641.2353 |
| | |
| | N. Andrew Crain (*pro hac vice*) |
| | *a.crain@thip.law* |
| | Robert D. Gravois (*pro hac vice*) |
| | *r.gravois@thip.law* |
| | THOMAS | HORSTEMEYER, LLP |
| | 3200 Windy Hill Rd SE |
| | Suite 1600E |
| | Atlanta, Georgia 30339 |
| | Telephone: 770.933.9500 |
| | |
| | *Counsel for Defendants* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>     Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 10, 2022, the foregoing was served via e-mail upon counsel of record for Plaintiff pursuant to prior written agreement of the parties recorded in the parties' Rule 16(d) Joint Report in accord with Fed. R. Civ. P. 5(b)(2)(E):

Stephen F.W. Ball, Jr.
sball@whipgroup.com

Robert D. Keeler
rkeeler@whipgroup.com

Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
litigation@whipgroup.com

/s/ Robert D. Gravois
N. Andrew Crain
Counsel for Defendants

3