UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>Defendants. | Civil Action No.<br>1:21-CV-10417-RWZ |

## IEP'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

Plaintiff IEP Technologies, LLC ("IEP" or "Plaintiff") hereby submits this Opposition to Defendants' KPM Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM" or "Defendants") Motion to Stay, (Doc. 60, "Motion").

### I. INTRODUCTION

A stay is neither justified nor appropriate. While KPM is right that there are several outstanding motions to compel, the vast majority of the issues relate to KPM's refusal to cooperate in discovery or reasonably respond to IEP's discovery requests. KPM should not be rewarded for its dilatory tactics with an indefinite stay while it continues its willful trademark infringement.

The basis for KPM's Motion is yet another mischaracterization of evidence. KPM

continues its unsupported theory that IEP committed an undefined fraud on the USPTO, alleging that Mr. Shea did not sign a declaration for its trademark. Mr. Shea did sign it. Although IEP believes KPM is not entitled to the privileged information, IEP has identified documents that evidence Mr. Shea's signing of the declaration. As a result, KPM's purported discovery disputes are now resolved.

This is a simple case about KPM's willful trademark infringement of IEP's incontestable mark. The parties use the ***same marks***, with IEP having begun use of its ⬡ trademark in 2013 ( ⬡ in color) (collectively, "IEP's mark"[1]), while KPM began use of its ⬡ trademark in 2018 ( ⬡ in color ) (collectively, "KPM's mark"[2]). (Doc. 1 at ¶ 13; Doc. 38 at ¶ 31.) The parties have the ***same customers*** in the ***same industries*** (such as wood, paper, power, metals, chemicals, food, and grain processing industries (*see* Doc. 1-7 at 6 (KPM's website)), with discovery showing an overlap of at least 48 customers[3]. (*See* Doc. 44; Doc. 44-1 at ¶ 25.) The parties advertise at the ***same trade shows and in the same trade publications***, such as the International Powder and Bulk Solids show. (Doc. 44 at 6, 7.) And the parties sell the ***same products (such as sensors) for the same uses (such as to reduce or eliminate fire or explosion hazards)***. (Doc. 44 at 4.) This is textbook willful trademark infringement.

KPM wants to distract from this simple infringement case by creating a discovery sideshow. No good cause exists for further extensions and KPM's Motion to Stay should be denied.

---

[1] IEP's trademark registration has no color claim, so its protection extends to any variation of colors. (Doc. 1-1.)
[2] KPM disclaimed the words "Process Sensors Corporation", which are generic with regard to its sensors for process lines. IEP sells sensors for process lines. (Doc. 1-3.)
[3] IEP has moved to compel KPM's complete customer list. (Doc. 44.)

## II. ARGUMENT

KPM is a willful infringer attempting to distract the Court from its ongoing trademark infringement. There is no support for KPM's belabored complaints that IEP somehow "fraudulently maintained" its trademark. (Motion at 2.) Trademark rights are based on use, and the USPTO reviewed and approved IEP's statements of continued use.

At issue in KPM's Motion is the fabrication that Mr. Shea did not sign his declaration. Never mind that KPM has not shown how this could be fraud, but the evidence shows that Mr. Shea did sign his declaration. There is no good cause for an indefinite stay and KPM's discovery issues are moot.

### A. The Evidence Shows That Mr. Shea Signed His Declaration

The basis for KPM's attempt to show fraud is that Mr. Shea testified during his deposition that he signs a number of declarations for trademarks and did not recall a specific one signed in 2020. (Doc. 31-3 (Shea Tr). at 128:15-18; 131:1-3 ("Q. Do you have any reason to doubt that you signed this declaration? A. I don't recall signing this declaration.").) In any event, Mr. Shea submitted a declaration stating he had no reason to doubt that he signed the declaration, and affirmed the accuracy of the information contained therein. (Doc. 31-1.)

Despite this, KPM has engaged in a fishing expedition to attack Mr. Shea's credibility. According to KPM, "[t]he alleged fraud pertains to the submission of a forged declaration to the USPTO purportedly signed by IEP's co-President, John Shea (see Doc. 38 at ¶ 31), when in fact the USPTO records show it was not signed by Mr. Shea but instead was forged by someone associated with IEP's counsel in Connecticut." (Motion at 2.)

The evidence shows that Mr. Shea did sign his declaration. Submitted herewith is a Motion for Protective Order and Leave to File Under Seal regarding HIGHLY CONFIDENTIAL and privileged documents identified by IEP. These documents show the following:

- The Whitmyer IP Group prepared the declaration for IEP's signature and sent it to IEP's legal representatives in Europe on November 18, 2020 (Exhibit 1);

- IEP's legal representatives in Europe sent the declaration to Mr. Shea for his signature on the morning of November 23, 2020 (Exhibit 2);

- Mr. Shea responded to IEP's legal representatives in Europe on the afternoon of November 23, 2020, informing them that he had signed the declaration (Exhibit 3);

- The Whitmyer IP Group submitted the declaration (signed by Mr. Shea) to the USPTO later that afternoon on November 23, 2020 (Exhibit 4).

Once the Court grants IEP's Motion for Protective Order and Leave to File Under Seal, IEP will submit these documents in support of this Opposition. The issue is settled and KPM's untoward fishing expedition has run its course.[4]

### B. There Is No Good Cause For An Indefinite Stay And KPM's Discovery Complaints Are Now Moot

While KPM cites law that requires it to bear the burden of "showing good cause and reasonableness" for its indefinite stay, it does neither. (Motion at 2.) In fact, KPM never even alleges either factor. Instead, it makes conclusory allegations about the "efficiency" of refusing to pursue depositions when discovery was open. (Motion at 3.) The "efficiency" of KPM's strategy is proven false by its unending motion practice to complain about the very discovery it chose not to pursue.

Regardless, the basis for KPM's Motion to Stay no longer passes muster in light of IEP's documents. According to KPM, "As set forth in KPM's Motions to Compel (Docs. 45 and 52), the documents sought are highly relevant to this matter and are expected to be complementary of

---

[4] IEP maintains that KPM was not entitled to these privileged documents. While IEP has agreed to make them available in order to address the issue of Mr. Shea's signing of the declaration, these documents will be submitted under seal with redactions.

the documents produced by the USPTO that support KPM's counterclaim that IEP fraudulently procured and maintained its trademark registration through the submission to the USPTO of at least one forged declaration." (Motion at 2.) The evidence makes clear Mr. Shea signed his declaration and it was not "forged." Accordingly, there is no basis for a stay.

### III.  CONCLUSION

For the foregoing reasons, KPM's Motion to Stay should be denied.

Respectfully submitted,

DATED: August 19, 2022

/s/ *Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr.,
Robert D. Keeler,
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
tel: 203-703-0800
fax: 203-703-0801
email: litigation@whipgroup.com
          sball@whipgroup.com
          rkeeler@whipgroup.com

*Attorneys for Plaintiff,*
*IEP Technologies, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of August, 2022, a true and correct copy of the foregoing **IEP'S OPPOSITION TO DEFENDANTS' MOTION TO STAY** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

DATED: August 19, 2022                                        */s/ Stephen F.W. Ball, Jr.*