UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>Defendants. | Civil Action No.<br>1:21-CV-10417-RWZ |

**IEP'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE OMNIBUS REPLY BRIEF**

Plaintiff IEP Technologies, LLC ("IEP" or "Plaintiff") hereby submits this Opposition to Defendants' KPM Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM" or "Defendants") Motion for Leave to File Omnibus Replay Brief in Support of Their Motions to Compel and Motion for Additional Discovery, (Doc. 61, "Motion").

**I.   ARGUMENT**

KPM mischaracterizes the evidence to prolong this simple case so it can continue its willful infringement. There is no support for KPM's belabored complaints that IEP somehow fraudulently maintained its trademark and that Mr. Shea's declaration is "a forgery." (Motion at 1.) Trademark rights are based on use, and the USPTO reviewed and approved IEP's statements of continued use. KPM has not even alleged the basics of fraud, such as intent, misrepresentation

1

of a material fact, or that IEP is not eligible for its trademark protection (which was expressly approved by the USPTO).

In any event, the evidence shows that Mr. Shea did sign his declaration. Although IEP believes KPM is not entitled to the privileged information, IEP has identified documents that evidence Mr. Shea's signing of the declaration. IEP sought to make these documents available to KPM, (Doc. 61-8, Aug. 12 2022 letter to KPM), but KPM never responded. Instead, it has continued with its endless motion practice to further burden IEP and the Court. By virtue of these documents, KPM's purported discovery disputes are now resolved.

### A. IEP Has Identified Documents Evidencing That Mr. Shea Signed His Declaration

The evidence shows that Mr. Shea signed his declaration. IEP has filed a Motion for Protective Order and Leave to File Under Seal regarding HIGHLY CONFIDENTIAL and privileged documents. These documents show the following:

- The Whitmyer IP Group prepared the declaration for IEP's signature and sent it to IEP's legal representatives in Europe on November 18, 2020;

- IEP's legal representatives in Europe sent the declaration to Mr. Shea for his signature on the morning of November 23, 2020;

- Mr. Shea responded to IEP's legal representatives in Europe on the afternoon of November 23, 2020, informing them that he had signed the declaration;

- The Whitmyer IP Group submitted the declaration (signed by Mr. Shea) to the USPTO later that afternoon on November 23, 2020.

(Doc. 63.) These documents settle the issue regarding the signing of Mr. Shea's declaration. KPM's untoward fishing expedition has run its course.

### B. KPM Mischaracterizes The USPTO Documents, Which Are Not Evidence Anyhow

KPM argues that documents produced by the USPTO support that Mr. Shea's declaration is "a forgery." (Motion at 1.) Never mind that these documents were produced after the close of discovery, but KPM fails to provide context and explanation of the documents. In fact, they have not even been authenticated.

KPM has not provided the Court with the transaction records provided by the USPTO. These include "20140415-app0001.xml," which purportedly recorded information when the trademark application was created, "20201124-8150001_A.xml," which purportedly recorded information when the declaration was created, and "signatures_20201124-8150001_A.xml," which purportedly recorded information when the declaration was signed. (*See* Doc. 61-4 at 2-3.) IEP notes that the transaction record for the declaration signature does not record IP address information:

```xml
<signatures completed="Mon Nov 23 14:56:13 ET 2020">
    <requestor name="Stephen F.W. Ball, Jr. ">trademark@whipgroup.com</requestor>
  <declaration sent="Wed Nov 18 14:04:48 ET 2020">
      <to>trademark@whipgroup.com</to>
  </declaration>
  <signature action-code="create" version="new">
      <esignature-type>ESIGN-ON</esignature-type>
      <signature-type>D</signature-type>
      <signature-entry-number>1</signature-entry-number>
      <signature-name/>
      <signatory-date/>
      <signatory-name/>
      <signatory-position/>
      <phone>2037030800</phone>
  </signature>
  <signature action-code="create" version="new">
      <esignature-type>ESIGN-ON</esignature-type>
      <signature-type>D</signature-type>
      <signature-entry-number>1</signature-entry-number>
      <signature-name>/John Shea/</signature-name>
      <signatory-date>20201123</signatory-date>
      <signatory-name>john shea</signatory-name>
      <signatory-position>Vice President</signatory-position>
      <phone>2037030800</phone>
  </signature>
</signatures>
```

(Exhibit A.) It is of no moment that the USPTO captured IP address information of the

3

Whitmyer IP Group when the declaration was created, as the USPTO system is built so that law firms can do send a declaration to the client for signature.

There is simply nothing in the USPTO transaction records that contradict IEP's documents referenced above, which evidence that the Whitmyer IP Group prepared the declaration for IEP, the declaration was ultimately sent to Mr. Shea for signature, and the Whitmyer IP Group submitted the declaration with Mr. Shea's signature. Mr. Shea signed his declaration and it was not "forged."

The issue regarding the signing of Mr. Shea's declaration is settled and no further motion practice on the issue is appropriate.

### C. IEP Has Supplemented Its Discovery Responses, Rendering KPM's Complaints Moot

KPM seeks additional discovery in the form of emails relating to the signing of Mr. Shea's declaration as well as supplemental responses to KPM's Requests For Admission 21, 22, and 24. Emails have been identified and are being made available, discuss *supra*. In addition, IEP has supplemented its responses to the Requests for Admission to state that Mr. Shea signed his declaration. (Exhibit B.)

Accordingly, KPM's discovery complaints are now moot.

## II. <u>CONCLUSION</u>

For the foregoing reasons, KPM's Motion for Leave should be denied.

Respectfully submitted,

DATED: August 19, 2022

/s/ *Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr.,
Robert D. Keeler,
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
tel: 203-703-0800
fax: 203-703-0801
email: litigation@whipgroup.com
       sball@whipgroup.com
       rkeeler@whipgroup.com

*Attorneys for Plaintiff,*
*IEP Technologies, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on this 19th day of August, 2022, a true and correct copy of the foregoing **IEP'S OPPOSITION TO DEFENDANTS' MOTION TO STAY** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

DATED: August 19, 2022  /s/ Stephen F.W. Ball, Jr.