**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>        Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**PLAINTIFF'S OBJECTIONS AND SUPPLEMENTAL RESPONSES**
**TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff IEP Technologies, LLC, ("IEP" or "Plaintiff"), by the undersigned attorneys, provide objections and supplemental responses to Defendants KPM Analytics, Inc. and KPM Analytics North America Corp.'s ("KPM" or "Defendant") First Set of Requests for Admissions as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

IEP incorporates by reference the Preliminary Statement and General Objections from its Plaintiff's Objections and Responses to Defendants' First Set of Requests for Admissions (Nos. 1-94), dated July 5, 2022.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**  Admit that, as of April 11, 2014, IEP had not provided any new product research and design services in the field of safety equipment and hardware to or for others.

**RESPONSE TO REQUEST NO. 1:**

Denied. See Response to Request 2.


**REQUEST NO. 2:**  Admit that, as of April 11, 2014, IEP had provided new product research and design services in the field of safety equipment and hardware to or for others.

**RESPONSE TO REQUEST NO. 2:**

Admitted.


**REQUEST NO. 3:**  Admit that, as of April 11, 2014, IEP had not designed any new product(s) for others as a result of any research and design services in the field of safety equipment and hardware by IEP.

**RESPONSE TO REQUEST NO. 3:**

Denied. See Response to Request 4.


**REQUEST NO. 4:**  Admit that, as of April 11, 2014, IEP had designed one or more new product(s) for others as a result of any research and design services in the field of safety equipment and hardware by IEP.

**RESPONSE TO REQUEST NO. 4:**

Admitted.


**REQUEST NO. 5:**  Admit that, as of April 11, 2014, IEP had not sold any new product(s) to others that IEP designed as a result of its research and design services for others in the field of

2

safety equipment and hardware.

**RESPONSE TO REQUEST NO. 5:**

Denied. See Response to Request 6.


**REQUEST NO. 6:**  Admit that, as of April 11, 2014, IEP had sold one or more new products to others that IEP designed as a result of its research and design services for others in the field of safety equipment and hardware.

**RESPONSE TO REQUEST NO. 6:**

Admitted.


**REQUEST NO. 7:**  Admit that, as of April 11, 2014, IEP had advertised that it offered to others new product research and design services in the field of safety equipment and hardware.

**RESPONSE TO REQUEST NO. 7:**

Admitted. See Response to Request 8.


**REQUEST NO. 8:**  Admit that, as of April 11, 2014, IEP had not advertised that it offered to others new product research and design services in the field of safety equipment and hardware.

**RESPONSE TO REQUEST NO. 8:**

Denied. See Response to Request 7.


**REQUEST NO. 9:**  Admit that IEP did not provide to others any new product research and design services in the field of safety equipment and hardware continuously from December 2, 2014 through December 2, 2019.

**RESPONSE TO REQUEST NO. 9:**

Denied. See Response to Request 10.


**REQUEST NO. 10:**  Admit that IEP did provide to others new product research and design

services in the field of safety equipment and hardware continuously from December 2, 2014 through December 2, 2019.

**RESPONSE TO REQUEST NO. 10:**

Admitted.

**REQUEST NO. 11:**  Admit that, as of November 23, 2020, IEP had not provided any new product research and design services in the field of safety equipment and hardware to others.

**RESPONSE TO REQUEST NO. 11:**

Denied. See Response to Request 12.

**REQUEST NO. 12:**  Admit that, as of November 23, 2020, IEP had provided new product research and design services in the field of safety equipment and hardware to others.

**RESPONSE TO REQUEST NO. 12:**

Admitted.

**REQUEST NO. 13:**  Admit that, as of November 23, 2020, IEP had not sold any new product(s) to others as a result of any research and design services for others in the field of safety equipment and hardware.

**RESPONSE TO REQUEST NO. 13:**

Denied. See Response to Request 14.

**REQUEST NO. 14:**  Admit that, as of November 23, 2020, IEP had sold one or more new product(s) to others as a result of any research and design services for others in the field of safety equipment and hardware.

**RESPONSE TO REQUEST NO. 14:**

Admitted.

**REQUEST NO. 15:**  Admit that, as of November 23, 2020, IEP had advertised that it offered to others new product research and design services for others in the field of safety equipment and hardware.

**RESPONSE TO REQUEST NO. 15:**

Admitted.


**REQUEST NO. 16:**  Admit that, as of November 23, 2020, IEP had not advertised that it offered to others new product research and design services for others in the field of safety equipment and hardware.

**RESPONSE TO REQUEST NO. 16:**

Denied. See Response to Request 15.


**REQUEST NO. 17:**  Admit that the image in IEP004260 is from a photograph taken before 2015.

**RESPONSE TO REQUEST NO. 17:**

Admitted.


**REQUEST NO. 18:**  Admit that the image in IEP004260 is not from a photograph taken before 2015.

**RESPONSE TO REQUEST NO. 18:**

Denied. See Response to Request 17.


**REQUEST NO. 19:**  Admit that John Shea did not personally enter "/John Shea/" into the signature block for the electronic submission of the Combined Declaration of Use and Incontestability for the '573 Registration.

**RESPONSE TO REQUEST NO. 19:**

Denied. See Response to Request 20.

**REQUEST NO. 20:**  Admit that John Shea did personally enter "/John Shea/" into the signature block for the electronic submission of the Combined Declaration of Use and Incontestability for the '573 Registration.

**RESPONSE TO REQUEST NO. 20:**

Admitted that IEP has no reason to doubt that John Shea did so. See John Shea's declaration of March 2, 2022.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Admitted.

**REQUEST NO. 21:**  Admit that a person other than John Shea entered "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.

**RESPONSE TO REQUEST NO. 21:**

Denied. See Response to Request 22.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Denied. See Response to Request 20.

**REQUEST NO. 22:**  Admit that a person other than John Shea did not enter "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.

**RESPONSE TO REQUEST NO. 22:**

Admitted that IEP has no reason to doubt that John Shea did so. See John Shea's declaration of March 2, 2022.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

Admitted.

**REQUEST NO. 23:**  Admit that a person working for Whitmyer IP Group – Plaintiff's counsel of record in this litigation – entered John Shea "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.

**RESPONSE TO REQUEST NO. 23:**

Denied. See Response to Request 24.


**REQUEST NO. 24:**  Admit that no person working for Whitmyer IP Group – Plaintiff's counsel of record in this litigation – entered John Shea "/John Shea/" into the signature block in relation to the Combined Declaration of Use and Incontestability for the '573 Registration.

**RESPONSE TO REQUEST NO. 24:**

Admitted that IEP has no reason to doubt that John Shea did so.  See John Shea's declaration of March 2, 2022.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

Admitted.


**REQUEST NO. 25:**  Admit that telephone number 203-703-0800 is a telephone number for Whitmyer IP Group.

**RESPONSE TO REQUEST NO. 25:**

Admitted.


**REQUEST NO. 26:**  Admit that the telephone number 203-703-0800 is not a telephone number for Whitmyer IP Group.

**RESPONSE TO REQUEST NO. 26:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 27:** Admit that Whitmyer IP Group has an office in Connecticut.

**RESPONSE TO REQUEST NO. 27:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 28:** Admit that Whitmyer IP Group does not have an office in Connecticut.

**RESPONSE TO REQUEST NO. 28:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 29:** Admit that Whitmyer IP Group has an office in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 29:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 30:** Admit that Whitmyer IP Group does not have an office in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 30:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 31:** Admit that IEP Technologies, LLC has an office in Connecticut.

**RESPONSE TO REQUEST NO. 31:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 32:**  Admit that IEP Technologies, LLC does not have an office in Connecticut.

**RESPONSE TO REQUEST NO. 32:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 33:**  Admit that IEP Technologies, LLC has an office in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 33:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 34:**  Admit that IEP Technologies, LLC does not have an office in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 34:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 35:**  Admit that, on the date that the Combined Declaration of Use and Incontestability for the '573 Registration was signed, John Shea was in Connecticut.

**RESPONSE TO REQUEST NO. 35:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 36:**  Admit that, on the date that the Combined Declaration of Use and Incontestability for the '573 Registration was signed, John Shea was not in Connecticut.

**RESPONSE TO REQUEST NO. 36:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 37:**  Admit that, on the date that the Combined Declaration of Use and Incontestability for the '573 Registration was signed, John Shea was in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 37:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 38:**  Admit that, on the date that the Combined Declaration of Use and Incontestability for the '573 Registration was signed, John Shea was not in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 38:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 39:**  Admit that, on the date that the Combined Declaration of Use and

Incontestability for the '573 Registration was signed, John Shea was at the offices of Whitmyer IP Group.

**RESPONSE TO REQUEST NO. 39:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 40:** Admit that, on the date that the Combined Declaration of Use and Incontestability for the '573 Registration was signed, John Shea was not at the offices of Whitmyer IP Group.

**RESPONSE TO REQUEST NO. 40:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 41:**  Admit that, on November 23, 2020, John Shea was in Connecticut.

**RESPONSE TO REQUEST NO. 41:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 42:**  Admit that, on November 23, 2020, John Shea was not in Connecticut.

**RESPONSE TO REQUEST NO. 42:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 43:**  Admit that, on November 23, 2020, John Shea was in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 43:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 44:**  Admit that, on November 23, 2020, John Shea was not in Stamford, Connecticut.

**RESPONSE TO REQUEST NO. 44:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 45:**  Admit that, on November 23, 2020, John Shea was at the offices of Whitmyer IP Group.

**RESPONSE TO REQUEST NO. 45:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 46:**  Admit that, on November 23, 2020, John Shea was not at the offices of Whitmyer IP Group.

**RESPONSE TO REQUEST NO. 46:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 47:**  Admit that John Shea signed the Combined Declaration of Use and Incontestability for the '573 Registration on a computer within a Whitmyer IP Group computer network.

**RESPONSE TO REQUEST NO. 47:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 48:**  Admit that John Shea signed the Combined Declaration of Use and Incontestability for the '573 Registration on a computer that was not within a Whitmyer IP Group computer network.

**RESPONSE TO REQUEST NO. 48:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 49:**  Admit that the telephone number 203-703-0800 is a telephone number for IEP Technologies, LLC.

**RESPONSE TO REQUEST NO. 49:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 50:**  Admit that the telephone number 203-703-0800 is not a telephone number for IEP Technologies, LLC.

**RESPONSE TO REQUEST NO. 50:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 51:** Admit that the telephone number 203-703-0800 is a telephone number for John Shea.

**RESPONSE TO REQUEST NO. 51:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 52:**  : Admit that the telephone number 203-703-0800 is not a telephone number for John Shea.

**RESPONSE TO REQUEST NO. 52:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 53:**  Admit that, as of April 11, 2014, IEP had not used the mark that is now registered under the '573 Registration on or in connection with any safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives.

**RESPONSE TO REQUEST NO. 53:**

14

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 54:**  Admit that, as of April 11, 2014, IEP had used the mark that is now registered under the '573 Registration on or in connection with any safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives.

**RESPONSE TO REQUEST NO. 54:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 55:**  Admit that IEP did not use the mark registered under the '573 Registration on or in connection with any safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives continuously from December 2, 2014 through December 2, 2019.

**RESPONSE TO REQUEST NO. 55:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 56:**  Admit that IEP did use the mark registered under the '573 Registration on or in connection with any safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives continuously from December 2, 2014 through December 2, 2019.

**RESPONSE TO REQUEST NO. 56:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 57:** Admit that, as of November 23, 2020, IEP had not used the mark registered under the '573 Registration on or in connection with any safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives.

**RESPONSE TO REQUEST NO. 57:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 58:** Admit that, as of November 23, 2020, IEP had used the mark registered under the '573 Registration on or in connection with any safety hardware systems comprised of detectors, electronic control units, suppressors, isolation valves, and vents sold as a unit for use in detecting explosives.

**RESPONSE TO REQUEST NO. 58:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 59:** Admit that, as of April 11, 2014, IEP had not used the mark that is now registered under the '573 Registration on or in connection with any products for use in detecting explosives.

**RESPONSE TO REQUEST NO. 59:**

16

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 60:**  Admit that, as of April 11, 2014, IEP had used the mark that is now registered under the '573 Registration on or in connection with any products for use in detecting explosives.

**RESPONSE TO REQUEST NO. 60:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 61:**  Admit that, as of November 23, 2020, IEP had not used the mark registered under the '573 Registration on or in connection with any products for use in detecting explosives.

**RESPONSE TO REQUEST NO. 61:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 62:**  Admit that, as of November 23, 2020, IEP had used the mark registered under the '573 Registration on or in connection with any products for use in detecting explosives.

**RESPONSE TO REQUEST NO. 62:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 63:**  Admit that Plaintiff did not in 2017 display with Plaintiff's Mark any of the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg. U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 63:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 64:**  Admit that Plaintiff did in 2017 display with Plaintiff's Mark any of the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg. U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 64:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 65:**  Admit that Plaintiff did not in 2018 display with Plaintiff's Mark any of the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg. U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 65:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 66:**  Admit that Plaintiff did in 2018 display with Plaintiff's Mark any of the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg.

U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 66:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of
Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery
limitations.


**REQUEST NO. 67:**  Admit that Plaintiff did not in 2019 display with Plaintiff's Mark any of
the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg.
U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 67:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of
Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery
limitations.


**REQUEST NO. 68:**  Admit that Plaintiff did in 2019 display with Plaintiff's Mark any of the
following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg.
U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 68:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of
Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery
limitations.


**REQUEST NO. 69:**  Admit that Plaintiff did not in 2020 display with Plaintiff's Mark any of
the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg.
U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 69:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 70:**  Admit that Plaintiff did in 2020 display with Plaintiff's Mark any of the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg. U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 70:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 71:**  Admit that Plaintiff did not prior to March 27, 2020 display with Plaintiff's Mark any of the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg. U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 71:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 72:**  Admit that Plaintiff did prior to March 27, 2020 display with Plaintiff's Mark any of the following: the words "Registered in the U.S. Patent and Trademark Office"; the words "Reg. U.S. Pat. & Tm. Off."; or the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 72:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 73:**  Admit that Plaintiff did not prior to March 27, 2020 display with Plaintiff's Mark the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 73:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 74:**  Admit that Plaintiff did prior to March 27, 2020 display with Plaintiff's Mark the letter R enclosed within a circle.

**RESPONSE TO REQUEST NO. 74:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 75:**  Admit that Plaintiff did not provide actual notice of U.S. Trademark Registration No. 4,648,573 to Defendants prior to March 27, 2020.

**RESPONSE TO REQUEST NO. 75:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 76:**  Admit that Plaintiff did provide actual notice of U.S. Trademark Registration No. 4,648,573 to Defendants prior to March 27, 2020.

**RESPONSE TO REQUEST NO. 76:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 77:**  Admit that Defendants did not have actual notice of U.S. Trademark Registration No. 4,648,573 prior to March 27, 2020.

**RESPONSE TO REQUEST NO. 77:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 78:**  Admit that Defendants did have actual notice of U.S. Trademark Registration No. 4,648,573 prior to March 27, 2020.

**RESPONSE TO REQUEST NO. 78:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 79:**  Admit that Plaintiff is aware of no instance where a person not employed by Plaintiff has been actually confused between Plaintiff's mark and Defendants' Marks.

**RESPONSE TO REQUEST NO. 79:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 80:**  Admit that Plaintiff is aware of one or more instances where a person not employed by Plaintiff has been actually confused between Plaintiff's mark and Defendants'

Marks.

**RESPONSE TO REQUEST NO. 80:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 81:**  Admit that Plaintiff is aware of no instance relating to a person not employed by Plaintiff believing or having believed that Defendant, Defendants' Marks, or Defendants' products or services were approved or sponsored by, connected, associated, or affiliated with Plaintiff, Plaintiff's Mark, or Plaintiff's products.

**RESPONSE TO REQUEST NO. 81:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 82:**  Admit that Plaintiff is aware of one or more instances relating to a person not employed by Plaintiff believing or having believed that Defendant, Defendants' Marks, or Defendants' products or services were approved or sponsored by, connected, associated, or affiliated with Plaintiff, Plaintiff's Mark, or Plaintiff's products.

**RESPONSE TO REQUEST NO. 82:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 83:**  Admit that Plaintiff is aware of no instance relating to a person not employed by Plaintiff believing or having believed that Plaintiff, Plaintiff's Mark, or Plaintiff's products or services were approved or sponsored by, connected, associated, or affiliated with

Defendants, Defendants' Mark, or Defendants' products.

**RESPONSE TO REQUEST NO. 83:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 84:**  Admit that Plaintiff is aware of one or more instances relating to a person not employed by Plaintiff believing or having believed that Plaintiff, Plaintiff's Mark, or Plaintiff's products or services were approved or sponsored by, connected, associated, or affiliated with Defendants, Defendants' Mark, or Defendants' products

**RESPONSE TO REQUEST NO. 84:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 85:**  Admit that Plaintiff is aware of no instance where a current or prospective customer of Plaintiff has been actually confused between Plaintiff's Mark and Defendants' Marks.

**RESPONSE TO REQUEST NO. 85:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 86:**  Admit that Plaintiff is aware of one or more instances where a current or prospective customer of Plaintiff has been actually confused between Plaintiff's Mark and Defendants' Marks.

**RESPONSE TO REQUEST NO. 86:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 87:**  Admit that Plaintiff is aware of no instance where a current or prospective customer of Defendants has been actually confused between Plaintiff's Mark and Defendants' Marks.

**RESPONSE TO REQUEST NO. 87:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 88:**  Admit that Plaintiff is aware of one or more instances where a current or prospective customer of Defendants has been actually confused between Plaintiff's Mark and Defendants' Marks.

**RESPONSE TO REQUEST NO. 88:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 89:**  Admit that Plaintiff is aware of an instance where one or more of Defendants' products are currently positioned, located, installed, or operating on the same manufacturing or production line as one or more of Plaintiff's products.

**RESPONSE TO REQUEST NO. 89:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

**REQUEST NO. 90:**  Admit that Plaintiff is not aware of an instance  where one or more of Defendants' products are currently positioned, located, installed, or  operating on the same manufacturing or production line as one or more of Plaintiff's products.

**RESPONSE TO REQUEST NO. 90:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 91:**  Admit that Plaintiff is aware of an instance since 2017 where one or more of Defendants' products has been positioned, located, installed, or operating on the same manufacturing or production line as one or more of Plaintiff's products.

**RESPONSE TO REQUEST NO. 91:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 92:** Admit that Plaintiff is not aware of an instance since 2017 where one or more of Defendants' products has been positioned, located, installed, or operating on the same manufacturing or production line as one or more of Plaintiff's products.

**RESPONSE TO REQUEST NO. 92:**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**REQUEST NO. 93:**  Admit that Plaintiff is aware of an instance since 2018 where one or more of Defendants' products has been positioned, located, installed, or operating on the same

26

manufacturing or production line as one or more of Plaintiff's products.

**<u>RESPONSE TO REQUEST NO. 93:</u>**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.


**<u>REQUEST NO. 94:</u>**  Admit that Plaintiff is not aware of an instance since 2018 where one or more of Defendants' products has been positioned, located, installed, or operating on the same manufacturing or production line as one or more of Plaintiff's products.

**<u>RESPONSE TO REQUEST NO. 94:</u>**

Pursuant to Local Rule 26.1(c) of the United States District Court for the District of Massachusetts, IEP cannot admit or deny the request as it is beyond the scope of discovery limitations.

Dated: August 19, 2022        IEP Technologies, LLC,

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
Robert D. Keeler (*pro hac vice*)
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com
sball@whipgroup.com
rkeeler@whipgroup.com

*Attorneys for Plaintiff,*
*IEP Technologies, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 19th day of August, 2022, a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-94)** was served via electronic mail on counsel for Defendants as follows:

Michael J. Lambert
*mlambert@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street
22nd Floor
Boston, Massachusetts 02109

Peter A. Nieves
*pnieves@sheehan.com*
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street
17th Floor
Manchester, New Hampshire 03101

N. Andrew Crain
*a.crain@thip.law*
Robert D. Gravois
*r.gravois@thip.law*
Andrea P. Nguyen
*a.nguyen@thip.law*
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339

August 19, 2022                               */s/ Stephen F.W. Ball, Jr.*
Date

29