IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>　　　　Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

　　The Court should deny Plaintiff IEP's motion for leave to file a surreply because IEP does not identify any issues raised for the first time in Defendants' Omnibus Reply brief. Every argument in IEP's proposed surreply is copied (frequently verbatim) from one of its prior opposition briefs to one of Defendant, KPM's outstanding motions before the Court. Clearly, IEP seeks nothing more than to get the last word, which is not an appropriate basis for a surreply.

　　IEP also claims that good cause exists for a surreply "in order to address issues raised in the Omnibus Reply, including that KPM's motions are *largely* moot and that evidence *proves* there is no fraud, and that KPM continues to fabricate arguments to delay resolution of this simple trademark infringement case." Doc. 73, p.1 (emphasis added). However, as noted above, neither "issue" was raised for the first time in KPM's Omnibus Reply. Moreover, KPM is not required to "prove" its case to obtain discovery under Rule 26 and is not required to settle for only what limited information IEP begrudgingly provides for which it contends—albeit wrongly—"largely" moots KPM's discovery requests.

1

Accordingly, for these reasons, as described in greater detail below, IEP's Motion for Leave to File Surreply should be DENIED.

**1.    IEP'S PROPOSED SURREPLY IS MERELY A HODGEPODGE OF ARGUMENTS COPIED FROM IEP'S PRIOR OPPOSITION BRIEFS TO KPM'S OUTSTANDING MOTIONS IN CLEAR ATTEMPT TO GET THE LAST WORD**

"As a general rule, th[is] court disfavors surreplies." *Walsh v. Teltech Sys.,* No. 13-13064-RWZ, 2015 U.S. Dist. LEXIS 191349, at *2 (D. Mass. July 30, 2015) (Zobel, J.). Not only are "surreplies [ ] generally disfavored," but the court also "has discretion whether to allow a surreply." *Fleshner v. Tiedt,* No. 15-cv-2033-CJW, 2019 U.S. Dist. LEXIS 9153, at *6 (N.D. Iowa Jan. 18, 2019) (quoting *Banner Health v. Sebelius,* 905 F. Supp. 2d 174, 187 (D.D.C. 2012)).

Moreover, "[a] surreply is unwarranted where the reply responds to the arguments in the resistance and does not raise new arguments. *Fleshner,* 2019 U.S. Dist. LEXIS 9153, at *6 (citing *Sec. & Exch. Comm'n v. Watkins*, 317 F. Supp. 3d 1244, 1249 (N.D. Ga. 2018). In such cases, "[a]llowing a surreply as a matter of course 'would put the court in the position of refereeing an endless volley of briefs.' " *Id.* (citations omitted).

Here, IEP's proposed surreply accompanying its motion for leave identifies no new arguments from KPM's Omnibus Reply for which a surreply is warranted. Similarly, IEP's proposed surreply accompanying its motion for leave identifies no new authorities since the filing of its prior opposition briefs to the various motions covered by the Omnibus Reply. For these reasons alone, IEP's motion for leave should be denied.

Instead, IEP's proposed surreply is merely a flashback replay of arguments already articulated (many times verbatim) in IEP's previously-filed briefs submitted in opposition to KPM's motions currently-pending before the Court. More specifically, pages 1 and 2 of IEP's proposed surreply are nearly verbatim copies of introductory arguments that IEP not only

2

previously used once, but actually used twice, including in Doc. 58 (at page 2) and Doc. 64 (at page 2). Both of these prior filings even end in the same penultimate hyperbolic argument as IEP's proposed surreply: "This is textbook willful trademark infringement." *Cf.* Doc. 73-2 at 1-2 *with* Doc. 58 at 2 *and* Doc. 64 at 2.

Next, IEP retreads the same "trademark rights are based on use" argument in its proposed surreply that IEP proffered in Doc. 64 at 3. That rehash is followed by IEP's "KPM is not entitled to the privileged information" discussion about the emails sought in KPM's Motion to Compel (Doc. 45), despite IEP now begrudgingly offering to produce four highly redacted emails (at least one of which cannot possibly be privileged because it is an email exchange with the U.S. Trademark Office) while at the same time parading as if IEP has fully satisfied its discovery obligations to the email-related document requests at issue in KPM's Motion to Compel. However, IEP has done nothing close.[1]

Page 2 of IEP's proposed surreply is a near-verbatim copy of IEP's argument used in Doc. 64—IEP's Opposition to KPM's Motion to Temporarily Stay Proceedings. Indeed, IEP even copies the same overused "fishing expedition" metaphor. *Cf.* Doc. 73-2 at 2 *with* Doc. 64 at 3 (§ II(A)). Thereafter, IEP's proposed surreply contains a copy of the same four bullet points set out in its Opposition to KPM's Motion for Leave to File Omnibus Reply Brief. *Cf.* Doc. 65 at 2

---

[1] IEP appears to represent that its proffer of only four highly redacted IEP-selected emails resolves KPM's Motion to Compel (Doc. 45), which seeks to compel IEP to produce emails Responsive to KPM's Request for Production Nos. 70 and 71 and the targeted search terms in those requests. KPM disagrees, as described below in Section 2. Clearly, KPM's Motion to Compel (Doc. 45) remains contested, as KPM seeks production of *all* emails responsive to the search terms produced in *unredacted* form.

(§ I(A)) *with* Doc. 73-2 at 2. Thus, page 2 of IEP's proposed surreply is also a complete rehash and copy of arguments that IEP previously made.

Page 3 of IEP's proposed surreply is no better. More specifically, page 3 of IEP's proposed surreply comes directly from pages 3-4 of Doc. 65, IEP's Opposition to KPM's Motion for Leave to File Omnibus Reply Brief. *Cf.* Doc. 65 at 3-4 (§ I(B)) *with* Doc. 73-2 at 3. There's simply nothing new there that IEP has not already argued. And there is nothing on page 3 of the proposed surreply that identifies any supposedly new arguments in KPM's Omnibus brief.

IEP's practice of plagiarizing its own prior arguments continues on page 4, the final ostensibly substantive page of IEP's proposed surreply. More specifically, IEP rehashes the same argument in Section II of its proposed surreply about its purportedly supplemented discovery responses—that are also incomplete and noncompliant—just like IEP advanced in Section I(C) of its Opposition to KPM's Motion for Leave to File Omnibus Reply Brief. *Cf.* Doc. 73-2 at 4 (§ II) *with* Doc. 65 at 4 (§ I(C)).

And finally, Section III of IEP's proposed surreply also does not identify any new arguments in KPM's Omnibus Reply, but instead is a retread of the same argument on page 3 of IEP's Opposition to KPM's Motion for Extension of Time. *Cf.* Doc. 73-2 at 4 (§ III) *with* Doc. 58 at 3 (§ II(A)). IEP even repeats the same baseless allegation that KPM "squandered its prior extension." *Id.*

That is it—the entire proposed surreply. Nothing in it is new or addresses any allegedly new argument in KPM's Omnibus Reply. What IEP's proposed surreply is in reality is nothing more than IEP's attempt to get the last (rehashed) word by needlessly continuing the "volley of briefs." *Sec. & Exch. Comm'n*, 317 F. Supp. 3d at 1249. Such litigation conduct can hardly be described as harmonizing with the goals of Rule 1 of the Federal Rules of Civil Procedure. *See*

FED. R. CIV. P. 1 (The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Consequently, IEP's Motion for Leave to File Surreply should be denied.

## 2. PLAINTIFF CONTINUES TO RESIST MOTIONS THAT IT CONTENDS ARE "LARGELY" MOOT

There is a difference between a motion being "largely" moot and "entirely" moot. In its motion for leave, Plaintiff claims that it already has supplemented its discovery responses, allegedly rendering Defendants' motions to compel "largely" moot. *See* Doc. 73, p.1. However, even Plaintiff's own use of the word "largely" is an implicit concession that it has not provided the requested discovery.

Moreover, if Plaintiff's supplementation of its discovery responses mooted Defendants' motion, the Court now must give Plaintiff an opportunity to be heard before awarding Defendants their attorney's fees under Rule 37(a)(5) (emphasis added):

> If the motion is granted—**or if the disclosure or requested discovery is provided after the motion was filed**—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

"That rule instructs that when a motion to compel is granted, or when the requested discovery materials are not produced until after a motion to compel has been filed, 'the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.' " *DiLeo v. United Rentals (N. Am.), Inc.*, 2018 U.S. Dist. LEXIS 113409, at *8 (D. Mass. July 9, 2018) (Hennessey, M.J.). In other words, if Plaintiff believes that it has provided all of the requested discovery, Defendants are

entitled to their attorney's fees expended in making the motion.

However, Plaintiff's proposed surreply expressly states that Plaintiff continues to oppose the motions. Doc. 73-2, p.6 n.5 ("IEP maintains its oppositions to KPM's Motions."). If Plaintiff continues to oppose the motions, then they are not moot. Thus, the pending motions remain ripe for consideration and a final decision is needed ordering Plaintiff to produce all of the requested discovery. Therefore, Plaintiff's argument that the motions are "largely" moot does not justify leave to file a surreply.

### 3. THERE IS NO REQUIREMENT FOR FRAUD TO BE "PROVED" TO OBTAIN DISCOVERY

Plaintiff's final ground for seeking leave to file a surreply, that "evidence proves there is no fraud," is contrary to well-settled law. [Doc. 73, p.1]. To make a case for obtaining even privileged documents under the crime-fraud exception to attorney-client privilege, proof of fraud simply is not required:

> To overcome a claim of privilege, the government **need not prove the existence of a crime or fraud** beyond a reasonable doubt. Rather, the government must first make a *prima facie* showing of a violation sufficiently serious to defeat the privilege and second, establish some relationship between the communication at issue and the *prima facie* violation. A *prima facie* violation is shown if it is established that the client was engaged in or planning a criminal or fraudulent act when it sought the advice of counsel to further the scheme. . . . The government satisfies its burden of proof if it offers evidence that if believed by the trier of fact would establish the elements of an ongoing crime or fraud.

*In re Grand Jury Subpoena (Legal Servs. Ctr.)*, 615 F. Supp. 958, 965–66 (D. Mass. 1985) (quoting *In re Sealed Case (Doe & Roe)*, 244 U.S. App. D.C. 11, 754 F.2d 395, 399 (D.C. Cir. 1985)). Indeed, it would make no sense to require a party to "prove" the claim for which they need discovery in order to obtain that discovery.

Here, Defendants have set forth a *prima facie* case of fraud in their amended counterclaims.

Doc. 38, ¶¶ 69–75. Defendants further elaborated on the factual basis for their fraud counterclaim in each of the pending motions to compel based in part on third-party discovery from the United States Patent & Trademark Office that substantiates KPM's allegations of fraudulent trademark procurement. Doc. 45-1, p.6; Doc. 52-1, pp.5–6.

Thus, Defendant has presented its *prima facie* case of fraud and whether Defendants ultimately will be able to prove their counterclaim at trial is of no moment. Therefore, Plaintiff's argument that Defendants cannot prove fraud does not warrant leave to file a surreply.

### 4.   CONCLUSION

For the foregoing reasons, the Court should not hesitate to deny Plaintiff's motion for leave to file a surreply.

Respectfully submitted this 6th day of October, 2022.

*/s/ N. Andrew Crain*
Michael J. Lambert (BBO No. 632053)
mlambert@sheehan.com
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street 22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

Peter A. Nieves (pro hac vice)
pnieves@sheehan.com
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street 17th Floor
Manchester, New Hampshire 03101
Telephone: 603.627.8134
Facsimile: 603.641.2353

N. Andrew Crain (*pro hac vice*)
a.crain@thip.law
Charles M. Landrum III (*to be admitted*
c.landrum@thip.law      *pro hac vice*)
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone: 770.933.9500

*Attorney for Defendants,*
    *KPM Analytics, et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>         Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, the foregoing *Defendant's Response in Opposition to Plaintiff's Motion for Leave to File a Surreply* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

> */s/ N. Andrew Crain*
> *Attorney for Defendants,*
> *KPM Analytics, et al.*

9