UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ<br><br>Leave to File Granted Nov. 1, 2022, Doc. 81 |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANTS' OMNIBUS REPLY BRIEF IN SUPPORT OF MOTIONS TO
COMPEL AND MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY
AND FOR LEAVE TO PROPOUND ADDITIONAL REQUESTS FOR ADMISSION**

IEP submits this sur-reply to address arguments made in Defendants' KPM Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM" or "Defendants") Omnibus Reply in Support of Defendants' Motions to Compel and Motion for an Extension of Time to Complete Discovery and for Leave to Propound Additional Requests for Admission. (Doc. 71, the "Omnibus Reply").

This is a simple case concerning KPM's willful infringement of IEP's incontestable trademark rights. The parties use the ***same marks***, with IEP having begun use of its [mark] trademark in 2013 ([mark] in color) (collectively, "IEP's mark"[1]), while KPM began use of its [mark]

---

[1] IEP's federal trademark registration has no claim of color, so its registration extends to any variation of colors. (Doc. 1-1.)

trademark in 2018 ( in color ) (collectively, "KPM's mark"[2]). (Doc. 1 at ¶ 13; Doc. 38 at ¶ 31.) The parties have the *same customers* in the *same industries* (such as wood, paper, power, metals, chemicals, food, and grain processing industries (*see* Doc. 1-7 at 6 (KPM's website)), with discovery showing an overlap of at least 48 customers[3]. (*See* Doc. 44; Doc. 44-1 at ¶ 25.) The parties advertise at the *same trade shows and in the same trade publications*, such as the International Powder and Bulk Solids show. (Doc. 44 at 6, 7.) And the parties sell the *same products (such as sensors) for the same uses (such as to reduce or eliminate fire or explosion hazards)*. (Doc. 44 at 4.) This is textbook willful trademark infringement.

KPM wants to distract the Court from its infringement, but there is no support that IEP somehow fraudulently maintained its trademark. Trademark rights are based on use, and the USPTO reviewed and approved IEP's trademark use. KPM has not even alleged basics of a fraud claim, such as intent, misrepresentation of a material fact, or that IEP is not eligible for its trademark protection (which was expressly granted by the USPTO). Instead, KPM argues fraud was somehow committed on the basis that an otherwise correct declaration of use was signed on behalf of IEP's employee, Mr. John Shea.

Although IEP believes KPM is not entitled to the privileged information, IEP has made available documents that evidence Mr. Shea's signing of the declaration. IEP offered these documents to KPM, (Doc. 61-8, Aug. 12 2022 letter to KPM), but KPM has instead continued to burden the Court with endless motion practice in an effort to avoid addressing its willful infringement.

---

[2] KPM disclaimed "Process Sensors Corporation," which is generic with regard sensors used on process lines, and which both parties sell. (Doc. 1-3.)
[3] IEP has moved to compel KPM's complete customer list. (Doc. 44.)

As discussed further below, KPM's motion are moot and its requests for additional discovery should be denied.

**I.      KPM'S FRAUD CLAIM IS PROVEN FALSE**

The starting point for KPM's fraud claim is Mr. Shea's testimony that he signs a number of declarations for trademarks and did not recall a specific one signed in 2020. (Doc. 31-3 (Shea Tr). at 128:15-18; 131:1-3 ("Q. Do you have any reason to doubt that you signed this declaration? A. I don't recall signing this declaration.").) Mr. Shea submitted a declaration stating he had no reason to doubt that he signed the declaration, and affirmed the accuracy of the information contained therein. (Doc. 31-1.) Despite this, KPM has engaged in a fishing expedition to attack Mr. Shea's credibility.

Although KPM is not entitled to privileged information, IEP made available documents concerning the signing of Mr. Shea's declaration. (Doc. 63.) These privileged documents show the following:

- The Whitmyer IP Group prepared the declaration for signature by a representative of IEP and sent it to IEP's legal representatives in Europe on November 18, 2020;
- IEP's legal representatives in Europe sent the declaration to Mr. Shea for his signature on the morning of November 23, 2020;
- Mr. Shea responded to IEP's legal representatives in Europe on the afternoon of November 23, 2020, informing them that he had signed the declaration on behalf of IEP;
- The Whitmyer IP Group submitted the signed declaration to the USPTO later that afternoon on November 23, 2020.

(Doc. 63-1.) Once the Court grants IEP's Motion for Protective Order and Leave to File Under Seal, IEP will provide these documents to KPM and the Court.[4]

KPM argues that documents produced by the USPTO show that Mr. Shea's declaration "appears to be a forgery." (Omnibus Reply at 4.) ***The documents from the USPTO are unauthenticated, were produced after the close of discovery, and KPM fails to provide context and explanation***. Tellingly, KPM has not provided the Court with underlying transaction records. These include "20201124-8150001_A.xml," which purportedly recorded information when the declaration was submitted, and "signatures_20201124-8150001_A.xml," which purportedly recorded information when the declaration was signed. (*See* Doc. 61-4 at 2-3.) The transaction record for the declaration signature (signatures_20201124-8150001_A.xml) does not record IP address information. (Doc. 65-1.) It is of no moment that the USPTO captured IP address information of the Whitmyer IP Group when the declaration was submitted, as the USPTO system is designed so that law firms can prepare a declaration for a client, send the client a link to it for signature, and then submit the declaration on behalf of the client.

There is nothing in the USPTO transaction records that contradict the evidence cited above that: 1) the Whitmyer IP Group prepared the declaration for IEP; 2) the declaration was ultimately sent to Mr. Shea who signed it himself; and 3) the Whitmyer IP Group submitted the signed declaration. The declaration was not "forged" under any definition of the word.

---

[4] IEP maintains KPM is not entitled to the privileged documents. While IEP has agreed to make them available in order to address the issue of Mr. Shea's signing of the declaration, they will be submitted under seal with redactions.

4

II. **KPM'S MOTIONS ARE MOOT AND IT FAILS TO INFORM THE COURT THAT IEP UPDATED ITS DISCOVERY RESPONSES**

KPM's Omnibus Reply seeks additional discovery in the form of emails relating to the signing of Mr. Shea's declaration, (Doc. 45), supplemental responses to KPM's Requests For Admission 20, 22, and 24, (Doc. 52), and an extension to accommodate KPM's motions to compel (should they be granted) as well as to enlarge the number limit for Requests for Admission. As discussed *supra*, IEP has already made emails available. In addition, IEP has supplemented its responses to KPM's Requests for Admission. As a result, KPM's motions are largely moot.[5]

KPM's Omnibus Reply is misleading in that it complains about discovery responses that IEP has updated. Specifically, KPM complains about IEP's responses to Requests for Admission 21, 22, and 24. (Omnibus Reply at 2.) IEP served supplemental responses on August 19, 2022, (Doc. 65-2), yet KPM does not acknowledge them in its September 22, 2022 Omnibus Reply. This is highly improper and demonstrates KPM's attempts to manufacture discovery disputes in order to delay resolution of this case.

III. **KPM WAS NOT DILIGENT IN PURSUING DISCOVERY AND ITS REQUESTED RELIEF IS UNWARRANTED**

KPM chose not to pursue discovery before the deadline. For example, KPM could have obtained its requested discovery through deposition testimony but chose not to. KPM should not be able to use its manufactured discovery issues as a reason to extend discovery for a third time. KPM squandered its prior extension, and its requests for further extensions are being sought for improper delay.

---

[5] IEP maintains its oppositions to KPM's Motions. (Doc. 53, 58, 59.)

IV. **CONCLUSION**

IEP respectfully requests that KPM's motions for additional discovery be denied.

Dated: November 2, 2022

Respectfully submitted,

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
Robert D. Keeler (*pro hac vice*)
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com
sball@whipgroup.com
rkeeler@whipgroup.com

*Attorneys for Plaintiff*
*IEP Technologies, LLC*

**CERTIFICATE OF SERVICE**

      This is to certify that on this 2nd day of November, 2022, true and correct copies of the foregoing **PLAINTIFF'S SUR-REPLY TO DEFENDANTS' OMNIBUS REPLY BRIEF IN SUPPORT OF THEIR MOTIONS TO COMPEL AND MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND FOR LEAVE TO PROPOUND ADDITIONAL REQEUSTS FOR ADMISSION** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


<u>November 2, 2022</u>                                                     <u>*/s/ Stephen F.W. Ball, Jr.*</u>
Date