# Exhibit G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>      Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DECLARATION OF GREG KELLEY**

The declarant, Greg Kelley, states the following:

1. I am the Chief Technology Officer at Vestige Digital Investigations ("Vestige").

2. I assist clients through the successful management of electronic discovery and computer forensic projects. I have been with Vestige since 2004. Before that, I worked for SS&G Technology Consulting LLC, F1 Ltd., Ernst & Young, and Dixie Narco, Inc. In each of these positions, I held roles in managing information technology systems and infrastructure.

3. I have spent over two decades in the information technology ("IT") industry and over fifteen years in the digital forensics field.

4. My experience includes conducting digital forensic projects in a variety of engagements ranging from intellectual property theft and employment matters to federal government investigations. I have substantial experience acquiring, pre-processing, reviewing,

analyzing, and producing data from mobile devices, hard drives, network servers, e-mail servers, removable media, databases, and websites.

5. I hold the following relevant certifications: (a) EnCase Certified Examiner; and (b) Digital Forensics Certified Practitioner.

6. I have testified as an expert witness in digital forensics in multiple matters in various state and federal courts.

7. A copy of my C.V. is attached to this Declaration as Ex. 1.

8. I have executed the acknowledgement to the Stipulated Protective Order entered in this matter (Doc. 18).

9. I have reviewed the following documents.

    a. Ex. 2 - IEP004585 FILED UNDER SEAL[40].pdf
    b. Ex. 3 - IEP004589 FILED UNDER SEAL.pdf
    c. Ex. 4 - IEP004601 FILED UNDER SEAL.pdf
    d. Ex. 5- IEP004618 FILED UNDER SEAL.pdf

10. Page three of Ex. 4 - IEP004601 FILED UNDER SEAL.pdf appears to contain a copy of the ▌ that begins on page 2 of Ex. 3 - IEP004589 FILED UNDER SEAL.pdf. Specifically, this ▌▌▌.

11. I have been informed that Hoerbiger, the owner of the domain hoerbiger.com, is located in the Eastern Time Zone and therefore it is assumed that ▌ is in the Eastern Time Zone. This hypothesis is supported by the time in Ex. 3 -

IEP004589 FILED UNDER SEAL.pdf which is represented ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Eastern Standard Time.

12. The document Ex. 4 - IEP004601 FILED UNDER SEAL.pdf has some irregularities specifically in the form of missing space characters in some sentences. The following table displays the irregularities with what is shown in Ex. 3- IEP004589 FILED UNDER SEAL.pdf.

| Ex. 4 - IEP004601 FILED UNDER SEAL.pdf | Ex. 3 - IEP004589 FILED UNDER SEAL.pdf |
|---|---|
| ▮▮▮▮▮▮ | ▮▮▮▮▮▮ |
| ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ |
| ▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ |
| ▮▮▮▮▮ | ▮▮▮▮▮▮ |

13. The irregularities could possibly be attributed to actions taken in the process to preserve and convert the emails into their current format. However, because the only copy of the emails I have received are in PDF format, I am unable to reach any specific conclusion as to whether or not the emails are authentic or have possibly otherwise been modified from their native form. Importantly, these identified irregularities raise concerns to me about the authenticity of the emails, specifically the entirety of Ex. 4- IEP004601 FILED UNDER SEAL.pdf which includes the contents of Ex. 3 - IEP004589 FILED UNDER SEAL.pdf and additional content. In order to be able to authenticate that the entirety of Ex. 4 - IEP004601 FILED UNDER SEAL.pdf is a true and accurate

representation of an email exchange, I need for the "native version" of the email to be presented for inspection.

14. A "native version" copy of an email, if preserved and exported from a mailbox forensically, would contain Internet Headers and other metadata that would allow me to conduct a more accurate and verifiable inspection in order to confirm the authenticity of the emails. However, at this point, based only on the PDF format of the emails provided to me, which do not contain Internet headers or metadata, I cannot determine that the emails in each of the exhibits are true and complete copies of the emails they appear to represent.

15. Also, none of the PDF versions of the emails that I have received in Exhibits 1-4 depict any Internet Protocol (IP) address information with respect to the sender or recipient of the emails depicted in the exhibits.

16. I have also been provided logs from the Trademark Electronic Application System (TEAS) for the United States Patent and Trademark Office (USPTO). The logs are attached as **Ex. 6 -** ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ and **Ex. 7 -** ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅.

17. The examination of the logs reveals that the submission and signature of the application was performed ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. This information means that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅.

18. It is clearly stated in both exhibits that "▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. ▅▅▅▅▅▅▅▅▅▅▅▅

██████████████████████████████████████████████

██████."

19. The IP address ███████████ is owned by Charter Communications Inc. whose services are branded as Spectrum.

20. Research on the IP address reveals that the actual user of the IP address is likely located ████████████████████.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 19, 2023

*/s/ Greg Kelley*

Greg Kelley