# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE SUBPOENA TO UNITED STATES )<br>PATENT AND TRADEMARK OFFICE )<br>_____ )<br>)<br>IEP TECHNOLOGIES, LLC )<br>            Plaintiff, )<br>)<br>v. )<br>)<br>KPM ANALYTICS, INCORPORATED, )<br>F/K/A STATERA ANALYTICS, )<br>INCORPORATED, et al., )<br>            Defendants. )<br>_____ ) | Case No. 1:22-mc-14 (AJT/WEF)<br><br>(Underlying Action: D. Mass., Case No.<br>1:21-cv-10417-RWZ, filed Mar. 10, 2021) |

## AGREED ORDER

    Defendants, KPM Analytics Incorporated and KPM Analytics North America Corporation, initiated this miscellaneous action on July 15, 2022, by moving to compel a response to a subpoena they served on the United States Patent and Trademark Office ("USPTO") on June 10, 2022. *See generally* Dkt. 1-1. As of the date of that motion, the USPTO had not responded to the subpoena. On July 21, 2022, however, the USPTO informed Defendants that it would comply with the terms of the subpoena (Dkt. 1-2) and produce the requested documents provided that this Court first enter an Order authorizing their disclosure as certain information contained within the requested records is potentially protected by the Privacy Act, 5 U.S.C. § 552a. Upon a meet and confer, and to alleviate the expenditure of scarce judicial resources, the parties have reached an accord to resolve the pending motion to compel (Dkt. 1).

    The parties agreed that documents containing information potentially subject to the Privacy Act will be provided for review by the parties or their counsel in strict confidence. Right of access to this material shall be limited to the parties, counsel for the parties, expert witnesses in their

1

employ, witnesses with a need to examine such materials, paralegals, qualified persons taking testimony involving such material and necessary stenographic and clerical personnel, and any other person mutually authorized by all counsel to examine such materials. Any person having access to this material shall be informed that it is confidential and subject to a non-disclosure order by this Court. The parties further understand that if such information is filed with the Court in connection with motions or other matters in the underlying civil action in the United States District Court for the District of Massachusetts, or otherwise utilized at deposition or trial, the parties will endeavor to protect identifying information and other private information. This will include, at a minimum, redacting all dates of birth and other numerical identifying characteristics. These efforts may also include referring to individuals in a generic manner. Lastly the parties understand that all copies of confidential information shall be destroyed, or returned to the originating party's counsel at the originating party's expense, within sixty (60) days of the conclusion of all trial and appellate proceedings, except to the extent federal law requires any government agency to retain such records. Once the material is destroyed, counsel shall notify the originating party's counsel.

The parties further agree that once the aforementioned Order issues (*i.e.*, that which authorizes the disclosure of records protected by the Privacy Act) and the USPTO provides copies of the requested records, that Defendants' motion to compel would be moot. As such, the parties respectfully request that any deadlines and scheduled hearings related to Defendants' motion to compel be stayed for at least fourteen (14) days subsequent to this Court's entry of this Order. Once the USPTO takes the above-referenced action and the matter thus becomes moot, the parties agree that Defendants will promptly withdraw their pending motion to compel and dismiss this miscellaneous action. Moreover, the parties further understand that Defendants reserve all rights

2

to renew its motion to compel should it find the USPTO's production of responsive records somehow deficient. Accordingly it is hereby:

ORDERED that in accordance with the terms of and pursuant to 5 U.S.C. § 552a(b)(11), and the regulations set forth at 37 C.F.R. § 104.21, *et seq.*, the United States Patent and Trademark Office shall disclose records to the parties in *IEP Techs., LLC v. KPM Analytics, Inc., et al.*, 1:21cv10417-RWZ (D. Mass.), which contain information within the proper scope of discovery under Federal Rule of Civil Procedure 26 but that, in whole or in part, may also be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, in response to Defendants' third-party request for information; it is further

ORDERED that this Order is made without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority; it is further

ORDERED that for good cause shown and in the interests of judicial economy, KPM Analytics, Inc. and KPM Analytics North America Corporation's motion to compel is STAYED for a period of fourteen (14) days after the Court enters this Order; and it is further

ORDERED that the hearing presently scheduled for August 12, 2022 at 10:00am be CONTINUED to a later date to be rescheduled only if necessary.

Date: 7/27/2022

UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

3

WE ASK FOR THIS:


*[signature]*, /s/ w/ permission for:
BYRON L. PICKARD (VSB #47286)
Sterne, Kessler, Goldstein & Fox PLLC
1100 New York Avenue NW
Washington, DC 20005
Tel: 202.371.2600
Email: bpickard@sternekessler.com
*Counsel for Defendants*


*[signature]*, /s/ w/ permission for:
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3741
Email:matthew.mezger@usdoj.gov
*Counsel for United States Patent & Trademark Office*


DATED: 26 July 2022

4