UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    *Defendants*. | Civil Action No.<br>1:21-cv-10417-RWZ |

**JOINT MOTION FOR ENTRY OF UPDATED SCHEDULING ORDER**

Following the parties' recent hearings with the Court of December 7, 2022 and April 24, 2023 regarding a number of discovery-related issues arising from the prior discovery periods of June 24, 2021 to February 25, 2022 [Doc. 14] and April 25, 2022 to July 15, 2022 [Doc. 42], counsel for Plaintiff IEP Technologies, LLC ("IEP") and Defendants KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM" or "Defendants") jointly move to lift the Temporary Stay of Proceedings Pending Resolution of Outstanding Motions to Compel entered on September 20, 2022 by the Court [Doc. 70]. The parties have been unable to reach a resolution on the scheduling order and jointly submit their respective competing positions below followed by explanation:

| Event | IEP's Proposed Due Date | Defendants' Proposed Due Date |
|---|---|---|
| Plaintiff to Produce All Non-Privileged Emails Responsive to RPD 70 & 71 per search strings below and Rule 26(b)(5) privilege log (if necessary) | May 12, 2023 | May 12, 2023 |
| Fact Discovery Closes | June 30, 2023 | June 30, 2023 |

1

| Event | IEP's Proposed Due Date | Defendants' Proposed Due Date |
|---|---|---|
| Mediation | 30 Days After Close of Fact Discovery | (only after dispositive & Daubert motions) |
| Expert Opening Reports | August 14, 2023[1] | July 28, 2023 |
| Expert Rebuttal Reports | September 15, 2023 | August 25, 2023 |
| Expert Reply Reports | October 6, 2023 | September 15, 2023 |
| Expert Depositions | November 3, 2023 | October 27, 2023 |
| Dispositive and Daubert Motions | December 1, 2023 | December 1, 2023 |
| Mediation | 30 Days After Close of Fact Discovery (Above) | 30 Days After All Briefs on Dispositive and Daubert Motions Have Been Filed |

**I.    Plaintiff IEP's Position**

There are two major disputes between the parties relating to the scheduling order (1) limitations on expert discovery and (2) when to hold mediation. With respect to expert discovery, IEP submits it should be limited to KPM's counterclaim only. On July 8, 2021, the parties agreed to a schedule with expert reports due on March 25, 2023. Doc. 14. KPM never moved to extend the expert discovery period. In KPM's request for extension of discovery, it was expressly limited to KPM's counterclaim. Doc 28-1 at 10 ("Accordingly, upon entry of KPM's requested Amended Answer and Counterclaim, discovery **on KPM's counterclaim** will directly relate to the validity of IEP's '573 Registration at the heart of this litigation.") (emphasis added). March 25, 2022, came and past with no request for expert discovery extension. KPM did not serve a report, while IEP did. When granting the limited extension KPM requested, the Court recognized discovery was limited to KPM's counterclaim. Doc. 37 ("On or before April 15, 2022, counsel for both parties (or group of parties) shall file a joint proposed schedule for **additional discovery generated by the amendment to the pleadings**.") (emphasis added). KPM, below, cites to a 'proposed order'

---

[1] IEP respectfully submits that all expert discovery be limited to KPM's counterclaim only.

2

which was never entered in this litigation. Rather, as shown above, the order from the Court limited additional discovery to the amended pleadings. Any subsequent stay or extension was therefore cabined by this order. IEP submits that expert discovery in this case going forward is closed except with respect to KPM's counterclaim.

With respect to mediation, IEP respectfully submits the parties should mediate immediately after the close of fact discovery. This case has been pending for over two years. Under KPM's proposal, the parties would not mediate until 2024, unnecessarily extending a potential resolution of this case by another 7 months. In addition, expert discovery, limited to KPM's counterclaim, and dispositive briefing is a substantial expense to occur before even attempting to mediate. At the hearing, KPM requested it simply needed all of the documents before it could meaningfully mediate. This proposal meets that goal. There is no need for experts to distill factual information before mediation occurs, as the parties have already expended significant resources briefing disputed issues relating to the claims in this litigation. Simply put, this case has gone on long enough and the parties should not expend further resources before even attempting to resolve this litigation.

## II.     KPM's Position

### A.     Expert Discovery is Not Limited to KPM's Counterclaims

Defendants did not, as falsely stated above, request to "expressly limit" any period of discovery to only its counterclaim when it moved to amend its Answer and Counterclaims in Doc. 28-1 (specifically § 5), and IEP cites nothing stating otherwise. Instead, Defendants actions confirm the opposite. Specifically, on January 10, 2022, each Defendant noticed a Rule 30(b)(6) deposition of Plaintiff, IEP for depositions to occur on February 24 and 25, respectively—the last two days of the initial discovery period. *See* Doc. 14. However, neither of those fact depositions

3

occurred because Defendants moved for leave to amend their answer and counterclaims and to extend discovery on February 16, 2022 after discovering in a late-January 2022 deposition that IEP's President, John Shea admitted to having multiple specific reasons to doubt his having signed a Declaration submitted to the U.S. Patent & Trademark Office bearing his name (the consequences of which are discussed in detail in § 3.1 of Doc. 96-1). *See* Doc. 28.

Defendants *always* contemplated that an extension of the then-ongoing fact discovery period would be followed by expert discovery because the parties had agreed to such in Doc. 14. Defendants expressed this belief in the Proposed Order to the motion for leave in simply stating: "Discovery shall be extended …." Doc. 28 (Proposed Order). Thus, it is nonsensical for IEP to contend that Defendants sought to extend fact discovery only and not expert discovery that followed or that it could not complete the fact discovery it sought but was denied by IEP.

This Court granted Defendant's motion for leave to amend their Answer and Counterclaims and instructed the parties to propose a new schedule. *See* Doc. 37. The parties did so, and the Court adopted the following schedule in Doc. 42, which includes the same expert discovery period following the conclusion of fact discovery:

| Event | Due Date |
|---|---|
| Fact Discovery Reopens | April 25, 2022 |
| Fact Discovery Closes | July 15, 2022 |
| Expert Opening Reports | August 19, 2022 |
| Expert Rebuttal Reports | September 30, 2022 |
| Expert Reply Reports | October 28, 2022 |
| Expert Depositions | November 18, 2022 |
| Dispositive and Daubert Motions | January 13, 2023 |
| Mediation | 30 Days After All Briefs on Dispositive and Daubert Motions Have Been Filed |

Doc. 42 at 1.

*Nothing* in the Court's Scheduling Order restricts expert discovery to only Defendants' newly amended counterclaims. To the contrary, the Court's Order instead expressly states that

"[d]epositions that were noticed prior to February 25, 2022 and that have not yet been taken are not limited to issues relating to KPM's new counterclaims or defenses thereto." *Id.* at 1-2. This statement is in the Court's Order because IEP *agreed to it* in the parties' Joint Motion for Entry of Scheduling Order [Doc. 39 at 2], which, again, the Court adopted. *See* Doc. 42. As stated above, Defendants did not take their previously-noticed Rule 30(b)(6) depositions of IEP in February of 2022. Clearly, Defendants were permitted by the Court to finish fact discovery before submitting expert reports in expert discovery, which obviously would be informed by fact discovery.

On June 7, 2022, Defendants re-noticed the Rule 30(b)(6) depositions of IEP for July 14 and 15, respectively, the last two days of the extended discovery period. However, Defendants did not get to take those depositions either because IEP refused to comply with Defendants' discovery requests. Thus, on June 24, 2022, Defendants moved to compel IEP's production of emails responsive to RFPs 70 & 71. *See* Doc. 45. Defendants again moved to compel IEP's response to Interrogatory Nos. 23, 24 and 25 of documents and responses to interrogatories on July 15, 2022, the last day of the extended discovery period. *See* Doc. 52. (The Court has since granted both motions in significant part. *See* Docs. 93 & 119.)  Because the motions to compel were still pending, Defendants again moved to extend discovery on July 15, 2022 to September 13, 2022. *See* Doc. 55.

Before the August 19, 2022 expert report deadline and because Defendants motions to compel were still pending, Defendants moved to stay proceedings on August 10, 2022, since fact discovery still was not complete. *See* Doc. 60. The Court granted Defendants' motion and stayed proceedings on September 20, 2022 until the previously-filed motions to compel fact discovery could be resolved. *See* Doc. 70. For these reasons, the expert discovery period requested by the parties above has not been limited by the Court to only Defendants' counterclaims.

5

### B. The Court Already Set Mediation to Follow Dispositive/Daubert Motions

The Court, in its prior Scheduling Order and over Plaintiff's objection, scheduled Mediation to occur *after* discovery and *after* the filing of dispositive and *Daubert* motions. *See* Doc. 42. Quite simply, the Court's guidance then should not be disturbed now because nothing materially has changed in the parties' positions. Expert discovery will be necessary to have an informed mediation because the parties' experts will distill the important factual issues to help identify those still disputed. Dispositive and/or *Daubert* motions, once filed, will further clarify disputed issues as well as help identify issues that may be tried. At that time, the parties will be in the best position to gauge respective positions and most effectively mediate, which may be why the Court entered this approach in the prior Scheduling Order. *See* Doc. 42.

### III. Joint Statement Regarding Search Terms

Additionally, with respect to Defendant's Requests for Production ("RFP") Nos. 70 and 71, after meeting and conferring, as directed by the Court on April 24, 2023 and in Minute Order Doc. 119, the parties agree to the following narrowed search strings (bolded text reflects the mutually-agreed additions):

1. Trademark AND (sign OR signed OR signature OR signatory) **AND (dec OR declaration OR affidavit)**

2. (detect OR detector OR detects OR detecting) **within +/- 25 words of** (explosive OR explosives)

3. Trademark AND (specimen OR specimens) **AND use**

4. TEAS **AND (use OR 573 OR 899)**

5. [RFP 71 ONLY]: Incontestability **AND (dec OR declaration OR affidavit)**

Search Strings Nos. 1–4 above apply to both RFP Nos. 70 and 71, while Search String No. 5 only applies to RFP No. 71. Pursuant to the Court's Minute Order [Doc. 119], the time period for Search String Nos. 1, 3, 4 and 5 shall be limited to the timeframe between June 1, 2020 through March 10, 2021. *See* Doc. 119. Similarly, pursuant to the Court's Minute Order [Doc. 119], the time period for Search String No. 2 shall be limited to the following two timeframes: (a) between January 1, 2014 through March 10, 2015; and (b) between June 1, 2020 through March 10, 2021. *See id.* Finally, pursuant to the Court's Minute Order [Doc. 119] all privileged documents shall be logged by Plaintiff pursuant to Fed. R. Civ. P. 26(b)(5).

| | |
|---|---|
| Dated: May 1, 2023 | Respectfully submitted, |
| Counsel for Plaintiff, | Counsel for Defendants, |
| /s/ Brendan G. McDermott (by NAC w/ express permission from BGM) | /s/ N. Andrew Crain |
| Stephen F.W. Ball, Jr. (BBO No. 670092) *Stephen.Ball@huschblackwell.com* | Michael J. Lambert (BBO No. 632053) *mlambert@sheehan.com* |
| HUSCH BLACKWELL LLP One Beacon Street, Suite 1320 Boston, MA 02108 Telephone: 617-598-6700 Fax: 617-720-5092 | SHEEHAN PHINNEY BASS & GREEN PA 28 State Street, 22nd Floor Boston, Massachusetts 02109 Telephone: 617.897.5637 Facsimile: 617.439.9363 |
| Brendan G. McDermott (*pro hac vice*) *Brendan.McDermott@huschblackwell.com* | N. Andrew Crain (*pro hac vice*) *a.crain@thip.law* Charles M. Landrum, III (*pro hac vice*) *c.landrum@thip.law* |
| HUSCH BLACKWELL LLP 190 Carondelet Plaza, Suite 600 St. Louis, MO 63105 Telephone: 314-480-1500 Fax: 314-480-1505 | THOMAS \| HORSTEMEYER LLP 3200 Windy Hill Rd SE, Suite 1600E Atlanta, Georgia 30339 Telephone: 770.933.9500 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## LOCAL RULE 7.1(A)(2) CERTIFICATION

In compliance with Local Rule 7.1(A)(2), the undersigned hereby certifies that counsel for Plaintiff and Counsel for Defendants conferred in a good faith attempt to resolve or narrow the issues presented by this motion and that the parties consent to the filing of this motion.

/s/ N. Andrew Crain
N. Andrew Crain

*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br>    *Plaintiff*,<br>v.<br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br>    *Defendants*. | Civil Action No.<br>1:21-cv-10417-RWZ |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, the foregoing *Joint Motion for Entry of Updated Scheduling Order* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.


/s/ N. Andrew Crain
N. Andrew Crain

*Attorney for Defendants*

9