UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>           Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE TO PLAINTIFF IEP TECHNOLOGIES, LLC'S ARGUMENT IN ITS RESPONSE TO COURT ORDER ECF NO. 119**

In its Response to the Court's April 24 Order [Doc. 119], Plaintiff IEP Technologies, LLC ("IEP") re-initiates argument on its withholding from Defendants of digital native versions of four emails it indicates that it produced to the Court for *in camera* review. *See* Doc. 120. Specifically, IEP makes additional argument regarding the scope of waiver of the attorney-client privilege, asserting that the scope of any waiver should have "narrow parameters." *See id.* IEP partially quotes a sentence from *Doe v. Lahey Health Sys., Inc.*, No. 19-CV-11014-PBS, 2020 WL 13561720, at *4 (D. Mass. Aug. 12, 2020), to contend that waiver is "not tantamount to a blanket waiver of the *entire* attorney-client privilege in the case." Doc. 120 (emphasis added).

In response, Defendants have never contended that *all* attorney-client privileged content in the entire case has been waived. *See* Doc. 96.1, § 3.4; Doc. 110 at 5. Moreover, the focus of *Doe* is on "at issue" waivers "where a party affirmatively and directly placed client communications at issue." *See Doe,* 2020 WL 13561720, at *4. Thus, to complete IEP's partial quotation above, *Doe* prescribes that "[t]he scope of an 'at issue' waiver is limited: it extends only to 'what has been put at issue….'" *See id.* (citing *Clair v. Clair*, 464 Mass. 205, 219, 982 N.E.2d 32, 43 (2013) ("By

definition, ["the scope of an 'at issue' waiver"] is a limited waiver of the privilege with respect to what has been put 'at issue.'" Otherwise, while a "party may resist discovery on the basis of privilege, [it] may not at the same time rely on the privileged communications or information as evidence at trial."). *Doe* does not teach the parsing of individual communications that have been placed "at issue." *See id.* Thus, *Doe* is consistent with what Defendants have asserted all along.

Respectfully submitted this 12th day of May 2023.

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum, III (*pro hac vice*)
*c.landrum@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>            Plaintiff,<br><br>       v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>            Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, the foregoing *Response to Plaintiff IEP Technologies, LLC'S Response To Court Order ECF No. 119* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ N. Andrew Crain
N. Andrew Crain

*Attorney for Defendants*