## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>　　　　Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

### DEFENDANTS' RESPONSE TO THE COURT'S MAY 15, 2023 ORDER

In Response to the Court's May 15 Order (*see* ECF No. 125), Defendants KPM Analytics, Incorporated and KPM Analytics North America Corporation (collectively, "KPM") report that the parties—after several meet-and-confer communicative exchanges, including as recently as June 22, 2023—have been unable to reach an agreement to resolve the production of digital native versions of the disputed emails regarding the signing of the declaration of use for Plaintiff IEP Technologies, LLC's ("IEP") trademark registration at issue in this case. KPM requests the Court's guidance so that KPM can obtain the information that KPM needs to prepare its defenses and counterclaims in view of IEP's confirmed intent to rely upon the information that KPM is seeking.

Following the Court's May 15 Order, counsel for KPM conferred with IEP to request the discovery to which it is entitled. IEP previously had produced two emails in their native format and subsequently produced two screenshots of partial Internet header information for the other two emails. KPM has examined the documents produced by IEP and, in coordination with KPM's computer forensics expert, determined that IEP still has not produced what the Court ordered on May 15 regarding the four emails referenced in the Court's Order 125. See Exhibit A, Declaration

1

of Gregg Kelley ("Kelley"), ¶ 3. The documents produced on May 12, 2023 do *not* comprise *complete* copies of the unredacted portions of the digital native files, which KPM's computer forensics expert has confirmed and which KPM has requested since at least May 16. *Id*. ¶ 5. Instead, the documents are incomplete and only comprise limited excerpt portions and lack the information that counsel for the parties discussed during their meet-and-confer conference late last week. The incomplete header on one email does not contain *any* IP address information, like it should, and in contrast to the complete header for the other email. *Id*. ¶¶ 14–15. Moreover, there are also discrepancies, which KPM previously identified to the Court (Doc. 96-1), in the documents that continue to cause concern regarding authenticity of the emails, which cannot be resolved from the incomplete information IEP recently provided. *Id*. ¶ 5.

Additionally, while the emails above represent emails allegedly *sent* by IEP, IEP still has not produced any of these emails in question as *received* by or sent from IEP's European counsel, PENDL MAIR Rechtsanwälte, at the <pm-law.at> domain. As recipients and senders of the emails at issue, the digital natives thereof should complement the natives that KPM has requested but that IEP still has not provided for IEP004589–IEP004600 (also at IEP005251–IEP005261) and IEP004601–IEP004617 (also at IEP005005–IEP005015). *Id.* ¶ 16. The complementary emails as *received* by IEP's European counsel from IEP—with their respective internet headers—should also have the IP address information, which would permit verification of the emails for which IEP continues to withhold and produce only limited excerpts thereof. The complementary emails from the <pm-law.at> domain quite likely could help resolve KPM's authenticity concerns and should have been produced long ago. *Id.* ¶¶ 19–20.

According to KPM's computer forensics expert, there is no reason why IEP cannot provide the EML files for all these emails, including the emails *sent* by IEP and the corresponding emails

as *received* by IEP's European counsel, as EML files are textual in nature and can have any privileged portions removed, that is, as long as any such removal matches the redactions permitted by the Court. *Id.* ¶ 18. The remaining EML content should contain all other *unredacted* data for the emails in "native format" and likely permit KPM to examine the emails as the Court already has ordered.

As such, KPM made this request for the EML information as a final request for IEP004589–IEP004600 (also at IEP005251–IEP005261) and IEP004601–IEP004617 (also at IEP005005–IEP005015) and for these emails as received by or sent from the domain <pm-law.at> for PENDL MAIR Rechtsanwälte, since the Court long ago ruled that KPM could have this information. *See* Doc. 125. IEP flatly refused. *See* Exhibit B hereto. In light of IEP's refusal but affirmation of its intent to rely on these emails on the issue of KPM's fraud affirmative defense and counterclaim, KPM files this response to the Court's May 15 Order.

## I.    Three Suggested Options for Resolution of this Unnecessarily Long Dispute

Defendants submit that three options exist for the resolution of this discovery dispute. The first—and by far, the simplest—would be for IEP to stipulate that it will not rely on or introduce the disputed emails as part of its case-in-chief or its defense against KPM's counterclaims, as noted by the Court in its April 24 Order, requiring production of native versions of the emails to KPM only "[i]f plaintiff intends to rely at summary judgment or at trial on the four emails submitted in response to the court's December 7, 2022 order, 93." Doc. 119. However, IEP confirmed on June 22, 2023—at the conclusion of its deposition of KPM employee Scott Nagle—its intent to retain its option to rely on the disputed emails at trial.

The second option is for the Court to appoint an independent third-party information technology consultant to extract the entire Internet header from each of the emails, including the

informational email header and the technical email header. Kelley ¶ 18. Such a consultant would be able to convert  the email message to EML format, a text format that contains the complete Internet header, including both the informational email header and the technical email header, as well as the body text of the email itself. An EML file could be edited to remove any confidential portions that need to be redacted pursuant to the Court's direction, with agreement by Defendants that such content would and shall remain confidential and privileged. *Id.* ¶ 18. This option would enable KPM's expert to assess the authenticity of these email messages and to analyze the Internet headers. *Id.* ¶¶ 19–20.[1]

The third option is for the Court to order the production of the complete native email files under the crime-fraud exception to attorney-client privilege. "For the crime-fraud exception to apply, the party invoking it must make a *prima facie* showing first, that the client was engaged in (or was planning) criminal or fraudulent activity at the time of the attorney-client communications, and, second, that the client intended that the communications would facilitate or conceal the wrongful activity." *U.S. v. Weed*, 99 F. Supp. 3d 201, 205 (D. Mass. 2015) (citation omitted). "[I]t is enough to overcome the privilege that there is a reasonable basis to believe that the lawyer's services were used by the client to foster a crime or fraud." *Id.* (citation omitted). "This standard allows the privilege to be pierced 'on something less than a mathematical (more likely than not)

---

[1] An Internet header is metadata contained within every email message and is comprised of multiple points of information to help authenticate an email. Kelley ¶ 7. Some of those data points include the following metadata: From, To, Delivered-To, Deliver-To, Subject, Reply-To, and Content-Type. *Id.* ¶ 8. The more technical data points include the following metadata: Return-Path, Received, Message-ID, and Multipurpose Internet Mail Extensions (MIME). Within the Return-Path, the IP address of each server handling the message is disclosed. *Id.* ¶ 9.

IEP005265 appears to display a *complete* Internet header, including the more technical data points. In the technical email header, IEP005265 shows the IP address of the recipient of the email. *Id.* ¶ 14. However, IEP005264 appears to display only some of the data that can be in an Internet header. Internet header provided, IEP005264 does not show the IP address of either the sender or the recipient of the email. *Id.* ¶ 15.

probability that the client intended to use the attorney in furtherance of a crime or fraud.'" *Id.* (*quoting In re Grand Jury Proceedings*, 417 F.3d 18, 23 (1st Cir. 2005)); *citing United States v. Schussel*, 291 Fed. Appx. 336, 346, 2008 WL 3983887, *9 (1st Cir. 2008) (unpub. op.) ("The required level of proof to pierce the privilege under the crime-fraud exception is limited to the issue of whether reasonable cause adequate to pierce the privilege exists.")).

Here, KPM has alleged that IEP perpetrated a fraud on the U.S. Patent & Trademark Office, both by submitting a declaration that contained goods on which IEP's mark was not—and never had been—used in commerce and by representing that Mr. John Shea signed the declaration when he did not. IEP has not moved to dismiss these claims. Thus, KPM has established that there is reasonable cause adequate to pierce the privilege and any privilege *with respect to these emails* has been waived, which has also been substantiated by a third-party document production by the USPTO confirming that a trademark declaration was forged and not signed by IEP's President, thereby rendering the declaration void and IEP's trademark subject to cancelation from the fraudulent maintenance of the trademark. Therefore, the Court can properly order IEP to produce the disputed emails in their entirety without further objection, that is, if IEP intends to rely on any portions thereof.

## II.    Status Update

That this issue remains unresolved is having an impact on discovery. Currently, KPM is scheduled to depose IEP pursuant to Rule 30(b)(6) in Boston on July 7, 2023. However, KPM cannot conduct a meaningful deposition of IEP on its fraud counterclaim prior to obtaining the information sought above that forms the core of IEP's defense to KPM's fraud counterclaim. Also, KPM has served a third-party deposition subpoena on a former paralegal from IEP's prior law firm to inquire about related issues but needs the *full* internet header from the emails above to inquire

conduct discovery on the facts surrounding the allegedly forged declaration that lies at the heart of the fraud affirmative defense and counterclaim. The deposition was noticed for June 23, but IEP's counsel, who now also represents the former paralegal, objected to June 23 for convenience reasons and has not yet responded to KPM's proffer of potential alternative dates of July 6 or 14.

And finally, in the Court's Order of June 9, 2023, the Court ordered the parties to meet and confer on the rescheduled dates for two depositions. One deposition is the deposition discussed above currently scheduled for July 7 but that must be considered questionable in view of IEP's refusal to provide the information above.

The other deposition is for IEP's CEO, Randy Davis. Despite the Court ordering the deposition to occur by July 14, which was acceptable to KPM, IEP has indicated that Mr. Davis is not available until after July 14. KPM is currently awaiting confirmation after at least two requests (one in writing and another at the conclusion of the Nagle deposition on June 22) about whether or not Mr. Davis is available on July 26. KPM has indicated its willingness to consent to July 26 with the understanding that the dates thereafter in the Court's schedule would need to be adjusted by approximately a week, to which KPM is informed that IEP is amenable.

### III.    Conclusion

For the foregoing reasons, the Court should (a) accept a representation from IEP that it will not use the disputed emails in this case, (b) appoint an independent third-party information technology consultant to extract the necessary information, or (c) order the production of the complete email messages under the crime-fraud exception to attorney-client privilege.

Respectfully submitted this 26th day of June 2023.

/s/ N. Andrew Crain

Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street, 22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum, III (*pro hac vice*)
*c.landrum@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>     Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, the foregoing *Defendants' Response to the Court's May 15, 2023 Order* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ N. Andrew Crain
N. Andrew Crain

*Attorney for Defendants*