IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DECLARATION OF GREG KELLEY**

The declarant, Greg Kelley, states the following:

1. I am the Chief Technology Officer at Vestige Digital Investigations ("Vestige").

2. I previously submitted two declarations in this case and incorporate by reference the statements made therein. Docs. 96-8 and 129-1.

3. As stated in my previous declaration, Doc. 129-1, the documents produced by IEP do not comprise complete native copies of the unredacted portions of the digital native files.

4. Specifically, IEP005264 appears to display only some of the data that can be in an Internet header. The Internet header provided, IEP005264 does not show the IP address of either the sender or the recipient of the email as well as other items to authenticate an email.

5. In light of the foregoing, I understand that the Court has ordered the retention of an independent expert to extract metadata from the emails at issue from both the sender and recipient of the emails.

6. If I were assigned such a task, I would not begin my analysis with the files previously produced by IEP, as I could not authenticate that those files constitute an exact

1

representation of the data contained within the emails. In order to authenticate that those emails are a true and accurate copy, I would have to have firsthand knowledge of the extraction process.

7. To be able to authenticate that I had obtained an exact representation of the emails, I would extract the emails directly from the email server on which they are stored.

8. Because sufficient identifying information is known about the relevant emails, locating those specific emails on the relevant email server would be a simple, focused search.

9. Once I had identified the relevant emails on the email server, then I would convert the extracted emails directly to a native electronic file such as an MSG file or EML file, as discussed in my prior declaration.

10. Next, I would validate that the native electronic file was complete and not corrupted and that it contained the same information as contained in the email on the email server.

11. I would repeat this process with the same emails as they exist on the recipient's email server, which in this case I understand to be IEP's European counsel.

12. By having the email messages in EML format, created directly from the emails as stored on the respective email services, I would be able to assess the authenticity of these email messages by comparing the body text of one email to the other. I would also thereafter be able to redact all content from the EML file to remove any privileged content as necessary and as directed by the party claiming privilege, which I understand is the case with one or more of the email at issue.

13. As noted in my previous declaration, Doc. 129-1, I also would be able to analyze the email header, including the server routing information, which is missing from the TIF file produced by IEP as IEP005264.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Greg Kelley

Dated: July 10, 2023

3