UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

### PLAINTIFF'S RESPONSE TO COURT ORDER REGARDING EMAIL DISCOVERY DISPUTE

Plaintiff IEP Technologies, LLC, ("IEP" or "Plaintiff"), by its undersigned counsel, moves this Court to compel Defendants KPM Analytics, Incorporated ("KPMA") and KPM Analytics North America Corporation ("KPMNA") (collectively, "Defendants") to produce documents responsive to IEP's First Set of Email Production Requests. KPM's refusal is predicated on their refusal to cooperate with respect to providing hit counts by search terms and a misunderstanding of the ESI order. Critically, this information is needed before the renewed deposition of KPM Defendants can occur. The renewed 30(b)(6) deposition has an agreed upon scope, which includes a topic relating to any additional production of documents by KPM and efforts to respond to discovery requests. KPM's refusal to produce emails is an attempt to run out the discovery time frame without allowing sufficient time for review before the renewed deposition. Notably, IEP was willing to proceed without additional discovery in this case. KPM, however, insisted upon reopening discovery. KPM's refusal to produce the discovery herein reveals KPM's real intent: KPM wanted a one-way discovery street only to their benefit contrary to the Court's guidance.

I.   **FACTUAL BACKGROUND**

In May 2023, this Court reopened full fact discovery with the entry of a new scheduling

1

order. ECF No. 125. Upon reopening of discovery, IEP served a set of email requests upon KPM targeting key issues in this case including the adoption of KPM's infringing mark and KPM's overlapping product line. Ex. 1 ("5.31.2023 IEP First Set of Email Discovery Requests"). Subsequently, KPM provided objections and responses on June 30, 2023. Ex. 2 ("6.30.2023 KPM Objections First Set of Email Discovery Requests").

IEP's requests targeted four custodians: Brian Davies, Brian Mitchell, Scott Nagle, and Eric Olson. *See* Ex. 1. For each custodian, the same search terms were used.

1. Hoffman AND (design! OR trademark)

2. IEP

3. Explo!

4. (Sensor OR camera) AND (fire OR explo! OR safe!)

5. Trademark & confus!

KPM's objections noted the number of total hits by custodian, but not by search term. Ex. 2. (identifying 346 "potentially[1] responsive items" for Mr. Davies, 705 for Mr. Mitchell, 26,330 for Mr. Nagle, and 1,517 for Mr. Olson).

Subsequent to the exchange of written discovery, the parties engaged in multiple meet and confer efforts with respect to the email requests. IEP's position is simple, with respect to Mr. Mitchell and Mr. Davies, the hit counts are already sufficiently narrowed[2] such that KPM should produce responsive documents. KPM has refused. With respect to Mr. Olson and Mr. Nagle, IEP agreed to narrow and did not demand KPM review 26,000 documents. In order to do so, however,

---

[1] KPM's "potentially responsive" language is worrisome. KPM cannot shield from discovery responsive documents that "hit" on a search term that are not otherwise privileged based on KPM's assessment of relevance.

[2] Notably, KPM's own email discovery requests resulted in close to 400 hits.

IEP made a reasonable request by asking KPM to identify the hit counts by term so that IEP can assess the term or terms responsible for the overbreadth. Again, KPM refused.

After KPM's refusal to identify the term(s) responsible for the high hit counts, IEP and KPM continued to meet and confer. KPM proposed three narrowing requests to IEP: to amend search terms such as "explo!", to narrow the time frames of the searches, and to exclude documents that contain law firm domain names[3] from each search. IEP agreed to two of KPM's narrowing requests. IEP agreed that KPM can remove the law firm domain names, even for custodians such as Mr. Davies who already had a narrow hit count of 346 documents. IEP also narrowed the timeframe for Mr. Olson to be limited to his employment with KPM. With respect to the third, IEP again requested KPM identify hit counts by term. Despite IEP agreeing to two of KPM's requests, KPM refused to identify hit counts by term and never provided updated hit counts for custodians after removing the law firm domain hits. This Brief follows pursuant to the Court's order. ECF No. 139.

## II. LEGAL STANDARD

Discovery under Rule 26 is broad. Fed. R. Civ. P. 26(b)(1). "The party seeking an order compelling discovery bears the initial burden of showing that the discovery requested is relevant," but "the objecting party bears the burden of showing that a discovery request is improper." *See Koninklijke Philips N.V. v. Wangs All. Corp.*, No. CV 14-12298-DJC, 2018 WL 283893, at *1 (D. Mass. Jan. 2, 2018).

## III. ARGUMENT

### A. KPM should be compelled to produce Mr. Davies and Mr. Mitchell's Emails

Email requests to Mr. Davies and Mr. Mitchell are relevant to multiple issues in this case.

---

[3] IEP assumes this request relates to privilege. However, KPM should not be entitled to withhold non-privileged documents that are otherwise responsive to discovery requests in this case.

3

For example, search term 1 is directed to KPM's adoption of its trademark, logo, or design. Hoffman Designs is a company KPM engaged to develop the new mark. Similarly, search term 5 is directed to likelihood of confusion, the trademark infringement legal standard. Further, KPM's objections based on allegations of overbreadth are belied by the hit counts. With respect to both custodians, the hit counts are within the broad scope of Rule 26. In addition, IEP agreed to further narrow any hits that contain a law firm domain name but never received an updated hit count number. So, the total hit counts for Mr. Davies and Mr. Mitchell remains unknown currently due to KPM's refusal to provide responsive information. However, even with the currently known numbers, KPM should be compelled to produce responsive information.

KPM's objections to the scope of the terms is misplaced. For example, KPM's contention that the search term "explo!" is overbroad is belied by the total hit counts for Mr. Davies and Mr. Mitchell. Further, KPM cannot claim certain terms are unduly broad while refusing to provide evidence of such breadth in the form of hit counts by term. IEP cannot reasonably be expected to narrow without knowing which terms to narrow.

Finally, IEP's requests fall within the scope of Section 6 of the ESI order. KPM's objection to term 1 is misplaced. The disjunctive term 'OR' is used between design and trademark. But as used in term 1, design and trademark are variants, *i.e.* synonyms, of the same word. Design, trademark, logo, mark, etc. Each of the search term variants are permissible under the scope of the ESI order.

> **B.    KPM should be compelled to provide hit counts by term for Mr. Nagle and Mr. Olson to allow IEP to meaningfully narrow the searches.**

With respect to the remaining two custodians, IEP recognized the scope of the hit counts were unduly burdensome and sought to obtain the hit counts by term. KPM flatly refused. Perhaps one term causes the majority of the hit counts and could be dropped entirely. IEP cannot know due

to KPM's refusal. KPM cannot provide a total hit count, while preventing IEP from narrowing by refusing to provide hit counts by term.

## IV.   CONCLUSION

For the reasons stated herein, IEP respectfully requests that the Court order KPM to produce emails responsive to Search Terms 1-5 for Brian Davies and Brian Mitchell. The number of responsive documents identified are well within the broad scope of Rule 26. In particular, IEP even permitted KPM to remove law firm domain names from the search to further narrow the requests. KPM, however, has not provided revised hit counts or produced any responsive emails. With respect to Scott Nagle and Eric Olson, IEP respectfully requests the Court order KPM to provide hit counts by term so IEP can meaningfully meet and confer with KPM to narrow or amend the search terms.

Dated: August 25, 2023

/s/ Stephen F.W. Ball, Jr.
Stephen F.W. Ball, Jr. (BBO # 670092)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

Brendan G. McDermott (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard
Suite 1500
St. Louis, MO 63105
Telephone: 314-480-1500
Fax: 314-480-1505
Brendan.McDermott@huschblackwell.com

**Attorneys for Plaintiff IEP Technologies, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that today, August 25, 2023, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

<em>/s/ Stephen F.W. Ball, Jr.</em>

4881-7242-2779