IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>　　　　Defendants. | Civil Action No.<br><br>1:21-cv-10417-RWZ |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF EMAIL PRODUCTION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26, and 34, Defendants KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated, and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively "Defendants") hereby responds to Plaintiff IEP Technologies LLC's ("Plaintiff") First Set of Email Production Requests for Production of Documents and Things ("Requests")

RESERVATION OF RIGHTS

In response to the Requests, Defendants have solicited documents from those individuals employed or otherwise affiliated with Defendants that have knowledge of the matters for which Plaintiff seeks documents. Defendants have not, however, undertaken to search or review all of the files or records in its possession, custody, or control, nor have Defendants solicited from every individual employed by or otherwise affiliated with them, because to do so would be unduly burdensome and prohibitively expensive.

Defendants make the responses and objections herein ("Responses") based on their interpretation and understanding of the Requests and based on their current knowledge,

1

understanding, and belief as to the facts and information available to them as of the date of the Responses. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendant's understanding, Defendants reserve the right to complete an investigation and discovery of the facts, and to rely at trial or in other proceedings on documents and information in addition to the information provided in response to the Requests, regardless of whether such information is newly discovered or newly in existence.

Defendants' Responses shall not constitute an admission by Defendants that any of the Requests, any of the Responses, or any of the documents or information produced in connection therewith are admissible as evidence in any trial or other proceeding. Defendants specifically reserve the right to object on any grounds, at any time, to the admission of any Requests, any Response, or any document or information produced in connection therewith in any such trial or other proceeding. Also, additional discovery and investigation may lead to addition to, changes in, or modifications of these Responses. Thus, these Responses are provided without prejudice to Defendants right to revise, amend, correct, supplement, modify, or clarify these Responses to the extent required or allowed by Fed. R. Civ. P. 26(e).

Defendants do not waive any objection, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to any request. Pursuant to Fed. R. Civ. P. 26(b)(5), the inadvertent disclosure of such information, or the inadvertent disclosure or production of such a document, shall not constitute a waiver of any applicable privilege as to that information, that document, or any other information or document identified or produced by Defendants. All objections as to privilege, immunity, relevance authenticity, or admissibility of any information or documents referred to herein are expressly reserved. Further, these Responses are not a concession that

any individual identified by Defendants may be called as a witness or that such person possesses discoverable information, or that the subject matter of any particular request or response thereto is relevant to this action.

## GENERAL OBJECTIONS

Defendants object, generally, to Plaintiff's First Set of Email Production Requests for Production of Documents and Things upon the following grounds:

1. To the extent that any and all of Plaintiff's Requests seek or can be construed to seek the disclosure of information, documents, and/or identification of documents that Defendants regard: (1) as protected from disclosure by virtue of the attorney-client privilege and/or other applicable privileges; (2) as construing attorney work product and/or the mental impression, conclusions, opinions, memoranda, notes, or summaries, legal research or legal theories of one ore more of the attorneys or agents of Defendants, as well as the mental impressions, conclusions or opinions respective the value or merit of a claim or defense, or respecting the strategy or tactics of one or more representatives of Defendants; (3) as constituting proprietary information, trade secret information, proprietary business and/or other confidential information, or (4) as being otherwise immune from discovery.

2. To the extent that any and all of Plaintiff's Requests seek information or documents that is/are (1) not relevant to the subject matter of this action; (2) not reasonably calculated to lead to the discovery of admissible evidence; and/or (3) not within the possession, custody, or control of Defendants.

3. To the extent that any and all of Plaintiff's Requests, including any associated definitions and instructions thereof, are overbroad, unduly burdensome, and place a burden upon Defendants not contemplated by the Federal Rules of Civil Procedure and/or the Local

Rules of this Court.

4. To the extent that any of Plaintiff's definitions, instructions or Requests are: (1) confusing or attempts to materially modify the plain definition and meaning of a particular term. Defendants will not be bound by Plaintiff's definitions and intends to interpret words used in these requests in their plain meaning; or (2) inconsistent with or exceeds the scope of discovery set forth in the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

5. To the extent that any of Plaintiff's Requests are duplicative of any previous discovery requests and/or seek documents or things that have already been produced.

6. Each and every one of the above-stated general objections is hereby incorporated by reference as part of Defendants' Response to each and every one of Plaintiff's requests as if restated therein.

## OBJECTIONS TO DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

1. Defendants object to the Definitions, Rules of Construction, and Instructions as being unduly burdensome to the extent they incorporate definitions from a separate document.

2. Defendants object to the definition of "Defendants" and "You" on the grounds that it is indefinite, overly broad, and unduly burdensome to the extent that it purports to include individuals or entities beyond the scope of the defendants in this action, namely KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, and to the extent that it attempts to impose obligations on Defendants in addition to those set by the Federal Rules of Civil Procedure.

3. Defendants object to the definition of "Plaintiff" on the grounds that it is

4

indefinite, overly broad, and unduly burdensome to the extent that it purports to include individuals or entities beyond the scope of the Plaintiff in this action, namely IEP Technologies, LLC.

4. Defendants object to the definition of "Plaintiff's Mark" on the grounds that it is indefinite, overly broad, and unduly burdensome to the extent that it means "[logo], whether alone or in combination with any other term(s) and/or design(s)[.]" For the purposes of these Responses, Defendants interpret "Plaintiff's Mark" as referring to [logo], [IEP Technologies Hoerbiger Safety Solutions logo], and [IEP Technologies Industrial Explosion Protection logo], and the mark referenced in Reg. No. 4,648,573.

5. Defendants object to the definition of "Defendants' Marks" on the grounds that it is indefinite, overly broad, and unduly burdensome to the extent that it means "[logo], whether alone or in combination with any other term(s) and/or design(s) ... and/or any word, name, symbol, or device (including any key words or metatags) incorporating, based on, or derived from those marks, in whole or part[.]" For the purposes of these Responses, Defendants interpret "Defendants' Marks" as referring to [logo], [Process Sensors Corporation logo], and the mark referenced in Reg. No. 5,633,755.

6. Defendants object to the definition of "Defendants' Goods" on the grounds that it is indefinite to the extent it recites "Defendants' Mark" because it is not clear which particular one of "Defendants' Marks" is being referenced.

7. Defendants object to the definition of "document" to the extent that it is inconsistent with its meaning in the Federal Rules of Civil Procedure and this Court's Local Rules. Defendants will apply the Court's definition as provided in Local Rule 26.5.

8. Defendants object to the definition of "communication" to the extent that it is

inconsistent with the meaning in this Court's Local Rules. Defendants will apply the Court's definition as provided in Local Rule 26.5.

9. Defendants object to the definition of "thing" to the extent that it is inconsistent with its meaning in the Federal Rules of Civil Procedure or purports to impose on Defendants any obligations in addition to those set by the Federal Rules of Civil Procedure.

10. Defendants object to the definition of "concerning" to the extent that it is inconsistent with the meaning in this Court's Local Rules. Defendants will apply the Court's definition as provided in Local Rule 26.5.

11. Defendants object to the definition of "person(s)" to the extent that it is inconsistent with the meaning in this Court's Local Rules. Defendants will apply the Court's definition as provided in Local Rule 26.5.

12. Defendants object to the definitions of "and" and "or" as indefinite, ambiguous, and unduly burdensome to the extent they purport to require Defendants to interpret Plaintiff's Requests in a way that differs from how they are written. Defendants will give the terms "and" and "or" their plain and ordinary meaning as they are written in the respective Requests.

13. Defendants object to the definitions of "U.S. commerce" and "United States commerce" as indefinite, ambiguous, and unduly burdensome to the extent that it means "commerce that the United States may regulate."

14. Defendants object to the instructions that (1) "[t]he past tense includes the present tense, and vice-versa;" (2) "[t]he singular includes the plural, and vice-versa;" and (3) "[t]he male pronoun includes the female pronoun, and vice-versa" as indefinite, ambiguous, and unduly burdensome to the extent they purport to require Defendants to interpret Plaintiff's

Requests in a way that differs from how they are written. Defendants will give the phrases referenced in these instructions their plain and ordinary meaning as they are written in the respective Requests.

15. Defendants object to Instruction Nos. 18-22 to the extent that they seek to impose on Defendants any obligations in addition to those set by the Federal Rules of Civil Procedure.

16. Defendants object to the "Rules of Construction" as indefinite, ambiguous, and unduly burdensome to the extent they purport to require Defendants to interpret Plaintiff's Requests in a way that differs from how they are written. Defendants will give the phrases referenced in the "Rules of Construction" their plain and ordinary meaning as they are written in the respective Requests.

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS

Without waiving or limiting in any manner any of the foregoing General Objections and Objections to Definitions, Rules of Construction, and Instructions, but rather incorporating them into each of the following Responses, Defendants respond to each of the individual Requests as follows.

**EMAIL Request No. 1**

All emails sent to, received by, or created by Brian Davies, including without limitation any unsent drafts and deleted emails, from January 1, 2017, to January 1, 2020 that can be located by searching any of the following search terms:

1. Hoffman AND (design! OR trademark)
2. IEP
3. Explo!

4. (Sensor OR camera) AND (fire OR explo! OR safe!)
5. Trademark & confus!

**RESPONSE to EMAIL Request No. 1:**

Defendants specifically incorporate by reference their General Objections and Objections to Definitions, Rules of Construction, and Instructions as if set forth herein. Defendants further object to this Request to the extent it seeks the disclosure of attorney-client communications, attorney work product, or any other applicable privilege or doctrine.

Defendants object to this Request as the request for "[a]ll emails sent to, received by, or created by," including "any unsent drafts and deleted emails," is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request on the grounds that it is unduly burdensome to the extent it seeks general email and/or general discovery of other electronically stored information that is not reasonably accessible because of undue burden or costs associated with identification, review, and production of such email and ESI discovery. And, Defendant objects to this Request on the grounds that it imposes an obligation beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

Subject to and without waiving any of their objection, and to the extent they understand this Defendants, Defendants object to this request as being overly broad and non-compliant with the Court's ESI Order (Doc. 19). Defendants object to the time period of this request spanning from January 1, 2017 through January 1, 2020 as being overly broad, unduly burdensome, and disproportionate to the needs of the case. The preliminary results of this search alone, without any determination of privilege, work product, relevance, or other objection has resulted in 346 potentially responsive items totaling 1.03 GB of data. Defendants object to the search terms above as unreasonable and overly broad. By way of example only,

the search term "explo!" is not narrowly tailored to the needs of the case, as it would create hits for emails containing "explore," "exploration," "exploit," "exploitation," etc. Accordingly, Defendants are willing to meet and confer for the purposes of narrowing this request in attempt to identify the information actually relevant to the disputed issues in the case.

**EMAIL Request No. 2**

All emails sent to, received by, or created by Brian Mitchell, including without limitation any unsent drafts and deleted emails, from January 1, 2020, to May 31, 2023 that can be located by searching any of the following search terms:

1. Hoffman AND (design! OR trademark)
2. IEP
3. Explo!
4. (Sensor OR camera) AND (fire OR explo! OR safe!)
5. Trademark & confus!

**RESPONSE to EMAIL Request No. 2:**

Defendants specifically incorporate by reference their General Objections and Objections to Definitions, Rules of Construction, and Instructions as if set forth herein. Defendants further object to this Request to the extent it seeks the disclosure of attorney-client communications, attorney work product, or any other applicable privilege or doctrine.

Defendants object to this Request as the request for "[a]ll emails sent to, received by, or created by," including "any unsent drafts and deleted emails," is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request on the grounds that it is unduly burdensome to the extent it seeks general email and/or general discovery of other electronically stored information that is not reasonably accessible

9

because of undue burden or costs associated with identification, review, and production of such email and ESI discovery. And, Defendant objects to this Request on the grounds that it imposes an obligation beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

Subject to and without waiving any of their objection, and to the extent they understand this Defendants, Defendants object to this request as being overly broad and non-compliant with the Court's ESI Order (Doc. 19). Defendants object to the time period of this request spanning from January 1, 2020 through May 31, 2023 as being overly broad, unduly burdensome, and disproportionate to the needs of the case. The preliminary results of this search alone, without any determination of privilege, work product, relevance, or other objection has resulted in 705 potentially responsive items totaling 2.01 GB of data. Defendants object to the search terms above as unreasonable and overly broad. For example, the search term "explo!" is not narrowly tailored to the needs of the case, as it would create hits for emails containing "explore," "exploration," "exploit," "exploitation," etc. Accordingly, Defendants are willing to meet and confer for the purposes of narrowing this request in attempt to identify the information actually relevant to the disputed issues in the case.

**EMAIL Request No. 3**

All emails sent to, received by, or created by Scott Nagle, including without limitation any unsent drafts and deleted emails, from January 1, 2017, to May 31, 2023 that can be located by searching any of the following search terms:

1. Hoffman AND (design! OR trademark)
2. IEP
3. Explo!

4. (Sensor OR camera) AND (fire OR explo! OR safe!)

5. Trademark & confus!

**RESPONSE to EMAIL Request No. 3:**

Defendants specifically incorporate by reference their General Objections and Objections to Definitions, Rules of Construction, and Instructions as if set forth herein. Defendants further object to this Request to the extent it seeks the disclosure of attorney-client communications, attorney work product, or any other applicable privilege or doctrine.

Defendants object to this Request as the request for "[a]ll emails sent to, received by, or created by," including "any unsent drafts and deleted emails," is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request on the grounds that it is unduly burdensome to the extent it seeks general email and/or general discovery of other electronically stored information that is not reasonably accessible because of undue burden or costs associated with identification, review, and production of such email and ESI discovery. And, Defendant objects to this Request on the grounds that it imposes an obligation beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

Subject to and without waiving any of their objection, and to the extent they understand this Defendants, Defendants object to this request as being overly broad and non-compliant with the Court's ESI Order (Doc. 19). Defendants object to the time period of this request spanning from January 1, 2017 through May 31, 2023 as being overly broad, unduly burdensome, and disproportionate to the needs of the case. The preliminary results of this search alone, without any determination of privilege, work product, relevance, or other objection has resulted in 26,330 potentially responsive items totaling 58.63 GB of data. Defendants object to the search terms above as unreasonable and overly broad. By way of

example, the search term "explo!" is not narrowly tailored to the needs of the case, as it would create hits for emails containing "explore," "exploration," "exploit," "exploitation," etc. Accordingly, Defendants are willing to meet and confer for the purposes of narrowing this request in attempt to identify the information actually relevant to the disputed issues in the case.

**EMAIL Request No. 4**

All emails sent to, received by, or created by Eric Olson, including without limitation any unsent drafts and deleted emails, from January 1, 2017, to May 31, 2023 that can be located by searching any of the following search terms:

1. Hoffman AND (design! OR trademark)
2. IEP
3. Explo!
4. (Sensor OR camera) AND (fire OR explo! OR safe!)
5. Trademark & confus!

**RESPONSE to EMAIL Request No. 4:**

Defendants specifically incorporate by reference their General Objections and Objections to Definitions, Rules of Construction, and Instructions as if set forth herein. Defendants further object to this Request to the extent it seeks the disclosure of attorney-client communications, attorney work product, or any other applicable privilege or doctrine.

Defendants object to this Request as the request for "[a]ll emails sent to, received by, or created by," including "any unsent drafts and deleted emails," is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request on the grounds that it is unduly burdensome to the extent it seeks general email and/or

general discovery of other electronically stored information that is not reasonably accessible because of undue burden or costs associated with identification, review, and production of such email and ESI discovery. And, Defendant objects to this Request on the grounds that it imposes an obligation beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

Subject to and without waiving any of their objection, and to the extent they understand this Defendants, Defendants object to this request as being overly broad and non-compliant with the Court's ESI Order (Doc. 19). Defendants object to the time period of this request spanning from January 1, 2017 through May 31, 2023 as being overly broad, unduly burdensome, and disproportionate to the needs of the case. The preliminary results of this search alone, without any determination of privilege, work product, relevance, or other objection has resulted in 1,517 potentially responsive items totaling 2.33 GB of data. Defendants object to the search terms above as unreasonable and overly broad. By way of example, the search term "explo!" is not narrowly tailored to the needs of the case, as it would create hits for emails containing "explore," "exploration," "exploit," "exploitation," etc. Accordingly, Defendants are willing to meet and confer for the purposes of narrowing this request in attempt to identify the information actually relevant to the disputed issues in the case.

Respectfully submitted this 30th day of June, 2023.

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

        N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum, III (*pro hac vice*)
*c.landrum@thip.law*
**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770.933.9500
Facsimile: 770.951.0933

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP TECHNOLOGIES, LLC,<br>                Plaintiff,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br>                Defendants. | Civil Action File No.:<br>1:21-cv-10417-RWZ |

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 30, 2023, the foregoing Defendant's Response To Plaintiff's First Set Of Email Production Requests For Production Of Documents And Things To Defendants was served via email-upon counsel of record for Plaintiff pursuant to the prior written agreement of the parties recorded in the parties' Rule 16(d) Joint Report in accordance with Fed. R. Civ. P. 5(b)(2)(E):

Stephen F.W. Ball, Jr.
Stephen.Ball@huschblackwell.com

Brendan G. McDermott
Brendant.McDermott@huschblackwell.com

Respectfully submitted,

/s/ N. Andrew Crain
N. Andrew Crain

*Attorney for Defendants*