UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC, <br><br>    Plaintiff, <br><br>    v. <br><br> KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, <br><br>    Defendants. | Civil Action No. <br> 1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE TO THE COURT'S AUGUST 22, 2023 ORDER**

IEP's motion to compel should be denied because IEP's email search terms exceed the limits agreed to by the parties and entered by the Court in its ESI Order (Doc. 19) and are also so overly broad and unduly burdensome such that they capture tens of thousands of irrelevant documents. IEP's noncompliant email search requests come nowhere near being proportional to any needs of the case, especially at this late juncture in discovery, and IEP has made no showing even attempting to demonstrate otherwise. KPM asked IEP to narrow its requests like the Court ordered KPM to do to its email requests (*see* Doc. 119), but IEP refused. As such, IEP's motion should be denied.

As noted above, IEP's search terms do not comply with the Court's limit of five search terms per custodian, which the parties stipulated to and asked the Court to enter, which it did. *See* Doc. 19. IEP's search terms cover periods of 3 years per custodian at a minimum up to nearly 6.5 years. IEP's search terms also contain facially broad terms that will capture large batches of wholly irrelevant communications. KPM informed IEP of these defects and of its ESI Order noncompliance nearly two months ago when it responded to IEP's requests. Doc. 143-2. KPM also went above and beyond the requirements of this Court's ESI Order to disclose to IEP the preliminary results of the requested searches, namely that the terms captured *tens of thousands of documents and over 60 GB of data*, in attempt to show IEP why it should narrow its requests.

However, IEP has refused to limit the overly broad terms or time periods. Most importantly, IEP still refuses to conform its requests to the five search terms allowed by the Court's ESI Order, which alone is reason to deny IEP's motion to compel.

In contrast, when KPM sought requests for admission in excess of the Court's standing order limit (of 25), IEP asked the Court to enforce the standing order strictly, complaining to the Court: "***The Parties jointly set discovery limits over a year ago.***" Doc. 58, p.3 (bold and italics in original). IEP continued: "Now, at the end of an already extended discovery it seeks to quadruple the number of RFAs." *Id.* The Court denied KPM's request to enlarge the standing order limit for RFAs. *See* Doc. 93. Yet now—over two years removed from when the parties agreed to the limits of e-discovery in this case—IEP demands the Court disregard the ESI Order entirely so as to allow

1

IEP to engage in burdensome and expensive fishing expedition at this late juncture of discovery. IEP demands for itself what it denied KPM.

As the Court may also well recall, IEP has been repeatedly demanding that the Court close discovery. *See* Doc. 53, p.4 ("KPM raised a dispute "with burdensome eDiscovery and financial requests, despite the fact that an already extended discovery period is at its end."); Doc. 58, p.4 ("Discovery is closed (for the second time) and it is manifestly unfair to reopen it… ."); Doc. 59, p.6; Doc. 64, p.2.; Doc. 65, p.1; Doc. 105, p.5; Doc. 58, pp.1, 3; and Doc. 73, p.1. But now, IEP ironically wants to delay this case by forcing KPM to engage in reviewing tens of thousands of irrelevant documents, which would take substantial time to accomplish and cause great expense. The Court should deny the request.

### A. IEP's Requests Exceed the Five Terms Allowed by the Court's E-Discovery Order

In response to each of IEP's email discovery requests, KPM objected, in part, as follows: "Defendants object to this request as being overly broad and non-compliant with the Court's ESI Order (Doc. 19)." Doc. 143-2, pp.8, 10, 11, 12. Indeed, the parties jointly submitted an e-discovery order, which the Court entered on August 17, 2021. Doc. 19. That Order provides that email production requests shall be limited "to a total of five (5) search terms per custodian per party." *Id.* ¶ 6. The order further states:

> A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") shall count as a separate search term unless they are variants of the same word.

Doc. 19, ¶ 6. A variant is a "a different spelling, pronunciation, or form of the same word."[1] Thus, the reference to "variants" being considered a single term refers to a search term that includes different forms of the same word (*e.g.*, "trademark," "trademarks," "trademarked," or "trademarking"). The proper use of variants in email search strings is demonstrated in KPM's

---

[1] https://www.dictionary.com/browse/variant (last accessed August 28, 2023).

Email requests served well over a year ago.[2]

Contrary to this plain understanding of the Court's Order, IEP contends that the term "variants" means that any word that is a "synonym" of another word constitutes a single search term. Doc. 143, p.4. IEP provides no support for this absurd contention. Moreover, IEP's claimed synonym is no such thing, as "design!" is not a synonym of "trademark," as shown by the fact that "design!" also includes "designee" and "designate" within its scope, neither of which are synonyms of "trademark." Plus, IEP does not even both to attempt to argue that its other *disjunctive* search terms are synonyms: "(Sensor OR camera)" and "(fire OR explo! OR safe!)."

As none of IEP's search terms constitute "variants" of other search terms, each term is a separate search term per the Order. As a result, IEP has served five combinations of disjunctive terms that—when counted according to the Order—constitute a total of 11 search terms in violation of the Court's ESI Order:

| Search Terms (shown as served) | | Search Terms (counted per Court's ESI Order) | |
|---|---|---|---|
| 1. | Hoffman AND (design! OR trademark) | 1. | Hoffman AND design! |
| | | 2. | Hoffman AND trademark |
| 2. | IEP | 3. | IEP |
| 3. | Explo! | 4. | Explo! |
| 4. | (Sensor OR camera) AND (fire OR explo! OR safe!) | 5. | Sensor AND fire |
| | | 6. | Sensor AND explo! |
| | | 7. | Sensor AND safe! |
| | | 8. | camera AND fire |
| | | 9. | camera AND explo! |
| | | 10. | camera AND safe! |
| 5. | Trademark & confus! | 11. | Trademark & confus! |

IEP's search terms do not conform to the Court's Order. IEP's request should be denied.

_____

[2] Search String No. 2 from KPM's Request No. 70 posited to IEP recites: "(detect OR detector OR detects OR detecting) AND (explosive OR explosives)." Doc. 96.1 at 8. Clearly "detector," "detects," and "detecting" are all variants of "detect," and "explosives" is a variant of "explosive."

### B.      IEP's Search Terms Are Facially Overly Broad

In addition to violating the Court's Order by count, IEP's search terms are unreasonably overbroad. The search term "design!" also includes "designee," "designate," and "designation," among other design-formative words. Clearly, this term will encompass irrelevant communications and is not reasonably tailored to identify potentially relevant communications (*e.g.*, nothing about the terms "Hoffman" and "designee" inherently would be relevant to the present litigation).

The term "explo!" also is not sufficiently narrow. Not only does the term capture "explode," "explodes," "exploder," "exploded," "exploding," "explosive," "and "explosion," it also captures "explore," "explores," "explorer," "explored," "exploring," "exploratory," "exploration," "exploit," "exploits," "exploiting," and many others. Once again, the term "explo!" would capture irrelevant communications (*e.g.*, "exploring" options for any number of unrelated topics would be captured by the term).

KPM asked IEP to conform its terms to the Court's E-Discovery Order. IEP refused. As such, IEP's motion should be denied for this additional reason.

### C.      IEP's Request Is Unduly Burdensome

Based on IEP's non-compliant search terms, there are over 1,000 items to review for Messrs. Davies and Mitchell and nearly 29,000 items to review for the other two custodians, Messrs. Nagle and Olson, all of which likely includes many irrelevant documents, as described above. Yet IEP demands that KPM commence review of the first two custodians before the search terms are resolved as to all custodians. If IEP had served compliant requests without overbroad search terms, it is likely that these requests would have resulted in a fraction of the documents.

IEP also demands that KPM provide "hit counts" *by custodian* and *by search term*. KPM is reminded that during the course of the Court's April 24, 2023 hearing on KPM's requests for email production, the Court asked IEP for the same information, which IEP claimed not to have. Doc. 119. Having already provided more than IEP ever did, IEP's demand for KPM to engage in make-work should be denied, especially when IEP's requests do not comply with the Court's E-

Discovery Order in the first instance.

When confronted with KPM's e-discovery requests, the Court ordered KPM to narrow both the terms and the time periods, without ordering IEP to provide any "hit counts." Doc. 119. In fact, KPM's requests were limited by the Court to periods of less than 10 months in one instance and 25 months in another. *See id.* But IEP's search terms cover three years for Brian Davies, almost 3.5 years for Brian Mitchell, and almost 6.5 years for Scott Nagle and Eric Olson. IEP has been afforded the opportunity to narrow both its search terms and the associated timeframes and yet refuses to do so. It should not be heard to complain now. IEP's request should be denied.

## D.    Conclusion

IEP continues to engage in a "good for me, not for thee" litigation strategy, in which it applies discovery rules strictly against KPM while exempting itself. Also, IEP repeatedly asked the Court to end fact discovery so that expert discovery can commence, yet now in the eleventh hour wants KPM to engage in unduly and incredibly expensive ESI discovery that is hopelessly overly broad. Accordingly, as IEP has measured unto KPM should likewise be measured here to IEP. That is, the Court should deny IEP's request to engage in this overly broad and unduly burdensome e-discovery that does not even comply with the terms of the Court's ESI Order that IEP itself helped draft and consented to prior to its entry by the Court.

Respectfully submitted this 30 day of August 2023.

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*

**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street, 22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum, III (*pro hac vice*)
*c.landrum@thip.law*

**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC, <br><br>      Plaintiff, <br><br>      v. <br><br> KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, <br><br>      Defendants. | Civil Action No. <br> 1:21-cv-10417-RWZ |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, the foregoing *Defendants' Response to the Court's August 22, 2023 Order* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ N. Andrew Crain
N. Andrew Crain

*Attorney for Defendants*

7