## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>   Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## **MOTION TO COMPEL COMPLIANCE WITH NOTICE OF 30(B)(6) DEPOSITION**

At least *nine* times since January 2022, Defendants (collectively "KPM") have sought and noticed Plaintiff, IEP's deposition, only to have it postponed time and again due to IEP's evasion of its document discovery obligations or the unavailability of its corporate designee. And true to form, when its designee was not available before discovery was set to close on August 2, 2023, in a joint motion, IEP represented to the Court with KPM that extending "the discovery deadline to September 1, 2023 [would] provide ***ample time*** to complete remaining depositions." Doc. 137 (emphasis added). But after KPM proposed August 30th in a properly served deposition notice (*see* Ex. A), IEP responded—*citing no authority*—that KPM waived all rights to **any** corporate deposition of IEP because KPM did not accept a previously offered date (*i.e.,* August 25).

Despite KPM explaining that it was not available on August 25—the *only* date offered by IEP within the extended discovery period in August—but was instead available on several subsequent days before the September 1 close of discovery if August 30 did not work, IEP went radio silent. IEP has refused (and continues to refuse) to make *any* designated witness available on August 30 or any date thereafter before September 1, despite assuring this Court that such dates provided "ample time" for the deposition. IEP is also unwilling to meet and confer to explore alternative resolutions while discovery remains open this week, leaving KPM no other option but to seek relief from this Court. Accordingly, IEP should be compelled to provide ***a*** corporate designee in response to KPM's properly and timely served Rule 30(b)(6) deposition notice.

IEP's recent conduct is illustrative of its systematic efforts to evade and frustrate discovery, which has unnecessarily taxed the resources of the Court and KPM. In addition to telling this Court in Doc. 137 that there was "ample time" for IEP's corporate deposition before September 1 only to thereafter renege and then refuse to make *any* witness available in response to a properly-served notice or thereafter, IEP's counsel has also refused to make a key third party witness (*i.e.,* Debra Duguid) available before the September 1 close of discovery despite also citing her deposition as a basis to extend the close of discovery to September 1. *See* Doc. 137, pp.1-2. As a result, KPM has moved to compel Ms. Duguid's deposition in Connecticut, since IEP's counsel would not make Ms. Duguid available before the September 1 close of discovery but would only make her available

*after* September 1,[1] which is the oft-used strategy IEP exploits to offer dates for its witnesses *after* the close of discovery. *See infra.*

Notably, while IEP seeks to deny KPM from having even *one* corporate deposition, IEP currently seeks its *second* deposition of KPM. Specifically, IEP deposed *each defendant* on separate days in 2022 (*see* Exs. B & C) and now wants second depositions of each in 2023. While the Rules prohibit two depositions of the same person absent leave, KPM has worked with IEP in good faith to reach an agreeable outcome to enable IEP to take a *second* deposition of KPM (which this Court referenced in its August 31 Order (*see* Doc. 145)) without having to burden the Court. Brazenly, however, IEP refuses KPM even one corporate deposition.

IEP's one-sided approach to discovery is wasting judicial and party resources. Without intervention from the Court, IEP's discovery abuses will not end.

I.  **PROCEDURAL BACKGROUND**

In 2022, KPM sought to depose IEP on multiple occasions before this Court stayed discovery (*see* Doc. 70). The repeated rescheduling of IEP's deposition was the result of IEP's continual evasion of KPM's document discovery requests relevant to the 30(b)(6) deposition of IEP, entirely preventing the deposition from occurring in 2022.

After discovery reopened on May 15, 2023 (*see* Doc. 125), KPM served another notice for a deposition of IEP on June 7, 2023. But, like before, the deposition had to be rescheduled, first to June 14 and again to June 27. *See* Ex. D, p.5 ("Due to IEP's continued refusal to provide the information that KPM has consistently sought and that the Court has already ordered, the deposition[]…of IEP will again need to be rescheduled[.]"). Because IEP informed that its designee was unavailable on June 27 or any time before the June 30 close of discovery—which notably is what IEP is saying now: that its designee is unavailable the entire last week before the present discovery deadline—the Court granted the parties' motion to extend discovery to August

---

[1] And even then, IEP's counsel offered to only make Ms. Duguid available from 10:00 a.m. to 2:00 p.m. on one of either—but not both—September 7 or September 28. Ex. E, p.1. Of note, the District Court of Connecticut granted the request to transfer this particular dispute to this Court. *See IEP Technologies, LLC v. KPM Analytics¸* 3:23-mc-00079-KAD (D. Conn. Aug. 28, 2023), Doc. 4.

2

2. *See* Doc. 130. As the Court may recall, an independent consultant was appointed by the Court to resolve email authentication issues related to an allegedly forged trademark declaration, issues that are central to KPM's counterclaims. *See* Doc. 132. Because the independent consultant's analysis was not complete by August 2, another brief extension was required.

In the parties' Joint Motion for extension (granted by the Court on August 3 (*see* Doc. 138)), the parties represented: (a) IEP's "Rule 30(b)(6) designee is not available for deposition until after the current August 2 discovery deadline" and "no earlier than August 11"; and (b) that both "Parties believe an extension of the discovery deadline to September 1, 2023 will provide ***ample time*** to complete remaining depositions[.]" Doc. 137, ECF pp.1–2 (emphasis added).

Yet, just days later, on August 7, IEP revoked August 11 as a date for IEP's deposition. Ex. F, p.1. That same day, KPM suggested August 22, 24, and 25; however, KPM heard *nothing* back from IEP for nearly two weeks and, thus, understood that IEP was not available on any date. On August 18, IEP finally responded to offer August 25. *Id.*; Ex. E, p.1. However, since KPM was no longer available on August 25 due to obligations having arisen in other matters after having not heard from IEP for nearly two weeks, KPM offered August 30 via its Seventh Amended Notice in good faith reliance on the parties' prior request for discovery to close on September 1. *See* Ex. A.

It was not until *after* KPM's service of its Seventh Amended Notice that IEP revealed that, despite agreeing to extend discovery to September 1, Mr. Shea, its corporate designee, was not available the *entire* last week of discovery—just like when he was also unavailable the last week of discovery when discovery was set to close on June 30, as noted above. Ex. G, p.5. Doubling down in its August 22 response to KPM's Seventh Amended Notice, IEP issued an ultimatum: unless KPM responded by 3:00 p.m. explaining why the 30(b)(6) deposition had been noticed for August 30, IEP would "reserve all rights to object to any subsequent belated attempt by KPM to depose IEP" entirely. *Id.* And via an email sent later that day, IEP pronounced without citation to any authority: "KPM has now waived its right to seek such discovery." *Id.*, p.4.

The next day, August 23, KPM responded, stating that (a) counsel for KPM was unavailable on August 25 due to obligations with other legal matters, (b) the Seventh Amended Notice was

3

sent in good faith reliance on "IEP's representation to the Court" about there being ample time before September 1, and (c) IEP could "designate any [other available] witness" with knowledge of the noticed topics. Ex. G, p.3. IEP did not respond. *See infra.* L.R. 7.1(a)(2) Certification.

## II.     ARGUMENT AND CITATION TO AUTHORITY

Pursuant to Rule 30(b)(6), a corporate party "*must* designate one or more officers, directors, or managing agents" to testify on its behalf. Fed. R. Civ. P. 30(b)(6) (emphasis added); *see also Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.D. 1989) ("A notice of deposition made pursuant to Rule 30(b)(6) *requires* the corporation to produce one or more officers to testify with respect to matters set out in the deposition notice[.]") (emphasis added).

Despite IEP's assertions to the contrary, neither the unavailability of a 30(b)(6) corporate designee nor disagreement as to the date of said deposition can relieve a corporate party from its duty to designate, prepare, and produce a corporate designee for a duly-noticed corporate deposition. *See Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, No. 2005-46, 2008 U.S. Dist. LEXIS 82142, at *14–15 (D.V.I. Oct. 15, 2008). And upon discovery by a corporate party that its corporate designee cannot comply with a deposition notice—whether due to unavailability or lack of knowledge of noticed topics—the corporate party must substitute the designated representative with another person, otherwise the corporate party "breach[es] its duty" under Rule 30(b)(6). *See Guifu Li. v. A Perfect Day Franchise, Inc.*, No. 10-CV-01189, 2011 U.S. Dist. LEXIS 96715, at *8, 10 (N.D. Cal. Aug. 29, 2011) (holding that because a corporate party "repeatedly refused to produce" its 30(b)(6) corporate designee "or some other properly prepared deponent," the corporate party "breached its duty" under Rule 30(b)(6)).

IEP does not deny that KPM served a proper Rule 30(b)(6) notice on IEP. Yet, without citation to *any* authority, IEP asserts that because KPM did not accept the date required by IEP (*i.e.,* August 25) and because Mr. Shea, its designee, is not available on the properly noticed August 30 date, KPM is no longer entitled to *any* corporate deposition of IEP at any time, regardless of whether Mr. Shea or another person serves as IEP's corporate designee. *See* Ex. G, pp. 1, 4. However, IEP "cannot designate a 30(b)(6) deponent and then claim that the deponent is

4

unavailable. Such a position frustrates the purposes of Rule 30(b)(6) and runs counter to the duties imposed by the Rule." *Guifu Li*, 2001 U.S. Dist. LEXIS 96715, at *8 (indicating that a corporate party cannot refuse to produce its designee from deposition simply because the designee is located abroad on the noticed date for deposition).

IEP's gamesmanship contradicts its representations to this Court that extending discovery to September 1 provided "ample time" to complete discovery. *See supra*, p. 3. If IEP had reason to believe that its designee would not be available the last week of the discovery period, IEP should have either alerted KPM so that a more appropriate extension could have been initially sought or, in the alternative, "designate[d] another properly prepared witness." *Guifu*, 2001 U.S. Dist. LEXIS 96715 at *9–10. IEP did neither. Instead, IEP led KPM and the Court to believe that September 1 provided "ample time" to depose IEP when in fact that was not the case.

In that KPM could not reasonably wait for nearly two weeks to find out if IEP might possibly make itself available and then could not submit to IEP's date demand due to obligations in other matters that had arisen, IEP proclaims—citing no authority—that KPM no longer gets *any* 30(b)(6) deposition of IEP, whether of Mr. Shea or another designee. Ironically, while proclaiming that KPM gets no 30(b)(6) deposition, IEP seeks its *second* deposition of KPM, which KPM consented to in good faith so as to not burden the Court on a matter the parties could themselves resolve. KPM notes that the Court allowed this second deposition to be "as soon as practicable," which is the same approach KPM has taken all along in trying to depose IEP—when "practicable." *See* Doc. 145.

### III. CONCLUSION

Accordingly, KPM respectfully requests that the Court order IEP to provide its corporate designee for IEP's deposition as soon as practicable.[2]

---

[2] In the event this motion is granted to permit completion of the depositions of Ms. Duguid and IEP, KPM is aware of scheduling conflicts on September 8, 2023 and September 25–29, 2023.

Respectfully submitted this 31st day of August, 2023.

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*
**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street
22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum III (*pro hac vice*)
*c.landrum@thip.law*
Paul Joseph Spina IV (*pro hac vice*)
*p.spina@thip.law*

**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Counsel certifies to attempting in good faith to confer with opposing counsel in an effort to resolve this dispute without judicial intervention but was unsuccessful due to opposing counsel's recurrent objections to any such attempt. Pursuant to Local Rule 37.1, the above-signed counsel represents that no discovery conference was held for the following reasons:

On August 23, 2023, opposing counsel indicated, without merit, that it "reserves all rights to object to any subsequent belated attempt by KPM to depose IEP" because "KPM has now waived its right to seek such discovery." Ex. G, p.4. The following day, the above-signed counsel requested opposing counsel to (i) designate another available witness to be deposed in place of IEP's originally designated representative, and/or (ii) to indicate their availability on August 31 or September 1 for such deposition. *Id.*, pp.2-3. The above-signed counsel further indicated that if they did "not hear from [opposing counsel] by COB" the following day, "KPM will move to compel IEP's attendance[.]" Having received **no response from opposing counsel after eight (8) days,** the above-signed counsel reached out again, requesting opposing counsel to indicate whether "it does not desire to confer any further" regarding the present discovery dispute, otherwise the above-signed counsel will understand that the parties are at an impasse and will proceed accordingly. Ex. G, p.1-2. Opposing counsel confirmed that their "position is unchanged that KPM has waived this deposition" and therefore he is "not sure there is anything to talk about." *Id.*, p.1.

It is therefore clear that the parties are at an impasse on this matter and that IEP has been uninterested in conferring regarding this dispute. As such, KPM seeks appropriate relief from the Court.

/s/ N. Andrew Crain
N. Andrew Crain
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>        Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2023, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ N. Andrew Crain
*Attorney for Defendants*