UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, <br><br> Defendants. | Civil Action No. <br> 1:21-cv-10417-RWZ |

**PLAINTIFF'S MEMORANDUM**
**IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff IEP Technologies, LLC, ("IEP" or "Plaintiff"), by its undersigned counsel, moves this Court to sanction Defendants KPM Analytics, Incorporated ("KPMA") and KPM Analytics North America Corporation ("KPMNA") (collectively, "Defendants") for failure to maintain and produce evidence, including changes made to its website during this litigation. KPM's website, https://www.processsensorsir.com/, lists KPM's product offerings such as the PSC-EX301-XT-CB5, a temperature sensor. Notably, KPM altered this website during the course of this litigation to remove language pertaining to "eliminating a fire and explosion hazard." This evidence is critical as IEP and KPM both sell competing products for the purpose of safety, including protecting against fires that may cause explosions.

IEP previously moved to compel such documents, as KPM had not produced documents pursuant to its discovery obligations. IEP also served an interrogatory directed at the details surrounding this change to KPM's website. KPM has never explained the circumstances because it cannot. As confirmed by KPM's employee, Mr. Scott Nagle, KPM did not maintain records of changes made to this website during the pendency of this litigation.

Notably, KPM has maintained a baseless position throughout this lawsuit that is does not

1

sell goods "for the primary purpose" of fire and explosion protection. KPM, to avoid the plain substance of the interrogatory, claims that its goods only provide that as a possible tertiary benefit. Mr. Nagle, however, contradicted KPM's position during his deposition. Nevertheless, KPM continued to refuse to explain when the webpage was altered to remove the clear indication of a primary purpose for fire and explosion protection. Moreover, Mr. Nagle testified that KPM's website reflects manufacturer product brochures, casting doubt on KPM's search for additional documents.

The inference is clear, KPM removed this language to purposely hide products that overlapped with IEP's products and lessen a finding of likelihood of confusion. This is, unfortunately, in line with KPM's refusal to produce documents that required IEP's previous Motion to Compel.

The Federal Rules provide a Court with broad discretion in fashioning appropriate sanctions. Here, IEP requests the Court find, *inter alia*, that KPM's products are similar to IEP's products and that this factor is satisfied under the likelihood of confusion analysis. This remedy is well below the strictest of remedies, a default judgment, and is tied directly to the evidence KPM failed to maintain.

Pursuant to Local Rule 7.1(a)(2) the undersigned certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issues that are the subject of the instant motion and are unable to come to a resolution.

I.      FACTUAL BACKGROUND

On June 21, 2022, IEP moved to compel KPM to produce information pertaining to its fire and explosion protection products. ECF No. 44. Subsequently, the Court heard arguments[1]

---

[1] KPM represented in the hearing on the prior motion to compel that "KPM is withholding no documents that it is aware of that would be responsive." Ex. 1, Dec. 7, 2022 Hearing Transcript at 15:25-16:1.

and ordered the following:

> . . . plaintiff's motion to compel, is allowed in part and denied in part. Plaintiff will, by December 23, 2022, send defendant a letter with revised requests, and defendant will answer the requests by January 17, 2023. Defendants are to include in their response a certification of a good faith search and complete production.

*See* ECF No. 93. On December 23, 2022, IEP sent revised requests to KPM as ordered by the Court. Ex. 2. On January 17, 2023, KPM finally produced documents relating to products for fire and explosion protection, and KPM certified "as to having made a good faith search, resulting in the belief that all properly responsive information has been produced." Ex. 3 at 4.

Notably, KPM produced an internet archive[2] page relating to the PSC-EX301-XT-CB5 product sold by KPM on its website. *See* Ex. 4. The internet archive shows the website archived at multiple dates going back to October 18, 2021. It also shows a page as produced by IEP. *See* Ex. 5, Web Archive Screenshots Summary at October 18, 2021; *See also* Ex. 11 (containing language relating to elimination of a fire and explosion hazard). While KPM's website had the language that the product "can eliminate a fire and explosion hazard" in December of 2021, as of June 2022 KPM had removed it. *See* Ex. 5.

In light of these webpage changes, IEP also served Interrogatory No. 20 on June 15, 2022, directed to changes made to the website:

> Identify and describe each advertisement for Defendants' Goods for reducing or eliminating fire or explosion hazards, including use of the sentences "In paper and packaging production, the sensor's condition monitoring can eliminate a fire and explosion hazard due to the dust associated with the process" and "It can eliminate a gas explosion risk when dealing with automotive painting solvents and painted surfaces" found in IEP004422, as well as any efforts to remove language relating to fire or explosion hazards from any advertisements.

Ex. 6. KPM objected in July 2022 that the phrase "efforts to remove language" was vague and

---

[2] The internet archive, or Wayback Machine, allows users to view screenshots of websites as they appeared at certain dates in the past.

ambiguous. Ex. 7. In August 2022, KPM supplemented but did not identify the changes made, instead relying on an objection that "Defendants' Goods are not designed with the primary purpose of reducing or eliminating fire or explosion hazards." Ex. 8.

Doubting KPM's responses, IEP questioned Scott Nagle, KPM's Division Manager for infrared sensors. Mr. Nagle contradicted KPM's manufactured response, acknowledging that the products are for fire and explosion protection:



*See* Ex. 9, Transcript of the June 22, 2023, deposition of Scott (hereinafter "Nagle Transcript") at 138:23-139:7. IEP once again requested that KPM supplement its interrogatory response, but KPM refused. Ex. 10.

IEP asked Mr. Nagle about the changes made to the website. Importantly, when a webpage needs updating, Mr. Nagle is responsible. *See* Nagle Transcript at 39:4-10 ("                                                                                                                                                                                                                "). IEP also asked about the specific product webpage for PSC-EX301-XT-CB5. If that webpage needed to be updated, Mr. Nagle would have been involved. *Id*. at 67. However, when asked about the changes, Mr. Nagle could not provide any details:



4



*Id*. at 72:24-73:19. Later, he reiterated that he did not know what caused the change in the PSC-EX301-XT-CB5 product webpage. *Id*. at 75: 12-15 ▮

▮. IEP requested yet again that KPM supplement its interrogatory response, but KPM refused.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure govern the failure to preserve electronically stored information (ESI). Under FRCP 37(e), a court may order sanctions "if electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). For example, if the party failing to maintain evidence did so with intent, the Court may order the following: "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." *Id*. Regardless, if the Court finds prejudice to the loss of the information, it may order measures to "to cure the prejudice." *Id*.

Spoliation is "intentional, negligent, or malicious destruction of relevant evidence." *McLaughlin v. Lenovo Glob. Tech. (United States) Inc.*, No. CV 20-11770-PBS, 2023 WL 4602089, at *8 (D. Mass. July 18, 2023). In order to show spoliation, the party must be on notice of a claim, the evidence destroyed must be relevant, and there must be actual failure to preserve. *Id*.

Federal Rule of Civil Procedure 37(b) governs when a party fails to comply with an order to provide or permit discovery. A Court may sanction a party including establishing facts or prohibiting a party from supporting or opposing designated claims or defenses. *Id.*

### III. ARGUMENT

#### A. Interrogatory 20 seeks information relevant to the likelihood of confusion analysis.

IEP's registered trademark covers, in part, safety equipment and services for the installation and maintenance thereof, including for fire and explosion protection. Critically, the similarity of the IEP and KPM's goods are one of the factors in the likelihood of confusion analysis. *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981).

As confirmed by Mr. Nagle, fire is an industry hazard that can lead to explosions if not monitored.



*See* Nagle Transcript at 42:4-22; 63:10-15

KPM's temperature sensors are directly competitive to IEP's product offerings and

6

overlap with IEP's registered trademark rights. Indeed, KPM's website stated that its temperature sensor, the PSC-EX301-XT-CB5, "can eliminate a fire and explosion hazard due to the dust associated with the process." *See* Ex. 11. Interrogatory 20 sought information about KPM's advertisements relating to such statements, including on KPM's website. However, KPM has refused to provide information relating to website changes.

### B. KPM's failure to supplement Interrogatory 20 is due to failure to maintain evidence during the litigation.

KPM's interrogatory response should be simple. Identify the who, what, where, when, and why the webpage for PSC-EX301-XT-CB5 was altered during the litigation to remove the reference to fire and explosion safety. But KPM cannot due to its failure to maintain evidence.

As confirmed by Mr. Nagle, KPM did not maintain logs or documentation for such changes. Although KPM does not have a written document retention policy, KPM implements litigation holds. *See* Ex. 12, Transcript of the Deposition of Eric Olson dated July 12, 2022 at 70-72. That hold, however, has not been applied by KPM:

[redacted]

*See* Nagle Transcript at 73:6-8.

KPM was on notice of this lawsuit in March of 2021. As outlined above, the internet archive shows that the webpage at issue was altered sometime between December 2021 and June 2022. KPM was required to maintain this information, as well as all related documents and things. *See Arteria Prop. Pty Ltd. v. Universal Funding V.T.O., Inc.*, No. CIV.A. 05 4896 (PGS), 2008 WL 4513696, at *5 (D.N.J. Oct. 1, 2008) ("There seems to be no dispute that the website was in existence during the period of June through October of 2005. Plaintiffs filed this action in October, 2005. Thus, at the very least, Defendants had reason to believe they'd be haled into Court, and at worst, the website was destroyed after this lawsuit had been filed. They were thus

required to maintain the website.").

      C.     **IEP is prejudiced by KPM's failure to maintain evidence.**

KPM's failure to maintain evidence prejudices IEP's ability to demonstrate the similarity of goods in a likelihood of confusion analysis. Indeed, KPM's failure to maintain evidence calls into question the thoroughness of KPM's search. Did KPM remove those references to be able to claim that the search was complete? Were other webpages changed? What other documents are missing? For example, KPM has not produced manufacturer information for the products it resells. Mr. Nagle testified that the website descriptions were often copied from vendors. *See* Nagle Transcript at 73:10-19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As a result, IEP is unable to compare them to the website, and KPM refuses to explain the changes it made to the website anyhow.

Other webpages advertising fire safety products by KPM. *See*, e.g., https://www.processsensorsir.com/industries/cement-lime/rotary-kilns-temperature ("Installation of PSC pyrometers and/or thermal imaging cameras can detect an inadequately cooled clinker to protect against fire."). KPM Analytics' website describes the safety functionality for all infrared sensors. *See* https://www.kpmanalytics.com/product-sub-categories/ir-temperature-measurement ("IR (infrared) sensors are used in a variety of industrial applications to ensure product quality, prevent damage to processing equipment, and avoid dangerous equipment failures that jeopardize worker safety."). It is unclear if KPM has produced all such pages. Critically, as explained above, Mr. Nagle testified that KPM rebrands products and copies the text from manufacturer's brochures. For example, just like IEP's products, the PSC-EX301-XT-CB5 is

ATEX certified for hazardous environments. Ex. 15. Being able to compare and contrast KPM's product descriptions against the manufacturer or safety certification is not possible because of KPM discovery shortcomings.

Simply put, IEP is prejudiced and cannot fully investigate the similarity of KPM's goods due to KPM's failure to maintain its website and missing documentation.

        **D.**        **The Court should find the parties' products similar.**

"Courts have inherent power to impose sanctions on parties that have spoliated evidence." *See McLaughlin,* 2023 WL 4602089, at *10–11. "The potential sanctions include 'dismissal of the case, the exclusion of evidence, or a jury instruction on the 'spoliation inference.'" *Id*. Here, KPM's failure to maintain evidence prejudices IEP's ability to assess the full scope of similar product offerings in the likelihood of confusion analysis.

KPM's removal of the language during the litigation shows direct intent to deprive IEP of this information. "Intent rarely is proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *See NuVasive, Inc. v. Day*, No. CV 19-10800-DJC, 2021 WL 9059745, at *8 (D. Mass. Aug. 23, 2021). IEP notified KPM of discovery deficiencies relating to fire and safety. IEP then had to move to compel such documents. KPM altered its website, while not maintaining a record of the changes, and now KPM contends that all such documentation has been provided. IEP will never know what other changes were made, or the circumstances surrounding this change due to KPM's actions.

Intent is further inferred because KPM never identified Scott Nagle in response to interrogatories. When IEP asked KPM to describe the goods or services marketed under KPM's Mark, KPM identified IR pyrometers and Thermal Imaging Cameras, such as the PSC-EX301-XT-CB5, but only identified Chris Pike as having knowledge relevant to this interrogatory. Ex.

9

13. However, when IEP deposed Chris Pike, he deferred questions about the IR pyrometers business side to Scott Nagle. Ex. 14, Transcript of the Deposition of Christopher Pike dated June 15, 2022, at 114-116. KPM's actions to withhold Mr. Nagle's name in written discovery adds to the inference of intent.

As IEP had to previously move to compel KPM's product information, including information relating to a fire and explosion protection customer that KPM omitted from its initial customer list, i.e., Greene Team (ECF No 44 at 6), this Court should award IEP its fees and costs for that Motion. *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure"). IEP also seeks its fees and costs for the present motion. At every turn, KPM has withheld relevant discovery relating to KPM's overlapping products for fire and explosion protection. Upon deposing Mr. Nagle, it became clear KPM has not maintained evidence and has sought to deprive IEP of relevant discovery.

## IV.   CONCLUSION

KPM's removal of key language from its website during this litigation without maintaining evidence means IEP will never know the circumstances surrounding the changes. As a result, IEP respectfully requests that the Court find the following: (1) that IEP and KPM sell similar products and this factor is satisfied under *Pignons*; (2) that KPM is barred from arguing its products are not similar to IEP's products; (3) that the Court, and jury if reached, infer that the missing evidence would have been harmful to KPM; and (4) fees and costs to IEP for both its prior Motion to Compel, ECF No. 44, as well as the present motion.

Dated: September 1, 2023

/s/ *Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

Brendan G. McDermott (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard
Suite 1500
St. Louis, MO 63105
Telephone: 314-480-1500
Fax: 314-480-1505
Brendan.McDermott@huschblackwell.com

***Attorneys for Plaintiff IEP Technologies, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1 2023, a true and correct copy of the foregoing was filed electronically with the clerk of the court. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

/s/ Stephen F.W. Ball, Jr.