UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

**Table of Contents**

I. There Has Been No Spoliation of Electronically Stored Information ................................... 3

    A. IEP Identifies No Prejudice from a Document That Is Not Lost ..................................... 4

    B. KPM Did Not Act with Any Intent to Deprive IEP of Information ............................... 5

        1. KPM's Conduct Demonstrates the Absence of an Intent to Deprive ........................... 6

        2. In Contrast, IEP Fails to Produce Any Evidence of an Intent to Deprive .................... 7

        3. KPM Changed Its Website for Reasons Unrelated to IEP's Assertions ....................... 8

    C. KPM Is Not Required to *Create* Records Regarding Changes to Its Website ............... 10

    D. Spoliation Cannot Be Predicated on Speculation............................................................ 12

II. Granting IEP's Motion Is an Improper Attack on Subsequent Remedial Measures ............ 13

III. IEP's Motion for Sanctions is Nothing but a Summary Judgment Motion in Disguise .... 14

IV. IEP Improperly Demands Fees Both for the Instant Motion and a Prior Motion.............. 15

V. Conclusion ............................................................................................................................ 15

Plaintiff, IEP's Motion for Sanctions based on the alleged failure to maintain and produce evidence should be denied for at least the reason that the very evidence that IEP claims is spoliated is *attached to IEP's brief*. Doc. 148-13. **No evidence has been lost or destroyed.** In fact, in no fewer than four different depositions, IEP has used as an exhibit the very evidence it claims to be spoliated, as shown in Exhibit A. IEP's motion instead contends that KPM failed to affirmatively *create* certain documents (*i.e.,* a log detailing each and every website change) that KPM does not otherwise keep in the ordinary course of its business. However, neither the Federal Rules nor any jurisprudence of this Court places such an affirmative obligation on a party in discovery.

Indeed, to demonstrate a claim of spoliation, IEP "would need to show that the [evidence] had been 'destroyed or not preserved.'" *Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*, 54 F.4th 7, 15 (1st Cir. 2022) (*quoting Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012)). Just as in *Gonzalez-Arroyo*, "[a]lthough [IEP] does throw around the word 'spoliation' in [its] brief, [IEP] makes no real argument in support of such an assertion, nor does [IEP] point to any evidence in the record that would make such a showing." *Id.*

However, "[b]efore an inference of spoliation may be drawn, its proponent must show at a bare minimum that the opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence." *Gomez*, 670 F.3d at 399 (*citing Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1158–59 (1st Cir. 1996)). "And there is an even more rudimentary requirement: the party urging that spoliation has occurred must show that there is evidence that has been spoiled (*i.e.*, destroyed or not preserved)." *Id.* (*citing Tri-County Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F. Supp. 2d 161, 177 (E.D.N.Y. 2007)); *see also McDonald v. City of Boston*, 334 F. Supp. 3d 429, 436 (D. Mass. 2018) *appeal dismissed* (1st Cir. Dec. 27, 2018) (same).

Here, IEP cannot meet even this "rudimentary requirement" because the very evidence that IEP claims is spoliated is, as stated above, *attached to IEP's brief*. Doc. 148-13. Just because a single phrase in that document no longer appears on KPM's website, that does not constitute spoliation. Plus, not only does IEP have a copy of that webpage as it existed in the past, which IEP produced over 18 months ago on February 25, 2022 (*i.e.,* Bates No. IEP004422), IEP also has

1

copies of the document as it existed at multiple times in the past, as produced by KPM. Doc. 148-7. More importantly, IEP has repeatedly used this webpage document as an exhibit in depositions in this case, and IEP has full use of the document now. So again, no evidence has been lost.

Yet, IEP goes even further, contending that KPM should be sanctioned because it did not affirmatively create a log memorializing the change to its website. However, KPM testified that it does not create such logs in its business, which is especially unsurprising given that the change was to a web page (particularly one that IEP already had), and IEP cites no authority for the proposition for sanctioning a party for spoliation because it did not affirmatively create business records in the first place. There is no such authority.

IEP fails the most "rudimentary requirement" of a spoliation claim: that evidence was "destroyed or not preserved." *Gomez*, 670 F.3d at 399. Thus, IEP's motion should be denied.

The real undercurrent of IEP's motion is an improper attempt to get the Court to do for IEP what IEP cannot prove regarding the similarity of the alleged infringer's products to the trademark owner—one of the trademark infringement factors that the Court must weigh at summary judgment or a jury must weigh at trial. Specifically, IEP is using this motion for sanctions as a vehicle to attempt to have the Court conclusively find that the parties' products are similar so that IEP does not have to prove this element at summary judgment or trial in trying to show a likelihood of confusion between the parties' marks. IEP cannot prove this element because the parties' businesses are substantially different, as even their respective home web pages show.[1] IEP has never presented any evidence of a lost sale or that even a single customer or prospective customer believed (or thought) that any of KPM's product were in any way associated with IEP or in any way similar to a product of IEP. Therefore, as a scheme to get the Court to find what it cannot otherwise prove, IEP has conjured this spoliation motion for documents that not only still exist but also that IEP has long had and has repeatedly used as exhibits in depositions. Accordingly, the

---

[1] *Compare* IEP's web site (www.ieptechnologies.com) directed to "prevent[ing] a devasting explosion" *to* KPM's web site (www.kpmanalytics.com) directed to process analyzers and sensors directed to "product quality."

Court should reject this end-run summary judgment motion disguised as a motion for sanctions.

**I.       There Has Been No Spoliation of Electronically Stored Information**

"For lost ESI, which is most of what is in issue here, the starting point for the Court's analysis must be Fed. R. Civ. P. 37(e) as amended in 2015, which addresses the failure to preserve ESI." *Wai Feng Trading Co. v. Quick Fitting, Inc.*, No. 13-33WES, 2019 U.S. Dist. LEXIS 4113, at *13–14 (D.R.I. Jan. 7, 2019) (*citing Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 425–26 (W.D.N.Y. 2017) (although destroyed laptop is tangible, it is ESI stored in it that is relevant evidence; Fed. R. Civ. P. 37(e) must be applied); *Hefter Impact Techs., LLC v. Sport Maska, Inc.*, No. 15-13290-FDS, 2017 U.S. Dist. LEXIS 122122, at *16 (D. Mass. Aug. 3, 2017) ("The issuance of sanctions for loss of electronically-stored information is governed by Fed. R. Civ. P. 37(e).")).

Under Rule 37(e), "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," the court may take certain actions. "To trigger the application of Fed. R. Civ. P. 37(e) to a claim of lost ESI, the movant must establish, first, that ESI has been lost and *is not available in any other location*." *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *17 (emphasis added) (*citing Hefter Impact Techs.*, 2017 U.S. Dist. LEXIS 122122, at *18 (movant failed to show that relevant emails in fact were destroyed; sloppiness in discovery is not proof of lost ESI); Rule 37(e) advisory committee's note to 2015 amendment).

However, as noted above, the ESI that IEP alleges has been "lost" is not and never has been. KPM did not change its website until *after* IEP produced a copy of the very webpage it claims was lost, thus preserving it for use by all parties. Moreover, KPM has also produced copies of the same webpage from the Internet Archive, such that, even if it were lost, it has been "restored or replaced through additional discovery." Rule 37(e). As such, IEP's motion should be denied.

### A.   IEP Identifies No Prejudice from a Document That Is Not Lost

"Subsection (e)(1) of the Rule is applicable 'upon a finding of prejudice[.]'" *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *20 (quoting Rule 37(e)(1)). "The Rule is silent regarding how the court makes the determination of prejudice, including which party carries the burden." *Id.* (*citing IBM v. Naganayagam*, No. 15 Civ. 7991 (NSR), 2017 U.S. Dist. LEXIS 192625, 2017 WL 5633165, at *6–7 (S.D.N.Y. Nov. 21, 2017) (prejudice not found despite loss of emails where movant failed to depose witness who could have testified regarding their content or how other lost ESI was material to claim). "Nevertheless, proof that the lost ESI is important or material to a significant issue should fall on the movant." *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *20.

"To show prejudice resulting from the spoliation, 'a party must only come forward with plausible, concrete suggestions as to what [the destroyed] evidence might have been.'" *TLS Mgmt. & Mktg. Servs. LLC v. Rodriguez-Toledo*, No. 15-2121 (BJM), 2017 U.S. Dist. LEXIS 46772, at *3 (D.P.R. Mar. 27, 2017) (*quoting Micron Tech. v. Rambus Inc.*, 645 F.3d 1311, 1328 (Fed. Cir. 2011) (internal quotation marks omitted; other citation omitted). "It is also clear that '[a] dispute as to whether or not a potentially relevant document ever existed does not establish prejudice'… ." *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *20 (*quoting Knight v. Boehringer Ingelheim Pharms., Inc.*, 323 F. Supp. 3d 837, 860 (S.D. W. Va. 2018) (other citation omitted).

Instead of making a showing of what the allegedly destroyed evidence "might have been," IEP argues that "KPM's failure to maintain evidence prejudices IEP's ability to demonstrate the similarity of goods in a likelihood of confusion analysis." Doc. 148, p.8. While KPM disputes the substance of any arguments that IEP might make based on this not-lost document, IEP's prejudice claim is false at least because there is no question or uncertainty as to the content of the information at issue here: the very document is attached to IEP's motion. Doc. 148-13. There can be no prejudice from that which is not lost.

IEP expands on its lost-evidence campaign to also argue that "KPM has not produced manufacturer information for the products it resells." Doc. 148-1, p.8. First, the only interrogatory

4

quoted in IEP's brief (Interrogatory No. 20) has nothing to do with manufacturer information for products that KPM *resells* but instead pertains to KPM's own advertisements. Specifically, IEP's Interrogatory No. 20 expressly requests, "Identify and describe each advertisement for Defendants' Goods for reducing or eliminating fire or explosion hazards… ." Doc. 148-1, p.3. IEP identifies no other discovery request to which manufacturer documents would be responsive or even relevant to the instant case, as IEP does not explain how such documents would be relevant to its claims of infringement based on KPM's trademarked logo.

Second, IEP cites no meet-and-confer dialogue between the parties regarding any manufacturer product information for products that KPM resells, which makes sense given that such is not requested by Interrogatory No. 20 or any other discovery request in IEP's motion. Thus, IEP's reference to such information would more properly be directed towards a motion to compel if there were such a discovery request and a meet-and-confer dialogue.

Third, IEP is wrong. While not relevant to Interrogatory No. 20 or any other identified discovery request, KPM *did* produce manufacturer information for resold products, including the information for the very webpage at issue. *See* Ex. B, KPM-005114–5225.

IEP's claims of prejudice are completely speculative, based on erroneous factual assertions, and stem from accusations regarding a document that is not even lost in the first place. IEP's motion must fail accordingly.

> B.   **KPM Did Not Act with Any Intent to Deprive IEP of Information**

Sanctions under Rule 37(e) are limited by subparagraph (2) to be permitted "*only* upon finding that the party acted with the intent to deprive another party of the information's use in the litigation… ." (emphasis added). "The intent requirement in Fed. R. Civ. P. 37(e)(2) is 'stringent'—it must be based on more than just negligence or even gross negligence in producing or preserving ESI." *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *22–23 (*citing Knight*, 323 F. Supp. 3d at 845; Rule 37(e) advisory committee's note to 2015 amendment).[2] "Thus, a

---

[2] "The finding of intent may be made by the jury." *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *24 (citing Rule 37(e) advisory committee's note to 2015 amendment). "Since the content

court cannot conclude that the mere failure to retain ESI establishes that a party is guilty of acting with intent to deprive the other party of relevant information." *Id.* at *23 (*citing Knight*, 323 F. Supp. 3d at 860). Indeed, if a failure to retain ESI was all that was needed to show intent, it would render the "intent to deprive" element superfluous, as every instance of failure to retain ESI would be intentional. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (a "statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant") (citation omitted).

"In some circuits, the burden on the movant is to show intent by clear and convincing evidence." *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *24 (*citing Knight*, 323 F. Supp. 3d at 860 (Fourth Circuit applies clear and convincing evidence standard where a relatively harsh sanction like an adverse inference is sought)). "As of this writing, the First Circuit has yet to address the issue." *Id.* (citation omitted). Regardless, IEP fails to introduce *any* evidence of an intent to deprive, much less clear and convincing evidence.

### 1.     KPM's Conduct Demonstrates the Absence of an Intent to Deprive

IEP produced a copy of the not-actually-lost webpage at issue, Bates-marking it as IEP004422. *See* Doc. 148-13. KPM never has contested the authenticity of that document nor objected to IEP's *repeated* use of the document as a deposition exhibit **four times**. *See* Ex. A (showing the document having Bates No. IEP004422 used as an exhibit in the following depositions: Chris Pike, Ex. 9 (Jun. 15, 2022); Robert Schumann, Ex. 8 (Jun. 22, 2022); Rule 30(b)(6) Dep. of Eric Olson, Ex. 7 (Jul. 12, 2022); and Scott Nagle, Ex. 9 (Jun. 22, 2023)). Additionally, as IEP admits, KPM even has produced copies of the webpage from the Internet Archive as it existed prior to the change. Doc. 148-7.

Because KPM has allowed IEP full use of the information in this litigation, KPM has

---

of a jury instruction is normally formulated after the conclusion of evidence, or at least during trial, courts often consider it premature to conclude that a spoliation instruction will actually be given until the final charge conference." *Id.* (*citing Scott v. IBM Corp.*, 196 F.R.D. 233, 250 (D.N.J. 2000), *as amended*, (Nov. 29, 2000)). Thus, even if the Court were inclined to find intent to deprive IEP of use of information—again, of a document that *is not lost*—it would be premature to do so.

shown the absence of any "intent to deprive another party of the information's *use in the litigation*… ." Rule 37(e)(2) (emphasis added). Therefore, there is no intent to deprive.

### 2. In Contrast, IEP Fails to Produce Any Evidence of an Intent to Deprive

IEP cites *Nuvasive, Inc. v. Day* for the proposition that "[i]ntent rarely is proved by direct evidence." Doc. 148-1, p.9 (citing No. 19-10800-DJC, 2021 U.S. Dist. LEXIS 260128, at *25 (D. Mass. Aug. 23, 2021) (M.J. Kelley)). However, IEP includes only a portion of the Court's quote:

> "Intent rarely is proved by direct evidence, and a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *Morris v. Union Pacific R.R.*, 373 F.3d 896, 901 (8th Cir. 2004). There need not be a "smoking gun" to prove intent. *Auer v. City of Minot*, 896 F.3d 854, 858 (8th Cir. 2018). **But there must be evidence of "a serious and specific sort of culpability" regarding the loss of the relevant ESI.** *Id.*

*Nuvasive*, 2021 U.S. Dist. LEXIS 260128, at *25 (emphasis added) (*quoting Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226, 236 (D. Minn. 2019)).[3] IEP has not shown any culpability on the part of KPM, much less the requisite "serious and specific sort of culpability" required for a finding of intent. *Id.*

IEP contends that "KPM's removal of the language during the litigation shows direct intent to deprive IEP of this information." Doc. 148-1, p.9. However, this is nothing more than a claim of "mere failure to retain ESI," which cannot satisfy the required showing of intent to deprive. *Wai Feng Trading*, 2019 U.S. Dist. LEXIS 4113, at *23. And as noted above, KPM has allowed IEP full use of the document that IEP produced, as well as has produced copies of the document from the Internet Archive showing the webpage as it existed. IEP has not been deprived of the use of the information and cannot show any intent of KPM otherwise.

Moreover, as addressed more fully in Section I.B.3 below, IEP ignores the testimony of multiple KPM witnesses that—after IEP pointed out the language to KPM—KPM removed it

---

[3] In *Nuvasive*, this Court recommended sanctions on a party for failing to preserve text messages by replacing a phone and allowing all the text messages on it to be deleted, and for failing to preserve text messages by not deactivating the phones' automatic text message deletion function. 2021 U.S. Dist. LEXIS 260128, at *27. There is nothing comparable in this case.

because it was not relevant to KPM's customer-purchasing decisions and represented a tertiary benefit of the product, at most.

IEP also contends that "[i]ntent is further inferred because KPM never identified Scott Nagle in response to interrogatories." Doc. 148-1, p.9. IEP further contends, "KPM's actions to withhold Mr. Nagle's name in written discovery adds to the inference of intent." Doc. 148-1, p.10. However, IEP does not identify the specific interrogatory that it contends in response to which Mr. Nagle should have been identified. Regardless, once IEP learned of the identity of Mr. Nagle and his potential scope of knowledge through the June 15, 2022 deposition of Chris Pike, there was no need for KPM to supplement an interrogatory response to identify him. See Rule 26(e) (supplementation required only "if the additional or corrective information *has not otherwise been made known* to the other parties during the discovery process…") (emphasis added). Moreover, IEP deposed Mr. Nagle himself on June 22, 2023, giving IEP a full opportunity to use the information, which it did. *See* Ex. A (Scott Nagle Dep., Ex. 9). This is not evidence of an intent to deprive IEP of the use of any information.

As in *Flair Airlines, Ltd. v. Gregor, LLC*, IEP "simply ha[s] not established that [KPM] intentionally lost or destroyed evidence or otherwise acted in bad faith," which is not surprising in view of the undisputed fact that no evidence has been lost. No. 18-CV-2023, 2018 U.S. Dist. LEXIS 224424, at *11 (N.D. Ill. Dec. 14, 2018) (*citing Trade Fin. Partners, LLC v. AAR Corp*, No. 06-C-3466, 2008 U.S. Dist. LEXIS 32512, 2008 WL 904885, at *13 (N.D. Ill. Mar. 31, 2008)). "At best, [IEP has] offered 'unsubstantiated speculation that any spoliation was intentional,' which is insufficient under the standard of imposing sanctions." *Id.* (*quoting Trade Fin. Partners*, 2008 U.S. Dist. LEXIS 32512, 2008 WL 904885, at *13). Accordingly, just as the court in *Flair* found, this Court should "find that [IEP has] failed in [its] attempt[ ] to establish that sanctions are warranted in this case." *Id.*

### 3. KPM Changed Its Website for Reasons Unrelated to IEP's Assertions

Additionally, IEP ignores evidence supporting that KPM changed its web site for reasons

8

unrelated to IEP's trademark assertions. Specifically, Mr. Nagle, whom IEP quotes heavily, when asked whether or not the pyrometer referenced on KPM's web site and on IEP004422 has as its purpose "eliminating a fire and explosion hazard," explained in response that it did not and the description, which also appears in IEP004422, is not how KPM would describe it, testifying:



Ex. C, Nagle Dep. Tr. at 128:24–129:11, 129:15–19, 130:7–19, 137:18–21, and 138:1–9.

Likewise, KPM's Rule 30(b)(6) designee, Eric Olson, similarly testified that the infrared (IR) pyrometer on KPM's web site as reflected in IEP004422 does not have as its primary purpose

9

"eliminating a fire or explosion hazard," as he testified instead that the IR sensor merely detects both high and low temperature with safety being but one tertiary benefit out of a number of potential applications, specifically stating:



Ex. D, Olson Rule 30(b)(6) Dep. Tr. at 28:8–24.

Thus, contrary to IEP's assertions otherwise that the only reason KPM changed its web site was to avoid having its IR pyrometers found to be a similar product to IEP's more complex and incredibly expensive explosion detection *systems*,[4] the reality is that IEP brought to KPM's attention the fact that this particular webpage was not optimal in its description, thereby necessitating the change. Importantly, however, as it pertains to this motion, KPM's web site change was not based on any intention to deprive IEP of the use of any information.

    C.    **KPM Is Not Required to *Create* Records Regarding Changes to Its Website**

"One cannot keep what one does not have." *Phillips v. Netblue, Inc.*, No. C-05-4401 SC, 2007 U.S. Dist. LEXIS 67404, at *7 (N.D. Cal. Jan. 22, 2007). "Said differently, '[a] failure to *collect* evidence that may or may not have been available for collection is very different from the intentional destruction of evidence that constitutes spoliation.' " *Jenkins v. BP Expl. & Prod.*, No. 19-11686 Sec. M(2), 2023 U.S. Dist. LEXIS 5958, at *5 (E.D. La. Jan. 12, 2023) (emphasis

---

[4] IEP's explosion protection *systems* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which is likely at least one reason why IEP has presented no evidence from even a single customer who was confused by KPM's sale of its pyrometer IR temperature *sensor*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Ex. E, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (IEP004790–91).

10

in original) (*quoting United States v. Greco*, 734 F.3d 441, 447 (6th Cir. 2013)).

"To begin, preservation obligations are exactly that—obligations to *preserve* potential evidence that, by definition, must already exist." *Walkie Check Prods., LLC v. ViacomCBS Inc.*, No. 21 Civ. 1214 (KPF), 2023 U.S. Dist. LEXIS 140666, at *19–20 (S.D.N.Y. July 24, 2023) (emphasis in original). "[A] failure to create records—as opposed to the destruction of records that were kept—is not spoliation." *Id.* (*quoting R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 40 (S.D.N.Y. 2010), *report and recommendation adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010)). "[P]reservation obligations do not include an affirmative duty to produce new records[.]" *Id.* ("Defendants' failure to implement a practice of recording the BET Series livestreams, even after receiving the alleged infringement notice from Plaintiff, cannot be the basis for a spoliation claim."); *see also Smith v. Interstate Mgmt. Co. LLC*, No. 20 Civ. 10867 (KPF), 2022 U.S. Dist. LEXIS 176616, at *39 (S.D.N.Y. Sept. 28, 2022) (finding no basis for spoliation where relevant "guest complaints made to hotel personnel other than the operator or front desk staff were not memorialized in any way"); *Adato v. Gala Tour, Inc.*, No. 07 Civ. 4029 (KAM), 2011 U.S. Dist. LEXIS 108451, at *25 (E.D.N.Y. Sept. 23, 2011) (finding no basis for spoliation because there was no evidence that party recorded relevant accident injury information into a logbook).

IEP argues, "As confirmed by KPM's employee, Mr. Scott Nagle, KPM did not maintain records of changes made to this website during the pendency of this litigation." Doc. 148-1, p.1. Indeed, KPM does not keep a log of changes to its website as part of its ordinary business activities and was not required to affirmatively create any such records. Nevertheless, as no log ever was created, no log has been destroyed. "[KPM] cannot keep what [KPM] does not have." *Phillips*, 2007 U.S. Dist. LEXIS 67404, at *7.

However, irrespective of the fact that KPM did not affirmatively create a record when it was not required to do so, the fact remains that IEP has copies of the webpage at issue as it existed both before and after the changes KPM made. Thus, nothing has been lost. Consequently, IEP's motion should be denied.

### D. Spoliation Cannot Be Predicated on Speculation

"If the rule that [IEP] suggest[s] was the standard—which is that speculation is enough for a spoliation finding—then spoliation motions would be filed in every case that a discovery dispute arises." *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 192104, at *15 (S.D. Fla. Nov. 9, 2018). "Case law is clear, however, that 'speculative assertions as to the existence of documents do not suffice to sustain a motion for spoliation of evidence.'" *Dilworth v. Goldberg*, 3 F. Supp. 3d 198, 202 (S.D.N.Y. 2014) (*quoting Tri-County Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F. Supp. 2d 161, 177 (E.D.N.Y. 2007) (citations omitted in original); *citing Khaldei v. Kaspiev*, 961 F. Supp. 2d 564, 2013 U.S. Dist. LEXIS 112161, 2013 WL 4016497, at *5 (S.D.N.Y. Aug. 7, 2013) ("[B]ecause plaintiff's argument that there has been any actual loss of evidence relevant to the claims or defenses in this case amounts to pure speculation, it is insufficient to sustain a motion for spoliation sanctions.") (citation omitted in original)).

Thus, a claim of spoliation "must rest on more than speculation." *Nida v. Allcom*, No. 8:17-cv-02162-JLS (JDEx), 2020 U.S. Dist. LEXIS 87401, at *9 (C.D. Cal. Mar. 11, 2020) (*citing Reinsdorf v. Skechers U.S.A. Inc.*, 296 F.R.D. 604, 631 (C.D. Cal. 2013) ("Mere speculation that other deleted documents may exist that might be helpful to a party's case is … an insufficient basis for a finding of spoliation."); *Galicia v. Nat'l R.R. Passenger Corp.*, 2018 U.S. Dist. LEXIS 227031, 2018 WL 6314191, at *4 (C.D. Cal. July 20, 2018) ("The case law on [spoliation] is clear that the burden for showing [spoliation] occurred requires more than a mere suggestion or implication."); *Best Lockers, LLC v. Am. Locker Grp., Inc.*, 2013 WL 12131586, at *6 (C.D. Cal. Mar. 27, 2013) (denying spoliation sanctions because the moving party's request is "based upon speculative, unfounded assertions rather than specific evidence").

Here, IEP's motion is based on unfounded assertions: "Did KPM remove those references to be able to claim that the search was complete? Were other webpages changed? What other documents are missing?" Doc. 148-1, p.8. On the basis of one single document—a document that itself isn't even missing—IEP asks the Court to speculate that other documents might be

12

"missing." There is no basis in law or fact for a finding of spoliation.

**II.     Granting IEP's Motion Is an Improper Attack on Subsequent Remedial Measures**

"It seems that the 'new frontier' of litigation is the spoliation arena; find some evidence in the case that is not preserved exactly, and try to win the case on that basis. If this Court were to grant this motion (and that ruling were to be upheld by an appellate court), it would eviscerate Federal Rule of Evidence 407." *Hickman v. Carnival Corp.*, No. 04-20044 CIV UUB, 2005 U.S. Dist. LEXIS 26219, at *1–2 (S.D. Fla. July 11, 2005).

> Rule 407 provides:
>
> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.

Were parties allowed to bring spoliation claims every time a correction is made, "it would eviscerate Federal Rule of Evidence 407, and would create liability, for example, where a spill in a supermarket was cleaned up, where an automobile was moved after an accident, or where a staircase was repaired after someone tripped and fell." *Hickman*, 2005 U.S. Dist. LEXIS 26219, at *4.

Here, IEP contends that the alleged similarity of its goods and those of KPM are likely to cause confusion among consumers. Doc. 148-1, p.6. As for KPM, because it believes that the statement on the webpage for the PSC-EX301-XT-CB5 sensor is not consistent with the reasons that it offers that particular product, it updated the webpage to remove the statement. Doc. 148-11, 138:1–9. Even according to IEP's theory of the case, the removal of this incorrect information should make any hypothetical confusion even less likely. Yet IEP demands, on threat of sanctions, that the webpage remain unchanged throughout the litigation and any subsequent appeals.

Clearly, IEP's concern is not with eliminating alleged confusion. It is trying to create confusion where none exists and then attempting "to find some evidence in the case that is not preserved exactly, and try to win the case on that basis." *Hickman*, 2005 U.S. Dist. LEXIS 26219, at *1. The Court should not issue an order that would prevent KPM from engaging in subsequent

remedial measures and should deny IEP's attempt at a shortcut around summary judgment.[5]

**III.     IEP's Motion for Sanctions is Nothing but a Summary Judgment Motion in Disguise**

As noted above, IEP's motion for sanctions has an undercurrent—an ulterior motive. It is not a typical Rule 37 discovery motion. It is much more.

IEP's Motion for Sanctions is in actuality a motion for summary judgment on the merits for a specific element of IEP's trademark infringement allegations that IEP must prove at trial. IEP's motion reveals its true motive in the relief it seeks.

Specifically, IEP asks this Court to find that IEP and KPM sell similar products, thereby relieving IEP of the burden as to the similarity-of-goods factor that IEP must prove at trial as part of carrying its burden of proof in showing a likelihood of confusion. *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981). IEP asks the Court to render a legal conclusion on the merits of a significant portion of its case despite having long had the very document that it claims to be missing.

As noted at the outset of this response, IEP's and KPM's products—as the home pages of their respective web sites make immediately clear—are substantially different. *See supra.* And while there may be limited instances where a single infrared temperature sensor may be used in applications involving the prevention of fires by detecting high temperatures that could result in a fire (depending on how the customer—not KPM—actually applies the sensor, as KPM merely sells the sensor that the customer uses and installs according to the customer's application), that hardly merits a conclusive finding that KPM's products designed for product quality are deemed similar to the highly complex explosion-detection *systems* IEP sells to its customers to protect facilities and personnel from devasting explosions. This is *at least* a jury question (if not otherwise resolved in KPM's favor at summary judgment). Nevertheless, notwithstanding the fact that no evidence is actually missing or spoliated, the requested relief also independently warrants denial of IEP's motion for at least the additional reason that IEP improperly attempts to accomplish

---

[5] While outside the scope of this motion, KPM nevertheless states that it does not concede that the now-removed statement would support a finding that the parties' goods are in any way similar.

through Rule 37(e) what is more appropriately reserved for Rule 56 or a jury.

**IV.    IEP Improperly Demands Fees Both for the Instant Motion and a Prior Motion**

IEP argues that as it "previously move[d] to compel KPM's product information, including information relating to a fire and explosion protection customer that KPM omitted from its initial customer list, i.e., Greene Team (ECF No 44 at 6), this Court should award IEP its fees and costs for that Motion." Doc. 148-1, p.10. IEP selectively quotes Rule 37(b)(2)(C): "Instead of or in addition to the orders above, the court must order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure." IEP omits the remainder: "…unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In the Court's December 7, 2022 Order, the Court ruled, in relevant part, that IEP's motion to compel "is allowed in part and denied in part. Plaintiff will, by December 23, 2022, send defendant a letter with revised requests, and defendant will answer the requests by January 17, 2023. Defendants are to include in their response a certification of a good faith search and complete production." Doc. 93. In other words, the Court did not grant IEP's prior motion to compel and KPM's refusal was substantially justified. The Court should deny IEP its fees for moving to compel on discovery requests that IEP was required to modify before KPM had to respond.

As for this motion, there is no basis for the Court to grant it. The Court should not hesitate also to decline IEP's request for fees.

**V.    Conclusion**

For the foregoing reasons, KPM respectfully requests that the Court deny IEP's motion for sanctions on grounds of spoliation and the request for fees as to this and the prior motion to compel.

Respectfully submitted this 12th day of September, 2023.

/s/ N. Andrew Crain
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*

**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street, 22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum III (*pro hac vice*)
*c.landrum@thip.law*

**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2023, the foregoing *Defendants' Response in Opposition to Plaintiff's Motion for Sanctions* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ N. Andrew Crain
N.AndrewCrain

*Attorney for Defendants*