UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE TO THE COURT'S SEPTEMBER 22, 2023 ORDER**

In response to the Court's September 22, 2023 Order, Doc. 161, Defendants KPM Analytics, Inc. *et al.* ("KPM") state that, since May 15, 2023, the Court has been assisting the parties with authenticating four emails produced by Plaintiff IEP in this case. Doc. 125. That process almost has reached its end, end, and will reach its end once the four emails are extracted from IEP's servers to confirm their authenticity.

**I.  Extracting the Four Emails from IEP's Servers is Necessary to Confirm Their Authenticity for Use in This Proceeding**

The Court's May 15, 2023 order required the parties "to see if there is a way that the information defendants seek about the native files of the four emails can be provided to defendants." Doc. 125. The Court's subsequent July 13, 2023 Order, Doc. 136, required the parties to hire an independent technical consultant who was tasked with the following:

    (i)    extracting the complete IP addresses and headers from the Four Emails;

    (ii)   converting the native emails to a text format and removing the redacted information; and

    (iii)  reporting whether there is anything missing and/or suspicious regarding the Four Emails provided by IEP that would require additional investigation.

1

The parties then retained Mr. David Greetham as the consultant to accomplish these tasks.

When asked directly for his conclusions regarding the third task, Mr. Greetham stated that, while he did "not see anything in these messages that indicates that there might be anything missing or suspicious about these emails," he continues: "That said however, the only way to know there is absolutely nothing missing in what was provided to me, ***would be to review the messages directly from the source***, or at least observe the recollection of the messages." *See* Exhibit A (Aug. 23, 2023 email from David Greetham) (emphasis added).

What Mr. Greetham stated is consistent with the testimony of KPM's expert, Mr. Greg Kelley, who testified, "In order to authenticate that those emails are a true and accurate copy, I would have to have firsthand knowledge of the extraction process. ***To be able to authenticate*** that I had obtained an exact representation of the emails, ***I would extract the emails directly from the email server on which they are stored***." Doc. 135-1 ¶¶ 6–7 (emphases added).

KPM understands that the process of extracting these four emails directly from the server is straightforward: the dates, times, senders, recipients, and subjects of the emails are known, allowing for precise locating of the emails on the server without the need for any broad search terms or review of irrelevant documents. Indeed, KPM's expert, Mr. Greg Kelley, testified that such a process would be relatively simple: "Because sufficient identifying information is known about the relevant emails, locating those specific emails on the relevant email server would be a simple, focused search." Doc. 135-1 ¶ 8. In other words, the process would be quick and the burden from having Mr. Greetham extract the emails directly from the server would be minimal. This simple process would bring finality to this issue. The benefits here of resolving this issue once and for all substantially outweigh the minimal burden from extracting four emails from IEP's server.

As such, KPM has requested that IEP provide a date and time certain for Mr. Greetham to

review the messages directly from the source and to report back as to his findings. IEP has refused, stating that "no additional investigation is required or authorized by the Court's order." As noted above, this is not consistent with the Court's July 13, 2023 Order because, in short, Mr. Greetham cannot ultimately tell whether or not the emails are accurate and authentic.

## II.     The Minimal Burden is Far Outweighed by its Likely Benefit

The four emails at issue here relate to one of the core facts of KPM's counterclaim that IEP committed fraud on the U.S. Patent & Trademark Office, in part, because KPM alleges that "John Shea did not himself sign the declaration in the Combined Declaration of Use and Incontestability under Sections 8 & 15 for the '573 Registration filed with the USPTO on or about November 23, 2020." Doc. 38 ¶ 31. KPM has obtained records from the USPTO showing that the declaration was signed in Connecticut at the IP address of the residence of Debra Duguid, a former paralegal who handled the filing with the USPTO. In an attempt to refute that unequivocal evidence, IEP counters with these four emails contending that they show Mr. Shea did in fact sign the declaration. While the ultimate decision about which facts and testimony are true is for a later time, KPM seeks to complete its attempts to authenticate the emails on which IEP intends to rely.

These emails and their accuracy and authenticity, therefore, are crucial because IEP will be relying on them in an attempt to dispute the USPTO's records—records that confirm the signing of the declaration by someone in Connecticut—based on emails by the declarant alleging that the signature had somehow been completed. As such, if those four emails will be offered as evidence to dispute what the USPTO states, then it is fair to take every reasonable step to make sure that they are authentic, especially when it can be done so simply, as noted above.

It is against this background that the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

3

burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

As noted above, the effort to extract these four specific emails from IEP's servers is *de minimis*. In contrast to the serious nature of KPM's counterclaims—and the putative importance of the emails to IEP's defense—the proposed discovery far outweighs any incremental burden in completing this last step. And because there is over a month before IEP is deposed on October 25, 2023, there is plenty of to finally resolve this matter before that deposition.

### III.  Conclusion

KPM asks that the Court direct Mr. Greetham to attempt to extract the emails at issue from IEP's email server and to supplement his opinions accordingly on or before October 18, 2023 regarding the accuracy and authenticity of the emails. If, for any reason, the emails cannot be retrieved, KPM asks that the Court direct Mr. Greetham to report such fact so that the Court can address any ramifications that flow therefrom accordingly, such as whether to permit IEP to rely on those emails at trial in defense of KPM's counterclaims, as IEP has stated it intends to do.

Respectfully submitted this 25th day of September, 2023.

/s/ Charles M. Landrum III
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*

**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street, 22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum III (*pro hac vice*)
*c.landrum@thip.law*

**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>      Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, the foregoing *Defendants' Response to the Court's September 22, 2023 Order* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

                                                            /s/ Charles M. Landrum III
                                                            Charles M. Landrum III

                                                            *Attorney for Defendants*