**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:21-cv-10417-RWZ |
| KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, | |
| Defendants. | |

**PLAINTIFF IEP TECHNOLOGIES, LLC'S RESPONSE TO THE COURT'S
SEPTEMBER 21, 2023, ORDER [161] REGARDING DISCOVERY DISPUTE**

Plaintiff IEP Technologies, LLC ("IEP" or "Plaintiff"), by its undersigned counsel, respectfully submits this response to the Court's Order. ECF No. 161. Defendants KPM Analytics, Incorporated ("KPMA") and KPM Analytics North America Corporation ("KPMNA") (collectively, "Defendants") unabashedly continue their meritless fishing expedition regarding four emails, which have been confirmed to have nothing missing or suspicious by the independent expert, David Greetham. KPM admits as much, but nevertheless continues its baseless authenticity "exercise." However, authenticity does not require an expert to oversee collection. Rather, authenticity is as simple as the testimony of a percipient witness—in this case the very witness KPM has refused to depose four times. Fed. R. Evid. 901(b)(1).

The independent expert confirmed the files IEP produced match the native emails and that he "do[es] not see anything in these messages that indicates that there might be anything missing or suspicious about these emails." Ex. 1. With nothing missing or suspicious from the emails, KPM nevertheless requests ongoing[1] independent expert review. KPM's request is, in essence, seeking to rewrite authenticity law and undermine standard discovery practices across the country. This would set a dangerous precedent, allowing parties to challenge document collection efforts without evidentiary basis.

## I. FACTUAL BACKGROUND.

On July 13, 2023, the Court entered its order regarding the independent expert's duties. KPM's request relates only to subsection (iii): "reporting whether there is anything missing and/or suspicious regarding the Four Emails provided by IEP that would require additional investigation." ECF No. 136. After receiving the four emails from IEP, Mr. Greetham sent his analysis on August 18, 2023. Ex. 2. Mr. Greetham confirmed that the email headers matched those produced by IEP.

---

[1] KPM's discovery fishing expedition has cost thousands of dollars in independent expert fees. IEP respectfully renews its request that KPM be solely responsible for these unnecessary costs.

*Id*. On Monday, August 21, 2023, counsel for KPM unilaterally, with no notice or consent from IEP's counsel, sent follow up questions to Mr. Greetham. Ex. 3. On August 23, 2023, Mr. Greetham put the issue to rest by concluding he "do[es] not see anything in these messages that indicates that there might be anything missing or suspicious about these emails." Ex. 1.

## II.    MR. GREETHAM FULFILLED HIS CHARGE UNDER THE COURT'S ORDER.

KPM's argument that the authenticity of the emails remains an open question is baseless. The Court posed a simple question: "whether there is anything missing and/or suspicious regarding the Four Emails provided by IEP that would require additional investigation." ECF No. 136. Mr. Greetham concluded that he "do[es] not see anything in these messages that indicates that there might be anything missing or suspicious about these emails." Ex. 1. This ends the inquiry.

But importantly, Mr. Greetham also debunked KPM's original basis for this fishing expedition, finding KPM's purported "irregularities" to be false. Ex. 2. Mr. Greetham also confirmed the internet headers produced by IEP matched those in the native files. *Id.* KPM, therefore, has no factual basis to challenge authenticity.[2]

## III.    KPM'S REQUEST RISKS UNDERMINING EMAIL DISCOVERY PRACTICES.

KPM has no factual basis to raise authenticity concerns. If this Court were to grant KPM's request, all litigants could be required to hire a third-party independent expert to "supervise" email collection. This would be an enormous extension in the law that would unduly burden parties with even higher e-discovery costs. Courts would also suffer by having to oversee independent reviews of each email collection. The Federal Rules of Civil Procedure and the Rules of Evidence are already sufficient, and no such extension is warranted here.

## IV.    KPM BELATEDLY RAISES THIS ISSUE AS A DISTRACTION.

---

[2] Mr. Greetham also disagrees with KPM's hired witness, Mr. Kelley, regarding the scope of further investigation. While KPM alleges it would be relatively simple, Mr. Greetham forecasted the need to have the "entire collection" if the parties desired further investigation. Ex. 1.

KPM has repeatedly argued it cannot depose IEP's corporate representative until after the expert completed his analysis. *See* ECF No. 96-01 at 19. Indeed, KPM's recent email to the Court suggested "put[ing] this issue to rest well before the scheduled October 25 deposition of IEP." Ex. 4. However, KPM moved to compel IEP's deposition on August 30, 2023, ***without raising this issue***. ECF No. 146. If KPM believed Mr. Greetham's analysis was incomplete, KPM had ***no good faith basis to move to compel that deposition on August 30***.[3]

Now, KPM belatedly raises this issue, nearly a month after Mr. Greetham's conclusion that he "do[es] not see anything in these messages that indicates that there might be anything missing or suspicious about these emails." Ex. 1. This Court recently "noted its concerns regarding the sufficiency of defendants' search for responsive discovery." ECF No. 160. As if on cue, KPM reraises this issue to distract from its own discovery abuses.

Given the concerns the Court has (correctly) expressed with KPM's discovery failures, and particularly with respect to KPM's own website, IEP requests that Mr. Greetham be given access to KPM's website to review, for example, login and revision data. Mr. Greetham's technical expertise can help resolve issues regarding the search on safety-related products (e.g., for fire and explosion protection) advertised on KPM's website, as well as efforts to remove such language. IEP requests the Court order IEP and KPM to meet and confer about retaining Mr. Greetham to review KPM's website at KPM's expense.[4]

---

[3] At least one of its motions to compel and this latest request are in bad faith. Either way, IEP requests its fees and costs for having to respond.

[4] IEP has requested a meet and confer with KPM to discuss its "search for responsive discovery." ECF No. 160. However, Mr. Greetham's technical expertise would prove helpful with issues relating specifically to KPM's website.

Dated: September 25, 2023

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

Brendan G. McDermott (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: 314-480-1500
Fax: 314-480-1505
Brendan.McDermott@huschblackwell.com

***Attorneys for Plaintiff IEP Technologies, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that today, September 25, 2023, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO THE COURT'S SEPTEMBER 21, 2023, ORDER [161] REGARDING DISCOVERY DISPUTE** was filed electronically with the clerk of the court. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

September 25, 2023                                   */s/  Stephen F.W. Ball, Jr.*