**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC, <br><br>     Plaintiff, <br><br>     v. <br><br> KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, <br><br>     Defendants. | Civil Action No. 1:21-cv-10417-RWZ |

**PLAINTIFF IEP TECHNOLOGIES, LLC'S RESPONSE TO THE COURT'S
OCTOBER 18, 2023, ORDER [166] REGARDING DISCOVERY DISPUTE**

Plaintiff IEP Technologies, LLC ("IEP" or "Plaintiff"), by its undersigned counsel, respectfully submits this response to the Court's Order. ECF No. 166.

IEP submits that KPM only trickles out discovery when deficiencies are identified by IEP, in contravention of the word and spirit of Rule 26. KPM's discovery responses remain deficient, and the missing information relates to key issues concerning KPM's product functionality and, more specifically, fire and explosion protection.

## I.       KPM has not provided "why" the webpage language was removed, as ordered by the Court.

As ordered by the Court on September 15, KPM "shall be cooperative in searching for and producing information related to 'any efforts to remove language relating to fire or explosion hazards from any advertisements,' including who made the changes, when, and **why**." ECF No. 160 (emphasis added). KPM has failed to provide this information or fully respond to IEP's interrogatory.

KPM supplemented its response to Interrogatory No. 20 by claiming that they "believe that the particular webpage containing the statements in this interrogatory was not optimal in its description, thereby necessitating the change." Ex. 1 at p. 6. However, KPM's response is both factually incorrect and couched behind privilege. KPM belatedly claims privilege on the only documents identified as relating to the website change—and this after substantial briefing and involvement by the Court concerning KPM's failure to maintain evidence. The incongruity of KPM's belief about the language while also claiming privilege prevents IEP from a full and fair opportunity to question KPM on the issue (to be clear, KPM's deponents all testified they did not know why the website was changed).

Moreover, KPM is disingenuous in its response when it states "'Defendants' Goods are not designed with the primary purpose of reducing or eliminating fire or explosion hazards." Ex.

1 at 4. It is important to note that KPM does not design the products, for example, it simply

rebrands the PSC-EX301-XT-CB5 IR sensor with the infringing trademark. The actual

designer/manufacturer of that sensor uses the very language that KPM tries to downplay. (Ex. 2,

Calex Webpage)[1] (listing a main application for "Dust in pulp, paper and packaging plants [that]

can create a fire and explosion hazard."). KPM cannot contradict the language of the

designer/manufacturer while at the same time hiding behind a claim of privilege.

IEP notes that there are no attorneys listed on KPM's privilege log for the emails at issue

and so IEP cannot assess KPM's privilege claim. After years of seeking information about the

removal of language from KPM's website, KPM's belated assertion of privilege indicates, at

best, a failure to search for responsive discovery, and at worst an attempt to hide its willful

infringement.

The Court has already ordered KPM to provide the requested information and to respond

to IEP's interrogatory[2]. KPM has not done so. IEP respectfully requests the Court enforce its

prior order, overrule KPM's claim of privilege, and install appropriate assurances so that this

concealment does not continue.

II.   **KPM did not search for responsive documents when ordered by the Court, its production remains incomplete, and it relies on a highly subjective definition of "relevance."**

IEP respectfully submits that KPM has also failed to fully search for responsive

documents and is improperly withholding documents on the basis of relevance. This Court

previously "noted its concerns regarding the sufficiency of defendants' search for responsive

---

[1] Notably, this document was never produced by KPM, even though KPM employee Scott Nagle testified that he gets product language from the manufacturer, as is evident here by comparing the manufacturer's language to the language KPM now claims is "not optimal."

[2] For example, KPM has not identified specific advertisements, as requested in the Interrogatory, nor even specific products, but only generally references moisture analyzers and IR sensors. Specifically missing is identification of the very advertisements that relate to fire and explosion protection, and which IEP has been able to identify from third party sources.

discovery." ECF No. 160. Back in January the Court ordered KPM to certify "as to having made

a good faith search, resulting in the belief that all properly responsive information has been

produced." Ex. 3, 1/17/2023 Letter from A. Crain. Nevertheless, IEP has identified another

webpage that references fire protection (responsive at least to Request for Production 20), and

which KPM failed to produce in January. Ex. 4, Process Sensor Brochure. When IEP noted this

to KPM, KPM claimed it was produced in the recent email production as KPM-E042115 (it is an

attachment), thus confirming that it was not searched in January.

Incredibly, KPM claims this document is not relevant. Ex. 5, 10/13/2023 C. Landrum

Email. The brochure, however, lists fire protection as an application for thermal imaging systems

still sold by KPM today under the infringing mark. Ex. 4. KPM's claim of non-relevance for the

functionality of products sold under the accused mark belies its representation that it has

searched for and produced documents. If this document is not relevant according to KPM, IEP

can only guess what else is being withheld under this narrow and improper standard. For

example, KPM is also withholding documents based on relevance that hit on email search terms.

While KPM claims a portion is privileged, the privilege log states the entire document was

withheld on relevance. Ex. 6 at Row 6, KPM Privilege Log ("Otherwise withheld on grounds of

relevance").

The Court has already ordered KPM to search for and produce documents relating to the

functionality its products. KPM has not done so. IEP respectfully requests the Court enforce its

prior order, overrule KPM's claims of relevance, and install appropriate assurances so that this

concealment does not continue.

Dated: October 20, 2023

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

Brendan G. McDermott (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: 314-480-1500
Fax: 314-480-1505
Brendan.McDermott@huschblackwell.com

***Attorneys for Plaintiff IEP Technologies, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that today, October 20, 2023, a true and correct copy of the foregoing was filed electronically with the clerk of the court. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

October 20, 2023                                     */s/ Stephen F.W. Ball, Jr.*