UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**DEFENDANTS' RESPONSE TO THE COURT'S OCTOBER 18, 2023 ORDER**

### I.     KPM Properly Has Answered Interrogatory No. 20

The Court ordered that KPM "shall be cooperative in searching for and producing information related to 'any efforts to remove language relating to fire or explosion hazards from any advertisements,' including who made the changes, when, and why." Doc. 160. KPM properly searched for and produced that information, including copies of the responsive emails, redacting only those portions over which KPM claims privilege, and supplemented its response.[1]

IEP complains that "KPM's response is both factually incorrect and couched behind privilege." However, what IEP claims is "incorrect" is *KPM's belief* as to why it changed the webpage. Just as an individual has subjective beliefs as to documents and events, so does a corporate party. *See, e.g., Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001) ("The corporation must provide its interpretation of documents and events.").

Here, KPM has provided its understanding, belief, and interpretation of the documents and events, which it is entitled to do. IEP deposed two witnesses as to why the webpage was changed and those witnesses answered the question. KPM then supplemented its interrogatory response to adopt those witness statements on behalf of KPM itself. While IEP may disagree with the substance of KPM's response, IEP does not get to dictate KPM's belief, which is what IEP is trying to do. *See  Lloyd v. Powell*, No. C09-5734 BHS/KLS, 2010 U.S. Dist. LEXIS 98773, at *2 (W.D. Wash. Aug. 30, 2010) ("Moreover, the court's review of Plaintiff's requests confirms that he is merely attempting to have Defendants change their responses because Plaintiff is not satisfied with the answers. This is not a proper basis for an order compelling production."). Thus, the Court should deny IEP's request to require KPM change its substantive answer to Interrogatory No. 20.

### II.     KPM Properly Has Claimed Privilege Over the Five Emails Submitted to the Court

IEP asserts only one objection to KPM's claim of privilege over the five emails submitted for *in camera* review, "that there are no attorneys listed on KPM's privilege log for the emails at issue[.]" Doc. 167, p.3. IEP claims that this means it "cannot assess KPM's privilege claim." *Id.*

---

[1] KPM maintains its objection that discovery into the changing of the webpage is not relevant to any party's claims or defenses and further would not be admissible under F.R.E. 407.

However, KPM's privilege log clearly states that these communications contain the advice of counsel: "Privileged communication containing advice of counsel pertaining to KPM website."

"[T]he idea that non-lawyers could discuss or relay legal advice without copying an attorney was so uncontroversial that Judge Zobel, incorporating it into her ruling [in *In re Prograf Antitrust Litigation*], did not even discuss it. Other courts have held the same." *Crane Sec. Techs., Inc. v. Rolling Optics, AB*, 230 F. Supp. 3d 10, 22 (D. Mass. 2017) (citing 2013 U.S. Dist. LEXIS 63594, 2013 WL 1868227, at *3, (D. Mass. May 3, 2013); other citations omitted). "[I]t appears implicit in present day litigation with multiple attorneys required for proper representation that attorneys must be allowed to confer with each other regarding the representation of a client on a privileged basis in the same way that clients must be able to discuss the advice of counsel amongst themselves on a privileged basis." *Id.* (citing *McCook Metals LLC v. Alcoa Inc.*, 192 F.R.D. 242, 255 (N.D. Ill. March 2, 2000)). Just as in *Crane Sec.*, the documents here "are either seeking or discussing legal advice." *Id.* at 21. IEP's motion should be denied.[2]

### III.     IEP Overreaches by Asking for Irrelevant Documents

KPM has produced the documents requested by IEP that are relevant to the parties' claims and defenses. Rule 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"). KPM reviewed and produced 10,892 relevant documents totaling over 80,000 pages. This is the "trickle" of which IEP complains. Now IEP comes, hat in hand, to ask the Court for *irrelevant* documents, too.

IEP claims that it has found a document on KPM's website that justifies the Court dispensing with the limits of Rule 26(b) and permitting further discovery. However, IEP's own argument pleads it out of court: "The brochure, however, lists fire protection as an application for thermal imaging systems **still sold by KPM today under the infringing mark**." Doc. 167, p.4 (emphasis added). KPM has produced the relevant documents related to its use of the

---

[2] Additionally, the emails were sent in the context of an active litigation between IEP and KPM. IEP has waived any argument for setting aside KPM's claim of work-product immunity.

logo that is at issue in this case. IEP has what it needs to prosecute this case.

In contrast, the document allegedly "found" by IEP depicts KPM's *old* logo on the front and a "November 2013" revision date on the bottom-right corner of the last page. Nowhere does the document contain KPM's logo that is at issue in this case. IEP fails to explain how the old brochure with the old trademark that is not part of this case is relevant to any party's claims or defenses, when it was created five years before the events that gave rise to this litigation. And even if the document somehow was found to be relevant, IEP *admits* that it has been produced, thereby further negating its overreaching ask of the Court.

As for KPM's email production, the Court further limited the use of electronic discovery: "E-mail production requests shall only be propounded for **specific** issues, rather than **general** discovery of a product or business." Doc. 19 ¶ 4 (emphasis added). KPM reviewed the documents returned by the search terms provided by IEP for privilege and relevance and produced the non-privileged, relevant documents. IEP is not entitled to the irrelevant documents simply because they match a set of search terms, such as the following attached exhibits make clear:

A. An email from an employee in KPM's unrelated Unity subsidiary forwarding an article from *Lasers in Surgery in Medicine* (triggered by the search term "Hoffman" and "design")
B. An email about leasing property discussing whether it is "compliant with applicable fire and safety codes" (triggered by the search term "fire" and "safety")
C. An email regarding a 2018 brand update for KPM's unrelated Unity subsidiary (triggered by the search term "trademark" and "confusion")

As such, because this Court did not suspend Rule 26(b), IEP's request should be denied.

### IV.   IEP Belatedly Challenges Other Documents

IEP's October 17, 2023 email to the Court raised two issues: KPM's response to Interrogatory No. 20, KPM's claim of privilege over the five emails, and KPM's withholding of irrelevant documents. Now, IEP belatedly asks the Court to address the other documents in KPM's privilege log, preventing KPM from being able to present them for *in camera* review as required. Doc. 18 ¶ 15(d). The Court should summarily deny IEP's request, or at least permit KPM to submit the documents *in camera* prior to ruling on this issue.

Respectfully submitted this 24th day of October, 2023.

/s/ Charles M. Landrum III
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*

**SHEEHAN PHINNEY BASS & GREEN PA**
28 State Street, 22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
*a.crain@thip.law*
Charles M. Landrum III (*pro hac vice*)
*c.landrum@thip.law*

**THOMAS HORSTEMEYER LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>　　　Defendants. | Civil Action No.<br>1:21-cv-10417-RWZ |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2023, the foregoing *Defendants' Response to the Court's October 18, 2023 Order* was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

　　　　　　　　　　　　　　　　　　　　/s/ Charles M. Landrum III
　　　　　　　　　　　　　　　　　　　　Charles M. Landrum III

　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants*