IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No. 1:21-cv-10417-RWZ |

**IEP TECHNOLOGIES, LLC'S RESPONSE TO THE COURT'S
NOVEMBER 16, 2023, ORDER [175] REGARDING SCHEDULING DISPUTE**

    Plaintiff IEP Technologies, LLC ("IEP" or "Plaintiff"), by its undersigned counsel, respectfully submits this response to the Court's Order (ECF No. 175) and its Opposition to Defendants' Motion for Entry of an Amended Scheduling Order (ECF No. 174).

    IEP submits that outstanding issues need to be resolved before agreeing to a new schedule. In particular, both parties seek to add persons to the Protective Order, and IEP respectfully submits it has a right to have its designee review discovery, which KPM has marked confidential, in order to determine an appropriate schedule, as well as meaningfully participate in the upcoming phases of the case.

    **I.    The Court Should Enter A Short Stay To Resolve The Protective Order Disputes And Allow The Parties' Designees To Review Case Materials**

    In recent correspondence with the Court, IEP advised that KPM has refused to permit its designee, Mr. Kelly, to be added to the Protective Order in this case. The Protective Order provides for the addition of "other persons" … "upon order of the Court, or upon written consent of the Disclosing Party." (ECF No. 18. at ¶4(i)/5(a).) IEP's counsel should be entitled to share

1

evidence of KPM's willfulness with Mr. Kelly, including KPM's financial information, solicitations for the sole purpose of fire and explosion safety, and activities in markets outside of "process control". At the Court's suggestion, the parties met and conferred on Friday, November 17, 2023, but KPM still refuses to consent.

Notably, IEP proposed a mutual consent as KPM is seeking to add its insurance provider, Chubb/Federal Insurance Company ("Chubb" or "FIC"), to the Protective Order. Ex. 1. KPM would not agree, and instead proposed an amended Exhibit A to the Protective Order that requests unfettered access to "officers, directors, managers and employees of Federal" other than the individual who would sign the Protective Order.[1] IEP, of course, cannot allow access to unnamed "officers, directors, managers and employees of Federal" who would not be bound by the Protective Order.

The parties already negotiated the Protective Order, which has a mechanism for providing access to confidential information by "other persons." It has been entered by the Court and governs this case. If a person wants to see confidential information, the parties can consent to add them to the Protective Order or the Court can order it, and that person needs to sign Exhibit A (as agreed by the parties). (*See* ECF No. 15-1.) KPM has provided no reason to modify it at this point, and IEP is not opposed to providing access to KPM's appropriate designee so long as they are identified and added to the Protective Order.

Accordingly, IEP requests a stay to allow the parties additional time to resolve these issues. If the parties cannot reach agreement, IEP will request that the Court issue an order permitting Mr. Kelly to be added to the Protective Order. A short stay cannot be said to prejudice

---

[1] KPM's Exhibit A provides access to Chubb for the purpose of "litigation between [Chubb] and KPM." This is not surprising given the unreasonable tactics KPM has employed in this case to unnecessarily inflate litigation costs, including pursuing discovery that has disposed of KPM's defenses and cemented its willfulness.

KPM, as it can still prepare for expert discovery and summary judgement.

## II. IEP Notes That Now Would Be A Good Time For Referral To A Neutral Mediator.

In light of KPM seeking to add its insurance provider to the Protective Order, IEP respectfully requests referral to a neutral third-party mediator. KPM's insurance provider will be involved in any settlement, and IEP is confident its access to the case record will help resolve this case and avoid further unnecessary expenditure.

## III. IEP Requests Guidance On The Court's Order Regarding Discovery Deficiencies (ECF No. 173)

As recently ordered by the Court, "[i]f KPM is withholding documents responsive to plaintiff's e-mail requests on a relevancy basis more limited than FRCP 26(b), KPM shall produce all such documents relevant under FRCP 26(b) no later than November 10, 2023." (ECF No. 173.) Despite KPM identifying withheld documents on its privilege log and in prior correspondence, IEP received no production on November 10, 2023.

During the meet and confer on November 17, 2023, KPM again confirmed that documents hitting on search terms were being withheld. IEP respectfully requests guidance on the Court's order, as it believes such documents should have been produced on November 10, 2023. Hitting on search terms is *de facto* evidence of relevance and KPM has not provided any suggestion that such documents do not relate to "any party's claim or defense." FRCP 26(b). IEP notes that KPM has taken an unreasonably narrow view of relevance in this case. (*See* ECF No. 167 at 3.)

## IV. Requested Relief

IEP respectfully submits that the Court stay the case to allow the parties additional time to meet and confer on the Protective Order issues, and for their respective designees to access confidential information in preparation for the next phases of the case, and/or for mediation if the

Court so orders.

| | |
|---|---|
| Dated: November 22, 2023 | */s/ Stephen F.W. Ball, Jr.*<br>Stephen F.W. Ball, Jr. (BBO # 670092)<br>HUSCH BLACKWELL LLP<br>One Beacon Street, Suite 1320<br>Boston, MA 02108<br>Telephone: 617-598-6700<br>Fax: 617-720-5092<br>Stephen.Ball@huschblackwell.com<br><br>Brendan G. McDermott (*pro hac vice*)<br>HUSCH BLACKWELL LLP<br>8001 Forsyth Boulevard, Suite 1500<br>St. Louis, MO 63105<br>Telephone: 314-480-1500<br>Fax: 314-480-1505<br>Brendan.McDermott@huschblackwell.com<br><br>***Attorneys for Plaintiff IEP Technologies, LLC*** |

## CERTIFICATE OF SERVICE

I hereby certify that today, November 22, 2023, a true and correct copy of the foregoing was filed electronically with the clerk of the court. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

November 22, 2023                                              */s/ Stephen F.W. Ball, Jr.*