IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-JEK |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCLUDE STEVEN J. SHAPIRO, PH.D.**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

I.    INTRODUCTION ........................................................................................................... 1

II.    BACKGROUND AND LEGAL STANDARD ................................................................ 1

III.    ARGUMENT .................................................................................................................... 3

    A.    KPM Misconstrues Disgorgement Of Profits And Dr. Shapiro's Testimony Regarding The Same ................................................................................................................... 3

    B.    KPM's Royalty Arguments Go To The Weight Of The Evidence And Not Admissibility ............................................................................................................. 6

IV.    CONCLUSION ................................................................................................................ 7

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Aktiebolaget Electrolux v. Armatron Int'l, Inc.*,
   999 F.2d 1 (1st Cir. 1993) .................................................................................................. 3, 4

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
   No. 16-21203-CIV, 2018 WL 10322164 (S.D. Fla. Jan. 13, 2018) ........................................... 6

*Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.*,
   851 F.2d 540 (1st Cir. 1988) ........................................................................................ 4, 5, 6, 7

*Romag Fasteners, Inc v. Fossil, Inc.*,
   590 U.S. 212 (2020) .................................................................................................................. 5

*Water Techs. Corp. v. Calco, Ltd.*,
   850 F.2d 660 (Fed. Cir. 1988) .................................................................................................. 6

Statutes

15 U.S.C. §1117 ............................................................................................................... 1, 2, 5, 6
35 U.S.C. §284 ............................................................................................................................ 6

Rules

Fed. R. Evid. 702 ........................................................................................................................ 3

I.     **INTRODUCTION**

Plaintiff IEP Technologies, LLC ("IEP" or "Plaintiff") submits this Opposition to Defendants' KPM Analytics, Incorporated and KPM Analytics North America Corporation (collectively, "KPM" or "Defendants") Motion to Exclude Steven J. Shapiro, Ph.D. *See* ECF Nos. 196 & 197 (the "Motion").

KPM's Motion to exclude Dr. Shapiro, an economic expert, completely misses the mark. KPM complains that Dr. Shapiro did not testify on issues outside of his domain. He is not a lawyer or legal expert and does not need to know trademark law, nor is he a fact witness for proving harm to IEP. He is an economic expert, and correctly assumes there is a violation of the Lanham Act and from that assesses the scope of economic damages. KPM's other arguments about his methodology merely go to the weight afforded to his testimony. KPM will have the opportunity to cross-examine him at trial. That is KPM's proper recourse for challenging Dr. Shapiro's opinions.

KPM's Motion is an obvious attempt to improperly narrow Dr. Shapiro's damages testimony in a way that is far more restrictive than the damages statute. 15 U.S.C. §1117(a) (e.g., "…any damages sustained by the plaintiff…"). Tellingly, KPM has not moved for summary judgment of no damages. Dr. Shapiro's opinions conform with trademark law, and KPM's Motion to Exclude should be denied.

II.    **BACKGROUND AND LEGAL STANDARD**

Dr. Shapiro is a highly qualified economic damages expert. He is "currently Professor of Finance at New York Institute of Technology. Prior to joining New York Institute of Technology, [he] was Professor of Economics and Finance at the University of New Haven." Ex. 1, Expert Report of Steven J. Shapiro, Pd.D. dated March 24, 2022 ("Shapiro Report") at 1. He has substantial educational background in economics, including having "earned a B.A. in Economics and Mathematics from the University of Virginia, an M.A. in Economics from Georgetown

1

University and a Ph.D. in Economics from Georgetown University." *Id*. He has "over 40 years of professional experience as an economist, including being affiliated with New York Telephone, the Antitrust Division of the United States Department of Justice and various consulting firms engaged in research for the Federal Government." *Id*. His substantial professional experience includes operating Analytic Resources, LLC, an economic consulting firm based in Orange, Connecticut, and serving as "an Executive Editor of the Journal of Forensic Economics, a journal published by NAFE that consists of peer reviewed academic research pertaining to the application of economics to litigation matters." *Id*. at 1-2.

> The Lanham Acts outlines various forms of recovery for a trademark violation:
>
> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. **In assessing profits the plaintiff shall be required to prove defendant's sales only**; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a) (emphasis added). As explained above, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only." *Id*. In his report, Dr. Shapiro detailed the relevant sales relating to KPM's infringement. Shapiro Report at 5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id*. Although not required, he

2

endeavored to remove KPM's costs of advertising known at the time of his report. "███████ ████████████████████████████████████████████████ ███████████████" *Id*.

Dr. Shapiro also estimated a royalty as a proxy to the harm to IEP. He began by identifying comparable licenses, and then evaluated the facts of the case, including that IEP and KPM are direct competitors in an industry providing goods relating to safety. *Id*. Applying the facts to the case, he made alterations to obtain what he believes a reasonable royalty would be to account for the harm to IEP's brand. *Id*.

The Federal Rules of Evidence list four requirements for an expert's opinion:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> 
> (b) the testimony is based on sufficient facts or data;
> 
> (c) the testimony is the product of reliable principles and methods; and
> 
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d). IEP need only show it is more likely than not that an expert's testimony will satisfy FRE 702. *Id*.

### III. ARGUMENT

#### A. KPM Misconstrues Disgorgement Of Profits And Dr. Shapiro's Testimony Regarding The Same

KPM does not appear to challenge Dr. Shapiro's qualifications[1]. Motion at 4-20. KPM's argument appears to rest on allegations that Dr. Shapiro's testimony contravenes First Circuit law. Motion at 5 (citing *Aktiebolaget Electrolux v. Armatron Int'l, Inc.*, 999 F.2d 1, 5 (1st Cir. 1993)), KPM outlines certain requirements:

> 1) a plaintiff seeking damages must prove actual harm, such as the diversion of

---

[1] KPM describes Dr. Shapiro as lacking trademark experience. Motion at 2-3. He is not a trademark legal expert, but an economic expert so this background discussion is misplaced.

3

sales to the defendant; 2) a plaintiff seeking an accounting of defendant's profits must show that the products directly compete, such that the defendant's profits would have gone to plaintiff if there was no violation; 3) the general rule of direct competition is loosened if the defendant acted fraudulently or palmed off inferior goods, such that actual harm is presumed; and 4) where defendant's inequitable conduct warrants bypassing the usual rule of actual harm, damages may be assessed on an unjust enrichment or deterrence theory.

*Id*. KPM distorts this to claim that Dr. Shapiro "fails to address these mandatory requirements." Motion at 5. This is incorrect for multiple reasons.

**First**, nothing in *Electrolux* requires a "damages expert" to prove such facts, only the plaintiff. Indeed, in order to be admissible, an expert need not establish the central facts of the case. *See Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.*, 851 F.2d 540, 545–46 (1st Cir. 1988) ("[T]estimony did not have to establish the validity of the central, disputed factual claims in this case in order to have a factual basis and be admissible."). In *Int'l Adhesive Coating*, the expert "testified that he derived his damage estimates by reviewing [] business and financial records and through interviews with company personnel…these are sources of information normally and reasonably relied upon by accountants…[and so] the jury was entitled to believe [expert's] testimony." *Id*. at 544–45. Similarly, here, Dr. Shapiro reviewed the relevant financial testimony and documents of the parties "normally and reasonably relied upon by accountants". Shapiro Report at 5-6. KPM's rebuttal financial expert, Neil Zoltowski, considered the same documents. Ex. 2, Zoltowski Report Schedules at Schedule 2.0.

KPM's arguments go to weight, not admissibility. *See Int'l Adhesive Coating*, 851 F.2d at 544–45 ("if in arriving at his opinion the expert has reasonably relied on facts or data before trial, the basis for the opinion need not be disclosed as a condition to admitting the testimony. The burden is on opposing counsel through cross-examination to explore and expose any weaknesses in the underpinnings of the expert's opinion."). KPM will have an opportunity to cross-examine IEP's witnesses on the harm to IEP in this case. Accordingly, it would be premature to exclude

4

Dr. Shapiro on this basis.

Additionally, the simplicity[2] of the statute demonstrates that IEP need only demonstrate the bare minimum of "defendant's sales." *See* 15 U.S.C. § 1117(a) ("[i]n assessing profits the plaintiff shall be required to prove defendant's sales only."). Dr. Shapiro has certainly satisfied that requirement and so exclusion would be improper.

**Second**, KPM's argument that Dr. Shapiro did not testify as to harm and competition is incorrect. Indeed, he cited to John Shea, IEP's Co-President of the explosion protection business unit, stating that "the value of [IEP's] brand has been harmed." Shapiro Report at 5. Further, he testified that IEP and KPM are direct competitors for the same customer base." *Id*. Dr. Shapiro also relied on the analysis of an industry expert with 23 years of experience. Ex. 3, Dr. Shapiro Reply to April 12, 2024 Expert Report Prepared by Neil J. Zoltowski dated May 10, 2024 ("Shapiro Reply Report") at 3. Accordingly, Dr. Shapiro noted his reliance on this harm. *Id*. ("███████████████████████████████████████████████████████████████████████████████"). He further noted that "███████████████████████████████████████████████████████████" *Id*. Dr. Shapiro has sufficiently analyzed the direct competition and harm caused by KPM's infringement. But importantly, trial has yet to occur. If and when KPM contests these facts, it can cross-examine IEP's witnesses.

KPM's attempts to put additional requirements on Dr. Shapiro are improper. *See Int'l Adhesive Coating*, 851 F.2d at 545 ("These arguments miss the mark because the facts Emerson now contests were not the subject of opinion testimony by Vesey. Vesey is an accounting expert, and it was in that capacity alone that he testified. His role was simply to assign the appropriate

---

[2] In 2020, the Supreme Court concluded that willfulness was not a prerequisite to disgorgement of profits. *See Romag Fasteners, Inc v. Fossil, Inc.*, 590 U.S. 212, 219 (2020) (analyzing §1117(a) and concluding that there is not express willfulness prerequisite listed for a plaintiff to obtain defendant's profits).

dollar amounts to International's claimed damages."). As a result, exclusion is not proper.

### B. KPM's Royalty Arguments Go To The Weight Of The Evidence And Not Admissibility

KPM moves to exclude the royalty Dr. Shapiro used as a proxy for the harm caused by KPM's infringement. Motion at 8. Again, KPM's argument goes to the weight of the opinion not the admissibility. *See Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, No. 16-21203-CIV, 2018 WL 10322164, at *12 (S.D. Fla. Jan. 13, 2018) ("Such a calculation is relevant to any equitable considerations that the Court might apply to the award to the Plaintiff"). Under the Lanham Act, a court may consider "equitable considerations" when assessing damages and so Dr. Shapiro's testimony is proper.

KPM's reliance on patent cases discussing a hypothetical negotiation is misplaced. Motion at 10-11. Damages under the Lanham Act differ from those under the patent act. *Compare* 15 U.S.C. §1117(a) *with* 35 U.S.C. §284 ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."). Indeed, the Federal Circuit explained that disgorgement of defendant's profits is not a possible remedy in patent law. *See Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 673 (Fed. Cir. 1988) ("The district court may also have misunderstood that, unlike copyright and trademark infringements, patent infringement carries no remedy of an accounting for an infringer's profits.").

Further, KPM's complaints about Dr. Shapiro's royalty rate and adjustments being arbitrary merely go to the weight of the evidence, and not admissibility. *See Int'l Adhesive Coating*, 851 F.2d at 544–45 ("if in arriving at his opinion the expert has reasonably relied on facts or data before trial, the basis for the opinion need not be disclosed as a condition to admitting the

testimony. The burden is on opposing counsel through cross-examination to explore and expose any weaknesses in the underpinnings of the expert's opinion."). For example, KPM contests the ███████████████████████████████████████████████████████████ ███████████████████████████ Motion at 19, Shapiro Report at 5. KPM also sells goods for fire and explosion protection. ECF No. 204 at 8-10. Surely brand value increases when consumers trust the safety and reliability of products. If and when KPM contests this, KPM is free to challenge the weight of Dr. Shapiro's opinions, but not admissibility.

### IV. CONCLUSION

For the foregoing reasons, KPM's Motion to exclude Dr. Shapiro should be denied.

Respectfully submitted,

Dated: July 18, 2024

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

Brendan G. McDermott (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard
Suite 1500
St. Louis, MO 63105
Telephone: 314-480-1500
Fax: 314-480-1505
Brendan.McDermott@huschblackwell.com

*Attorneys for Plaintiff IEP Technologies, LLC*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July 2024, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Stephen F.W. Ball, Jr.*