IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-10417-JEK |

**IEP'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO STRIKE KPM'S UNTIMELY EXPERT REPORT**

Plaintiff IEP Technologies, LLC ("IEP" or "Plaintiff") hereby respectfully moves to strike the untimely expert report served by Defendants' KPM Analytics, Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation (collectively, "KPM" or "Defendants"). The report was proffered by KPM's purported trademark expert Ms. Amanda Hyland, an attorney, and was attached to KPM's Opposition to IEP's Motion to Exclude Hyland and Kelley, ECF No. 235-3 ("the Untimely Report").

**The Court Should Strike The Untimely Report,
Which Is Unjustified And Unfairly Prejudices IEP**

*First*, the purported "supplemental" report is untimely. On January 12, 2024, this Court entered an amended scheduling order relating to expert deadlines:

- Expert Opening Reports due February 9, 2024.
- Expert Rebuttal Reports due April 12, 2024.
- Expert Reply Reports due May 10, 2024.
- Expert Depositions by May 31, 2024

ECF No. 187. On February 9, 2024, KPM served the report of Ms. Hyland. ECF No. 219-1. KPM did not serve a rebuttal or reply report for Ms. Hyland. IEP deposed Ms. Hyland regarding her report on May 31, 2024. ECF No. 219-3. Nevertheless—**167 days after the deadline for expert**

1

**opening reports and 55 days after her deposition**—KPM served a purported "supplemental" report of Ms. Hyland on July 26, 2024, without prior notification or seeking leave from the Court. Notably, this was **two weeks after** IEP filed a *Daubert* motion to exclude Ms. Hyland's testimony as improper[1]. *See* ECF No. 219. KPM improperly relied on the Untimely Report in its Opposition to IEP's *Daubert* Motion. *See* ECF No. 234 at 11 (citing the Untimely Report). Accordingly, the Untimely Report should be stricken from the case for being served outside of this Court's scheduling order. *See Cavanagh v. Taranto*, 95 F. Supp. 3d 220, 231 (D. Mass. 2015) (striking untimely expert report).

***Second,*** the Untimely Report blatantly and improperly contradicts the record, and is deficient for the same reasons IEP moved to exclude Ms. Hyland. When deposed by IEP, Ms. Hyland repeatedly testified that she **did not** opine on whether the Section 8 and Section 15 Declaration was properly executed.



Exhibit 1, Transcript of the May 31, 2024 Deposition of Amanda Hyland "Hyland Depo." at 23-1:5.



Hyland Depo. at 23:11-24:3.



---

[1] As stated in IEP's Motion to Exclude Ms. Hyland, her failure to apply any specialized expertise, base her "opinions" on sufficient facts, employ reliable principles and methods, or apply reliable principles and methods to the facts are all independent bases for her full exclusion from this matter. ECF No. 219.



Hyland Depo. at 32:17-33:3. When questioned about any alleged error in the filing, Ms. Hyland confirmed she did not know or did not have opinions on the matter.



Hyland Depo. at 26:6-19 (emphasis added). The Untimely Report seeks to contradict her testimony as best shown by the last questions of her deposition below (on the right).

| Untimely Report | Hyland Deposition |
|---|---|
|  | |
| | 142:7-19 (emphasis added) |

Notably, the paragraph from the Untimely Report above is the entirety of Ms. Hyland's alleged opinions, offering no facts, analysis, etc. So now, months after the deposition, and after IEP noted her lack of analysis in its *Daubert* Motion, Ms. Hyland changes her opinion to claim that the Section 8 and Section 15 declaration was not properly executed, while citing no basis. *See*

3

*Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (striking second report that was "materially altering, not merely clarifying his original report"). The single paragraph, conclusory Untimely Report does not apply specialized expertise, is not based on facts, does not employ reliable principles and methods, and does not apply reliable principles and methods to the facts, and so should be stricken for the same reasons as Ms. Hyland's initial report. Fed. R. Evid. 702(a)-(d). *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

**Third,** KPM's purported justification for "supplementation" is misplaced. KPM argues this "report" is allowable pursuant to Federal Rule 26(e)(2), citing *Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC*, 730 F.3d 67, 75–76 (1st Cir. 2013). But that case dealt with a damages expert updating calculations that were previously in error. *Id.* Financial experts often update their reports before trial with new sales data that was previously unavailable. Here, no new facts arose, and Ms. Hyland repeatedly confirmed at deposition that she did not conclude whether the Section 8 and Section 15 Declaration was properly executed and signed. KPM cannot now, under the guise of a "supplemental report," change her testimony when there are no new facts.[2] *See Martinez-Serrano v. Quality Health Servs. Of Puerto Rico, Inc.*, 568 F.3d 278, 283 (1st Cir. 2009) (affirming the striking of expert report addendum that was "not based on freshly discovered evidence"); *see also Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *4 (E.D. Ky. Oct. 6, 2016) ("But courts have routinely rejected attempts to add new analyses, opinions, or theories under the guise of supplementation. This is especially true when the information underlying the new opinion was available to the party at the time of her initial disclosure."). KPM cannot use Rule 26(e) as a loophole to revise the previous report and deposition testimony. *See*

---

[2] Indeed, Black's Law Dictionary defines "supplemental disclosure" as "[t]he disclosure of additional facts and information, usu[ally] because of previous unavailability." Black's Law Dictionary (12th ed. 2024). KPM's Untimely Report fails this basic definition by citing no new facts or information.

*E.E.O.C. v. Freeman*, 778 F.3d 463, 467 n.7 (4th Cir. 2015) ("We agree that EEOC cannot use Rule 26(e) as a 'loophole ... [to] revise [its] disclosures in light of [the party's] challenges to the analysis and conclusions therein."). If this were permitted it would open the door to experts changing their testimony after every *Daubert* challenge.

**Fourth**, the Untimely Report unfairly prejudices IEP. IEP has no opportunity to question Ms. Hyland on her new "opinion", which is particularly egregious when her original testimony was that ████████████████████████████████████████████████ Hyland Depo. at 142:7-19. *See Cavanagh*, 95 F. Supp. 3d at 230 ("Delay is not harmless when the ultimate disclosure occurs 'after the close of discovery,' leaving the defendant 'without the means to explore and challenge the basis of' the late-disclosed evidence").

For at least these reasons, the Untimely Report should be stricken along with any reliance by KPM on the Untimely Report.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 12, 2024 | */s/ Stephen F.W. Ball, Jr.*<br>Stephen F.W. Ball, Jr. (BBO # 670092)<br>HUSCH BLACKWELL LLP<br>One Beacon Street, Suite 1320<br>Boston, MA 02108<br>Telephone: 617-598-6700<br>Fax: 617-720-5092<br>Stephen.Ball@huschblackwell.com<br><br>Brendan G. McDermott (*pro hac vice*)<br>HUSCH BLACKWELL LLP<br>8001 Forsyth Boulevard<br>Suite 1500<br>St. Louis, MO 63105<br>Telephone: 314-480-1500<br>Fax: 314-480-1505<br>Brendan.McDermott@huschblackwell.com<br><br>*Attorneys for Plaintiff IEP Technologies, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2024, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Stephen F.W. Ball, Jr.*