UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>　　*Plaintiff*,<br><br>　　*v.*<br><br>KPM Analytics, Incorporated<br>f/k/a Statera Analytics Incorporated and<br>KPM Analytics North America Corporation<br>f/k/a Process Sensors Corporation,<br><br>　　*Defendants*. | Civil Action No.<br>1:21-cv-10417-JEK |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE COURT'S ORDER [265] ON DEFENDANTS' MOTION TO EXCLUDE STEVE EGENOLF'S EXPERT TESTIMONY**

　　Defendants KPM Analytics, Inc. and KPM Analytics North America Corp. respectfully move the Court to clarify or reconsider, in part, its December 23, 2024 Order [Doc. 265] granting in part and denying in part Defendants' motion to exclude Steve Egenolf's expert testimony. Defendants moved to exclude Mr. Egenolf's testimony and report in its entirety. The Court struck paragraphs 40 through 44 of Mr. Egenolf's report as "entirely speculative," ECF 265 at 9, and precluded Mr. Egenolf from offering any testimony about "actual consumer confusion, [Defendants'] intent in adopting the mark, or the ultimate issue of whether confusion is likely." *Id.*, at 10. Additionally, the Court precluded Mr. Egenolf from offering any testimony about "what other people in the in the industry might conclude" for each of the other likelihood of confusion factors. *Id.* at 9-10 (*citing* ECF 201, at 4 (*quoting* ECF 201-1, ¶¶ 25, 29, 36, 39, 41, 44, 46)).

　　In granting the motion in part, Defendants respectfully are unclear as to whether the Court's striking of the statements in Mr. Egenolf's report found to be entirely speculative (*i.e.*, that "people in the Industry would come to the same conclusion) also applies to the other similarly-speculative statements in Mr. Egenolf's report about what other people think and perceive for the same reasons set out in Defendants' motion. Those similarly speculative statements by Mr. Egenolf in his report

1

upon which Defendants are unclear regarding applicability of the Court's Order are as follows:



*id.*

ECF 201-1 (emphasis added). As with the statements and paragraphs expressly stricken by the Court, each of the foregoing is another way of stating "what other people in the industry might conclude" about the facts of this case. Yet the Court expressly found that due to the absence of any survey or other direct evidence, "such testimony is nothing more than subjective belief or unsupported speculation." ECF 265 at 9–10. Thus, Defendants seek clarification as to whether the Court's ruling also applies to the similarly speculative statements above and, alternatively, reconsideration for application of law to these speculative and similarly unsupported statements for the same reasons set out in Defendants' motion to exclude Mr. Egenolf [Doc. 200].

I.   **Statement of Law on Motions for Clarification and Reconsideration**

Regarding motions for clarification, which do not seek to change rights and obligations but rather seek clarity and precision, "[c]larifications of orders previously issued ... add certainty to an implicated party's efforts to comply with the order ...." *N.A. Sales Co., Inc. v. Chapman Indus.*

*Corp.*, 736 F.2d 854, 858 (2d Cir. 1984). In such situations, when appropriate, motions for clarification may be granted. *See id.*

Motions for reconsideration are available when more than mere clarification is necessary. The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration, commonly applied pursuant to the legal standards of FED. R. CIV. P. 59(e), since, in part, "[i]nterlocutory orders … remain open to trial court reconsideration, and do not constitute the law of the case." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994). "[A] district court must balance the need for finality against the duty to render just decisions." *Davis v. Levine*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). To prevail on a motion for reconsideration, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Caribbean Mgmt. Grp., Inc. v. Erikon LLC,* 966 F.3d 35, 44–45 (1st Cir. 2020) (internal citation omitted).

**II.    Argument**

This motion is presented as seeking clarification to the extent that Court determines that its Order [Doc. 265] should be clarified with respect to its implication regarding those specific statements addressed herein that Defendants believe are consistent with those portions of the Court's Order that in part grants Defendants' Motion to Exclude the testimony of Steve Egenolf. While many of those statements are expressly addressed in Section II(b)(ii) of Defendants' motion (*see e.g.*, ECF 201 at 18–20; *see also supra.*), each is an additional instance of the same issue that led the Court to grant Defendant's motion in part, namely of Mr. Egenolf stating what others think or perceive—despite lacking the support of a survey or other "personal knowledge or experience" (ECF 265). But to the extent that the Court finds that more than clarification is necessary due to any misapprehension of fact and/or application of law thereto, Defendants also present this motion as one seeking reconsideration on those grounds. *Caribbean Mgmt. Grp., Inc.,* 966 F.3d at 44–45.

In its Order, Doc. 265, the Court held, "Egenolf's report will likewise be stricken, and he

3

will not be permitted to testify at trial as to what other people in the industry might conclude." *See* ECF 265, at 10 (IEP agreeing that this would be the proper remedy if such statements were found objectionable). The Court found, "Absent a survey or other direct evidence, such testimony is nothing 'more than subjective belief or unsupported speculation.' " ECF 265 at 9–10. Accordingly, the Court struck the statements in Mr. Egenolf's report where he stated that "people in the Industry would come to the same conclusion" as him for *each* of the likelihood of confusion factors. *Id.*, at 9 (*citing* ECF 201, at 4 (*quoting* ECF 201-1, ¶¶ 25, 29, 36, 39, 41, 44, 46)).

Defendants, in their motion to exclude, pointed out Mr. Egenolf's admission that his opinions about consumer recognition of Plaintiff's mark are "not based upon any analysis or assessment that" he performed and are therefore "a speculation[.]" ECF 201 at 9 (citing ECF 201-2, Steve Egenolf Dep. Tr. at 127:15–128:11; see also id. at 105:9–106:7 (admitting to speculating as to opinion offered in his Report (Ex. A, ¶ 12)); 206:5–19 ("What facts are you able to point to that support that conclusion [regarding the alleged widespread recognition of IEP's logo]? A. That's just an opinion."); and 207:2–4 ("Q. Did you conduct any survey or examination to determine how widespread IEP's logo is? A. No I haven't.")).

As to Mr. Egenolf's opinion that the marks [REDACTED], ECF 201-1 at ¶ 25 (emphasis added), Egenolf admitted to speculating and that he had not employed any reliable methodology:

> A: It's just my personal opinion. I'm sure when people see that logo that's been recognized for years as IEP and they see it at Process Sensors, they're going to think they're affiliated.
> Q: You're making an assumption of that, aren't you?
> A: I'm making an assumption of that *because that's the assumption I got*.
> Q: Okay. But you have no facts or data to support that assumption?
> A: No, I don't.

ECF 201-2, Egenolf Dep. Tr. at 162:12–163:5 (emphasis added). Thus, Mr. Egenolf applies his personal "assumption" and imputes it to other people in seeking to testify to the prevailing impression in commerce, which the Court already found is improper. *See* Doc. 265 at 9.

At their core, each of the identified statements above includes an explicit or implicit contention by Mr. Egenolf about what other people believe or perceive, just like the statement that

4

the Court struck as "improper conjecture about what conclusions other people would draw," namely, that "people in the Industry would come to the same conclusion" as him. *See* Doc. 265 at ECF 9. For example, Mr. Egenolf states in his report, ███████████████████████████ ███████████████████████████████████████████████████████████████████████ ECF 201-1 at ¶ 12 (emphasis added). However, Mr. Egenolf cites no facts supporting what would or would not be "readily recognizable" to other people. Defendants understand the Court's Order to permit Mr. Egenolf to testify *only* that Plaintiff's mark is recognizable *to him*, not anyone else (*i.e.*, "he will not be permitted to testify at trial as to what *other people* in the industry might conclude." ECF 265 at ECF 9 (emphasis added)). Thus, for purposes of clarification, Defendants ask the Court to clarify whether it intends for its ruling to equally apply to all such statements representing, without basis in fact, as to what other people would think, believe or conclude.

For example, Mr. Egenolf states in his report, ████████████████████████ ████████████ ECF 201-1 at ¶ 24. However, Defendants understand the Court's Order to permit Mr. Egenolf to testify *only* that he *personally* ████████████████████ ███████████, but not anyone else (*i.e.*, "he will not be permitted to testify at trial as to what other people in the industry might conclude."). Thus, clarification is sought here as well.

Similarly, as noted in Defendants' motion, Mr. Egenolf repeatedly states that Plaintiff's mark is famous, that is, known by many others. ECF 201-1 at ¶¶ 38 & 45. But to reach this conclusion about what others do or do not know, without taking any specific steps to do so (*i.e.*, a survey), is just as "entirely speculative" as the Court found Mr. Egenolf's statements about what others would conclude to be, which the Court excluded. ECF 265 at 9.

As shown in the table below, Defendants are unclear as to whether the Court's Order extends to and specifically precludes Mr. Egenolf from testifying as to these similarly speculative statements in their entirety or whether Mr. Egenolf is permitted to testify only that the statements apply to himself personally and not "as to what other people in the industry might conclude." As Defendants moved to exclude Mr. Egenolf's report in its entirety on this basis, among others, and prefers that these specifically-identified statements be excluded in their entirety for the reasons set

out in Defendants' motion, Defendants respectfully request clarification. Alternatively, Defendants request that, at most, Mr. Egenolf only be permitted to testify on these issues as it pertains to himself personally, as reflected in the rightmost column below.



In the alternative, if the Court concludes that it did not previously consider these specific statements in conjunction with Defendants' motion to exclude—notwithstanding Defendants' respectfully submitting that each was either specifically or indirectly addressed by virtue of the same or similar speculative conclusion raised via another statement (*e.g.*, that "people in the Industry would come to the same conclusion" as him)—then Defendants ask the Court to

reconsider its Order [Doc. 265] on the basis of a misapprehended issue of fact and applicable law thereon. And in so doing, Defendants respectfully ask the Court to find as a matter of law that these statements in Mr. Egenolf's report also be excluded for similar reasons. *See Caribbean Mgmt. Grp., Inc. v. Erikon LLC,* 966 F.3d 35, 44–45 (1st Cir. 2020).

### III.   Conclusion

For the foregoing reasons, Defendants respectfully request that the Court clarify or reconsider its order granting in part the motion to exclude the testimony of Steve Egenolf to confirm that the Mr. Egenolf is not permitted to testify regarding the aforementioned statements from paragraphs 12, 22, 24, 25, 38 and 45 of his report and that the Court excludes the same or, alternatively, that Mr. Egenolf is permitted at most to testify only as to himself.

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that counsel for the parties have conferred and have attempted in good faith to resolve or narrow the issues presented by the instant motion.

Respectfully submitted this 21st day of January, 2025.

/s/ Charles M. Landrum III
Michael J. Lambert (BBO No. 632053)
*mlambert@sheehan.com*

SHEEHAN PHINNEY BASS & GREEN PA
28 State Street, 22nd Floor
Boston, Massachusetts 02109
Telephone: 617.897.5637
Facsimile: 617.439.9363

N. Andrew Crain (*pro hac vice*)
a.crain@thip.law
Charles M. Landrum III (*pro hac vice*)
c.landrum@thip.law
Ivona Relja (*pro hac vice*)
i.relja@thip.law

THOMAS | HORSTEMEYER LLP
3200 Windy Hill Rd SE Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IEP Technologies, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>KPM Analytics, Incorporated<br>f/k/a Statera Analytics Incorporated and<br>KPM Analytics North America Corporation<br>f/k/a Process Sensors Corporation,<br><br>    *Defendants*. | Civil Action No.<br>1:21-cv-10417-JEK |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 21, 2025.

                                               /s/ Charles M. Landrum III
                                               Charles M. Landrum III

                                               *Attorney for Defendants*