**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IEP Technologies, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation,<br><br>              Defendants. | Civil Action No.<br>1:21-cv-10417-JEK |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's Order on January 14, 2025, ECF No. 268, the parties, IEP Technologies, LLC, ("Plaintiff"), and KPM Analytics, Incorporated f/k/a Statera Analytics Incorporated and KPM Analytics North America Corporation f/k/a Process Sensors Corporation, ("Defendants"), respectfully submit this Joint Status Report to update the Court.

Over the course of the month of January, the parties have had several discussions regarding settlement, including by video conference, emails, and letters. The Parties have exchanged settlement proposals, with the latest communications occurring on January 28. However, those communications have not resulted in a settlement agreement. IEP believes mediation is appropriate and requests referral to the Court's mediation program at its earliest convenience. KPM does not agree with IEP and does not believe that mediation would be helpful, since its best and final proposal was not accepted. KPM instead respectfully requests that the Court to take up the outstanding motions that are pending and that the Court set a trial date for this case.

<u>IEP's Position on Settlement and Mediation</u>

IEP continues to hope that settlement can be achieved to avoid further needless litigation. KPM has informed IEP that it intends to move away from its hexagon trademark as part of a reorganization. The parties have been working together to identify and narrow issues. IEP believes

that mediation within the next month or two would help facilitate a resolution rather than protracted back and forth correspondence. Indeed, in spite of KPM's claim to have made its best and final offer, the parties appear to be close on settlement and a mediator would help facilitate the final steps in an efficient manner saving the parties substantial time and money.

One sticking point is that KPM made a proposal that was contingent upon approval by third-party Chubb Insurance as well as resolution of the unrelated case between Chubb and KPM. IEP understands that KPM financed the present case with funding from Chubb. *See* ECF 183. However, Chubb recently filed a declaratory judgement action against KPM seeking a finding that KPM's activities were not covered by its insurance policy. *Federal Insurance Company v. KPM*, Case 4:24-CV-12507-MRG (D. Mass, filed Oct. 1, 2024).

In addition, IEP believes that KPM's continued reliance on its fraud claim is unjustified. KPM claims that IEP is not entitled to its trademark rights because a declaration was allegedly signed by a paralegal. However, this is proven false by testimony from the paralegal, testimony from the signer of the declaration, and contemporaneous emails that were authenticated by the Court's independent forensic expert. *See* ECF 221. IEP has, accordingly, established its mark's use "in commerce." ECF No. 265 at 12 fn. 4.

IEP remains steadfast in its belief that parties would benefit from mediation, as a neutral evaluator would help adjust the parties' expectations on liability. Indeed, if KPM is so confident in its position it should not be afraid mediation, which is a cost-effective alternative to further litigation.

<u>KPM's Position on Settlement And Mediation</u>

Because KPM does not believe it is appropriate for purposes of this status report, KPM is disappointed that IEP has chosen to: (a) disclose selected details of the parties' prior settlement discussions; and (b) argue the merits of its defense to KPM's counterclaims. While IEP does not

2

accurately describe the former, which is irrelevant now since an agreement was not reached, the latter requires response.

In Defendants' Amended Answer and Counterclaims [Doc. 38], KPM asserts counterclaims related to IEP's nonuse of its mark on claimed goods and services and related to IEP having knowingly made one or more false, material representations of fact in connection with a post-registration document with the intent of maintaining its trademark registration with the USPTO to which it is otherwise not entitled. As a result, KPM seeks cancellation of IEP's mark pursuant to 17 U.S.C. § 1119. And contrary to IEP's inappropriate argument above that KPM's counterclaims have been "proven false," KPM's Opposition to IEP's Second Motion for Summary Judgment [Doc. 242] establishes that there *at least* exists a genuine dispute of material facts regarding KPM's counterclaims that would need to be resolved by a jury.

Turning to settlement and mediation, KPM was optimistic the parties could reach agreement and engaged in good faith discussions in pursuit of that goal. While some agreement was reached, KPM's final and best offer was ultimately not accepted by IEP. As such, KPM does not believe that mediation will be helpful because it appears that the parties are, unfortunately, at an impasse at this time. However, KPM is amenable to resuming settlement discussions in the future if warranted. Accordingly, KPM respectfully requests that this case move forward. KPM respectfully requests that the Court take up the outstanding motions (i.e., Docs. 196, 208, 218, 221 and 270) and that this case be scheduled for trial.

Lastly, in an abundance of caution in accord with Fed. R. Civ. P. 59(e), since such motions can sometimes be considered pursuant thereto, and if settlement discussions ultimately proved unsuccessful, on January 21, 2025, KPM filed its Motion for Clarification or Reconsideration of the Court's Order [265] on Defendants' Motion to Exclude Steve Egenolf's Expert Testimony. *See* Doc. 270.

Dated: January 28, 2025

*/s/ N. Andrew Crain (with permission)*
Michael J. Lambert
mlambert@sheehan.com
SHEEHAN PHINNEY BASS & GREEN PA
28 State Street
22nd Floor
Boston, Massachusetts 02109

Charles M Landrum, III
c.landrum@thip.law
N. Andrew Crain
a.crain@thip.law
Ivona Relja
i.relja@thip.law
THOMAS | HORSTEMEYER, LLP
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339

***Attorneys for Defendants***
***KPM Analytics, Incorporated f/k/a Statera***
***Analytics Incorporated and KPM Analytics***
***North America Corporation f/k/a Process***
***Sensors Corporation***

Respectfully submitted,

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (BBO # 670092)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

Brendan G. McDermott (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard
Suite 1500
St. Louis, MO 63105
Telephone: 314-480-1500
Fax: 314-480-1505
Brendan.McDermott@huschblackwell.com

***Attorneys for Plaintiff IEP Technologies, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of January 2025, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

<em><u>/s/ Stephen F.W. Ball, Jr.</u></em>

HB: 4938-3111-0419